DOUGLAS C. SMITH (SBN 160013)
dsmith@smitlaw.com
SMITH LAW OFFICES, LLP
4204 Riverwalk Parkway, Suite 250
Riverside, California  92505
Telephone: (951)509-1355
Facsimile: (951)509-1356

JEFFREY S. STANDLEY (OH # 0047248)
jstandley@standleyllp.com
MELISSA A. ROGERS MCCURDY (OH #0084102)
mmccurdy@standleyllp.com
Motions for *Pro Hac Vice* to be Submitted
Standley Law Group LLP
6300 Riverside Drive
Dublin, Ohio 43017
Telephone: (614) 792-5555
Fax: (614) 792-5536

Attorneys for Defendant
Integrated Supply Network, LLC

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONSTER ENERGY COMPANY, a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> INTEGRATED SUPPLY NETWORK, LLC, a Florida limited liability company, <br><br> Defendant. | Case No. 5:17-cv-00548-CBM-RAO <br><br> DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT <br><br> DEMAND FOR JURY TRIAL |

**DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**

## DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

Defendant and Counterclaimant, Integrated Supply Network, LLC ("Defendant" or "ISN"), submits this Answer to Plaintiff Monster Energy Company's ("Plaintiff" or "Monster Energy") Complaint for Trademark Infringement, Trade Dress Infringement, False Designation of Origin, and Unfair Competition and, in response to the corresponding numbered paragraphs of the Complaint, states as follows. To the extent not expressly admitted or qualified herein, each and every allegation of the Complaint is hereby denied.

## I. JURISDICTION AND VENUE

1.      ISN admits that the Complaint purports to make a claim for 1) trademark infringement, trade dress infringement, and false designation of origin under 15 U.S.C. § 1125(a), 2) trademark infringement under 15 U.S.C. § 1114, 3) California common-law unfair competition, and 4) unfair competition arising under California Business & Professional Code §§ 17200 et seq., but ISN specifically denies that the order in which the claims have been presented by Monster Energy in paragraph one of the Complaint correspond to the order in which they have been presented in Monster Energy's claims for relief.  ISN further denies that Monster Energy's Complaint states any claim upon which Monster Energy is entitled to relief in this case.

2

2.      ISN admits that this Court has subject matter jurisdiction over the asserted claims.

3.      ISN admits that this Court has personal jurisdiction over ISN and that ISN has distribution centers in Fresno and West Sacramento, California.  ISN further admits that the webpage available at http://www.isnweb.com/isnweb/contact, which is part of a website maintained by ISN, provides the addresses for its distribution centers.  However, ISN specifically denies that it has committed any acts of trademark infringement, trade dress infringement, false designation of origin, and/or unfair competition in any jurisdiction and therefore ISN denies that any such acts have been committed by ISN in this Jurisdiction.  Except as expressly admitted, ISN denies the allegations in Paragraph 3 of the Complaint.

4.      ISN admits that Venue is proper in this Judicial District.  Except as expressly admitted, ISN denies the allegations in Paragraph 4 of the Complaint.

## II. **THE PARTIES**

5.      ISN lacks information sufficient to form a belief as to the allegations of Paragraph 5 of the Complaint and therefore denies them.

6.      ISN admits that it is a limited liability company organized and existing under the laws of the State of Florida and that it has a principal place of business at 2727 Interstate Drive, Lakeland, Florida 33805 and further admits that it is subject

3

to the personal jurisdiction of this Court.  Except as expressly admitted, ISN denies the allegations of Paragraph 6 of the Complaint.

### III.   ANSWER TO COMMON ALLEGATIONS FOR ALL CLAIMS OF RELIEF

**A.   Answer to Monster's Allegations Regarding Trademarks and Trade Dress**

7.      ISN lacks information sufficient to form a belief as to the allegations of Paragraph 7 of the Complaint and therefore denies them.

8.      ISN lacks information sufficient to form a belief as to the allegations of Paragraph 8 of the Complaint and therefore denies them.

9.      ISN lacks information sufficient to form a belief as to the allegations of Paragraph 9 of the Complaint and therefore denies them.

10.     ISN lacks information sufficient to form a belief as to the allegations of Paragraph 10 of the Complaint and therefore denies them.

11.     ISN admits that Exhibits A1 – A36 purport to be copies of U.S. trademark registrations.  ISN lacks information sufficient to form a belief as to the remaining allegations of Paragraph 11 of the Complaint and therefore denies them.

12.     ISN lacks information sufficient to form a belief as to the allegations of Paragraph 12 of the Complaint and therefore denies them.

13.     ISN denies the allegations in Paragraph 13 of the Complaint.

4

14.     ISN lacks information sufficient to form a belief as to the allegations of Paragraph 14 of the Complaint and therefore denies them.

15.     ISN lacks information sufficient to form a belief as to the allegations of Paragraph 15 of the Complaint and therefore denies them.

16.     ISN lacks information sufficient to form a belief as to the allegations of Paragraph 16 of the Complaint and therefore denies them.

17.     ISN lacks information sufficient to form a belief as to the allegations of Paragraph 17 of the Complaint and therefore denies them.

18.     ISN admits that Exhibits B1 – B11 purport to be copies of U.S. trademark registrations. ISN lacks information sufficient to form a belief as to the remaining allegations of Paragraph 18 of the Complaint and therefore denies them.

19.     ISN lacks information sufficient to form a belief as to the allegations of Paragraph 19 of the Complaint and therefore denies them.

20.     ISN lacks information sufficient to form a belief as to the allegations of Paragraph 20 of the Complaint and therefore denies them.

21.     ISN lacks information sufficient to form a belief as to the allegations of Paragraph 21 of the Complaint and therefore denies them.

22.     ISN lacks information sufficient to form a belief as to the allegations of Paragraph 22 of the Complaint and therefore denies them.

5

23.     ISN lacks information sufficient to form a belief as to the allegations of Paragraph 23 of the Complaint and therefore denies them.

24.     ISN lacks information sufficient to form a belief as to the allegations of Paragraph 24 of the Complaint and therefore denies them.

25.     ISN lacks information sufficient to form a belief as to the allegations of Paragraph 25 of the Complaint and therefore denies them.

26.     ISN lacks information sufficient to form a belief as to the allegations of Paragraph 26 of the Complaint and therefore denies them.

27.     ISN lacks information sufficient to form a belief as to the allegations of Paragraph 27 of the Complaint and therefore denies them.

28.     ISN lacks information sufficient to form a belief as to the allegations of Paragraph 28 of the Complaint and therefore denies them.

29.     ISN lacks information sufficient to form a belief as to the allegations of Paragraph 29 of the Complaint and therefore denies them.

30.     ISN lacks information sufficient to form a belief as to the allegations of Paragraph 30 of the Complaint and therefore denies them.

31.     ISN lacks information sufficient to form a belief as to the allegations of Paragraph 31 of the Complaint and therefore denies them.

32.     ISN lacks information sufficient to form a belief as to the allegations of Paragraph 32 of the Complaint and therefore denies them.

6

33. ISN lacks information sufficient to form a belief as to the allegations of Paragraph 33 of the Complaint and therefore denies them.

34. ISN lacks information sufficient to form a belief as to the allegations of Paragraph 34 of the Complaint and therefore denies them.

35. ISN lacks information sufficient to form a belief as to the allegations of Paragraph 35 of the Complaint and therefore denies them.

36. ISN lacks information sufficient to form a belief as to the allegations of Paragraph 36 of the Complaint and therefore denies them.

**B.    Answer to Allegations Regarding ISN's Activities**

37. Admitted.

38. ISN admits that the images shown in Paragraph 38 are of certain advertisements, promotional items, and/or products of ISN, but denies that the products shown in the images or the images themselves infringe Monster Energy's trademarks and/or trade dress. ISN further denies that the exemplary images included in Paragraph 38 of the Complaint are representative of ISN's business and trademark use. Except as expressly admitted, ISN denies the allegations of Paragraph 38.

///

///

///

7

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

39.    ISN admits that it is using the stylized MONSTER, MONSTER



MOBILE, and                    marks (collectively the "MONSTER MOBILE

Marks") in commerce.  These marks have been used by ISN in conjunction with a

mobile tool dealer exclusive line of automotive tools and related items.  In

conjunction with this line of business, ISN has also placed the MONSTER

MOBILE Marks on various promotional items including clothing and snacks which

have been made available by ISN to mobile tool dealers.  However, ISN denies that

the MONSTER MOBILE marks are presently used on any food items including

snacks.  ISN admits that the MONSTER MOBILE marks are used on decals.  ISN

further admits that it uses the MONSTER MOBILE marks in a green and/or green

and black font on a black background, but denies that it predominantly uses the

MONSTER MOBILE marks in a green and/or green and black font on a black

background.  ISN admits that it has referred to the color green as "Monster Green,"

as shown in the images included in Paragraph 39 of the Complaint, but ISN denies

that such reference has had anything to do with Monster Energy.  ISN specifically

denies that utilization of the MONSTER MOBILE marks in a green and/or green

and black font on a black background is likely to cause confusion between ISN and

Monster Energy.  ISN also specifically denies that it has ever utilized "Feed the

8

Beast" as a trademark.  Except as expressly admitted, ISN denies the allegations of Paragraph 39.

40.   ISN admits that its MONSTER MOBILE Mark includes a highly-stylized logo that includes a skull and wings, but ISN denies that its logo is similar to any mark used by Monster Energy.  ISN also admits that it has placed an "M" by itself on promotional clothing items, but denies that the M used by ISN is confusingly similar to any mark used by Monster Energy.  ISN specifically denies that it has taken any action to associate itself with Monster Energy.  Except as expressly admitted, ISN denies the allegations of Paragraph 40.

41.   ISN admits that its MONSTER MOBILE mobile tool dealer exclusive line of products has included gloves from Mechanix Wear which display both the MONSTER MOBILE and Mechanix Wear Mark as shown in Paragraph 41 of the Complaint. ISN lacks information sufficient to form a belief as to the remaining allegations of Paragraph 41 of the Complaint and therefore denies them.

42.   Denied.

43.   ISN admits that in June of 2014, Monster Energy filed a Notice of Opposition against Trademark Application Serial No. 85/806622 for the MONSTER MOBILE mark.  ISN further admits that Monster Energy has filed Notices of Opposition against U.S. Trademark Application Serial Nos. 86/371,682, 86/671,697, 86/371,708; 86/371,755, and 86/371,761 for the following mark:

9



ISN specifically denies the remaining allegations of Paragraph 43 of the Complaint.

44.    Denied.

45.    Denied.

46.    Denied.

47.    Denied.

48.    Denied.

49.    Denied.

50.    Denied.

## IV.    ANSWER TO FIRST CLAIM FOR RELIEF

51.    ISN hereby repeats and incorporates by reference its responses to Paragraphs 1 through 50 of the Complaint as though fully set forth herein.

52.    ISN admits that the Complaint purports to make a claim for trademark infringement, trade dress infringement, and false designation of origin arising under 15 U.S.C. § 1125(a) but ISN denies that the Complaint states any claim upon which relief may be granted.

10

53.   ISN lacks information sufficient to form a belief as to the allegations of Paragraph 53 of the Complaint and therefore denies them.

54.   Denied.

55.   Denied.

56.   Denied.

57.   Denied.

58.   Denied.

59.   Denied.

60.   Denied.

## V. ANSWER TO SECOND CLAIM FOR RELIEF

61.   ISN hereby repeats and incorporates by reference its responses to Paragraphs 1 through 60 of the Complaint as though fully set forth herein.

62.   ISN admits that the Complaint purports to make a claim for trademark infringement arising under 15 U.S.C. § 1114, but ISN denies that the Complaint states any claim upon which relief may be granted.

63.   ISN lacks information sufficient to form a belief as to the allegations of Paragraph 63 of the Complaint and therefore denies them.

64.   Denied.

65.   Denied.

66.   Denied.

11

67. Denied.

68. Denied.

69. Denied.

## VI.   ANSWER TO THIRD CLAIM FOR RELIEF

70. ISN hereby repeats and incorporates by reference its responses to Paragraphs 1 through 69 of the Complaint as though fully set forth herein.

71. ISN admits that the Complaint purports to make a claim for unfair competition under California & Professions Code §§ 17200, et seq. but denies that the Complaint states any claim upon which relief may be granted.

72. Denied.

73. Denied.

74. Denied.

## VII.   ANSWER TO FOURTH CLAIM FOR RELIEF

75. ISN hereby repeats and incorporates by reference its responses to Paragraphs 1 through 74 of the Complaint as though fully set forth herein.

76. ISN admits that the Complaint purports to state a claim for unfair competition under the common law of the State of California but denies that the Complaint states any claim upon which relief may be granted.

77. Denied.

78. Denied.

12

79.  Denied.

80.  Denied.

81.  Denied.

## VIII.  **ANSWER TO PRAYER FOR RELIEF**

82.  ISN denies that Monster Energy is entitled to any relief in this matter. Accordingly, ISN asks that each of Monster Energy's claims be dismissed with prejudice and that the Court decline to grant Monster Energy any of the relief requested in its Prayer for Relief.

## **AFFIRMATIVE DEFENSES**

83.  There is no likelihood of confusion because Plaintiff sells beverages not tools and accordingly, Plaintiff and Defendant are in two entirely different markets.

84.  The claims of the Complaint are barred because the Plaintiff's purported trademark rights are invalid and/or unenforceable.

85.  The Complaint, on one or more counts set forth therein, fails to state a claim upon which relief can be granted.

86.  The claims made in the Complaint are barred, in whole or in part, by the doctrines of fair use, nominative fair use and/or descriptive use.

87.  The claims made in the Complaint are barred, in whole or in part, by the applicable statutes of limitation.

13

88.     The claims made in the Complaint are barred, in whole or in part, by the doctrine of laches.

89.     The claims made in the Complaint are barred, in whole or in part, by the doctrine of unclean hands.

90.     The claims made in the Complaint are barred, in whole or in part, by the doctrine of estoppel.

91.     The claims made in the Complaint are barred, in whole or in part, by the doctrine of abandonment.

## COUNTERCLAIMS

92.     Defendant and Counterclaim-Plaintiff Integrated Supply Network, LLC ("ISN") brings these Counterclaims against Counterclaim-Defendant Monster Energy Company ("Monster Energy") for Cancellation of Monster Energy's Registrations, Trademark Infringement, False Designation of Origin, and Unfair Competition.

## THE PARTIES

93.     ISN is a limited liability company organized and existing under the laws of the State of Florida, having a principal place of business at 2727 Interstate Drive, Lakeland, Florida 33805.

///

///

14

**DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**

94.     Upon information and belief, Monster Energy is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 1 Monster Way, Corona, California 92879.

95.     Counterclaim Defendant is subject to the personal jurisdiction of this Court by virtue of its substantial contacts with California, including its principal place of business being located in California and its participation in the acts and events occurring in this Judicial District described herein.

## JURISDICTION AND VENUE

96.     This is an action for cancellation of a trademark pursuant to 15 U.S.C. §§ 1052 and 1119.

97.     The Court has original subject matter jurisdiction over the claims that relate to trademark cancellation under 15 U.S.C. §§ 1119 and 1121 and also pursuant to 28 U.S.C. §§ 1331 and 1338, as these claims arise under the laws of the United States.

98.     This Court has personal jurisdiction over Counterclaim Defendant because Counterclaim Defendant has a continuous, systematic, and substantial presence within this Judicial District and within California.  Counterclaim Defendant has a principal place of business in Corona, California.

99.     Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and (c) at least because Counterclaim Defendant resides in this Judicial

15

District by virtue of doing business within the Judicial District and a substantial portion of the events complained of herein took place in this Judicial District.

## COUNT I: CANCELLATION OF PLAINTIFF'S REGISTRATIONS

100.   ISN restates and incorporates by reference its allegations in paragraphs 1-7 of the Counterclaim.

101.   ISN hereby counterclaims for a declaration of invalidity with respect to Plaintiff's pleaded Registrations: 4,865,702; 4,879,793; 4,856,373; 4,860,491; 4,532,292; 5,013,706; 4,989,137; 5,041,267; 4,234,456; 5,018,111; 4,604,556; 4,634,053; 4,716,750; 4,451,535; 4,376,796; 4,129,288; 4,660,598; 4,332,062; 4,865,702; 4,534,414; and 4,721,433 (hereinafter "MONSTER Registrations").

102.   ISN hereby also counterclaims for a declaration of invalidity with respect to Plaintiff's pleaded Registrations: 4,975,822; 4,482,659; 4,482,660; 4,542,107; 4,546,402; 4,336,329; 4,394,044; 4,371,544; 4,292,502; and 4,953,200 (hereinafter "BEAST Registrations").

103.   ISN sells a mobile tool dealer exclusive line of automotive tools and related items under the following MONSTER MOBILE mark:

///

///

///

///

16

104.   In conjunction with this line of its business, ISN has obtained U.S. trademark Registration No. 4,951,671 for the MONSTER MOBILE mark as associated with "mobile retail store and wholesale distributorship services featuring automotive and industrial tools, supplies and equipment" in International Class 035 (hereinafter "the '671 Registration").

105.   The '671 Registration is based on ISN's use of the MONSTER MOBILE mark in commerce since at least as early as 2010.

106.   Attached hereto as Exhibit A1 is a true and correct copy of the '671 Registration.

107.   ISN has also filed several trademark applications, including U.S. Trademark Application Serial Nos. 86/371,761, 86/371,682, 86/371,697, 86/371,708, and 86/371,755, to federally register the MONSTER MOBILE mark in conjunction with various automotive tools.

///

///

17

108.   Prior to the initiation of this case, Monster Energy filed Notices of Opposition in each of ISN's U.S. Trademark Application Serial Nos. 86/371,761, 86/371,682, 86/371,697, 86/371,708, and 86/371,755.

109.   The oppositions discussed in Paragraph 16 of the Counterclaim have been consolidated into Trademark Trial and Appeal Board Proceeding No. 91222672, ("the Opposition") which remains pending.

110.   Monster Energy has also recently sought to cancel the '671 Registration by filing a Cancellation action with the Trademark Trial and Appeal Board and that proceeding also remains pending.

111.   In the Opposition, Cancellation, and in its claims asserted against ISN in this case, Monster Energy alleges to have trademark rights in MONSTER ENERGY such that ISN should not be permitted to register and/or use the MONSTER MOBILE mark on its mobile tool dealer exclusive line of automotive tools and related items.

112.   In this case, Monster Energy is additionally alleging that ISN has infringed rights in Monster Energy's Beast Registrations.

113.   MONSTER ENERGY'S claims rely at least in part upon the MONSTER Registrations and the BEAST Registrations.

114.   "Monster" is a term defined in the dictionary.

///

18

115.   One meaning of the term "monster" is any animal or thing huge in size.

116.   "Beast" is similarly a term defined in the dictionary.

117.   One meaning of the term "beast" is the crude animal nature common to humans and lower animals: *Hunger brought out the beast in him.*

118.   Upon information and belief, prior to Monster Energy doing any business under the MONSTER ENERGY mark, there were numerous entities that offered goods and services in commerce under trademarks and services marks that included the term "monster."

119.   Numerous third parties continue to utilize service marks and trademarks in commerce that include the term "monster."

120.   Upon information and belief, Counterclaim Defendant was not even the first entity to use the term MONSTER as a trademark for beverages in this country and accordingly, its registrations for MONSTER are invalid.

121.   Monster Energy is aware that use of the term "monster" existed in commerce prior to its adoption and implementation of the MONSTER ENERGY trademark.

122.   In order to obtain its registrations for the MONSTER ENERGY mark, Monster Energy entered into a coexistence agreement with Odwalla, Inc. who was

**DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**

previously using the C MONSTER and B MONSTER marks in commerce in conjunction with beverages.

123.   The addition of other descriptive terms such as "ENERGY", "MUSCLE", "JAVA", etc., are incapable of functioning as trademarks for beverages of the type sold by Counterclaim Defendant because they are descriptive of beverages offered by the Counterclaim Defendant, and have not acquired distinctiveness through secondary meaning.

124.   Moreover, through the filing of this case, the Opposition, and the Cancellation, Monster Energy is attempting to assert rights in the MONSTER ENERGY mark that are much broader than Monster Energy could reasonably believe it actually possesses.

125.   Similarly, with respect to the BEAST Registrations, upon information and belief, numerous third parties have used and continue to use the term "beast" descriptively in commerce referring to a person with a need to be fed and/or hydrated.

126.   The additional descriptive terms used along with BEAST by Counterclaim Defendant are inherently distinctive because they do not inherently identity a particular source, but instead are merely a description of Counterclaim Defendant's claimed goods and services and have not acquired distinctiveness through secondary meaning.

20

127.    Since the term "BEAST" with any additional terms are merely descriptive with no secondary meaning, these BEAST Registrations are invalid.

128.    In this case, Monster Energy is attempting to assert rights in the BEAST Registrations that are much broader than Monster Energy could reasonably believe it actually possesses.

129.    Pursuant to 15 U.S.C. § 1052, the MONSTER Registrations and the BEAST Registrations should not have been registered.

130.    Pursuant to 15 U.S.C. § 1119, the Court has the authority to cancel invalid trademark registrations.

131.    The claims being made by Monster Energy in this case based on the Monster Registrations and the Beast Registrations are frivolous in light of the reasonable scope of any trademark rights actually possessed by Monster Energy.

132.    Each of the Monster Registrations and the Beast Registrations should thus be cancelled by this Court in light of the misuse being made of those Registrations by Monster Energy.

133.    Moreover, U.S. trademark Registration No. 4,721,433 ("the '433 Registration") for the MONSTER ENERGY mark recites "Promoting goods and services in the sports, motorsports, electronic sports, and music industries through the distribution of printed, audio and visual promotional materials; promoting sports and music events and competitions for others" in International Class 035.

21

134.   Upon information and belief, Monster Energy has never utilized the MONSTER ENERGY mark in commerce in conjunction with the services recited in the '433 Registration.

135.   Upon information and belief, Monster Energy had not used the MONSTER ENERGY mark in commerce in conjunction with the services recited in the '433 registration as of March 12, 2014.

136.   Accordingly, the '433 Registration is not valid, is *void ab initio*, and should be cancelled.

137.   Moreover, U.S. trademark Registration No. 4,721,432 ("the '432



Registration") for the            mark recites "Promoting goods and services in the sports, motorsports, electronic sports, and music industries through the distribution of printed, audio and visual promotional materials; promoting sports and music events and competitions for others" in International Class 035.

138.   Upon information and belief, Monster Energy has never utilized the



mark in commerce in conjunction with the services recited in the '432 Registration.

22

139.   Upon information and belief, Monster Energy had not used the



mark in commerce in conjunction with the services recited in the '432 registration as of March 12, 2014.

140.   Accordingly, the '432 Registration is not valid, is *void ab initio*, and should be cancelled.

141.   ISN is being damaged by the continued registration of the MONSTER Registrations and the BEAST Registrations because Plaintiffs are using these registrations to have this Court prevent the legitimate right of ISN to use its marks in conjunction with its business of providing mobile retail services and automotive tools and related goods.

WHEREFORE, Defendant and Counterclaim-Plaintiff ISN prays that:

1.   The Court exercise its power under 15 U.S.C. § 1119 to order the Commissioner of Patents and Trademarks to cancel the registrations of Plaintiff's MONSTER Registrations and BEAST Registrations;

2.   The court find that there is no likelihood of confusion between the respective marks as used in the marketplace on the different goods and services of the parties;

///

23

**DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**

3.     The court declare this an exceptional case in which Monster Energy has filed claims against ISN purporting to assert trademark rights much greater than Monster Energy could ever reasonably believe it possesses in any of the MONSTER ENERGY and/or BEAST trademarks;

4.     Defendant recover its costs and expenses incurred herein, including its attorney's fees; and

5.     The Court grant Defendant such other and further relief as it may deem just and proper.

Respectfully submitted,

Date: April 13, 2017         SMITH LAW OFFICES, LLP

By _____
Douglas C. Smith
Attorney for Defendant
Integrated Supply Network, LLC

**DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**

## **DEMAND FOR JURY TRIAL**

Defendant hereby demands a jury trial as to all the issues framed by the pleading pursuant to *Federal Rule Civil Procedure* 38(b) and *Local Rule* 38-1.

DATED:  April 13, 2017                          SMITH LAW OFFICES, LLP


By_____
          Douglas C. Smith
          Attorney for Defendant
          Integrated Supply Network, LLC

25