Steven J. Nataupsky (SBN 155913)
steven.nataupsky@knobbe.com
Lynda J. Zadra-Symes (SBN 156511)
lynda.zadrasymes@knobbe.com
Marko R. Zoretic (SBN 233,952)
marko.zoretic@knobbe.com
Jason A. Champion (CA SBN 259207)
jason.champion@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff
MONSTER ENERGY COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONSTER ENERGY COMPANY, a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> INTEGRATED SUPPLY NETWORK, LLC, a Florida limited liability company, <br><br> Defendant. | Case No. 5:17-CV-00548-CBM-RAO <br><br> **DECLARATION OF JASON A. CHAMPION IN SUPPORT OF MONSTER ENERGY COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT** <br><br> HEARING: <br> April 17, 2018 <br> 10:00 a.m. <br> Courtroom 8B <br><br> Hon. Consuelo B. Marshall |

I, Jason A. Champion, declare as follows:

1.      I am a partner with the law firm of Knobbe, Martens, Olson & Bear, LLP, and one of the attorneys representing Plaintiff/Counterdefendant Monster Energy Company ("MEC") in this case.  I have personal knowledge of the matters set forth herein and if called upon to testify, I could and would competently testify as follows:

2.      Attached hereto as **Exhibit 21** is a true and correct copy of excerpts from ISN's responses to MEC's Second Set of Interrogatories, dated January 31, 2018.

3.      Attached hereto as **Exhibit 22**  is a true and correct copy of excerpts from ISN's Supplemental Responses to MEC's Second Set of Interrogatories, dated February 20, 2018.

4.      Attached hereto as **Exhibit 23** is a true and correct copy of excerpts from the 30(b)(6) deposition of Scott Pilkenton taken in connection with Patent & Trademark Office Opposition No. 91222672.

5.      Attached hereto as **Exhibit 24** is a true and correct copy of Deposition Exhibit 13 from the Pilkenton deposition.

6.      Attached hereto as **Exhibit 25** is a true and correct copy of excerpts from the deposition transcript of Darlene Lott from the present case.

7.      Attached hereto as **Exhibit 26** is a true and correct copy of excerpts of Deposition Exhibit 127 from the Lott deposition.

8.      Attached hereto as **Exhibit 27** is a true and correct copy of excerpts from the deposition transcript of Steve Kowalke from the present case.

9.      Attached hereto as **Exhibit 28** is a true and correct copy of Deposition Exhibit 147 from the Kowalke deposition.

10.      Attached hereto as **Exhibit 29** is a true and correct copy of Deposition Exhibit 149 from the Kowalke deposition.

/ / /

11.    Attached hereto as **Exhibit 30** is a true and correct copy of Deposition Exhibit 157 from the Kowalke deposition.

12.    Attached hereto as **Exhibit 31** is a true and correct copy of Deposition Exhibit 159 from the Kowalke deposition.

13.    Attached hereto as **Exhibit 32** is a true and correct copy of excerpts from the deposition transcript of Matthew Rivera from the present case.

14.    Attached hereto as **Exhibit 33** is a true and correct copy of excerpts of Deposition Exhibit 176 from the Rivera deposition.

15.    Attached hereto as **Exhibit 34** is a true and correct copy of excerpts from the deposition transcript of Don Barry from the present case.

16.    Attached hereto as **Exhibit 35** is a true and correct copy of Deposition Exhibit 237 from the Barry deposition.

17.    Attached hereto as **Exhibit 36** is a true and correct copy of excerpts from the Rule 30(b)(6) deposition transcript of Sarah Shelstrom from the present case.

18.    Attached hereto as **Exhibit 37** is a true and correct copy of Deposition Exhibit 261 from the Shelstrom deposition.

19.    Attached hereto as **Exhibit 38** is a true and correct copy of Deposition Exhibit 263 from the Shelstrom deposition.

20.    Attached hereto as **Exhibit 39** is a true and correct copy of Deposition Exhibit 295 from the Shelstrom deposition.

21.    Attached hereto as **Exhibit 40** is a true and correct copy of excerpts from the deposition transcript of David Pentecost from the present case.

22.    Attached hereto as **Exhibit 41** is a true and correct copy of Deposition Exhibit 303 from the Pentecost deposition.

23.    Attached hereto as **Exhibit 42** are photographs of products ordered from ISN bearing the Monster and Monster Mobile trademarks.

/ / /

-2-

24.    Attached hereto as **Exhibit 43** is a true and correct copy of a website printout taken by counsel for MEC on December 20, 2017.

25.    Attached hereto as **Exhibit 44** is a true and correct copy of an email dated March 13, 2018 sent by counsel for ISN to me.

26.    Attached hereto as **Exhibit 45** is a true and correct copy of an email dated March 14, 2018 sent by counsel for ISN to my partner Paul Stewart, counsel for MEC.

27.    Attached hereto as **Exhibit 46** is a true and correct copy of the Registration Certificate for Registration No. 4,721,432.

28.    Attached hereto as **Exhibit 47** are true and correct copies of printouts from the United States Patent and Trademark Office TESS database and United States Patent and Trademark Office records for all of MEC's registrations asserted in MEC's Complaint.

29.    On the United States Patent and Trademark Office's TESS records a mark that is incontestable will typically show "SECT. 15" in the Affidavit Text.  The following asserted MEC registrations are listed as incontestable: 2,769,364, 3,044,314, 3,044,315, 3,057,061, 3,134,841, 3,134,842, 3,740,050, 3,852,118, 3,959,457, 3,908,600, 3,908,601, 3,914,828, 4,036,680, 4,036,681, and 4,111,964.  Additionally, if a mark was registered on the basis of acquired distinctiveness, also known as secondary meaning, there would be a designation of "2(F)" appearing next to the Register designation.  None of the asserted MEC registrations have the "2(F)" designation and thus MEC was not required to make a showing of secondary meaning to obtain any of these registrations.

/ / /

/ / /

/ / /

30.     Attached hereto as **Exhibit 48** is a true and correct copy of MEC's Answer to Notice of Opposition No. 91158107 in the Patent & Trademark Office.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this day, March 20, 2018, at Irvine, California.


/s/ *Jason A. Champion*
                Jason A. Champion

27804535