Steven J. Nataupsky (SBN 155913)
steven.nataupsky@knobbe.com
Lynda J. Zadra-Symes (SBN 156511)
lynda.zadrasymes@knobbe.com
Marko R. Zoretic (SBN 233,952)
marko.zoretic@knobbe.com
Jason A. Champion (CA SBN 259207)
jason.champion@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff
MONSTER ENERGY COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONSTER ENERGY COMPANY, a Delaware corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>INTEGRATED SUPPLY NETWORK, LLC, a Florida limited liability company,<br><br>        Defendant. | Case No. 5:17-CV-00548-CBM-RAO<br><br>**DECLARATION OF JASON A. CHAMPION IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>HEARING:<br>April 17, 2018<br>10:00 a.m.<br>Courtroom 8B<br><br>Hon. Consuelo B. Marshall |

I, Jason A. Champion, declare as follows:

1.      I am a partner with the law firm of Knobbe, Martens, Olson & Bear, LLP, and one of the attorneys representing Plaintiff/Counterdefendant Monster Energy Company ("MEC") in this case.  I have personal knowledge of the matters set forth herein and if called upon to testify, I could and would competently testify as follows:

2.      Attached hereto as **Exhibit 49** is a true and correct copy of excerpts from the 30(b)(6) deposition of Scott Pilkenton taken in connection with Patent & Trademark Office Opposition No. 91222672.

3.      Attached hereto as **Exhibit 50** is a true and correct copy of Deposition Exhibit 15 from the Pilkenton deposition.

4.      Attached hereto as **Exhibit 51** is a true and correct copy of excerpts from the deposition transcript of Darlene Lott from the present case.

5.      Attached hereto as **Exhibit 52** is a true and correct copy of Deposition Exhibit 104 from the Lott deposition.

6.      Attached hereto as **Exhibit 53** is a true and correct copy of Deposition Exhibit 105 from the Lott deposition.

7.      Attached hereto as **Exhibit 54** is a true and correct copy of excerpts deposition transcript of Kimberly Stoneman from the present case.

8.      Attached hereto as **Exhibit 55** is a true and correct copy of excerpts from the deposition transcript of Steve Kowalke from the present case.

9.      Attached hereto as **Exhibit 56** is a true and correct copy of Deposition Exhibit 155 from the Kowalke deposition.

10.      Attached hereto as **Exhibit 57** is a true and correct copy of Deposition Exhibit 156 from the Kowalke deposition.

11.      Attached hereto as **Exhibit 58** is a true and correct copy of Deposition Exhibit 160 from the Kowalke deposition.

12.      Attached hereto as **Exhibit 59** is a true and correct copy of excerpts

from the deposition transcript of Matthew Rivera from the present case.

13.     Attached hereto as **Exhibit 60** is a true and correct copy of Deposition Exhibit 167 from the Rivera deposition.

14.     Attached hereto as **Exhibit 61** is a true and correct copy of Deposition Exhibit 168 from the Rivera deposition.

15.     Attached hereto as **Exhibit 62** is a true and correct copy of Deposition Exhibit 170 from the Rivera deposition.

16.     Attached hereto as **Exhibit 63** is a true and correct copy of excerpts from the Rule 30(b)(6) deposition transcript of Sarah Shelstrom from the present case.

17.     Attached hereto as **Exhibit 64** is a true and correct copy of Deposition Exhibit 270 from the Shelstrom deposition

18.     Attached hereto as **Exhibit 65** is a true and correct copy of excerpts from the deposition transcript of Ronald Hyre from the present case.

19.     Attached hereto as **Exhibit 66** is a true and correct copy of excerpts from the deposition transcript of Christopher C. Nalven from the present case.

20.     Attached hereto as **Exhibit 67** is a true and correct copy of excerpts from the deposition transcript of Michael Beasley from the present case.

21.     Attached hereto as **Exhibit 68** is a true and correct copy of excerpts from the deposition transcript of Andrew Markowski from the present case.

22.     Attached hereto as **Exhibit 69** is a true and correct copy of excerpts from the deposition transcript of Jody Sause from the present case.

23.     Attached hereto as **Exhibit 70** is a true and correct copy of Deposition Exhibit 322 from the Sause deposition.

24.     Attached hereto as **Exhibit 71** is a true and correct copy of excerpts from the rough transcript of the deposition of James T. Berger from the present case.

25.     Attached hereto as **Exhibit 72** is a true and correct copy of excerpts

from MEC's Corrected Supplemental Responses to ISN's First Set of Interrogatories, dated February 4, 2018.

26.     Attached hereto as **Exhibit 73** is a true and correct copy of excerpts from MEC's Corrected Supplemental Responses to ISN's Second Set of Interrogatories, dated February 20, 2018.

27.     Attached hereto as **Exhibit 74** is a true and correct copy of excerpts from ISN's Responses to MEC's First Set of Requests for Production, dated October 25, 2017.

28.     Attached hereto as **Exhibit 75** is a true and correct copy of excerpts from ISN's Responses to MEC's Second Set of Requests for Production, dated November 13, 2017.

29.     Attached hereto as **Exhibit 76** is a true and correct copy of a letter dated February 11, 2014 sent by counsel for MEC to counsel for ISN.

30.     Attached hereto as **Exhibit 77** is a true and correct copy of a letter dated February 18, 2014 sent by counsel for ISN to counsel for MEC.

31.     Attached hereto as **Exhibit 78** is a true and correct copy of letter dated February 5, 2018 sent by counsel for MEC to Monster Transmission.

32.     Attached hereto as **Exhibit 79** is a true and correct copy of letter dated March 13, 2018 sent by counsel for MEC to Komelon USA Corporation.

33.     Attached hereto as **Exhibit 80** is a true and correct copy of the Patent & Trademark Office's TSDR printout for U.S. Serial No. 86/020321 for the mark MONSTER MOTO, with Bates No. ISN008283-ISN008286, produced by ISN on February 23, 2017.

34.     Attached hereto as **Exhibit 81** is a true and correct copy of the Patent & Trademark Office's TSDR printout for U.S. Serial No. 86/394,129 for the mark MONSTER MOTO, with Bates Nos. ISN008978-ISN008982, produced by ISN on February 23, 2017.

35.     Attached hereto as **Exhibit 82** is a true and correct copy of the

-3-

Patent & Trademark Office's TSDR printout for U.S. Serial No. 86/394,130 for the mark MONSTER MOTO, with Bates No. ISN008983-ISN008987, produced by ISN on February 23, 2017.   Exhibits 80-82 all indicate that MEC has objected to the registration of the MONSTER MOTO trademark.

36.    Attached hereto as **Exhibit 83** is a true and correct copy of an email sent by Integrated Supply Network to Bruce Weber on November 4, 2014 with the Subject Line "Feed the Beast! – Monster Snacks from Integrated Supply Network LLC" with Bates Nos. ISNE00035282-ISNE00035286, produced by ISN on December 7, 2017.

37.    Attached hereto as **Exhibit 84** is a true and correct copy of an email sent by Kim Hayes to Nellda Clark and John Snowden on January 16, 2015 with the Subject Line "FW: FW: Monster part numbers to be set-up to sell" with Bates Nos. ISNE00153206, produced by ISN on February 1, 2018.

38.    Attached hereto as **Exhibit 85** is a true and correct copy of an email sent by Shelly Stoneman to Justin Morris, Scott Pilkenton, and Tim Pate on June 27, 2016 with the Subject Line "RE: RE: monster shirts" with Bates Nos. ISNE00055584-ISNE00055585, produced by ISN on December 7, 2017.

39.    Attached hereto as **Exhibit 86** is a true and correct copy of an email sent by Shareka Jackson to Shelly Stoneman on April 7, 2017 with the Subject Line "RE: RE: Shirts" with Bates Nos. ISNE00058558, produced by ISN on December 27, 2017.

40.    Attached hereto as **Exhibit 87** is a true and correct copy of an email sent by Shelly Stoneman to Greg Gann on July 19, 2016 with the Subject Line "FW: FW: Hardware Bold and Tool HBT001, GBT002, HAR159" with Bates Nos. ISNE00050920-ISNE00050921, produced by ISN on December 7, 2017.

41.    Attached hereto as **Exhibit 88** is a true and correct copy of an email sent by Shelly Stoneman to Roger Quesada on July 21, 2016 with the

Subject Line "RE: RE: Hardware Bold and Tool HBT001, GBT002, HAR159" with Bates Nos. ISNE00061802-ISNE00061803, produced by ISN on December 7, 2017.

42.     Attached hereto as **Exhibit 89** is a true and correct copy of an email sent by Shelly Stoneman to Roger Quesada on July 22, 2016 with the Subject Line "RE: RE: Monster" with Bates Nos. ISNE00053446, produced by ISN on December 7, 2017.

43.     Attached hereto as **Exhibit 90** is a true and correct copy of an email sent by Shelly Stoneman to sidecardeb@gmail.com and cc'd to Jorge Lopes, Don Barry, Steve Kowalke and Tim Pate on June 15, 2017 with the Subject Line "Monster on Face Book Agreement" with Bates Nos. ISNE00062341, produced by ISN on December 7, 2017.

44.     Attached hereto as **Exhibit 91** is a true and correct copy of an email sent by Shelly Stoneman to Jorge Lopez and Jody Sause on August 10, 2017 with the Subject Line "FW: FW: Monster end user request" with Bates No. ISNE00055461, produced by ISN on December 7, 2017.

45.     Attached hereto as **Exhibit 92** are true and correct copies of images of MEC's point of sale displays produced by MEC on February 1, 2017.

46.     Attached hereto as **Exhibit 93** are true and correct copies of website printouts showing www.monster-tools.com taken by counsel for MEC on March 2, 2018 and March 22, 2018.

47.     Attached hereto as **Exhibit 94** are true and correct copies of website printouts taken by counsel for MEC on February 23, 2018.

48.     Attached hereto as **Exhibit 95** are true and correct copies of website printouts taken by counsel for MEC showing MEC's products for sale on the internet.

49.     Attached hereto as **Exhibit 98** is a true and correct copy of excerpts from the Rule 30(b)(6) deposition transcript.

50. Attached hereto as **Exhibit 99** is a true and correct copy of excerpts from ISN's Responses to MEC's Third Set of Requests for Production, dated February 23, 2017.

51. Attached hereto as **Exhibit 100** is a true and correct copy of Deposition Exhibit 154 from Kowalke deposition.

52. Attached hereto as **Exhibit 101** is a true and correct copy of excerpts of MEC's Responses to ISN's First Set of Interrogatories, dated September 18, 2017.

53. Attached hereto as **Exhibit 102** is a true and correct copy of the Notice of Opposition of Serial No. 77/646145 for  dated July 30, 2014 filed by counsel for MEC.

54. Attached hereto as **Exhibit 103** are true and correct copy of Deposition Exhibit 86 from the Sacks deposition.

55. Attached hereto as **Exhibit 104** are true and correct copies of the Patent & Trademark Office's TSDR printout for U.S. Serial No. 87/295,990 for **MONSTER** and U.S. Serial No. 87/285,962 for the mark **MONSTER** with Bates Nos. MEC066058-MEC06604, produced by counsel for MEC on March 26, 2018.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this day, March 27, 2018, at Irvine, California.

/s/ *Jason A. Champion*
Jason A. Champion

27904631

-6-