JEFFREY S. STANDLEY (OH # 0047248)
jstandley@standleyllp.com
MELISSA A. ROGERS MCCURDY (OH #0084102)
mmccurdy@standleyllp.com
F. MICHAEL SPEED, JR. (OH #0067541)
mspeed@standleyllp.com
Standley Law Group LLP
6300 Riverside Drive
Dublin, Ohio 43017
Telephone: (614) 792-5555
Fax: (614) 792-5536

DOUGLAS C. SMITH (SBN 160013)
dsmith@smitlaw.com
SMITH LAW OFFICES, LLP
4204 Riverwalk Parkway, Suite 250
Riverside, California  92505
Telephone: (951)509-1355
Facsimile: (951)509-1356
Attorneys for Defendant
Integrated Supply Network, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONSTER ENERGY COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>INTEGRATED SUPPLY NETWORK, LLC, a Florida limited liability company,<br><br>Defendant. | Case No. 5:17-CV-00548-CBM-(RAO)<br><br>Honorable Consuelo B. Marshall |

**REDACTED EXHIBIT 2 TO DECLARATION OF MICHAEL WAGNER IN SUPPORT OF INTEGRATED SUPPLY NETWORK, LLC'S MOTION FOR SUMMARY JUDGMENT, DKT. 84 (IN SUPPORT OF**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INTEGRATED SUPPLY NETWORK, LLC'S MOTION FOR SUMMARY JUDGMENT, DKT. 77)**

# EXHIBIT 2
# REDACTED

**Highly Confidential - Attorneys' Eyes Only**

**United States District Court**

**Central District of California**

**Case No. 5:17-cv-00548-CBM-RAO**

**Monster Energy Company**

**v.**

**Integrated Supply Network, LLC**

---

**Expert Report of Michael J. Wagner**

**March 16, 2018**

**Volume I**

**LitiNomics**

EX2-1

**Monster Energy Company v. Integrated Supply Network, LLC**

**Table of Contents**

**Expert Report of Michael J. Wagner**

**Volume 1**

---

| Tab # | Description |
| --- | --- |
| 1 | Expert Report of Michael J. Wagner |
| 2 | Damages Analysis |
| 3 | Agreements Matrix |
| 4 | Curriculum Vitae of Michael J. Wagner |
| 5 | List of Documents Considered |

**LitiNomics**

# **Tab 1**

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**United States District Court**

**Central District of California**

**Civil Action No. 5:17-CV17-0548-CBM (RAOx)**

**MONSTER ENERGY COMPANY**

**v.**

**INTEGRATED SUPPLY NETWORK, LLC**

---

**Expert Report of**

**Michael J. Wagner**

**March 16, 2018**

**HIGHLY CONFIDENTIAL – Attorneys' Eyes Only**

I.      INTRODUCTION ......................................................................................................... 1

III.    SUMMARY OF OPINIONS.......................................................................................... 3

   A. MY DISAGREEMENTS WITH THE OPINIONS AND BASES FOR OPINIONS OF RUSSELL W. MANGUM III, PHD, THE DAMAGES EXPERT RETAINED BY MONSTER ENERGY: ................................................ 3

      1. Dr. Mangum fails to address the evidence supporting the unlikelihood that Monster Energy and ISN would ever have entered into a license agreement covering the Monster Energy Trademarks and all the ISN Monster Mobile branded products................................... 3

      2. In addition to incorrectly assuming that a licensing arrangement would have been reached, Dr. Mangum fails to perform a proper economic analysis of the Monster Energy licensing agreements on which he bases his range of royalty rates. ...................................... 3

      3. Dr. Mangum's opinion on the reasonable royalty rate for the Monster Energy Marks is overstated given that some of the most valuable trademarks in the world are licensed for less than the royalty rates suggested by Dr. Mangum............................................ 3

      4. Dr. Mangum does not include all necessary deductions from revenues in his calculation of ISN's profits from the products-at-issue............................................. 3

      5. Dr. Mangum makes an ████████████████████ on Exhibit 3. Correcting for his ██████████████. ................................................ 3

   B. ████████████████████████████████████████ ██████████ ...................................................... 3

   C. ROYALTY RATE:.......................................................................................................... 3

      1. There is no evidence suggesting that Monster Energy would have licensed its trademarks to ISN and more importantly, ISN would not have licensed the Monster Energy trademarks since ISN developed the Monster Mobile brand as its own private label brand completely owned by ISN. ................................................ 3

      2. The reasonable royalty rate that is adequate to compensate Monster Energy for ISN's alleged infringement of Monster Energy's Trademarks and Trade Dress is no more than three (3.0%) percent. ................................................ 4

   D. I DO NOT BELIEVE A REASONABLE ROYALTY IS SUPPORTED IN THIS CASE. HOWEVER, IF THE COURT WERE TO DISAGREE, I HAVE THE FOLLOWING OPINIONS REGARDING THE ROYALTY BASE AND ROYALTIES DUE: .. 4

      1. ████████████████████████ ................................................ 4

      2. Assuming a royalty award is supported in this case, the resulting royalty amounts due Monster Energy through December 31, 2017 would be no greater than ██████████ ██████████ ................................................ 4

   E. PREJUDGMENT INTEREST: .......................................................................................... 4

      1. The appropriate method to calculate prejudgment interest, if applicable, is: .................... 4

EX2-5

**HIGHLY CONFIDENTIAL – Attorneys' Eyes Only**

a)   Interest should be calculated based on Monster Energy's cash flow royalty payments and interest income. ........................................................................................................................... 4

b)   The interest rate should be based on ISN's unsecured borrowing rate.......................................... 4

c)   Interest should be compounded quarterly. ..................................................................................... 4

IV.   **BACKGROUND AND DESCRIPTION OF THE TRADEMARKS AT ISSUE** ................................... 4

A. PARTIES TO THE LITIGATION .................................................................................................... 4

1.   Monster Energy ..................................................................................................................... 4

2.   ISN .......................................................................................................................................... 4

B. TRADEMARKS AND TRADE DRESS ........................................................................................... 5

C. ALLEGEDLY INFRINGING PRODUCTS ........................................................................................ 6

D. THE NATURE OF MONSTER ENERGY AND ISN'S BUSINESSES ................................................. 7

V.   **BASES FOR OPINIONS** ......................................................................................................... 7

A. MY DISAGREEMENTS WITH THE OPINIONS AND BASES FOR OPINIONS OF RUSSELL W. MANGUM III, PHD, THE DAMAGES EXPERT RETAINED BY MONSTER ENERGY: .................................................. 7

1.   Dr. Mangum fails to address the evidence supporting the unlikelihood that Monster Energy and ISN would ever have entered into a license agreement covering the Monster Energy Trademarks and all the ISN Monster Mobile branded products.................................. 7

2.   In addition to incorrectly assuming that a licensing arrangement would have been reached, Dr. Mangum fails to perform a proper analysis of the Monster Energy licensing agreements on which he bases his range of royalty rates. ..................................................... 9

3.   Dr. Mangum's opinion on the reasonable royalty rate for the Monster Energy Marks is overstated given that some of the most valuable trademarks in the world are licensed for less than the royalty rates suggested by Dr. Mangum.......................................................... 11

4.   Dr. Mangum does not include all necessary deductions from revenues in his calculation of ISN's profits from the products-at-issue.......................................................................... 13

5.   Dr. Mangum makes an error in his calculation of gross margin on Exhibit 3. Correcting for his ████████████████████████████ ............................................... 14

B. ███████████████████████████████████████████████████
███████████████████████████████████████████████████
██████████████ .......................................................... 14

C. ROYALTY RATE: .................................................................................................. 19

1.   Opinions Regarding Reasonable Royalty Rate Assuming Reasonable Royalties were Appropriate in this Case.................................................................................................... 20

a)   Basic Framework for Calculating Reasonable Royalty Damages for Trademark and Trade Dress Infringement ..................................................................................................... 20

b)   Date of the Hypothetical Negotiation.......................................................................... 22

ii

**HIGHLY CONFIDENTIAL – Attorneys' Eyes Only**

c) The Book of Wisdom ........................................................................ 22

d) Baseline Royalty Rate .................................................................... 25

e) *Georgia-Pacific* Factor Analysis ................................................... 29

2. Summary of *Georgia-Pacific* Factor Analysis ...................................... 42

3. Conclusions Regarding Reasonable Royalty ........................................ 43

D. Calculation of the Royalty Base, Royalties Due and Prejudgment Interest ......................... 44

1. Calculation of Royalty Base ................................................................ 44

2. Calculation of Royalties Due ............................................................... 44

E. Calculation of Prejudgment Interest, If Applicable ................................. 44

VI. **DOCUMENTS, DATA AND OTHER INFORMATION CONSIDERED** ........................................... 44

VII. **POTENTIAL ADDITIONAL ANALYSES TO PERFORM** ............................................................. 44

VIII. **COMPENSATION** ................................................................................................................. 45

iii

HIGHLY CONFIDENTIAL – Attorneys' Eyes Only

## I.    Introduction

1.      I have been retained on behalf of Integrated Supply Network, LLC ('ISN") to provide an opinion regarding damages resulting from ISN's alleged infringement of Monster Energy Company's ("Monster Energy's") Trademarks and Trade Dress, False Designation of Origin, and Unfair Competition.[1] In forming the opinions I express in this report, I have assumed that Monster Energy's Trademarks and Trade Dress are valid and enforceable, and that ISN's accused products infringe these Trademarks and Trade Dress.

2.      My opinions address the following matters:

- My disagreements with the opinions and bases for opinions of Russell W. Mangum III, PhD, the damages expert retained by Monster Energy.

- The profits that ISN has earned on the products alleged to be falsely designated or were unfairly sold.

- Lack of evidence suggesting Monster Energy and ISN would have ever entered into a licensing agreement for ISN's sale of the Monster Mobile products.

- Assuming a reasonable royalty award is appropriate in this case, which I do not believe to be the case, the reasonable royalty that would be adequate to compensate Monster Energy for ISN's alleged infringement of the Monster Energy Trademarks and Trade Dress.

- The appropriate revenue base to which the reasonable royalty rate would be applied and the resulting royalty amounts due Monster Energy.

- The appropriate prejudgment interest rate and method to calculate prejudgment interest, if applicable, and the resulting interest amount when applied to the stream of calculated royalty payments.

## II.   Qualifications

3.      I am currently a Senior Advisor at LitiNomics, Inc., a financial and economic consulting firm specializing in the analysis of economic issues that arise in commercial disputes.

4.      I am a Certified Public Accountant (currently on inactive status after 35 years with an active license) and attorney (currently on inactive status after 38 years with an active license) licensed in the State of California. I have been a Partner at Price Waterhouse; a Managing Director at Putnam, Hayes & Bartlett; and a Senior Advisor at CRA International, a publicly

---

[1]   Complaint for Trademark Infringement, Trade Dress Infringement, False Designation of Origin, and Unfair Competition (hereinafter "Complaint"). [2.1]  References in report are to [Volume and Tab].

**HIGHLY CONFIDENTIAL – Attorneys' Eyes Only**

traded management consulting firm.  I have a Bachelor of Science in Engineering, which I received from the University of Santa Clara in 1969.  I have a Master in Business Administration, which I received from U.C.L.A. in 1971.  I have a Juris Doctor degree, which I received from Loyola University School of Law at Los Angeles in 1975.

5.     I have specialized in the computation of commercial damages over the last 41 years of my professional career.  I have been qualified and testified at trial as an expert on financial matters, principally commercial damages, 140 times.  I have testified on financial issues in 37 arbitrations.  I also have been deposed 365 times on financial issues over my career

6.     I have 33 professional publications, the majority of which deal with the computation of commercial damages.  The most significant publication is the Litigation Services Handbook, which went through the fourth edition while I was an editor.  The book is a collaborative effort of many of the leading experts in the financial area.  I am the founding editor and continued as an editor for over 20 years.  The book has been recognized as authoritative by the Federal Judicial Center in its Treatise on Scientific Evidence: the Treatise's chapter on Economic Damages cited only five reference sources for further guidance to federal judges in the first two editions.  The Litigation Services Handbook was one of the five reference sources.

7.     I have served as a member of the Sedona Conference Patent Damages and Remedies Working Group (2011 -2016) and was on the Panel of Experts for Dunn on Damages.

8.     I have served on a number of committees for the American Institute of Certified Public Accountants ("AICPA") including: the inaugural Certificate in Financial Forensics Credential Committee (2008 – 2011), the AICPA Litigation Services Committee (1993 – 1995), the AICPA Business Valuation Standards Task Force (1994 – 1995), the AICPA and IBA combined Conference Steering Committee (1995), the AICPA Litigation Services Conference Steering Committee (1990 – 1995), the AICPA Management Advisory Services Practice Standards and Administration Subcommittee (1988 – 1990), and the AICPA Auditing Standards Board Litigation Services Task Force (1989). I also served as a Co-Editor of the CPA Expert (1994 – 1996), a publication of the AICPA for CPAs who perform litigation services and business valuation.

9.     I have served on the California Society of CPAs Litigation Services Committee (1985 – 1990) and was Chairman of this committee (1987 – 1989). I have served on the

2

**HIGHLY CONFIDENTIAL – Attorneys' Eyes Only**

California Society of CPAs Government Relations Committee (1989 – 1990) and the Contingent Fee Task Force (1988 – 1990).

10.     Volume 1, Tab 4 contains my curriculum vitae which details my qualifications, including a listing of all my publications and testimony.

## III.    Summary of Opinions

**A.  My disagreements with the opinions and bases for opinions of Russell W. Mangum III, PhD, the damages expert retained by Monster Energy:**

1.  **Dr. Mangum fails to address the evidence supporting the unlikelihood that Monster Energy and ISN would ever have entered into a license agreement covering the Monster Energy Trademarks and all the ISN Monster Mobile branded products.**

2.  **In addition to incorrectly assuming that a licensing arrangement would have been reached, Dr. Mangum fails to perform a proper economic analysis of the Monster Energy licensing agreements on which he bases his range of royalty rates.**

3.  **Dr. Mangum's opinion on the reasonable royalty rate for the Monster Energy Marks is overstated given that some of the most valuable trademarks in the world are licensed for less than the royalty rates suggested by Dr. Mangum.**

4.  **Dr. Mangum does not include all necessary deductions from revenues in his calculation of ISN's profits from the products-at-issue.**

5.  **Dr. Mangum makes an ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ on Exhibit 3. Correcting for his ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.**

**B.  ISN incurred total profits of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮**

**C.  Royalty Rate:**

1.  **There is no evidence suggesting that Monster Energy would have licensed its trademarks to ISN and more importantly, ISN would not have licensed the Monster Energy trademarks since ISN developed the Monster Mobile brand as its own private label brand completely owned by ISN.**

3

**HIGHLY CONFIDENTIAL – Attorneys' Eyes Only**

    **2.** The reasonable royalty rate that is adequate to compensate Monster Energy for ISN's alleged infringement of Monster Energy's Trademarks and Trade Dress is no more than three (3.0%) percent.

**D.** I do not believe a reasonable royalty is supported in this case. However, if the Court were to disagree, I have the following opinions regarding the Royalty Base and Royalties Due:

    **1.** The royalty base through December 31, 2017 to which the royalty rate would be applied is ███████[2]

    **2.** Assuming a royalty award is supported in this case, the resulting royalty amounts due Monster Energy through December 31, 2017 would be no greater than ███████████████[3]

**E.** Prejudgment Interest:

    **1.** The appropriate method to calculate prejudgment interest, if applicable, is:

        **a)** Interest should be calculated based on Monster Energy's cash flow royalty payments and interest income.

        **b)** The interest rate should be based on ISN's unsecured borrowing rate.

        **c)** Interest should be compounded quarterly.

## IV.   Background and Description of the Trademarks at Issue

**A.** Parties to the Litigation

    **1.** Monster Energy

11.    Monster Energy is a Delaware corporation with a principal place of business at 1 Monster Way, Corona, CA 92879.[4]

    **2.** ISN

12.    ISN is a limited liability company under the laws of the State of Florida. ISN has a principal place of business at 2727 Interstate Drive, Lakeland, FL 33805.[5]

---

[2]  See Schedule 1.1. [1.2]
[3]  See Schedule 1.1. [1.2]
[4]  Complaint, ¶ 5, p. 2. [2.1]

EX2-11

**HIGHLY CONFIDENTIAL – Attorneys' Eyes Only**

### B.   Trademarks and Trade Dress

13.   Monster Energy alleges the following trademarks ("Monster Energy Trademarks") have been infringed:[6]

1.   4,721,433 - Monster Energy;
2.   3,044,315 - Monster Energy;
3.   3,057,061 - Monster Energy;
4.   3,908,601 - MONSTER ENERGY (words and claw)
5.   3,914,828 - MONSTER ENERGY (words and claw);
6.   3,923,683 - MONSTER ENERGY (words and claw);
7.   3,908,600 - MONSTER ENERGY (words and claw);
8.   4,332,062 - MONSTER ENERGY (words and claw);
9.   4,660,598 – MONSTER ENERGY (words and claw);
10. 3,740,050 – MONSTER ENERGY (word "import" and design);
11. 3,044,314 - M MONSTER ENERGY;
12. 3,134,842 – M MONSTER ENERGY;
13. 4,036,680 – MONSTER ENERGY;
14. 4,036,681 – MONSTER ENERGY;
15. 4,111,964 -  MONSTER REHAB;
16. 4,129,288 – MONSTER REHAB;
17. 4,376,796 – MUSCLE MONSTER;
18. 4,451,535 – MUSCLE MONSTER;
19. 4,716,750 – JUICE MONSTER;
20. 4,634,053 – MONSTER ASSAULT;
21. 4,604,556 – PUNCH MONSTER;
22. 3,959,457 – JAVA MONSTER;
23. 5,018,111 – JAVA MONSTER;
24. 4,234,456 - UBERMONSTER;
25. 5,041,267 – MONSTER UNLEADED;
26. 4,989,137 – MONSTER ENERGY UNLEADED;
27. 5,013,706 – MONSTER ENERGY ABSOLUTELY ZERO;
28. 4,532,292 – MONSTER ENERGY ULTRA RED;
29. 4,534,414 – MONSTER ENERGY ULTRA BLUE;
30. 4,860,491 – MONSTER ENERGY ULTRA BLACK;
31. 4,856,373 – MONSTER ENERGY ULTRA CITRON;
32. 4,879,793 – MONSTER ENERGY ZERO ULTRA;
33. 3,924,797 – ASSAULT M MONSTER ENERGY;
34. 3,852,118 – LO-CARB MONSTER ENERGY;
35. 3,134,841 – MONSTER ENERGY (words and claw)
36. 4,865,702 – MONSTER ENERGY (words and claw on black background);

14.   The Monster Energy Trademarks are allegedly for use in connection with beverages, nutritional supplements, clothing, sporting goods, promoting goods and services in the motorsport industry and other products and services.[7]

---

[5]   Complaint, ¶ 6, p. 2. [2.1]
[6]   Complaint, ¶ 10, pp. 3-23. [2.1]
[7]   Complaint, ¶ 10, pp. 3-23. [2.1]

5

**HIGHLY CONFIDENTIAL – Attorneys' Eyes Only**

### C.   Allegedly Infringing Products

15.     The following products are sold through Monster Mobile and are alleged to infringe: work lights, service jacks, carts, shop press, light bulbs, impact wrenches, thermometers, vacuum pumps, tune up kits, creepers, mechanic's seats, hammer tune up kits, hammers, in-line cut off tools, battery chargers, air impact wrenches, latex gloves, manifold gauge sets, utility knives, chargers for work lights, electronic charging scales, protective wheel sockets, protective sleeves for sockets, rechargeable lights, replacement legs for work lights, circuit testers, screwdrivers, swivel casters, welders, welder carts, plasma cutting systems, bump lights, pliers, plier sets, spline socket & bit sets, spring assisted pocket knives, torque wrenches, underhood lights, service tool carts, roller tool cabinets, tool chests, tool lockers, picks, hooks, files, impact wrenches, needle scaler attachments, welding helmets, sockets, brake rewind adapters, ratchets, shirts, baseball caps, digital meters, cutter pliers, sockets with ratchet holders, infrared thermometers, brake fluid testers, portable tire repair station, wrench sets, socket sets, utility knife blade replacements, air die grinders, cut off tools, die grinders, truck jacks, roadside assistance jacks, bottle jacks, jack stands, ram kits, headrests, professional start boosters, booster packs, digital multimeters, needle scalers, tire changers, lifts, composite impact tools, variable speed polishers, grinders, clocks, torx sets, file sets, handle hook and pick sets, pocket lights, pen lights, air ratchet wrenches, impact ratchets, charging adapter for rotatable work lights, chargers, wrench and bottle opener combo tools, plier sets, rivet tongue and groove pliers, long reach plier sets, butterfly impact wrenches hand tool sets, t-bars, foot pumps, hook sets, mortorq bit sets, hose clamp assembly repair kits, underhood light sets, extension sockets, lcd circuit testers, tire inflators, spanner wrenches, hydraulic riveters, painting tables, pry bars, work gloves, keychain lights, rope shears, fractional calipers, tools, inspection lamps, insulated tumblers, ratchet knives, socket trays, hose clamp pliers, bolt cutters, tpms installation tool kits, orbital sanders, Master bearing and seal drivers, Utility stands, Bluetooth speakers, Flood lights, Saw kits, Air tool holders, Adhesive repair kits, Air saws, Ratchet drivers, Impact bit driver sets, Tripods for Bluetooth work lights, Lithium ion jump starters, Apparel namely, shirts, belts, and socks, Specialty electronics namely drones and dash cams, Food namely beef jerky, nuts, and similar snack items, Wrenches, Combination wrenches, Ratcheting wrenches, Promotional items, Impact sockets, Flashlights and Spot lights.[8]

---

[8]   Applicant's Supplemental Answers and Objections to Opposer's first Set of Interrogatories (Nos. 1-36), Interrogatory Response #3, pp. 5-11. [2.2]  *See* Schedule 5.2 for a listing of products alleged to infringe. [1.2]

**HIGHLY CONFIDENTIAL – Attorneys' Eyes Only**

### D.   The Nature of Monster Energy and ISN's Businesses

16.      Monster Energy is a beverage company. Nearly 100% of Monster Energy's annual revenues come from the sale of beverages, which are primarily energy drinks.[9]

17.      ISN is a distributor of automotive tools and equipment.[10] The Monster Mobile brand of tools accused in this case is a line of tools sold by ISN to mobile tool dealers ("tool trucks") who in turn sell the products to the end user (such as automotive technicians).[11]

18.      While it appears that ISN sells extremely limited quantities of apparel under the Monster Mobile brand[12] and Monster Energy's trademarks have been used on apparel items[13], ISN and Monster Energy are not competitors.

## V.   Bases for Opinions

19.      The following is a discussion of the bases supporting each of my opinions.

### A.   My disagreements with the opinions and bases for opinions of Russell W. Mangum III, PhD, the damages expert retained by Monster Energy:

#### 1.   Dr. Mangum fails to address the evidence supporting the unlikelihood that Monster Energy and ISN would ever have entered into a license agreement covering the Monster Energy Trademarks and all the ISN Monster Mobile branded products.

20.      Dr. Mangum provides his opinion with respect to two available remedies to Monster Energy assuming a finding of infringement of the Monster Energy Trademarks. However, in trademark law, since there is no floor on damages, a reasonable royalty is not required. Therefore, an examination of the facts surrounding a potential license between the parties is warranted for an award of reasonable royalties. Upon examination of these facts, it is speculative to suggest that the parties would have entered into a license agreement. ISN developed Monster Mobile as a house brand: something that it would own completely. ISN was not interested in its house brand being "co-branded" with the mark of another entity such as

---

[9]   Monster Beverage Corporation, Form 10-K for the Fiscal Year Ended December 31, 2017, p. 3. [5.15]

[10]   Complaint, ¶ 37, p. 35. [2.1]

[11]   Blogspot, "Monster Automotive Tools and Equipment," <http://monsterautotools.blogspot.com/>, accessed March 16, 2018. [5.16]

[12]   ██████████████████████████████████████████████████ See Schedule 5.1. [1.2]

[13]   Complaint, ¶ 15, pp. 18-19. [2.1]

**HIGHLY CONFIDENTIAL – Attorneys' Eyes Only**

Monster Energy.[14] The idea of ISN taking a license to Monster Energy's trademarks is entirely inconsistent with the impetus behind the Monster Mobile brand. ISN would not have taken a license from Monster Energy if it had thought that the Monster Mobile line was trespassing on Monster Energy's rights. ISN simply would have adopted another mark back in 2010.[15] It is similarly unlikely that Monster Energy would have granted ISN a license. ███████████████ ██████████████████████████████████████████████████████ ████████████████████████████████████████████████. Additionally, Monster Energy is seeking an injunction in this case.[17] This is inherently inconsistent with the proposition that Monster Energy would have granted ISN a license back in 2010. The following paragraphs are a discussion of the facts supporting my opinion.

21.     I have identified the following facts related to the likelihood of a license between the parties:

- I have not seen any evidence that the parties ever discussed or entered into negotiations for a license agreement.

- ISN developed the trademarks used in its Monster Mobile product line (name, logo and trade dress) and if faced with a license of the Monster Energy Trademarks, would have developed an alternative brand.[18] ISN was interested in developing its own private label brand and was not interested in co-labeling the Monster Mobile products with Monster Energy. ISN was not interested in using the Monster Energy Trademarks, including the Monster Energy Claw.[19]  At the time of product launch, if ISN had been advised to cease and desist use of its marks or had been given other legitimate legal advice not to use its marks, ISN would have developed a different brand.[20]

- Even assuming infringement, there is no evidence that the Monster Energy Trademarks was an initial driver of Monster Mobile product sales.[21]

- There are over 600 different Monster Mobile products.[22] If the parties had entered into a license agreement that required ISN pay royalties, ISN may have decided to exclude certain products under license.

---

[14]   Discussion with Bruce Weber, CEO of ISN, on March 14, 2018.

[15]   Discussion with Bruce Weber, CEO of ISN, on March 14, 2018.

[16]   Rodney Sacks 30(B)(6) Deposition, February 5, 2018, pp. 185, 196. [2.8]

[17]   Complaint, pp. 49-51. [2.1]

[18]   Deposition of Michael Scott Pilkenton, March 8, 2017, pp. 19-24, 77-78. [4.1]

[19]   Discussion with Bruce Weber, CEO of ISN, on March 14, 2018.

[20]   Discussion with Bruce Weber, CEO of ISN, on March 14, 2018.

[21]   Per discussion with Bruce Weber on March 14, 2018, since the Monster Mobile brand was launched, ISN has spent money on marketing. Therefore, the brand is more valuable today than it would have been in 2010.

[22]   See Schedule 5.2. [1.2]

EX2-15

**HIGHLY CONFIDENTIAL – Attorneys' Eyes Only**

- I have seen no evidence that Monster Energy would have wanted to use its Monster Energy Trademarks in the mobile tool market in 2010. Monster Energy markets the Monster Energy Trademarks in the beverage industry and enters into strategic, limited licenses agreements that support its brand and not expand its brand into new markets.

- ISN has ▮▮▮▮▮▮▮ on the Monster Mobile brand.[23] It is unlikely that ISN would have been willing to pay Monster Energy royalties without evidence that the Monster Energy Trademarks would have driven product sales or allowed the pricing to be higher. There is no evidence of either of these potential benefits.

- Monster Energy is seeking an injunction in this case as opposed to a royalty on ISN's continued sales of Monster Mobile products

22.    Considering the facts as outlined above, it is my opinion that there is no indication that the parties would have entered into a license agreement which is an important, and I believe incorrect, assumption made by Dr. Mangum.

## 2. In addition to incorrectly assuming that a licensing arrangement would have been reached, Dr. Mangum fails to perform a proper analysis of the Monster Energy licensing agreements on which he bases his range of royalty rates.

23.    Dr. Mangum makes no attempt to explain why the Monster Energy Trademark licenses ("Monster Energy Licenses") summarized in his Exhibit 5 are relevant to his determination of the appropriate royalty rate that Monster Energy and ISN would have agreed on in a hypothetical negotiation and license beyond the fact that these are Monster Energy Trademark Licenses. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[24] There is no analysis or discussion pertaining to the parties that were involved in those licenses and Dr. Mangum performs no comparison of the licensed products with the products-at-issue in this case. He performs no analysis of the profit margins of the licensed products with the profit margins of the products-at-issue in this case. In fact, he even fails to specifically identify which of the Monster Energy Trademark Licenses form the basis for his opinion.

---

[23]  Schedule 2.1. [1.2]
[24]  Expert Report of Russell W. Mangum III, Ph.D., February 23, 2018 ("Mangum Report"), pp. 11-12. [2.3]

9

**HIGHLY CONFIDENTIAL – Attorneys' Eyes Only**

24.     In addition, he performs no comparison of the terms of the Monster Energy Trademark Licenses with the hypothetical license. In his Footnote 50, he states the following:[25]

> The royalty rate and hypothetical agreement being contemplated in this case for the purposes of damages is a judicial fiction, in that there was no actual agreement and the analysis is retrospective. The retrospective nature of this inquiry precludes MEC's ability to include the type of oversight and brand-control terms it has received in past agreements. Thus, the hypothetical agreement necessarily provides decreased non-pecuniary value relative to the historical licenses.

25.     Of course, by its nature, the hypothetical license is retrospective. It is the damage expert's responsibility to value the differences between the terms of the benchmark licenses and the hypothetical license. Dr. Mangum fails to do such analysis.

26.     Dr. Mangum does not appear to consider the value ISN received for the alleged use of the Monster Energy Trademarks and whether there were any other brands that could have been developed.

According to Ms. Lott,

[28]

[29]

27.     Although he introduces the concept of a hypothetical license as the basis for a reasonable royalty damage award to Monster energy, Dr. Mangum does not actually perform an economic analysis consistent with the underlying business, legal and economics that are important in assessing a hypothetical license. Since the statute requires that no less than a reasonable royalty award be awarded as damages in patent cases, analysis of the "hypothetical negotiation" and the resulting hypothetical license is very common in that area of law. *Georgia-Pacific Corp. v. U.S. Plywood Corp* is the seminal case which lays out the 15 factors typically

---

[25]   Mangum Report, FN 50, p. 13. [2.3]
[26]   Mangum Report, p. 12. [2.3]
[27]   Deposition of Darlene Lott, November 17, 2017, p. 41. [2.4]
[28]   Deposition of Darlene Lott, November 17, 2017, p. 41. [2.4]
[29]   Deposition of Darlene Lott, November 17, 2017, p. 42. [2.4]

10

**HIGHLY CONFIDENTIAL – Attorneys' Eyes Only**

considered in the hypothetical negotiation. As discussed below, the *Georgia-Pacific* factors have
also been used to assess the hypothetical license in trademark cases. See Section V.C. in my
report where I perform a detailed royalty rate analysis that considers the Georgia-Pacific factors
in order to determine a reasonable royalty resulting from a hypothetical negotiation (assuming
that the parties would have even engaged in such a negotiation).

> **3.  Dr. Mangum's opinion on the reasonable royalty rate for the Monster Energy
> Marks is overstated given that some of the most valuable trademarks in the
> world are licensed for less than the royalty rates suggested by Dr. Mangum.**

28.     Dr. Mangum opines that Monster Energy's lost royalties are between ▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮     or according to his Exhibit 6, ▮▮▮▮▮▮▮▮▮▮▮▮.[31] This range of rates
is apparently based on licenses shown in his Exhibit 5 that are generally contemporaneous with
the timing of the alleged infringement by ISN.[32] He used both RoyaltySource and ktMINE for
evidence of a running royalty rate applicable to this matter (i.e., applicable to ISN's use of the
Monster Energy Marks, Monster Energy Trade Dress, and Beast Marks) and concluded his
research was not relevant to his narrowly defined parameters.[33]

29.     I reviewed the five requested search results from his RoyaltySource research
and disagree with his conclusion. The search results give insights to the royalty rates for
trademarks licensed by beverage companies. For example, in 1996, Coca Cola Company
licensed certain unidentified marks to the Cavanagh Group International for a 10 percent royalty
rate.[34] The licensee is identified as a seller of holiday paraphernalia adorned with the Coca-Cola
logo and its polar bear; Coca-Cola related ornaments, musicals, stocking holders. Coca-Cola is
one of the most valuable brands in the world. According to the 2010 Interbrand trademark study,
the Coca-Cola brand was ranked number one in the world at a value of $70.5 billion.[35] In the
2017 Interbrand Study, the Coca-Cola brand was ranked number four and the value was $39.7
billion.[36] Although the Monster Energy brand was not included in either of these studies as one
of the top 100 brands, in 2017, it was valued by a Forbes contributor at $5.4 billion: far less than

---

[30]  Mangum Report, p. 4. [2.3]
[31]  Mangum Report, Exhibit 6. [2.3]
[32]  Mangum Report, pp. 11-12. [2.3]
[33]  Mangum Report, p. 12. [2.3]
[34]  Schedule 1.1. [1.3]
[35]  Schedule 1.1. [1.3]
[36]  Schedule 1.1. [1.3]

EX2-18

**HIGHLY CONFIDENTIAL – Attorneys' Eyes Only**

Coca-Cola.[37] I have summarized the RoyaltySource trademark licenses and corresponding rankings and value included in the Interbrand studies in the following chart:[38]

**Figure 1:  Trademarks Licenses of Certain Beverage Companies[39]**

| Licensor | Licensee | Effective Date | Title | License Grant | Exclusive/ Non-exclusive | Territory | Term | Lump-Sum Payment | Royalty Rate | Royalty Base | 2010 Interbrand Global Brand Ranking and Value | 2017 Interbrand Global Brand Ranking and Value |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Anheuser-Busch Inc. | Cliff Engle Inc | 9/1/1986 | Trademark | Licensor allows Licensee to use certain beverage (beer, Anheuser-Busch) related trademarks owned by licensor on men's and women's jacquard knit sweaters | | | | | 7% or a guaranteed minimum annual fee, whichever was greater | Net Sales | Ranking: 30th (lists Budweiser) Value: $12.3 billion | Ranking: 31st (lists Budweiser) Value: $15.4 billion |
| Coca Cola Co. | Cavanagh Group International | | Trademark | Coca-Cola related ornaments, musicals, stocking holders | | | | | 10% | Sales of Licensed Products | Ranking: 1st Value: $70.5 billion | Ranking: 4th Value: $39.7 billion |
| Miller Brewing Co. | Littlefield Adams & Co. | 10/30/1996 | Trademark | Licensed Trademarks: Miller Genuine Draft Beer, Miller Beer, Miller Lite Beer identifications; Licensed Product: Property-identified T-shirts, sweatshirts and boxer shorts | Non-Exclusive | United States | | $10,000 | 10% | All Sales of Licensed Products | Not listed | Ranking: 31st (Miller was acquired by Anheuser-Busch in October 2016) Value: $15.4 billion |
| Pabst Brewing Co. | Juneau Avenue Partners LLC | October 2004 | Trademark | Licensor allows Licensee to use Pabst beer brand name in regional entertainment and shopping complex, as well as use of name on T-shirts and hats | | Milwaukee, Wisconsin | 25 years | $250,000 | 5% | Sales of T-shirts and Hats | Not listed | Not listed |
| PepsiCo, Inc. | Littlefield Adams & Co. | 2/1/1996 | Trademark | Licensor allows Licensee use of Brands: Pepsi, Pepsi-Cola, Diet Pepsi, Diet Pepsi-Cola, Mountain Dew and Slice in Licensed Products: Men's, Women's, Boys, Girls T-shirts and Fleece Women's Beach Cover-ups | Non-Exclusive | United States | 2 years | $5,000 | 8% | Net Sales of Licensed Products | Ranking: 23rd Value: $14.1 billion | Ranking: 22nd Value: $20.5 billion |

30.     As can be seen in the above table, the range of running royalty rates is from five percent to 10 percent. The Pabst Brewing Company License had a $250,000 lump-sum payment as well as the five percent royalty. Three of the licensors had brand values ranked in the top 30 by Interbrand. The licensed products were generally apparel products, similar to Monster Energy's licenses. I would expect the higher valued brands to command higher royalty rates than the Monster Energy Trademarks.

31.     ████████████████████████████████████████

---

Preston Pysh, "The Intrinsic Value of Monster Beverage," Forbes, <https://www.forbes.com/sites/prestonpysh/2017/11/10/intrinsic-value-monster-energy-drink/#6ca789016f09>, accessed March 2, 2018. [5.14]

38   Schedule 1.1. [1.3]

39   Schedule 1.1. [1.3]

40   Exhibit 86 to the Rodney Sacks 30(B)(6) Deposition, February 5, 2018. [2.5]  *Note: Although the annual totals were updated in Monster Energy Company's Corrected Supplemental Response to Second Set of Interrogatories (11), p. 8 ([3.33]), the number of licensees were not disclosed. Therefore, I will use Exhibit 86 for purposes of my discussion in this section.*

**HIGHLY CONFIDENTIAL – Attorneys' Eyes Only**



33.     Dr. Mangum has not properly considered ISN's position in the negotiations of the hypothetical license and if he had done so would have concluded that even a 10 percent royalty, the low end of his range, was not reasonable.

### 4.   Dr. Mangum does not include all necessary deductions from revenues in his calculation of ISN's profits from the products-at-issue.

34.     Dr. Mangum's calculation of ISN's profits from the Monster Mobile brand starts with revenues and deducts only the product cost. He has not taken into consideration any other incremental costs such as product obsolescence, marketing and other corporate expenses. I calculate the appropriate deductions in the following section of my report.



At this time, I do not have the amount of this deduction, however.

---

41
42   Mangum Report, Exhibit 6. [2.3]
43   Exhibit 86 to the Rodney Sacks 30(B)(6) Deposition, February 5, 2018. [2.5] Note:

44   Deposition of Darlene Lott, November 17, 2017, pp. 147-148. [2.4]
45   Exhibit 34 to the Deposition of Darlene Lott, November 17, 2017. [4.2]
46   Deposition of Darlene Lott, November 17, 2017, pp. 117-118. [2.4]

13

**HIGHLY CONFIDENTIAL – Attorneys' Eyes Only**

**5.    Dr. Mangum makes an error in his calculation of gross margin on Exhibit 3. Correcting for his error increases gross margin in 2012 by ███████**

37.    In his Exhibit 3, Dr. Mangum miscalculates ███████████. His chart shows ██████████████.[47] Subtracting ███████████████████ results in a ████████████████████ as shown in his exhibit.[48] Therefore, Dr. Mangum ████████████████████.[49]

**B.   ISN incurred** ████████████████████████████
████████████████████

38.    ISN incurred total ██████████████████ It is my understanding that in order to be awarded profits ISN earned on the products-at-issue, Monster Energy must prove that ISN willfully infringed the Monster Energy Trademarks.[50] For purposes of this report, I will provide an opinion on ISN's profits and losses from the products-at-issue should Monster Energy prove that ISN willfully infringed the Monster Energy Trademarks and it is determined that disgorgement of profits is an appropriate remedy.

39.    The following chart is a summary of ISN's profits (losses) for the Monster Mobile branded products:

---

[47]  Mangum Report, Exhibit 3. [2.3]
[48]  Mangum Report, Exhibit 3. [2.3]
[49]  ██████████████████
[50]  *Stone Creek, Inc. v. Omnia Italian Design, Inc.*, 875 F.3d 426 (9th Cir. 2017), HN20 at p. 4. [3.28]

14

**HIGHLY CONFIDENTIAL – Attorneys' Eyes Only**



40.    From December 2010 through 2017, ISN had ████████████████ from its
Monster Mobile products.[52] The following chart shows ██████████████████████
from December 2010 through October 2017:

---

[51]  Schedule 2.1. [1.2]
[52]  Schedule 2.1. [1.2]

EX2-22

**HIGHLY CONFIDENTIAL – Attorneys' Eyes Only**



41.    Under a ███████████████████████████████████████████

███████████████████████████████████████████ I have included this amount

received from ███████████████████ █ █████████████████████████████

███████████████████████.[56]

42.    As shown in Figure 2 above, I subtract ███████████████████████

███████████████████████████████████████████████████████████████

████████ With respect to Other Cost of Sales, according to Jarret Strawn of ISN, ████████

███████████████████████████████████████████████████████████████

███████████████████████ separately analyze these private brand costs and

determine there was a ███████████████████████████ from December 2010 to

December 2017.[58] I also analyze ISN's sales of private label brands, and calculate by year the

---

53   Schedule 5.1. [1.2] Note: The total sales amount differs from the amount described above because the
     source data file contains sales only through October 2017. See ISN0038150-HIGHLY CONFIDENTIAL
     - ATTORNEYS' EYES ONLY.xlsx.
54   Mangum Report, Exhibit 4. [2.3]
55   ███████████████████████████████████████████
     ███████████████████████████████
56   Schedule 2.1. [1.2]
57   Schedule 2.1. [1.2]
58   Schedule 2.3. [1.2]

16

**HIGHLY CONFIDENTIAL – Attorneys' Eyes Only**

███████████████████████████████████ I multiply ISN's ███████████
█████████████████████████████████████████████████████████████
██████████████████████████.[60] This ████████████████████████
██████.[61]

43.    In order to determine Wages & Benefits for the Monster Mobile brand, I perform a regression analysis and determine the incremental portion of ████████████████
███████████████ ██ ██████████████████████████████████
████████████████████████████████████████████████████.[63]

44.    In order to determine, the Monster Mobile portion of the "MOBILE ONLY FLYER" and "POSTAGE MOBILE ONLY FLYER" line items, I have been informed these lines primarily relate to Monster Mobile.[64] For purposes of calculating damages, I assume that ██████████████
████████████████████████████████████████████████████████████
██████.[65]

45.    I note that in an interrogatory response, ISN estimated that they have an advertising and marketing budget of approximately ████████████████.[66] This falls in line with the ████████████████████████████████████████.[67] Additionally, Bruce Weber of ISN has informed me that print and digital media is another area where Monster Mobile product expenses ████████████████████████████████.[68]

46.    In order to determine whether Interest Expense is a function of Net Revenues, I performed a regression using ISN's total Interest Expense.[69] Although the regression results are

---

59  Schedule 3.1. [1.2]
60  Schedule 2.2. [1.2] For an annual summary, see Schedule 2.1. [1.2]
61  Schedule 2.1. [1.2] *Note: I include these private label expenses under the line item "Other Cost of Sales." These are the only expenses I include in "Other Cost of Sales," as the amount of the remaining "Other Cost of Sales" after adjustments were made for line items that were private-label only or unrelated to the Monster Mobile brand was de minimis.* See Schedule 3.6. [1.2]
62  Schedule 4.1. [1.2] See also Schedule 4.4. [1.2]
63  Schedule 2.1. [1.2]
64  Discussion with Jarret Strawn of ISN. See also Schedule 3.5. [1.2]
65  Schedule 2.1. [1.2]
66  Applicant's Supplemental Answers and Objections to Opposer's first Set of Interrogatories (Nos. 1-36), Supplemental Interrogatory Response #6, pp. 13-14. [2.2]
67  ████████████████████████████████
68  Discussion with Bruce Weber, CEO of ISN, on March 14, 2018.
69  Schedule 4.3. [1.2] See also Schedule 4.4. [1.2]

EX2-24

**HIGHLY CONFIDENTIAL – Attorneys' Eyes Only**

statistically significant, the intercept term of the regression has a negative coefficient.[70] In addition, I observed total interest expenses as a percentage of ISN's net revenues on a month-by-month basis, and was not able to discern any relationship between ISN's net revenues and interest expenses.[71] Furthermore, ████████████████████████████████████████
████████████████████████████.[72] Therefore, for purposes of calculating Monster Mobile profits, I do not include any amounts for interest expense.

47.     In order to determine Other Expenses attributable to Monster Mobile products, I reviewed each line item included in Other Expenses in ISN's Income Statement.[73] Per discussions with Jarret Strawn of ISN and review of the expense description, █████████████
███████████████████████████████████████████████████████████
███████████████████████ In order to isolate the line items associated with Monster Mobile, I subtract out those costs that are unrelated to the Monster Mobile brand or are analyzed separately.[74] Then, in order to estimate the portion of Other Expenses attributable to the Monster Mobile brand, I perform a regression analysis of Total Other Expenses with Adjustments on ISN's net revenues, on a monthly basis.[75] This regression analysis provides a statistically significant result, and indicates ████████████████████████████████
██████████████████████████████ ████████████████████████████████
████████████████████████████████████████████████████████████
███████████████████████████████ ████[77]

48.     I estimate that ISN's ████████████████████████████████████
████████████████████████████████████████████████████████████
█████████████████████████████[78]

49.     The last deduction relates to ████████████████████████. According to Bruce Weber, Monster Mobile ████████████████████████████████████████.[79]
████████████████████████████████████████████████████████████

---

[70]  Schedule 4.3. [1.2]
[71]  Schedule 4.4. [1.2]
[72]  See monthly interest expenses at Schedule 2.4. [1.2]
[73]  Schedule 3.5. [1.2]
[74]  Schedule 3.4. [1.2] See also Schedule 4.4. [1.2]
[75]  See Schedule 4.4 for regression inputs. [1.2]
[76]  Schedule 4.2. [1.2]
[77]  Schedule 2.1. [1.2]
[78]  Schedule 2.1. [1.2]
[79]  Discussion with Bruce Weber, CEO of ISN, on March 14, 2018.

EX2-25

**HIGHLY CONFIDENTIAL – Attorneys' Eyes Only**

████ .[80] In addition, ISN ████████████████████████████

████████████ ████████████████████████████████████

████████████████████████████████████████████ █

50.     I have been asked to determine the portion of ISN's profits resulting from its use of the Monster Energy Trademarks. I have seen no evidence that sales of any of the products-at-issue were driven by or resulted from the Monster Energy Trademarks. According to Bruce Weber, ISN has not received any evidence of any confusion between ISN and Monster Energy based on ISN's sale of Monster Mobile products.[83] According to James Berger, if there is any confusion in this case, it is de minimis.[84]

51.     The law says that an accused trademark infringer is entitled to a reduction in the amount of profits that may be disgorged based upon whether those profits are derived from factors other than the alleged trademark infringement.[85]  In other words, if it is shown that the profits were generated for reasons other than the trademark at issue, those profits should not be included in damages. Two significant factors that have contributed to the sale of Monster Mobile products are 1) that ISN had pre-existing, established relationships with mobile tool dealers and 2) that Monster Mobile is a mobile dealer exclusive line of products.  This is not a case where the accused products were simply released by ISN for purchase by the general public. Additionally, I have observed that the Monster Mobile brand has an incremental profit margin of ████ another ISN private label brand, Mountain.[86] Therefore, it is questionable as to whether use of the accused trademarks generated any additional profits to ISN.

**C.   Royalty Rate:**

52.     As previously discussed in Section V.A.1, there is no evidence suggesting that Monster Energy would have licensed its trademarks to ISN and more importantly, ISN would not have licensed the Monster Energy trademarks since ISN developed the Monster Mobile brand as its own private label brand completely owned by ISN.

---

[80]  Discussion with Bruce Weber, CEO of ISN, on March 14, 2018.
[81]  Discussion with Bruce Weber, CEO of ISN, on March 14, 2018.
[82]  Schedule 2.1. [1.2]
[83]  Discussion with Bruce Weber, CEO of ISN, on March 14, 2018.
[84]  Report of James T. Berger, February 23, 2018, p. 41. [3.29]
[85]  *Nintendo of* America, *Inc. v. Dragon Pacific International*, 40 F.3d 1007 (9th Cir. 1994). [5.13]
[86]  Schedule 3.1. [1.2]

HIGHLY CONFIDENTIAL – Attorneys' Eyes Only

53.     Though I do not believe there is sufficient evidence to support a reasonable royalty award in this case, the reasonable royalty rate that would be adequate to compensate Monster Energy for ISN's alleged infringement of Monster Energy's Trademarks and Trade Dress is no more than three (3%) percent.

54.     Under trademark law, unlike patent law, there is no requirement that a minimum of a reasonable royalty be awarded upon a finding of infringement. However, since Monster Energy's expert has put forth his opinion on reasonable royalty, I am providing my opinion on reasonable royalty to better explain why Dr. Mangum's reasonable royalty analysis is lacking consideration of relevant facts that result in an overstatement of any reasonable royalty rate.

### 1.   Opinions Regarding Reasonable Royalty Rate Assuming Reasonable Royalties were Appropriate in this Case

#### a)   Basic Framework for Calculating Reasonable Royalty Damages for Trademark and Trade Dress Infringement

55.     There is not a seminal case decision in the Trademark area for how a reasonable royalty should be calculated. In patent law, statute requires that damages no less than a reasonable royalty be awarded for infringement. Accordingly, reasonable royalty analysis is common in patent law and there is well established law in that area on how reasonable royalty damages are calculated. Since 1970 Patent cases have generally used the fifteen factors set out in *Georgia-Pacific Corp. v. U.S. Plywood Corp.*[87] to determine the reasonable royalty rate. Unlike patent cases, however, there is no statutory requirement that damages be awarded in a trademark case. However, in trademark cases where a reasonable royalty was found to be appropriate as a measure of damage, the *Georgia Pacific* factors have been accepted as a method of analyzing the reasonable royalty, these *Georgia Pacific* factors have been accepted as a method of analyzing the reasonable royalty.[88]

---

[87]  *Georgia-Pacific Corp. v. U.S. Plywood Corporation*, 318 F. Supp. 1116, (U.S. District Court for the Southern District of New York, May 28, 1970), *1120 at p. 4. [3.5]

[88]  Monetary Recovery in Trademark Litigation, IP Litigator, November/December 2010, p. 4  and footnote 16. [2.6]  See, e.g., Coryn Group II, LLC v. O.C. Seacrets, Inc., Civil No. WDQ-08- 2764, 2010 WL 1375301, at *8 n.27 (D. Md. Mar. 30, 2010) ("The *Georgia Pacific* factors were originally used in patent and trade secret cases, but have been applied, with variations, in trademark and unfair competition cases.") [3.22]; *A & L Labs., Inc. v. Bou-Matic, LLC*, No. Civ. 02-4862, 2004 WL 1745865, at *2 (D. Minn. Aug. 2, 2004) ("Generally, reasonable royalties are awarded as a measure of damages for infringement of a patent or trademark.") [3.23]; *A Touch of Class Jewelry Co. v. J.C. Penney Co.*, No. Civ. A. 98-2949, 2000 WL 1224804, at *8 (E.D. La. Aug. 28, 2000) [3.24]; *Sands, Taylor & Wood Co. v. Quaker Oats Co.*, No. 93-2687, 1993 WL 204092, at *4 (N.D. Ill. June 8, 1993) ("The royalty formula should attempt to measure the value to the infringer gained by the use of the particular mark.") [3.25];

20

HIGHLY CONFIDENTIAL – Attorneys' Eyes Only

56.     In calculating the appropriate reasonable royalty rate to apply, I first determine the date of the hypothetical negotiation. Then I evaluate what the baseline royalty rate should be, analyze the factors of *Georgia-Pacific Corp. v. U.S. Plywood Corp.*[89] and the Federal Circuit's *Lucent Technologies, Inc. v. Gateway, Inc., et al.*[90] decision, and then use my professional judgment to arrive at my opinion as to the reasonable royalty damages. A reasonable royalty to be paid for use of the Trademarks and Trade Dress depends on an evaluation of the business, legal and economic factors that would be considered by the parties in a hypothetical negotiation. In addition, the Supreme Court and Federal Circuit have repeatedly recognized that factual developments occurring after the date of the hypothetical negotiation can inform the damages calculation.[91] In calculating a reasonably royalty rate, I considered facts known at the time of the hypothetical negotiation as well as factual developments occurring after the date of the hypothetical negotiation. This is because, for purposes of the hypothetical negotiation, courts may assume that all parties would have known all relevant information. This is also referred to as the "book of wisdom" which I explain in more detail below.[92]

57.     A comprehensive list of factors relevant to determining a reasonable royalty in a hypothetical negotiation is set forth in the leading decision of *Georgia-Pacific Corp. v. U.S. Plywood.*[93] In *Georgia-Pacific*, the court identified fifteen factors deemed pertinent to its decision regarding a royalty rate.[94] In performing a hypothetical negotiation analysis, it is important to recognize that some of the *Georgia-Pacific* factors may be of minimal or no relevance to a particular case and other factors may have to be molded by the Court to fit the facts of the case

---

[89] *Georgia-Pacific Corp. v. U.S. Plywood Corporation*, 318 F. Supp. 1116, (U.S. District Court of for the Southern District of New York, May 28, 1970), *1120 at p. 4. [3.5]

[90] *Lucent Technologies, Inc. et al. v. Gateway, Inc. et al.*, 580 F.3d 1301, (U.S. Court of Appeals for the Federal Circuit, September 11, 2009), *1333 at p. 22. [3.3]

[91] *Lucent Technologies, Inc. et al. v. Gateway, Inc. et al.*, 580 F.3d 1301, (U.S. Court of Appeals for the Federal Circuit, September 11, 2009), *1333 at p. 22. [3.3]

[92] *See e.g., Sinclair Refining Co. v. Jenkins Petroleum Process Co.*, 289 U.S. 689, (Supreme Court of the United States, May 29, 1933), *698 at p. 6. [3.6]; *See also Fromson v. Western Litho Plate and Supply Co., et al.*, 853 F.2d 1568, (U.S. Court of Appeals for the Federal Circuit, August 4, 1988), *1575 at p. 9. [3.7] overruled on other grounds, *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337 (Fed. Circ. 2004). [3.9]

[93] *Georgia-Pacific Corp. v. U.S. Plywood Corporation*, 318 F. Supp. 1116, (U.S. District Court for the Southern District of New York, May 28, 1970). [3.5]

[94] *Georgia-Pacific Corp. v. U.S. Plywood Corporation*, 318 F. Supp. 1116, (U.S. District Court for the Southern District of New York, May 28, 1970), *1120 at p. 4. [3.5]

EX2-28

**HIGHLY CONFIDENTIAL – Attorneys' Eyes Only**

at hand.[95] The *Georgia-Pacific* factors, as well as other factors that I believe bear on the determination of a reasonable royalty in this matter, are discussed below.

58.     As part of my analysis, I have also determined the appropriate royalty base should the Court find that damages in the form of a reasonable royalty is supported for all Monster Mobile products. The value of the trademark is reflected in the royalty rate analysis that I conduct below, in which I have weighed the value of the trademark in accordance with the *Georgia-Pacific* factors.

### b)   Date of the Hypothetical Negotiation

59.     The date of the hypothetical negotiation is sometime on or before the date of first infringement.[96] In *Applied Medical Resources, Corp. v. U.S. Surgical Corp.*, the Federal Circuit states that "reasonable royalty damages are not calculated in a vacuum without consideration of the infringement being redressed" and that the court must "identify the infringement requiring compensation, and evaluate damages based on a hypothetical negotiation at the time that infringement began, not an earlier one."[97] For purposes of my analysis, I have assumed that infringement began no later than the date ISN began selling its accused products, which occurred in December 2010.[98]

### c)   The Book of Wisdom

60.     In evaluating the business, legal and economic factors that the parties would consider in the hypothetical negotiation, I have relied on facts and documents available as of the date of first infringement. I have also relied on the "Book of Wisdom," a convention whereby the Court, for purposes of determining infringement damages, considers facts and evidence "ex post" the date of the hypothetical negotiation. The seminal Supreme Court decision discussing the use of this Book of Wisdom is *Sinclair Refining v. Jenkins Petroleum Process Co.*, in which Justice Cardozo wrote:

---

[95] *Procter & Gamble Co. v. Paragon Trade Brands, Inc.,* 989 F. Supp. 547, (U.S. District Court for the District of Delaware, December 30, 1997), *607 at p. 45. [3.4]

[96] *Unisplay, S.A. v. American Elec. Sign Co., Inc.*, 69 F.3d 512, (U.S. Court of Appeals for the Federal Circuit, October 25, 1995), *517 at p. 5. [3.2]

[97] *Applied Medical Resources, Corp. v. U.S. Surgical Corp.,* 435 F.3d 1356, (U.S. Court of Appeals for the Federal Circuit, January 24, 2006), *1361 at p.4. [3.19]

[98] 2010 Worksheet, ISN0012418.xlsx.

22

**HIGHLY CONFIDENTIAL – Attorneys' Eyes Only**

> At times the only evidence available may be that supplied by testimony of experts as to the state of the art, the character of the improvement, and the probable increase of efficiency or savings of expense. This will generally be the case if the trial follows quickly after the issue of the patent. But a different situation is presented if years have gone by before the evidence is offered. Experience is then available to correct uncertain prophecy. Here is a book of wisdom that courts may not neglect. We find no rule of law that sets a clasp upon its pages, and forbids us to look within.[99]

61.     Justice Cardozo also wrote that use of the Book of Wisdom does not "charge the offender with elements of value non-existent at the time of his offense. It is to bring out and expose to light the elements of value that were there from the beginning."[100] This precedent is important given that the purpose of the hypothetical negotiation construct is to establish a royalty rate adequate to compensate the intellectual property owner for actual use made of the intellectual property by the infringer. Judge Markey in *Panduit v. Stahlin Bros. Fibre Works, Inc.* admonished that reasonable royalties after litigation are not necessarily equivalent to royalty rates that might be negotiated in a purely commercial environment.[101]

62.     The Federal Circuit affirmed the use of the Book of Wisdom to adequately compensate the patent owner in *Fromson v. Western Litho Plate and Supply Co.*[102] In that case, Fromson was issued the '461 patent for lithographic plates in 1965, before the metro newspaper market had been created. However, the following decade there was a surge in demand for Fromson-type plates, largely due to the emergence of the metro newspaper market. The CAFC held that these events were probative in determining a royalty rate at the time of the hypothetical negotiation.[103] *Fromson* has been cited favorably for the use of the Book of Wisdom in many subsequent cases.[104]

---

[99]  *Sinclair Refining Co. v. Jenkins Petroleum Process Co.*, 289 U.S. 689, (Supreme Court of the United States, May 29, 1933), *698 at p. 6. [3.6]

[100] *Sinclair Refining Co. v. Jenkins Petroleum Process Co.*, 289 U.S. 689, (Supreme Court of the United States, May 29, 1933), *698 at p. 6. [3.6]

[101] *Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*, 575 F.2d 1152, (U.S. Court of Appeals for the Sixth Circuit, April 25, 1978), *1158 at p. 4. [3.1]

[102] *Fromson v. Western Litho Plate and Supply Co.*, 853 F.2d 1568, (U.S. Court of Appeals for the Federal Circuit, August 4, 1988). [3.7]

[103] *Fromson v. Western Litho Plate and Supply Co.*, 853 F.2d 1568, (U.S. Court of Appeals for the Federal Circuit, August 4, 1988), *1575 at p. 9. [3.7]

[104] *See, e.g., Studiengesellschaft Kohle v. Dart Indus., Inc.*, 862 F.2d 1564, (U.S. Court of Appeals for the Federal Circuit), *1571-72 at pp. 8-9. [3.8]; Cadillac *Prods. v. TriEnda Corp*, (U.S. District for the Eastern District of Michigan, Southern Division, August 2, 2000). [3.10]; *Wright v. United States*, 53 Fed. Cl. 466, (U.S. Court of Federal Claims, August 28, 2002), *469-70 at pp. 5-7. [3.11]; *ResqNet.com, Inc. v. Lansa, Inc.* 594 F.3d 860, (U.S. Court of Appeals for the Federal Circuit, February 5, 2010), *872 at p. 20. [3.12]

**HIGHLY CONFIDENTIAL – Attorneys' Eyes Only**

63.     In the CAFC decision in *Lucent Technologies., Inc. v. Gateway, Inc.,* Microsoft argued that information about how often a certain feature had in fact been used by consumers of Microsoft products was irrelevant because "such facts postdate the time of the hypothetical negotiation."[105]   The CAFC countered, however, that "neither precedent nor economic logic requires us to ignore information about how often a patented invention has been used by infringers.  Nor could they since frequency of expected use and predicted value are related."[106]  The CAFC added that "[c]onsideration of evidence of usage after infringement started can, under appropriate circumstances, be helpful to the jury and the court in assessing whether a royalty is reasonable."[107]

64.     In *Honeywell Int'l, Inc., et al. v. Hamilton Sundstrand Corp. (HSC),* the Delaware District Court was persuaded that the result dictated by *Fromson* was the most sensible in resolving the conflict of HSC's request to preclude Honeywell from presenting a damages calculation based on sales projections of the accused product that did not exist at the time of the hypothetical negotiation.[108]   The Court stated that *Fromson* promotes flexibility in damage calculations by not erecting an unnecessarily rigid barrier to relevant post-negotiation information, discourages infringement by placing the risk of success on the infringer, protects the *quid pro quo* underlying patent law by preventing a premature valuation of the patent, and permits a damage award more in keeping with the plain language of Section 284 by adequately compensating the plaintiff for the use made of the invention by the defendant.[109]

65.     District courts have also upheld the use of the Book of Wisdom. In *Ariba, Inc. v. Emptoris, Inc.*, the court determined that the "jury may consider the infringer's actual sales and revenue up to the date of trial as part of the 'book of wisdom.'"[110]   In a non-exhaustive list, the court stated that other admissible post-infringement evidence included the "importance of the

---

[105] *Lucent Technologies, Inc. et al. v. Gateway, Inc. et al.*, 580 F.3d 1301, (U.S. Court of Appeals for the Federal Circuit, September 11, 2009), *1333 at p. 22. [3.3]

[106] *Lucent Technologies, Inc. et al. v. Gateway, Inc. et al.*, 580 F.3d 1301, (U.S. Court of Appeals for the Federal Circuit, September 11, 2009), *1333 at p. 22. [3.3]

[107] *Lucent Technologies, Inc. et al. v. Gateway, Inc. et al.*, 580 F.3d 1301, (U.S. Court of Appeals for the Federal Circuit, September 11, 2009), *1333-1334 at p. 22. [3.3]

[108] *Honeywell Int'l, Inc. v. Hamilton Sundstrand Corp.*, 378 F.Supp. 2d 459, (U.S. District Court for the District of Delaware, July 5, 2005), *469 at p.8. [3.13]

[109] *Honeywell Int'l, Inc. v. Hamilton Sundstrand Corp.*, 378 F.Supp. 2d 459, (U.S. District Court for the District of Delaware, July 5, 2005), *469 at p.8. [3.13]

[110] *Ariba, Inc. v. Emptoris, Inc.*, 567 F. Supp. 2d 914, (U.S. District Court for the Eastern District of Texas, Lufkin Division, July 29, 2008), *917 at p.3. [3.20]

24

**HIGHLY CONFIDENTIAL – Attorneys' Eyes Only**

technology, the development of products for convoyed sales, and the relative market position of the parties."[111]

66.     Accordingly, for purposes of determining the reasonable royalty adequate to compensate Monster Energy for ISN's use of the Trademarks and Trade Dress, I have considered facts and evidence that may not have been known as of the date of the hypothetical negotiation.

67.     My interpretation of the Book of Wisdom has been subject to judicial scrutiny in the *St. Clair Intellectual Property Consultants, Inc. v. Canon, Inc.* matter.   Judge Farnan concluded in a Memorandum Opinion that my methodology is consistent with settled law in the "Book of Wisdom" methodology and, therefore, satisfies the requirements of Rule 702.[112]

### d)  Baseline Royalty Rate

68.     As a starting point for my analysis of the reasonable royalty rate, I have determined a "Baseline Royalty Rate," which, as I explain in more detail  hen analyze qualitative factors to determine what adjustments, if any, to the Baseline Royalty Rate are necessary to ensure that the resulting royalty rate adequately compensates the plaintiff for the actual use made of the trademarks and trade dress by the infringer.

69.     As I stated above, a list of factors relevant to determining a reasonable royalty in a hypothetical negotiation is set forth in the leading decision of *Georgia-Pacific Corp. v. U.S. Plywood*.[113] In *Georgia-Pacific*, the federal court identified fifteen factors deemed pertinent to its decision regarding a royalty rate.[114] Consideration of these and other relevant factors can result in the reasonable royalty rate being greater than or less than the Baseline Royalty Rate.

---

[111] *Ariba, Inc. v. Emptoris, Inc.*, 567 F. Supp. 2d 914, (U.S. District Court for the Eastern District of Texas, Lufkin Division, July 29, 2008), *918 at p. 3. [3.20]

[112] *St. Clair Intellectual Property Consultants, Inc. v. Canon, Inc. et al*, (U.S. District Court for the District of Delaware, September 28, 2004), *5 at p. 3. [3.14]

[113] *Georgia-Pacific Corp. v. U.S. Plywood Corporation*, 318 F. Supp. 1116, (U.S. District Court for the Southern District of New York, May 28, 1970). [3.5]

[114] *Georgia-Pacific Corp. v. U.S. Plywood Corporation*, 318 F. Supp. 1116, (U.S. District Court for the Southern District of New York, May 28, 1970), *1120 at p. 4. [3.5]

**HIGHLY CONFIDENTIAL – Attorneys' Eyes Only**

70.     When evaluating whether an adjustment to the Baseline Royalty Rate is necessary, it is important to bear in mind that the characteristic pertaining to each *Georgia-Pacific* factor (e.g., term of the license) is considered *relative to* the characteristic as embodied in the license upon which the Baseline Royalty Rate is based.

71.



72.

73.



Exhibit A, MEC039366-395 at '383. [2.7]

26

**HIGHLY CONFIDENTIAL – Attorneys' Eyes Only**

**Figure 4:  Licensed Trademarks**



74. ████████████████████████████████████████████

████████████████

████████████████████

████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████

June 12, 2013, Exhibit B, MEC039366-395 at '384. [2.7]

27

EX2-34

**HIGHLY CONFIDENTIAL – Attorneys' Eyes Only**



75.

76.

77.

78.

120                                 Exhibit B, MEC039366-395 at '390. [2.7]

121                                 Exhibit B, MEC039366-395 at '388. [2.7]

122                                 Section 2.b., MEC039366-395 at '368. [2.7]

123                                 MEC039366-395 at '366. [2.7]

124                                 Section 11a., MEC039366-395 at '376. [2.7]

125                                 Exhibit B, MEC039366-395 at '388. [2.7]

126                                 Section 1.b., MEC039366-395 at '366. [2.7]

127                                 Section 1a., MEC039366-395 at '366. [2.7]

128                                 , Section 6, MEC039366-395 at '370-'373. [2.7]

28

**HIGHLY CONFIDENTIAL – Attorneys' Eyes Only**



79.     The following section is my discussion of the *Georgia-Pacific* factors as they relate to the Benchmark License and the hypothetical license.

### e) *Georgia-Pacific* Factor Analysis

80.     Although the *Georgia-Pacific* factors were established by a patent case, these factors have also been applied in trademark cases.[130] The factors typically evaluated in a trademark case include:[131]

- The royalty rates received in prior licenses by the licensor *(GP Factor #1)*;
- Prior rates paid by the licensee *(GP Factor #2)*;
- The nature and scope of the infringer's infringing use *(GP Factor #3)*;
- The licensor's licensing policies *(GP Factor #4)*;
- The profitability of the infringer's use *(GP Factor #8)*;
- The lack of viable alternatives *(GP Factor #9)*;
- The special value of the mark to the infringer *(GP Factor #11)*;
- The opinion of expert witnesses *(GP Factor #14)*; and
- The amount that the licensor and licensee would have agreed upon in voluntary negotiations *(GP Factor #15)*.

> **(1)   Factor #1—the royalties received by the owner of the Trademarks and Trade Dress for the licensing of the Trademarks and Trade Dress, proving or tending to prove an established royalty**

81.     The purpose of Factor #1 is to determine (1) whether there exists an *established* royalty for the Trademarks and Trade Dress and, (2) absent such an *established* royalty, whether any offers to license or actual royalties received from licensing the trademarks-in-suit

---

[129] ████████████████████ Section 2.g., MEC039366-395 at '369. [2.7]

[130] Monetary Recovery in Trademark Litigation, IP Litigator, November/December 2010, p. 4. [2.6]

[131] Monetary Recovery in Trademark Litigation, IP Litigator, November/December 2010, p. 4. [2.6] *Note: I have added references to corresponding Georgia-Pacific factors.*

29

**HIGHLY CONFIDENTIAL – Attorneys' Eyes Only**

are probative regarding the determination of a reasonable royalty. In order to ascertain an established royalty for the Trademarks and Trade Dress, I would need to examine license agreements that have the following characteristics:[132]

- The agreements must have been entered into prior to when infringement began.
- The rate must be paid by enough parties to indicate it is reasonable.
- The rate must not have been paid under threat of suit or in settlement of litigation.
- The rate must be paid for comparable rights.

82.   According to Rodney Sacks, Monster Energy's 30(B)(6) witness, Monster Energy did not have standard royalty rates in 2010 and does not currently have a standard royalty rate.[133] The rates charged are dependent on the purpose of the license and what is strategic at the time.[134]

### (a)   Implications Regarding an Established Royalty for the Trademarks and Trade Dress

83.   There is no established royalty rate for the Monster Energy Trademarks and Trade Dress.

### (b)   Absent an Established Royalty, are the Transactions and Licenses for the Trademarks-in-suit Probative of a Reasonable Royalty?

84.   Although none of the transactions or licenses pertaining to the trademarks and trade dress proves an established royalty, some of the transactions have implications relevant to the determination of a reasonable royalty.

### (i)   Monster Energy Trademark License Agreements[135]

85.



---

[132] Sun Studs, Inc. v. ATA Equip. Leasing, Inc., 872 F.2d. 97, 993 (Fed. Cir. 1989). [3.21]
[133] Rodney Sacks 30(B)(6) Deposition, February 5, 2018, pp. 192-193. [2.8]
[134] Rodney Sacks 30(B)(6) Deposition, February 5, 2018, pp. 192-193. [2.8]
[135] Mangum Report, Exhibit 5. [2.3]

30

**HIGHLY CONFIDENTIAL – Attorneys' Eyes Only**

86.

87.

---

[136] Rodney Sacks 30(B)(6) Deposition, February 5, 2018, pp. 192-193. [2.8]

[137] Rodney Sacks 30(B)(6) Deposition, February 5, 2018, pp. 192-193. [2.8]

[138] Exhibit 86 to the Rodney Sacks 30(B)(6) Deposition, February 5, 2018. [2.5]

[139] Monster Energy Company's Corrected Supplemental Response to Second Set of Interrogatories (11), p. 8. [3.33] It should be noted that 2009 was not shown in the response and the years 2010-2015 were the same as in the chart above.

[140]

EX2-38

**HIGHLY CONFIDENTIAL – Attorneys' Eyes Only**



(c)  *Implications of this Georgia-Pacific Factor Regarding a Reasonable Royalty*

94.

---

[146] Deposition of Darlene Lott, November 17, 2017, p. 9. [2.4]
[147] Deposition of Michael Scott Pilkenton, March 8, 2017, p. 187. [4.1]
[148] Deposition of Michael Scott Pilkenton, March 8, 2017, pp. 190-191. [4.1]
[149] Deposition of Darlene Lott, November 17, 2017, pp. 117-118. [2.4]

EX2-39

**HIGHLY CONFIDENTIAL – Attorneys' Eyes Only**



(2) **Factor #2—the rates paid by the licensee for the use of other Trademarks or Trade Dress comparable to the Trademarks and Trade Dress.**

95.     I have not seen any evidence that ISN paid royalties for the use of other comparable trademarks.

(a) *Implications of This Georgia-Pacific Factor Regarding a Reasonable Royalty*

96.     This factor would have a neutral impact relative to the Baseline Royalty Rate.

(3) **Factor #3—the nature and scope of the license, as exclusive or nonexclusive, or as restricted or non-restricted in terms of territory or with respect to whom the manufactured product may be sold.**

97.     The license contemplated in the hypothetical negotiation would be a non-exclusive license for trademarks and trade dress only and would not include any transfer of technology or know-how.

98.     



MEC039366-395 at '366. [2.7]

Section 1.a., MEC039366-395 at '366. [2.7]

Exhibit B, MEC039366-395 at '388. [2.7]

33

**HIGHLY CONFIDENTIAL – Attorneys' Eyes Only**

(a) *Implications of This Georgia-Pacific Factor Regarding a Reasonable Royalty*

99.



**(4) Factor #4—the licensor's established policy and marketing program to maintain his trademark monopoly by not licensing others to use the trademarks and trade dress or by granting licenses under special conditions designed to preserve that monopoly.**

100.

(a) *Implications of This Georgia-Pacific Factor Regarding a Reasonable Royalty*

101.

**licensor and licensee, such as, whether they are competitors in the same territory in the same line of business or whether they are inventor and promoter.**

102.   ISN and Monster Energy are not competitors, are not in the same line of business and are not in a inventor/promoter relationship.

---

[153] Rodney Sacks 30(B)(6) Deposition, February 5, 2018, p. 185. [2.8]
[154] Rodney Sacks 30(B)(6) Deposition, February 5, 2018, p. 197. [2.8]

EX2-41

**HIGHLY CONFIDENTIAL – Attorneys' Eyes Only**

    *(a)* *Implications of This Georgia-Pacific Factor Regarding a Reasonable Royalty*

103.



    (6) **Factor #6—the effect of selling the trademarked item(s) in promoting sales of other products of the licensee, the existing value of the trademarks and trade dress to the licensor as a generator of sales of his non-trademarked items and the extent of such derivative or convoyed sales.**

    *(a)* *Implications of This Georgia-Pacific Factor Regarding a Reasonable Royalty*

104.

    (7) **Factor #7—the duration of the trademark and the term of the license.**

    *(a)* *Duration of the trademarks*

105.    For registered Trademarks the initial term is 10 years and may be renewed for periods of 10 years at the end of each successive 10-year period.[155] It is also my understanding that common law trademark rights do not require a registration.

    *(b)* *Term of the license*

106.



---

[155] U.S. Trademark Law, Federal Statutes, § 9 (15 U.S.C. § 1059). Renewal of registration, p. 14. [3.31]

[156] ▮▮▮▮▮▮▮▮▮▮ MEC039366-395. [2.7]

[157] Rodney Sacks 30(B)(6) Deposition, February 5, 2018, p. 52. [2.8]

35

**HIGHLY CONFIDENTIAL – Attorneys' Eyes Only**

    *(c)*  *Implications of This Georgia-Pacific Factor Regarding a Reasonable Royalty*

107.    ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

    (8)  **Factor #8—the established profitability of the product made under the trademark or trade dress, its commercial success and its current popularity.**

    *(a)*  *Established Profitability*

108.    For purposes of determining a reasonable royalty, the most relevant profitability data are the infringer's operating profit projections prepared around the date of the hypothetical negotiation.[158] Absent such financial projections, the infringer's *ex post* actual operating profit margins, as well as industry operating profit margin data, can be considered.[159]

109.    ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

    *(b)*  *Commercial Success and Current Popularity*

110.    ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■



---

[158] *Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d 1075 (U.S. Court of Appeals for the Federal Circuit, October 6, 1983), *1081 at pp. 6-7. ("The issue of the infringer's profit is to be determined not on the basis of a hindsight evaluation of what actually happened, but on the basis of what the parties to the hypothetical license negotiations would have considered at the time of the negotiations. 'Whether, as events unfurled thereafter, [the infringer] would have made an actual profit while paying the royalty determined as of [the date infringement began], is irrelevant.'") (quoting *Panduit*, 575 F.2d, *1164 at pp. 6-7). [3.17]

[159] John M. Skenyon, "Proving Patent Damages to a Jury" (absent projections by the infringer, the infringer's actual profits may be used for calculating reasonable royalty damages under the book of wisdom view) [3.18]; *Panduit*, 575 F.2d 1152, *1164 at p. 9 ("The licensee-profit element is but one of the measures applicable . . . , and should be based on the customary profit allowed licensees in the industry at that time."). [3.1]

[160] Schedule 2.1. [1.2]

[161] Schedule 2.1. [1.2]

[162] Schedule 2.1. [1.2]

[163] Schedule 2.1. [1.2]

■ ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

36

**HIGHLY CONFIDENTIAL – Attorneys' Eyes Only**



111. ████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████ISN developed the Monster Mobile brand to create a brand that could be protected and was not only bold and easy to identify in the marketplace but something that was unique and only focus on mobile dealers that were going to take and adopt the brand.[169]

> *(c)   Implications of This Georgia-Pacific Factor Regarding a Reasonable Royalty*

112. ████████████████████████████████████████████ consider the incremental margin in G.P. Factor #11. Therefore, this factor has a neutral impact on my Baseline Royalty Rate.

> (9)   **Factor #9—the utility and advantages of the trademarks or trademarks over other trademarks**

> *(a)   Utility and Advantages*

113.   As previously discussed, Michael Scott Pilkenton came up with "Monster" for a new mobile line of products. "We wanted something bold, something dynamic, something that – you know, that would bring to mind something strong and virile. And Monster does that. You think of something like Frankenstein or another different type of monster, they're very – there's something that in your mind it's going to –it's going to bring to mind a certain thought, and that thought is something that other brands should be scared of."[171] Mr. Pilkenton worked with his

---

[165] Schedule 4.4. [1.2]
[166] Schedule 2.1. [1.2] See also Berger Report, p. 43. [3.29]
[167] Schedule 3.1. [1.2]
[168] Deposition of Michael Scott Pilkenton, March 8, 2017, pp. 57-58, 78-79, 119-121, 137-138, 323-324. [4.1]
[169] Deposition of Michael Scott Pilkenton, March 8, 2017, pp. 53-54. [4.1]
[170] Deposition of Michael Scott Pilkenton, March 8, 2017, p. 53. [4.1]
[171] Deposition of Michael Scott Pilkenton, March 8, 2017, p. 116. [4.1]

**HIGHLY CONFIDENTIAL – Attorneys' Eyes Only**

designers to create the logo and colors (green, black and gray) based on what he thought of as a monster such as Frankenstein.[172]

114.   Based on its own efforts, ISN developed the following trademark:[173]

**Figure 7:  ISN's Monster Mobile Trademark (Reg. No. 4,951,671)**



*(b)   Non-Infringing Alternatives*

115.   ISN had other alternatives to the Monster Mobile Brand. Even though Mr. Pilkenton did not recall considering other names at the time,[174] if faced with trademark infringement and possible royalties to Monster Energy, ISN would have developed its own trademark as it had already done.

*(c)   Implications of this Georgia-Pacific Factor Regarding a Reasonable Royalty*

116.   The Baseline Royalty incorporates the value of the trademark. However, ISN would have considered designing its own name and logo as it had done in house which would have been considerably less expensive than paying Monster Energy royalties. This factor would tend to decrease the Baseline Royalty Rate.

---

[172] Deposition of Michael Scott Pilkenton, March 8, 2017, p. 116, pp. 128-129. [4.1]
[173] ISN Service Mark, Reg. No. 4,951,671, Registered May 3, 2016. [3.32]
[174] Deposition of Michael Scott Pilkenton, March 8, 2017, pp. 117-118. [4.1]

EX2-45

**HIGHLY CONFIDENTIAL – Attorneys' Eyes Only**

(10) **Factor #10—the nature of the trademarks or trade dress, the
character of the commercial embodiment of it as owned and
produced by the licensor and the benefits to those who have
used the trademarks or trade dress.**

117. ██████████████████████████████████████████████████████
████████████████████████████████████████████████ Monster" trademark
and logo looks nothing like the distinctive claw in Monster Energy's Trademarks.



118.    James Berger has opined that there would be no chance of likelihood of
confusion developing from Monster Energy and Monster Mobile.[175]

119.    Additionally, ISN has not received any complaints or comments regarding any
confusion of its Monster Mobile brand with Monster Energy or the Monster Trademarks.[176]

(a)    *Implications of This Georgia-Pacific Factor Regarding a
Reasonable Royalty*

120.    ██████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████

(11) **Factor #11—the extent to which the infringer has made use of the
trademarks and trade dress and any evidence probative of the
value of that use**

121.    ISN has used the Monster Mobile Trademarks on its Monster Mobile line of
products although it has several other private label brands that it sells products under. As
previously discussed, the Monster Mobile ███████████████████████████████

---

[175] Report of James T. Berger, February 23, 2018, p. 45. [3.29]
[176] Discussion with Bruce Weber, CEO of ISN, on March 14, 2018.

EX2-46

**HIGHLY CONFIDENTIAL – Attorneys' Eyes Only**



     (a)  *Implications of This Georgia-Pacific Factor Regarding a Reasonable Royalty*

     (12) **Factor #12—the portion of the profit or of the selling price that may be customary in the particular business or in comparable businesses to allow for the use of the trademarks and trade dress or analogous trademarks and trade dress.**

     (a)  *Implications of This Georgia-Pacific Factor Regarding a Reasonable Royalty*

123.    I have not seen ███████████████████████████████ to the products at issue in this matter. Therefore, this factor is neutral.

     (13) **Factor #13—the proportion of the realizable profit that should be credited to the trademarks and trade dress as distinguished from other elements, the manufacturing process, business risks or significant features or improvements added by the infringer.**

     (a)  *The proportion of the realizable profit that should be credited to Monster Energy's trademarks and trade dress*

124.    This factor attempts to take into account the relative contribution of the trademarks and trade dress to the success of the product. It is generally the case that a licensee is less disposed to agree to a high royalty if the value of the trademarks and trade dress forms only a small part of the product, either physically or economically.[178]

---

[177] Deposition of Michael Scott Pilkenton, March 8, 2017, pp. 57-58, 78-79, 119-121, 137-138, 323-324. [4.1]

[178] *Procter & Gamble,* 989 F. Supp. 547 at 613. [3.4]

EX2-47

**HIGHLY CONFIDENTIAL – Attorneys' Eyes Only**

> *(b) Implications of This Georgia-Pacific Factor Regarding a Reasonable Royalty*

125.    I have seen no evidence to indicate that any incremental profits can or should be attributed to the Monster Energy Trademarks. I have previously taken into consideration the fact that ████████████████████████████████████████████████████████████. Therefore, this factor is neutral with respect to the Baseline Royalty Rate.

## (14) Factor #14—the Opinion Testimony of Experts

126.    I have considered the opinions and bases for opinions in the Report of James T. Berger in other *Georgia Pacific* Factors.

> *(a) Implications of This Georgia-Pacific Factor Regarding a Reasonable Royalty*

127.    This factor is neutral in relation to the Baseline Royalty Rate.

> **(15) Factor #15—the amount that a licensor (such as the trademark and trade dress owner ) and a licensee (such as the infringer) would have agreed upon (at the time the infringement began) if both had been reasonably and voluntarily trying to reach an agreement, that is, the amount which a prudent licensee—who desires, as a business proposition, to obtain a license to manufacture and sell a particular article using the trademarks and trade dress—would have been willing to pay as a royalty and yet be able to make a reasonable profit and which amount would have been acceptable by a prudent licensor who was willing to grant a license.**

128.    The seminal approach for determining a reasonable royalty is the "willing licensor/willing licensee" approach. This approach assumes that a reasonable royalty rate with respect to trademark and trade dress infringement damages should reflect, in part, the amount of money a willing licensor and willing licensee would negotiate for a license to utilize the trademarks and trade dress. A technique for estimating such a royalty is to assume that the trademark holder and infringer, each possessing similar information that was known and knowable at the time, come together and conduct a hypothetical negotiation. In this hypothetical negotiation, each party's strengths, weaknesses and expectations are considered and form the basis for the opined royalty rate. This fifteenth factor in essence synthesizes the fourteen factors discussed above.

41

**HIGHLY CONFIDENTIAL – Attorneys' Eyes Only**

(a) *Major Facts Known or Knowable to Both Parties at the Hypothetical Negotiation*

129.    Taking into consideration the first fourteen *Georgia-Pacific* factors, the most important facts affecting the parties bargaining position at the hypothetical negotiation can be summarized as follows:

- The necessary assumption, that the parties hypothetically knew with certainty that ISN's products infringed and that the asserted trademarks and trade dress were valid and enforceable, is a construct of the hypothetical negotiation for which I offer no opinion and is contrary to the actual facts as I understand them.

- The parties are not selling competing products and have very different sales channels.

- ISN's margin on the Monster Mobile products is two percent higher than its Mountain brand.

- Monster Energy licenses its Monster Energy Trademarks to promote its brand in primarily motorsport events and motorsport celebrity endorsements.

**2.    Summary of *Georgia-Pacific* Factor Analysis**

**Figure 8:  Summary of *Georgia-Pacific* Factors and Their Impact on the Reasonable Royalty Rate**

| | *Georgia-Pacific* Factor | Impact on Royalty Rate | Comments |
|---|---|---|---|
| 1. | Royalties received by licensor for licensing the Trademarks and Trade Dress | Increase | ████████████████████████████████████ |
| 2. | Rates licensee pays for the use of other comparable trademarks | Neutral | I have not seen any evidence that ISN paid royalties for the use of other comparable trademarks. |
| 3. | Nature and scope of the license. | Increase | ███████████████████████████ |
| 4. | Licensor's established policy regarding licensing. | Increase | Monster Energy has a limited licensing program and desires to control its marks. |
| 5. | The commercial relationship between the licensor and the licensee. | Neutral | ISN is in a similar position as the licensee in the Benchmark License. |
| 6. | The effect of sales of the trademarked and trade dressed product on sales of other products (convoyed sales). | Neutral | No evidence of any sales of convoyed products. |
| 7. | The duration of the Trademarks and Trade Dress and the term of the license. | Neutral | ██████████████████████████ |
| 8. | The established profitability of the product; its commercial success and its current popularity. | Neutral | ██████████████████████████ |

42

**HIGHLY CONFIDENTIAL – Attorneys' Eyes Only**

| | *Georgia-Pacific* Factor | Impact on Royalty Rate | Comments |
|---|---|---|---|
| 9. | The utility and advantages of the trademarks and trade dress over the old modes and devices. | Decrease | ISN could have developed another trademark and trade dress as an alternative to the Monster Energy Trademarks and Trade Dress. |
| 10. | ████████████ | ████ | ██████████████████████████ |
| 11. | ████████████ | ████ | ██████████████████████████ |
| 12. | Customary royalty rates for this industry. | Neutral | There is no industry royalty rate for the Monster Mobile products at issue. |
| 13. | Apportionment of the realizable profit between that which should be credited to the trademarks and trade dress as distinguished from other elements, the manufacturing process, business risks, or significant features or improvements added by the infringer. | Neutral | No evidence to indicate incremental profits are attributable to Monster Energy Trademarks and Trade Dress. |
| 14. | The opinion testimony of experts | Neutral | I have considered the opinion of James T. Berger in other *Georgia Pacific* factors. |

130.    In my opinion, of the fourteen *Georgia-Pacific* factors that are relevant to consider for raising or lowering the reasonable royalty rate three factors tend to lower the reasonable royalty rate, three factors tend to raise the rate and eight factors have a neutral effect.

### 3.    Conclusions Regarding Reasonable Royalty

131.    The more important factors that affect my opinion is the low incremental brand margin of the Monster Mobile products in relation to ISN's other branded product lines, the overall low profitability of the Monster Mobile products, and the fact that the Monster Mobile products do not use either the distinctive Monster Energy Claw or Monster Energy name in identifying their products. I do not believe a license would have been entered into but if the Court were to require a reasonable royalty award, in my opinion, based on all the considerations described above, the reasonable royalty rate should be no more than three (3.0%) percent on ISN's allegedly infringing products manufactured or sold in the U.S.

EX2-50

**HIGHLY CONFIDENTIAL – Attorneys' Eyes Only**

**D.   Calculation of the Royalty Base, Royalties Due and Prejudgment Interest**

**1.   Calculation of Royalty Base**

132.   It is my opinion that the ███████████████████ ██████

**2.   Calculation of Royalties Due**

133.   Applying a reasonable royalty rate of three (3.0%) percent to ███████ ███████████████████████ ██████

**E.   Calculation of Prejudgment Interest, If Applicable**

134.   The following are my opinions regarding the calculation of prejudgment interest:

- Interest should be calculated based on Monster Energy's cash flow from royalty payments and interest income.
- The interest rate should be based on ISN's unsecured borrowing rate.
- Interest should be compounded quarterly.

## VI.   Documents, Data and Other Information Considered

135.   Volume 1, Tab 5 contains a complete list of documents I considered in forming my opinions. In addition, I or my staff also had discussions with Bruce Weber and Jarret Strawn of ISN.

## VII.   Potential Additional Analyses to Perform

136.   My opinions are based on the information received as of the date of my report. I plan on updating my analysis with the most current sales data produced as of the date of my testimony. I understand that discovery is continuing and I may consider other data produced through discovery to determine whether such other data impact my opinions. I will consider any criticisms of my opinions or bases for my opinions brought to my attention at my deposition or offered by experts retained by Monster Energy. Any of this additional information or work may cause me to change my opinions.

---

[179] Schedule 1.1. [1.2]
[180] Schedule 1.1. [1.2]

44

**HIGHLY CONFIDENTIAL – Attorneys' Eyes Only**

## VIII.    Compensation

137.    My current billing rate is $895 per hour. I also receive compensation from LitiNomics based on LitiNomics' staff billings on the case.

Michael J. Wagner

EX2-52

# Tab 2

**Monster Energy Company v. Integrated Supply Network, LLC**
**Damages Analysis**
**Table of Contents**

| Series 1: | Summary Schedules |
|---|---|
| Schedule 1.1 | Summary of Damages by Quarter, 2010 Q4 - 2017 Q4 |

| Series 2: | ISN Monster Mobile Income Statement Analysis |
|---|---|
| Schedule 2.1 | ISN Monster Mobile Annual Income Statement, Dec. 2010 - 2017 |
| Schedule 2.2 | ISN Monster Mobile Monthly Income Statement, Dec. 2010 - Dec. 2017 |
| Schedule 2.3 | Monthly Private Label Expenses, Dec. 2010 - Dec. 2017 |
| Schedule 2.4 | Monthly Interest Expenses, Dec. 2010 - Dec. 2017 |

| Series 3: | ISN Overall Income Statement Analysis |
|---|---|
| Schedule 3.1 | Comparison of Monster Mobile and Mountain Revenue and Profitability |
| Schedule 3.2 | ISN Annual Income Statement, 2009 - 2017 |
| Schedule 3.3 | ISN Monthly Income Statement, Dec. 2010 - Dec. 2017 |
| Schedule 3.4 | ISN Monthly Total Other Expenses with Adjustments, Dec. 2010 - Dec. 2017 |
| Schedule 3.5 | ISN Annual Other Expenses - 2012 - 2017 |
| Schedule 3.6 | ISN Monthly Other Cost of Sales with Adjustments, Dec. 2010 - Dec. 2017 |

| Series 4: | Regression Analysis |
|---|---|
| Schedule 4.1 | Regression of Total Wages & Benefits on Total Net Revenues |
| Schedule 4.2 | Regression of Total Other Expenses (with Adjustments) on Total Net Revenues |
| Schedule 4.3 | Regression of Total Interest Expense on Total Net Revenues |
| Schedule 4.4 | Monthly Monster Mobile Sales and Selected Line Items for Regressions, Dec. 2010 - Dec. 2017 |

| Series 5: | ISN Monster Mobile Product Sales Analysis |
|---|---|
| Schedule 5.1 | ISN Monster Mobile Sales by LitiNomics Product Category, Dec. 2010 - Oct. 2017 |
| Schedule 5.2 | ISN Monster Mobile Sales by Product Description, Dec. 2010 - Oct. 2017 |

Tab 2 - Damages Analysis, TOC                    LitiNomics, Inc.                    1 of 207
EX2-54

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 1.1                          LitiNomics, Inc.                                    2 of 207
EX2-55

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 2.1                        LitiNomics, Inc.                        3 of 207
EX2-56

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 2.2          LitiNomics, Inc.          4 of 207
EX2-57

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



EX2-58

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



EX2-60

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 2.2                    LitiNomics, Inc.                    8 of 207
EX2-61

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 2.2

LitiNomics, Inc.

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 2.2                    LitiNomics, Inc.                    11 of 207
EX2-64

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 2.2

LitiNomics, Inc.

EX2-65

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 2.2

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 2.2                    LitiNomics, Inc.                    14 of 207
EX2-67

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 2.2                    LitiNomics, Inc.                    15 of 207
EX2-68

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 2.3

LitiNomics, Inc.

16 of 207
EX2-69

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 2.3

LitiNomics, Inc.

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 2.3

LitiNomics, Inc.

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 2.3

LitiNomics, Inc.

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 2.3                    LitiNomics, Inc.                                        21 of 207
EX2-74

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 2.3                LitiNomics, Inc.                22 of 207
EX2-75

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 2.3

LitiNomics, Inc.

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 2.3                    LitiNomics, Inc.                    24 of 207
EX2-77

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 2.3                    LitiNomics, Inc.                    25 of 207
EX2-78

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 2.4                    LitiNomics, Inc.                    27 of 207
EX2-80

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 2.4                    LitiNomics, Inc.                    28 of 207
EX2-81

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 2.4

LitiNomics, Inc.

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 2.4                    LitiNomics, Inc.                    32 of 207
EX2-85

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 2.4                                    LitiNomics, Inc.                                    33 of 207
EX2-86

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 2.4          LitiNomics, Inc.          34 of 207
EX2-87

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 2.4

LitiNomics, Inc.

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 2.4                    LitiNomics, Inc.                    36 of 207
EX2-89

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 3.1

LitiNomics, Inc.

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



*(e)  For 2011-2017, see Schedule 3.4.*

Tab 2 - Damages Analysis, 3.2

LitiNomics, Inc.

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 3.3                    LitiNomics, Inc.                    40 of 207
EX2-93

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 3.3

LitiNomics, Inc.

41 of 207

EX2-94

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 3.3                    LitiNomics, Inc.                    42 of 207
EX2-95

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 3.3

LitiNomics, Inc.

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 3.3                    LitiNomics, Inc.                    45 of 207
EX2-98

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 3.3                    LitiNomics, Inc.                    46 of 207
EX2-99

**Monster Energy Company v. Integrated Supply Network, LLC**                                   Schedule 3.3
**ISN Overall Income Statement Analysis**
**ISN Monthly Income Statement, Dec. 2010 - Dec. 2017**

(a)  ISN0040196 at '204-208. [4.4]
(b)  ISN0012749 at '757-761. [4.5]
(c)  ISN0012644 at '652-656. [4.6]
(d)  ISN0012970 at '978-982. [4.7]
(e)  ISN0012425 at '433-437. [4.8]
(f)  ISN0013077 at '085-089. [4.9]
(g)  ISN0012861 at '869-873. [4.10]
(h)  ISN0012845 at '856-860. [4.11]  Per discussion with Jarret Strawn, due to the purchase of ISN in July 2011, this period covers July 1 - July 8, 2011.
(i)  July 9 - 31, 2011 = July 9 - August 31, 2011 less Aug. 2011
(j)  Jul. 2011 = July 1 - 8, 2011 plus July 9 - 31, 2011
(k)  ISN0012533 at '533-537. [4.12]  Per discussion with Jarret Strawn, due to the purchase of ISN in July 2011, the amounts in the "YTD" column cover the period from July 9 - August 31, 2011.
(l)  ISN0013415 at '429-433. [4.13]
(m)  ISN0013300 at '311-315. [4.14]
(n)  ISN0013186 at '196-200. [4.15]
(o)  ISN0012632 at '639-643. [4.16]
(p)  ISN0013951 at '960-964. [5.1]
(q)  ISN0013856 at '865-869. [5.2]
(r)  ISN0014160 at '269-273. [5.3]
(s)  ISN0013530 at '541-545. [5.4]
(t)  ISN0014362 at '373-377. [5.5]
(u)  ISN0014152 at '163-167. [5.6]
(v)  ISN0014043 at '054-058. [5.7]
(w)  ISN0013635 at '646-650. [5.8]
(x)  ISN0014689 at '700-704. [5.9]
(y)  ISN0014579 at '590-594. [5.10]
(z)  ISN0014468 at '479-483. [5.11]
(aa)  ISN0013745 at '756-760. [5.12]
(ab)  ISN0015404 at '415-419. [6.1]
(ac)  ISN0015307 at '318-322. [6.2]
(ad)  ISN0015719 at '730-734. [6.3]
(ae)  ISN0014958 at '969-972. [6.4]
(af)  ISN0015822 at '833-837. [6.5]
(ag)  ISN0015609 at '620-624. [6.6]
(ah)  ISN0015498 at '509-513. [6.7]
(ai)  ISN0015064 at '075-079. [6.8]
(aj)  ISN0016158 at '170-174. [6.9]
(ak)  ISN0016043 at '055-059. [6.10]
(al)  ISN0015928 at '940-944. [6.11]
(am)  ISN0015175 at '187-191. [6.12]
(an)  ISN0068591-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx
(ao)  ISN0068592-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx
(ap)  ISN0068593-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx
(aq)  ISN0068594-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx
(ar)  ISN0068595-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx
(as)  ISN0068596-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx
(at)  ISN0068597-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx
(au)  ISN0068598-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx
(av)  ISN0068599-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx
(aw)  ISN0068600-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx
(ax)  ISN0068601-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx
(ay)  ISN0068602-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx
(az)  ISN0068603-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx
(ba)  ISN0068604-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx

Tab 2 - Damages Analysis, 3.3                          LitiNomics, Inc.                                    47 of 207
EX2-100

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

**Monster Energy Company v. Integrated Supply Network, LLC**
**ISN Overall Income Statement Analysis**
**ISN Monthly Income Statement, Dec. 2010 - Dec. 2017**

Schedule 3.3

| | |
|---|---|
| (bb) | ISN0068605-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (bc) | ISN0068606-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (bd) | ISN0068607-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (be) | ISN0068608-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (bf) | ISN0068609-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (bg) | ISN0068610-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (bh) | ISN0068611-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (bi) | ISN0068612-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (bj) | ISN0068613-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (bk) | ISN0068614-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (bl) | ISN0068615-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (bm) | ISN0068616-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (bn) | ISN0068617-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (bo) | ISN0068618-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (bp) | ISN0068619-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (bq) | ISN0068620-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (br) | ISN0068621-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (bs) | ISN0068622-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (bt) | ISN0068623-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (bu) | ISN0068624-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (bv) | ISN0068625-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (bw) | ISN0068626-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (bx) | ISN0068627-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (by) | ISN0068628-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (bz) | ISN0068629-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (ca) | ISN0068630-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (cb) | ISN0068631-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (cc) | ISN0068632-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (cd) | ISN0068633-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (ce) | ISN0068634-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (cf) | ISN0068635-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (cg) | ISN0068636-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (ch) | ISN0068637-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (ci) | ISN0068638-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (cj) | Schedule 3.6 |
| (ck) | GROSS PROFIT = SALES MARGIN - TOTAL OTHER COST OF SALES |
| (cl) | Schedule 3.4 |
| (cm) | NET INCOME (LOSS) = GROSS PROFIT - TOTAL OPERATING EXPENSES |

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Tab 2 - Damages Analysis, 3.4          LitiNomics, Inc.          49 of 207

EX2-102

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Tab 2 - Damages Analysis, 3.4                    LitiNomics, Inc.                    50 of 207
EX2-103

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 3.4

LitiNomics, Inc.

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Tab 2 - Damages Analysis, 3.4

LitiNomics, Inc.

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 3.4                    LitiNomics, Inc.                    53 of 207

EX2-106

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 3.4                    LitiNomics, Inc.                    54 of 207
EX2-107

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

EX2-108

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 3.4

LitiNomics, Inc.

EX2-110

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 3.4

LitiNomics, Inc.

EX2-111

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 3.4

LitiNomics, Inc.

EX2-113

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 3.4

LitiNomics, Inc.

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY



Tab 2 - Damages Analysis, 3.4                    LitiNomics, Inc.                    62 of 207

EX2-115

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



EX2-116

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 3.4

LitiNomics, Inc.

EX2-117

**Monster Energy Company v. Integrated Supply Network, LLC**                                                                                          Schedule 3.4
**ISN Overall Income Statement Analysis**
**ISN Monthly Total Other Expenses with Adjustments, Dec. 2010 - Dec. 2017**

| | | Dec-10 | Jan-11 | Feb-11 | Mar-11 | Apr-11 | May-11 | Jun-11 | July 1 - 8, 2011 | July 9 - 31, 2011 | Jul. 2011 | July 9 - August 31, 2011 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | (a) | (b) | (c) | (d) | (e) | (f) | (g) | (h) | (i) | (j) | (k) |
| (a) | ISN0040196 at '204-208. [4.4] | | | | | | | | | | | |
| (b) | ISN0012749 at '757-761. [4.5] | | | | | | | | | | | |
| (c) | ISN0012644 at '652-656. [4.6] | | | | | | | | | | | |
| (d) | ISN0012970 at '978-982. [4.7] | | | | | | | | | | | |
| (e) | ISN0012425 at '433-437. [4.8] | | | | | | | | | | | |
| (f) | ISN0013077 at '085-089. [4.9] | | | | | | | | | | | |
| (g) | ISN0012861 at '869-873. [4.10] | | | | | | | | | | | |
| (h) | ISN0012845 at '856-860. [4.11]  Per discussion with Jarret Strawn, due to the purchase of ISN in July 2011, this period covers July 1 - July 8, 2011. |
| (i) | July 9 - 31, 2011 = July 9 - August 31, 2011 less Aug. 2011 |
| (j) | Jul. 2011 = July 1 - 8, 2011 plus July 9 - 31, 2011 |
| (k) | ISN0012533 at '533-537. [4.12]  Per discussion with Jarret Strawn, due to the purchase of ISN in July 2011, the amounts in the "YTD" column cover the period from July 9 - August 31, 2011. |
| (l) | ISN0013415 at '429-433. [4.13] |
| (m) | ISN0013300 at '311-315. [4.14] |
| (n) | ISN0013186 at '196-200. [4.15] |
| (o) | ISN0012632 at '639-643. [4.16] |
| (p) | ISN0013951 at '960-964. [5.1] |
| (q) | ISN0013856 at '865-869. [5.2] |
| (r) | ISN0014260 at '269-273. [5.3] |
| (s) | ISN0013530 at '541-545. [5.4] |
| (t) | ISN0014362 at '373-377. [5.5] |
| (u) | ISN0014152 at '163-167. [5.6] |
| (v) | ISN0014043 at '054-058. [5.7] |
| (w) | ISN0013635 at '646-650. [5.8] |
| (x) | ISN0014689 at '700-704. [5.9] |
| (y) | ISN0014579 at '590-594. [5.10] |
| (z) | ISN0014468 at '479-483. [5.11] |
| (aa) | ISN0013745 at '756-760. [5.12] |
| (ab) | ISN0015404 at '415-419. [6.1] |
| (ac) | ISN0015307 at '318-322. [6.2] |
| (ad) | ISN0015719 at '730-734. [6.3] |
| (ae) | ISN0014958 at '969-972. [6.4] |
| (af) | ISN0015822 at '833-837. [6.5] |
| (ag) | ISN0015609 at '620-624. [6.6] |
| (ah) | ISN0015498 at '509-513. [6.7] |
| (ai) | ISN0015064 at '075-079. [6.8] |
| (aj) | ISN0016158 at '170-174. [6.9] |
| (ak) | ISN0016043 at '055-059. [6.10] |
| (al) | ISN0015928 at '940-944. [6.11] |
| (am) | ISN0015175 at '187-191. [6.12] |
| (an) | ISN0068591-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (ao) | ISN0068592-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (ap) | ISN0068593-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (aq) | ISN0068594-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (ar) | ISN0068595-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (as) | ISN0068596-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (at) | ISN0068597-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (au) | ISN0068598-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |

Tab 2 - Damages Analysis, 3.4                                       LitiNomics, Inc.                                                           65 of 207
EX2-118

**Monster Energy Company v. Integrated Supply Network, LLC**
**ISN Overall Income Statement Analysis**
**ISN Monthly Total Other Expenses with Adjustments, Dec. 2010 - Dec. 2017**

Schedule 3.4

| | | Dec-10 | Jan-11 | Feb-11 | Mar-11 | Apr-11 | May-11 | Jun-11 | July 1 - 8, 2011 | July 9 - 31, 2011 | Jul. 2011 | July 9 - August 31, 2011 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | (a) | (b) | (c) | (d) | (e) | (f) | (g) | (h) | (i) | (j) | (k) |
| (av) | ISN0068599-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx | | | | | | | | | | | |
| (aw) | ISN0068600-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx | | | | | | | | | | | |
| (ax) | ISN0068601-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx | | | | | | | | | | | |
| (ay) | ISN0068602-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx | | | | | | | | | | | |
| (az) | ISN0068603-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx | | | | | | | | | | | |
| (ba) | ISN0068604-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx | | | | | | | | | | | |
| (bb) | ISN0068605-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx | | | | | | | | | | | |
| (bc) | ISN0068606-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx | | | | | | | | | | | |
| (bd) | ISN0068607-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx | | | | | | | | | | | |
| (be) | ISN0068608-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx | | | | | | | | | | | |
| (bf) | ISN0068609-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx | | | | | | | | | | | |
| (bg) | ISN0068610-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx | | | | | | | | | | | |
| (bh) | ISN0068611-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx | | | | | | | | | | | |
| (bi) | ISN0068612-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx | | | | | | | | | | | |
| (bj) | ISN0068613-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx | | | | | | | | | | | |
| (bk) | ISN0068614-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx | | | | | | | | | | | |
| (bl) | ISN0068615-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx | | | | | | | | | | | |
| (bm) | ISN0068616-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx | | | | | | | | | | | |
| (bn) | ISN0068617-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx | | | | | | | | | | | |
| (bo) | ISN0068618-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx | | | | | | | | | | | |
| (bp) | ISN0068619-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx | | | | | | | | | | | |
| (bq) | ISN0068620-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx | | | | | | | | | | | |
| (br) | ISN0068621-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx | | | | | | | | | | | |
| (bs) | ISN0068622-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx | | | | | | | | | | | |
| (bt) | ISN0068623-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx | | | | | | | | | | | |
| (bu) | ISN0068624-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx | | | | | | | | | | | |
| (bv) | ISN0068625-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx | | | | | | | | | | | |
| (bw) | ISN0068626-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx | | | | | | | | | | | |
| (bx) | ISN0068627-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx | | | | | | | | | | | |
| (by) | ISN0068628-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx | | | | | | | | | | | |
| (bz) | ISN0068629-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx | | | | | | | | | | | |
| (ca) | ISN0068630-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx | | | | | | | | | | | |
| (cb) | ISN0068631-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx | | | | | | | | | | | |
| (cc) | ISN0068632-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx | | | | | | | | | | | |
| (cd) | ISN0068633-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx | | | | | | | | | | | |
| (ce) | ISN0068634-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx | | | | | | | | | | | |
| (cf) | ISN0068635-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx | | | | | | | | | | | |
| (cg) | ISN0068636-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx | | | | | | | | | | | |
| (ch) | ISN0068637-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx | | | | | | | | | | | |
| (ci) | ISN0068638-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx | | | | | | | | | | | |

(cj)     *I understand from Jarret Strawn of ISN that these line items are unrelated to sales of the Monster Mobile brand products. See Schedule 3.5. Therefore, I exclude these line items from my analysis.*

(ck)     *I understand from Jarret Strawn of ISN that these line items relate primarily to sales of Monster Mobile brand products. See Schedule 3.5. Therefore, for purposes of calculating damages, I assume that 80 percent of these line items relate to the Monster Mobile brand. See Schedule 2.1 and Schedule 2.2.*

(cl)     *Interest Expense is analyzed separately on Schedule 2.4. Therefore, I deduct them here.*

(cm)     *Total Other Expenses with Adjustments = TOTAL OTHER EXPENSES less Total Adjustments*

(cn)     *Income taxes are not included in Monster Mobile profit analysis.*

(co)     *In order to agree Total Expenses to the source document, I changed the sign on this expense and used the Sum function for Total Adjustments.*

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



EX2-120

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



EX2-121

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 3.5

LitiNomics, Inc.

EX2-122

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 3.5

LitiNomics, Inc.

**Monster Energy Company v. Integrated Supply Network, LLC**                                   **Schedule 3.5**
**ISN Overall Income Statement Analysis**
**ISN Annual Other Expenses - 2012 - 2017**

| Brands/Categories | 2012 | 2013 | 2014 | 2015 | 2016 | 2017 |
|---|---|---|---|---|---|---|
| (j) | (a) | (b) | (c) | (d) | (e) | (f) |

(a)  ISN0013745 at '756-760. [5.12]

(b)  ISN0015175 at '187-191. [6.12]

(c)  ISN0068602-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx

(d)  ISN0068614-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx

(e)  ISN0068626-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx

(f)  ISN0068638-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx

(g)  I understand from Jarret Strawn of ISN that this line item relates mostly to sales of Monster brand products. Therefore, I include the entire amount of this line item in my Monster Income Statement. See Schedule of 2.1 and Schedule 2.2.

(h)  I separately analyze Interest Expenses on Schedule 2.4.

(i)  In order to match Total Expenses to the source document, I changed the sign on this expense and used the Sum function for Total Expenses.

(j)  Per discussion with Jarret Strawn on March 13, 2018, these categories accurately reflect the nature of the expense line.

Tab 2 - Damages Analysis, 3.5                            LitiNomics, Inc.                                      71 of 207
EX2-124

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 3.6

LitiNomics, Inc.

EX2-125

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 3.6

LitiNomics, Inc.

EX2-126

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



EX2-127

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 3.6

LitiNomics, Inc.

EX2-128

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 3.6

LitiNomics, Inc.

EX2-129

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 3.6

EX2-130

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 3.6                LitiNomics, Inc.                78 of 207
EX2-131

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 3.6

LitiNomics, Inc.

EX2-132

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 3.6
LitiNomics, Inc.

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 3.6

LitiNomics, Inc.

EX2-134

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 3.6                    LitiNomics, Inc.                    82 of 207
EX2-135

**Monster Energy Company v. Integrated Supply Network, LLC**                                      **Schedule 3.6**
**ISN Overall Income Statement Analysis**
**ISN Monthly Other Cost of Sales with Adjustments, Dec. 2010 - Dec. 2017**

| | |
|---|---|
| (a) | ISN0040196 at '204-208. [4.4] |
| (b) | ISN0012749 at '757-761. [4.5] |
| (c) | ISN0012644 at '652-656. [4.6] |
| (d) | ISN0012970 at '978-982. [4.7] |
| (e) | ISN0012425 at '433-437. [4.8] |
| (f) | ISN0013077 at '085-089. [4.9] |
| (g) | ISN0012861 at '869-873. [4.10] |
| (h) | ISN0012845 at '856-860. [4.11]  Per discussion with Jarret Strawn, due to the purchase of ISN in July 2011, this period covers July 1 - July 8, 2011. |
| (i) | July 9 - 31, 2011 = July 9 - August 31, 2011 less Aug. 2011. |
| (j) | Jul. 2011 = July 1 - 8, 2011 plus July 9 - 31, 2011. |
| (k) | ISN0012533 at '533-537. [4.12]  Per discussion with Jarret Strawn, due to the purchase of ISN in July 2011, the amounts in the "YTD" column cover the period from July 9 - August 31, 2011. |
| (l) | ISN0013415 at '429-433. [4.13] |
| (m) | ISN0013300 at '311-315. [4.14] |
| (n) | ISN0013186 at '196-200. [4.15] |
| (o) | ISN0012632 at '639-643. [4.16] |
| (p) | ISN0013951 at '960-964. [5.1] |
| (q) | ISN0013856 at '865-869. [5.2] |
| (r) | ISN0014160 at '269-273. [5.3] |
| (s) | ISN0013530 at '541-545. [5.4] |
| (t) | ISN0014362 at '373-377. [5.5] |
| (u) | ISN0014152 at '163-167. [5.6] |
| (v) | ISN0014043 at '054-058. [5.7] |
| (w) | ISN0013635 at '646-650. [5.8] |
| (x) | ISN0014689 at '700-704. [5.9] |
| (y) | ISN0014579 at '590-594. [5.10] |
| (z) | ISN0014468 at '479-483. [5.11] |
| (aa) | ISN0013745 at '756-760. [5.12] |
| (ab) | ISN0015404 at '415-419. [6.1] |
| (ac) | ISN0015307 at '318-322. [6.2] |
| (ad) | ISN0015719 at '730-734. [6.3] |
| (ae) | ISN0014958 at '969-972. [6.4] |
| (af) | ISN0015822 at '833-837. [6.5] |
| (ag) | ISN0015609 at '620-624. [6.6] |
| (ah) | ISN0015498 at '509-513. [6.7] |
| (ai) | ISN0015064 at '075-079. [6.8] |
| (aj) | ISN0016158 at '170-174. [6.9] |
| (ak) | ISN0016043 at '055-059. [6.10] |
| (al) | ISN0015928 at '940-944. [6.11] |
| (am) | ISN0015175 at '187-191. [6.12] |
| (an) | ISN0068591-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (ao) | ISN0068592-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (ap) | ISN0068593-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (aq) | ISN0068594-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (ar) | ISN0068595-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (as) | ISN0068596-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (at) | ISN0068597-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |

Tab 2 - Damages Analysis, 3.6                                      LitiNomics, Inc.                                      83 of 207
EX2-136

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

**Monster Energy Company v. Integrated Supply Network, LLC**                                          **Schedule 3.6**
**ISN Overall Income Statement Analysis**
**ISN Monthly Other Cost of Sales with Adjustments, Dec. 2010 - Dec. 2017**

| | |
|---|---|
| (au) | ISN0068598-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (av) | ISN0068599-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (aw) | ISN0068600-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (ax) | ISN0068601-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (ay) | ISN0068602-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (az) | ISN0068603-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (ba) | ISN0068604-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (bb) | ISN0068605-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (bc) | ISN0068606-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (bd) | ISN0068607-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (be) | ISN0068608-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (bf) | ISN0068609-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (bg) | ISN0068610-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (bh) | ISN0068611-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (bi) | ISN0068612-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (bj) | ISN0068613-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (bk) | ISN0068614-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (bl) | ISN0068615-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (bm) | ISN0068616-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (bn) | ISN0068617-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (bo) | ISN0068618-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (bp) | ISN0068619-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (bq) | ISN0068620-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (br) | ISN0068621-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (bs) | ISN0068622-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (bt) | ISN0068623-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (bu) | ISN0068624-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (bv) | ISN0068625-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (bw) | ISN0068626-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (bx) | ISN0068627-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (by) | ISN0068628-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (bz) | ISN0068629-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (ca) | ISN0068630-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (cb) | ISN0068631-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (cc) | ISN0068632-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (cd) | ISN0068633-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (ce) | ISN0068634-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (cf) | ISN0068635-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (cg) | ISN0068636-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (ch) | ISN0068637-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |
| (ci) | ISN0068638-HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.xlsx |

| | |
|---|---|
| (cj) | I understand from Jarret Strawn of ISN that these line items are unrelated to sales of the Monster brand products. Therefore, I exclude these line items from my analysis. |
| (ck) | I understand from Jarret Strawn of ISN that these line items relate only to sales of private-label products. Therefore, I exclude these line items from my analysis on this schedule and separately analyze these line items on Schedule 2.3. |
| (cl) | Total Other Cost of Sales with Adjustments = TOTAL OTHER COST OF SALES less Other Cost of Sales line items with footnote (cj) or (ck). |

Tab 2 - Damages Analysis, 3.6                                    LitiNomics, Inc.                                    84 of 207
EX2-137

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 4.1

LitiNomics, Inc.

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 4.2                LitiNomics, Inc.                86 of 207
EX2-139

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 4.3                    LitiNomics, Inc.                    87 of 207
EX2-140

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 4.4                    LitiNomics, Inc.                    89 of 207
EX2-142

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.1

LitiNomics, Inc.

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.1                    LitiNomics, Inc.                    94 of 207
EX2-147

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.1

LitiNomics, Inc.

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.1                    LitiNomics, Inc.                    96 of 207
EX2-149

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.1                    LitiNomics, Inc.                    97 of 207
EX2-150

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.1                    LitiNomics, Inc.                    99 of 207
EX2-152

HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2

LitiNomics, Inc.

EX2-153

HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2

LitiNomics, Inc.

101 of 207
EX2-154

HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY



EX2-155

HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2

LitiNomics, Inc.

EX2-156

HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2                     LitiNomics, Inc.                     104 of 207
EX2-157

HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2

LitiNomics, Inc.

HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2                    LitiNomics, Inc.                    106 of 207
EX2-159

HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2          LitiNomics, Inc.          107 of 207
EX2-160

HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2                    LitiNomics, Inc.                    108 of 207
EX2-161

HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2                                    LitiNomics, Inc.                                    109 of 207
EX2-162

HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2

LitiNomics, Inc.

EX2-164

HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2                    LitiNomics, Inc.                    112 of 207
EX2-165

HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2                                                     LitiNomics, Inc.                                                              113 of 207
EX2-166

HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2                                    LitiNomics, Inc.                                    114 of 207
EX2-167

HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2

LitiNomics, Inc.

EX2-168

HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2                    LitiNomics, Inc.                    116 of 207
EX2-169

HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2

LitiNomics, Inc.

HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2

LitiNomics, Inc.

HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2                    LitiNomics, Inc.                              119 of 207
EX2-172

HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2                                 LitiNomics, Inc.                                 120 of 207
EX2-173

HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2                    LitiNomics, Inc.                    122 of 207

EX2-175

HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2

HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2                    LitiNomics, Inc.                    124 of 207
EX2-177

HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2

EX2-178

HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2                    LitiNomics, Inc.                    126 of 207
EX2-179

HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2

LitiNomics, Inc.

HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2                    LitiNomics, Inc.                    128 of 207
EX2-181



Tab 2 - Damages Analysis, 5.2

LitiNomics, Inc.

HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2

LitiNomics, Inc.

EX2-183

HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2                              LitiNomics, Inc.                                   131 of 207
EX2-184

HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2

LitiNomics, Inc.

HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2

LitiNomics, Inc.

HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY

Tab 2 - Damages Analysis, 5.2

LitiNomics, Inc.

HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2

LitiNomics, Inc.

HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2

LitiNomics, Inc.

HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2

LitiNomics, Inc.

138 of 207
EX2-191

HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2                    LitiNomics, Inc.                    139 of 207
EX2-192

HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2

LitiNomics, Inc.

EX2-195

HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2                    LitiNomics, Inc.                    143 of 207

EX2-196

HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2                    LitiNomics, Inc.                    144 of 207
EX2-197

HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2

LitiNomics, Inc.

HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2

LitiNomics, Inc.

EX2-199

HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2

LitiNomics, Inc.

147 of 207
EX2-200

HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2                    LitiNomics, Inc.                    148 of 207
EX2-201

HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2                        LitiNomics, Inc.                        149 of 207
EX2-202

HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2                                    LitiNomics, Inc.                                    151 of 207
EX2-204

HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2                                    LitiNomics, Inc.                                    152 of 207
EX2-205

HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2                                    LitiNomics, Inc.                                    153 of 207
EX2-206

HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2                    LitiNomics, Inc.                    154 of 207
EX2-207

HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2

LitiNomics, Inc.

EX2-208

HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2                               LitiNomics, Inc.                               156 of 207
EX2-209



HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2

LitiNomics, Inc.

EX2-211

HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2                    LitiNomics, Inc.                    160 of 207
EX2-213

HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2                    LitiNomics, Inc.                    161 of 207
EX2-214

HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2

LitiNomics, Inc.

HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2 — LitiNomics, Inc. — 163 of 207

EX2-216

HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2

LitiNomics, Inc.

164 of 207
EX2-217

HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2

LitiNomics, Inc.

HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2                     LitiNomics, Inc.                                         168 of 207

EX2-221

HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2

LitiNomics, Inc.

EX2-222

HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2

LitiNomics, Inc.

170 of 207
EX2-223

HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2                    LitiNomics, Inc.                              171 of 207
EX2-224

HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2

LitiNomics, Inc.

172 of 207
EX2-225

HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2

LitiNomics, Inc.

EX2-226

HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2                    LitiNomics, Inc.                              174 of 207
EX2-227

HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2                          LitiNomics, Inc.                          176 of 207
EX2-229

HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2

LitiNomics, Inc.

EX2-230

HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2                          LitiNomics, Inc.                                    178 of 207
EX2-231

HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2                                LitiNomics, Inc.                                                179 of 207
EX2-232

HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2

LitiNomics, Inc.

HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2

LitiNomics, Inc.

EX2-234

HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2                    LitiNomics, Inc.                    182 of 207
EX2-235

HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2

LitiNomics, Inc.

HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2                    LitiNomics, Inc.                    184 of 207

EX2-237

HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY



EX2-238

HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2

LitiNomics, Inc.

HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2          LitiNomics, Inc.          187 of 207
EX2-240

HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2                    LitiNomics, Inc.                    188 of 207
EX2-241

HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2                                    LitiNomics, Inc.                                    190 of 207
EX2-243

HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2                    LitiNomics, Inc.                    191 of 207
EX2-244

HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2

LitiNomics, Inc.

HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY



HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2                    LitiNomics, Inc.                    194 of 207
EX2-247

HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY



EX2-248

HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2

LitiNomics, Inc.

EX2-249

HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2                    LitiNomics, Inc.                    197 of 207
EX2-250

HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2                    LitiNomics, Inc.                    198 of 207
EX2-251

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2

LitiNomics, Inc.

EX2-252

HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2

LitiNomics, Inc.

HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2

LitiNomics, Inc.

EX2-254

HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2

LitiNomics, Inc.

EX2-255

HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2

LitiNomics, Inc.

HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2                    LitiNomics, Inc.                    204 of 207

EX2-257

HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2

LitiNomics, Inc.

205 of 207
EX2-258

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2                    LitiNomics, Inc.                    206 of 207
EX2-259

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Tab 2 - Damages Analysis, 5.2

LitiNomics, Inc.

# Tab 3

EX2-261

HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY

**Monster Energy Company v. Integrated Supply Network, LLC**
**Agreements Matrix**
**Table of Contents**

| Series 1: | Summary of Agreements |
|---|---|
| Schedule 1.1 | Summary of RoyaltySource Trademarks from Mangum Report |
| Schedule 1.2 | Summary of Monster Agreements Not Included in Exhibit 5 of Mangum Report |

Tab 3 - Agreements Matrix, TOC                    LitiNomics, Inc.                    1 of 3

EX2-262

**Monster Energy Company v. Integrated Supply Network, LLC**
**Summary of Agreements**
**Summary of RoyaltySource Trademarks from Mangum Report**

Schedule 1.1

| | Licensor | Licensee | Effective Date | Title | License Grant | Exclusive/ Non-exclusive | Territory | Term | Lump-Sum Payment | Royalty Rate | Royalty Base | 2010 Interbrand Global Brand Ranking and Value | 2017 Interbrand Global Brand Ranking and Value |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | (f) | (g) |
| (a) | Anheuser-Busch Inc. | Cliff Engle Inc | 9/1/1986 | Trademark | Licensor allows Licensee to use certain beverage (beer, Anheuser-Busch) related trademarks owned by licensor on men's and women's jacquard knit sweaters | | | | | 7% or a guaranteed minimum annual fee, whichever was greater | Net Sales | Ranking: 30th (lists Budweiser) Value: $12.3 billion | Ranking: 31st (lists Budweiser) Value: $15.4 billion |
| (b) | Coca Cola Co. | Cavanagh Group International | | Trademark | Coca-Cola related ornaments, musicals, stocking holders | | | | | 10% | Sales of Licensed Products | Ranking: 1st Value: $70.5 billion | Ranking: 4th $39.7 billion |
| (c) | Miller Brewing Co. | Littlefield Adams & Co. | 10/30/1996 | Trademark | Licensed Trademarks: Miller Genuine Draft Beer, Miller Beer, Miller Lite Beer identifications; Licensed Product: Property-identified T-shirts, sweatshirts and boxer shorts | Non-Exclusive | United States | | $10,000 | 10% | All Sales of Licensed Products | Not listed | Ranking: 31st (Miller was acquired by Anheuser-Busch in October 2016) Value: $15.4 billion |
| (d) | Pabst Brewing Co. | Juneau Avenue Partners LLC | October 2004 | Trademark | Licensor allows Licensee to use Pabst beer brand name in regional entertainment and shopping complex, as well as use of name on T-shirts and hats | | Milwaukee, Wisconsin | 25 years | $250,000 | 5% | Sales of T-shirts and Hats | Not listed | Not listed |
| (e) | PepsiCo, Inc. | Littlefield Adams & Co. | 2/1/1996 | Trademark | Licensor allows Licensee use of Brands: Pepsi, Pepsi-Cola, Diet Pepsi, Diet Pepsi-Cola, Mountain Dew and Slice in Licensed Products: Men's, Women's, Boys, Girls T-shirts and Fleece Women's Beach Cover-ups | Non-Exclusive | United States | 2 years | $5,000 | 8% | Net Sales of Licensed Products | Ranking: 23rd Value: $14.1 billion | Ranking: 22nd Value: $20.5 billion |

Sources:
(a)   Trademark Agreement between Cliff Engle Inc. and Anheuser-Busch Inc., RoyaltySource Intellectual Property Database, accessed February 21, 2018, Mangum Report, PDF p. 79. [2.3]
(b)   Trademark Agreement between Coca Cola Co. and Cavanagh Group International, RoyaltySource Intellectual Property Database, accessed February 21, 2018, Mangum Report, PDF p. 80. [2.3]
(c)   Trademark Agreement between Miller Brewing Co. and Littlefield Adams & Co., RoyaltySource Intellectual Property Database, accessed February 21, 2018, Mangum Report, PDF pp. 81-82. [2.3]
(d)   Trademark Agreement between Pabst Brewing Co. and Juneau Avenue Partners LLC, RoyaltySource Intellectual Property Database, accessed February 21, 2018, Mangum Report, PDF pp. 83-84. [2.3]
(e)   Trademark Agreement between PepsiCo, Inc. and Littlefield Adams & Co., RoyaltySource Intellectual Property Database, accessed February 21, 2018, Mangum Report, PDF pp. 85-86. [2.3]
(f)   Interbrand, "Best Global Brands 2010 Rankings," <http://interbrand.com/best-brands/best-global-brands/2010/ranking/#?listFormat=sq&sortBy=rank&sortAscending=true>, accessed February 28, 2018. [3.35]
(g)   Interbrand, "Best Global Brands 2017 Rankings," <http://interbrand.com/best-brands/best-global-brands/2017/ranking/#?listFormat=sq&sortBy=rank&sortAscending=true>, accessed February 28, 2018. [3.36]

Tab 3 - Agreements Matrix, 1.1                              LitiNomics, Inc.                              2 of 3

EX2-263

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

**Monster Energy Company v. Integrated Supply Network, LLC**
**Summary of Agreements**
**Summary of Monster Agreements Not Included in Exhibit 5 of Mangum Report**

Schedule 1.1

| Licensor | Licensee | Effective Date | Title | Licensed Products | Exclusive/ Non-exclusive | Territory | Term | Royalty Rate | Royalty Base |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

_Sources:_

Tab 3 - Agreements Matrix, 1.2

LitiNomics, Inc.

EX2-264

# Tab 4

# LITI|NOMICS

## MICHAEL J. WAGNER
Managing Director

(updated as of March 14, 2018)

J.D., Loyola University School
of Law at Los Angeles (1975)

M.B.A., University of California
at Los Angeles (1971)

B.S. Engineering,
University of Santa Clara
(1969)

Michael Wagner, a Senior Advisor with LitiNomics, has testified 140 times at trial, 37 times in arbitration, and 365 times in deposition.  He has testified at trial in Federal courts in 19 different states and in State court in 10 different States.  He has been deposed in cases pending in 33 states. The most frequent subject matters of his expert testimony are the calculation of commercial damages or business value.  He has also testified a number of times on the subject of alter ego.

### EXPERIENCE

| | |
|---|---|
| 2007-Present | *Senior Advisor* beginning 2018; *Managing Director* 2007-2017, LitiNomics, Inc. |
| 2004–2007 | *Senior Advisor*, CRA International (successor to InteCap, Inc.) |
| 1999–2004 | *Managing Director*, InteCap, Inc. |
| 1999 | *Senior Vice President*, PHB Hagler Bailly, Inc. (successor to Putnam, Hayes & Bartlett, Inc.) |
| 1993–1999 | *Managing Director*, Putnam, Hayes & Bartlett, Inc. (successor to Dickenson, O'Brien & Associates) |
| 1985–1992 | *Partner*, Price Waterhouse |
| | *Senior Manager*, 1983–1985 |
| | *Manager*, 1979–1980 |
| | *Consultant*, 1976–1979 |
| 1981–1983 | *Principal*, Dickenson, O'Brien & Associates |
| | *Associate*, 1980–1981 |
| 1975–1976 | *Associate Cost Engineer*, Fluor Engineers & Constructors, Inc. |

## PROFESSIONAL AFFILIATIONS (CURRENT)

Certified Public Accountant, State of California - # 30327 (Active status from July 1980 through April 2014, Inactive status beginning May 2014)

Member, State Bar of California - # 67911 (Active status from November 1975 to April 1991 and January 1995 to December 2016, Inactive status beginning January 2017)

## PROFESSIONAL AFFILIATIONS (PAST)

Member, Sedona Conference Patent Damages and Remedies Working Group (2011 – 2016)

Member, American Institute of Certified Public Accountants - # 1079895

Certified in Financial Forensics - # 23 (2008 – 2014)

Inaugural CFF Credential Committee (2008 – 2011)

AICPA Litigation Services Committee (1993–1995)

AICPA Business Valuation Standards Task Force (1994–1995)

AICPA and IBA combined Conference Steering Committee (1995)

AICPA Litigation Services Conference Steering Committee (1990 – 1995)

AICPA MAS Practice Standards and Administration Subcommittee (1988–1990)

AICPA Auditing Standards Board Litigation Services Task Force (1989)

Co-Editor, *CPA Expert* (1994–1996)

Panel of Experts, Dunn on Damages

Member, American Bar Association

Member, State Bar of California (inactive status 1991–1995)

Member, California Society of Certified Public Accountants

Litigation Services Committee (1985–1990), Chairman (1987–1989)

Government Relations Committee (1989–1990)

Contingent Fee Task Force (1988–1990)

Member, Oregon Society of Certified Public Accountants

Litigation Services Committee (1990–1994)

Certified Public Accountant, States of Hawaii (1980–1983), Washington (1990–1994), Oregon (1990–1994)

Member, Los Angeles County Bar Association

Dispute Resolution Services, Sub-chair of Administration Committee (1987–1989)

NASD Board of Arbitrators

---

***Underlined party was my client.

Hastings College of Advocacy, Faculty Expert

NITA, Faculty Member

Certified Management Consultant

American Arbitration Association's Panel of Arbitrators

Arbitration Services of Portland, Inc.

Academy of Experts

## PUBLICATIONS

"When Is It Appropriate To Have A Reasonable Royalty Higher Than The Infringer's Profits?" *Dunn on Damages*, Issue 9, Winter 2012.

"Book of Wisdom – Is it Fact or Fiction", *Dunn on Damages – The Economic Damages Report for Litigators, Issue 3*, Summer 2011

"A Primer on Patent Damages", *Dunn on Damages - The Economic Damages Report for Litigators and Experts*, Issue 2, Spring 2011.

"The 25% Rule Lives On", *IP Law 360*, September 8, 2010 (co-authored with John Jarosz and Carla Mulhern)

"Response to One Man's Opinion, comments on 'A New Look at Expected Cash Flows and Present Value Discounts'," *CPA Expert*, spring 2004 (co-authored with Michael Crain and Bonnie Goldsmith)

"Differences between Economic Damages Analysis and Business Valuation," Chapter 13 in the *Handbook of Business Valuation and Intellectual Property Analysis*, McGraw-Hill, 2004 (co-authored with Michael Dunbar)

*Litigation Services Handbook* (4th Edition – 2007, 3rd Edition – 2001, 2nd Edition – 1995, 1st Edition – 1990), John Wiley & Sons, (co-edited with Peter B. Frank and Roman L. Weil).

### Chapters Co-Authored

4th Edition:

> Chapter 1 "The Role of the Financial Expert in Litigation Services"
>
> Chapter 8 "Ex Ante versus Ex Post Damages Calculations"
>
> Chapter 22 "Patent Infringement Damages"
>
> Chapter 29 "Alter Ego"

3rd Edition:

> Chapter 1 "The Role of the Financial Expert in Litigation Services"
>
> Chapter 5A "Ex Ante versus Ex Post Damages Calculations" (2003 Supplement)
>
> Chapter 24 "Patent Infringement Damages"
>
> Chapter 38 "Alter Ego"

***Underlined party was my client.

2nd Edition:

> Chapter 1 "The Role of the CPA in Litigation Services"
>
> Chapter10 "Alter Ego"
>
> Chapter 34 "Patent Infringement Damages"

1st Edition:

> Chapter 1 "The Role of the CPA in Litigation Services"
>
> Chapter 17 "Patent Infringement Damages"
>
> Chapter 31 "Securities Act Violations: Computation of Damages"

"Economic Damages: Use and Abuse of Business Valuation Concepts," Chapter 14 in *The Handbook of Advanced Business Valuation*, McGraw-Hill, 1999 (co-authored with John Phillips).

"Tax Effects of Discount Rates in Taxable Damage Awards," *CPA Expert*, winter 1999 (co-authored with Greg Hallman).

"Experience Enhances Objectivity of Damage Estimates," *CPA Expert,* winter 1997.

"Communicating in Litigation Services: Reports, A Nonauthoritative Guide," *AICPA Consulting Services Practice Aid No. 96-3*, 1996 (co-authored with Everett P. Harry III).  Partially reprinted in *Recovery of Damages for Lost Profits*, Volume 2, (5th Edition) by Robert L. Dunn.

"Court Expands Lost Profits Damages From Patent Infringement," *CPA Expert*, summer 1996 (co-authored with Bruce L. McFarlane).

"The Implications of Changes in the Federal Rules of Civil Procedure for CPA-Expert Witnesses," *The CPA Management Consultant Newsletter* of the AICPA Management Consultant Division, spring 1994 (co-authored with Bruce L. McFarlane).

"The Revised Federal Rules of Civil Procedures That Apply to Expert Witnesses," *CPA Litigation Services Counselor*, Volume 1994, Issues 2 & 3.  Harcourt Brace (February and March 1994).

"What Juries Look for in CPAs," *Journal of Accountancy* (November 1993).

"Litigation Services," *AICPA MAS Technical Consulting Practice Aid*, No. 7 1986 reprinted and updated as "Providing Litigation Services" *AICPA Consulting Services Practice AID 93-4* (co-authored with Peter B. Frank) (1993).

"Valuation of Intangible Assets," *Financial Valuation: Businesses and Business Interests*, Warren Gorham Lamont, 1993 Supplement (co-authored with Lee B. Shepard).

"Opportunities in Litigation Services," *Journal of Accountancy*, (June 1992) (co-authored with Bruce L. McFarlane).

"Economic Damages in Patent Infringement Cases," *Patent Litigation 1991*, Vol. II, Practicing Law Institute, Course Handbook Series No. 321 (co-authored with Peter B. Frank and Jeffrey H. Kinrich).

"Using CPAs In Your Law Practice," *Seattle-King County Bar Bulletin*, February 1991 (co-authored with Bruce L. McFarlane).  Reprinted in *The Oregon Certified Public Accountant*, September 1991, as "The Role of the CPA in Commercial Litigation."

***Underlined party was my client.

"The Accountant's Role in the Process of Damage Measurement," *The Practical Accountant* (July 1990).

"How do you Measure Damages?  Lost Income or Lost Cash Flow?" *Journal of Accountancy* (February 1990).

"Expert Problems," *ABA Litigation Journal*, Volume 15, No. 2 (Winter 1989).

"How to Control Your Expert," *Association of Business Trial Lawyers Report*, Volume X, No. 2 (February 1988).

"Computing Lost Profits and Reasonable Royalties," *American Intellectual Property Law Association Quarterly Journal*, Volume 15, No. 4 1987 (co-authored with Peter B. Frank).

"Breach of Duty by Directors, Officers and Principal Shareholders: Shareholder Derivative Actions," Chapter 63, *Commercial Damages*, Matthew Bender (1986).

"Computers Revolutionize Damage Claim Analysis," *The Recorder* (June 7, 1984).

"Analyzing Damage Claims—Discounted Cash Flow Method," *The National Law Journal* (August 29, 1983).

"The Litigator's Ultimate Weapon," *Los Angeles Lawyer* (May/June 1983) (co-authored with Peter B. Frank and Jeffrey H. Kinrich).

## Committee Publications

"Commentary on Patent Damages and Remedies" *The Sedona Conference*, June 2014 Public Comment Version, Contributing Editor.

 "Communicating Understandings in Litigation Services: Engagement Letters," AICPA Consulting Services Practice Aid 95-2 (1995).

Statement on Standards for Consulting Services No. 1, AICPA (October 1991).

## Selected Speeches

"Issues and Strategies Based on Recent Damagers Decisions" panelist, March 5, 2018, University of Arizona Inaugural IP Conference, Tucson, Arizona

"IP Remedies Roundtable and Workshop", panelist, March 20, 2017, USC Gould School of Law 2017 Intellectual Property Institute, Santa Monica, California

"Commentary on Patent Damages and Remedies", panelist, November 6, 2014, The Sedona Conference All Voices Meeting, New Orleans

"The Use of Consumer Surveys in Patent Cases for Damage Apportionment", LES 2012 Winter Meeting, March 13, 2012, Anaheim, CA

"Evolving IP Value: Recent Developments in Damages and Licensing", Top IP Retreat, September 16, 2011, Pebble Beach, CA

"Patent Exhaustion", IP Damages Institute, November 8, 2010, Century City, California

"Big Verdicts Under Scrutiny: Taking a Hard Look at the Damages Case", The 2010 Midwest Intellectual Property Institute, September 24, 2010, Minneapolis, Minnesota

***Underlined party was my client.

"Do's and Don'ts of Being and Expert Witness", 24th Annual Bankruptcy and Restructuring Conference, Association of Insolvency and Restructuring Advisors, June 7, 2008, Las Vegas, Nevada

"Enforcing the License Agreement, Royalty Audits, Collections, and Litigation" The Intellectual Property Law Section of the State Bar of California, April 9, 2008, San Francisco, California

"Effective Presentations of Financial Information at Trial", 2007 Advanced Litigation Conference, California Society of CPAs, May 3, 2007, Las Vegas, Nevada

"Discounting Damages to Present Value: Today's Hottest Issues," panelist, Business Valuation Resources, July 20, 2005, Telephonic Conference

"Assessing and Proving Damages from Infringement," panelist, USC Law School 2004 Intellectual Property Institute, May 25, 2004, Beverly Hills, California

"Economic Damages," AICPA National Business Valuation Conference, November 17, 2003, Phoenix, Arizona

"Discovery of Expert Drafts and Notes, Panel Discussion," Advanced Workshop on Calculating & Proving Patent Damages, Law Seminars International, November 12, 2003, Seattle, Washington

"Calculating and Presenting Lost Profits: The Bread and Butter of Litigation Services" and "Mock Arbitration for Lost Profits", panelist on both presentations, AICPA National Conference on Advanced Litigation Services, October 1, 2003, Miami, Florida

"Discount Rates and Taxation Issues in Damages," 2003 Advanced Business Litigation Institute, California Society of CPAs, May 9, 2003, La Quinta, California

"Current Issues in Patent Damages," The Sedona Conference, November 10, 2000, Sedona, Arizona

"Tax Issues in Lost Profits Damage Calculations" and panelist for "Expert Shootout, or Shoot the Expert," 2000 AICPA National Advanced Litigation Services Conference, October 17, 2000, Beverly Hills, California

"IP Valuation: A Critical Component in Transactional and Litigation Strategy," Silicon Valley Intellectual Property Law Association, September 20, 2000, Palo Alto, California

"Damages, Damages, Damages: Business Damages In Commercial Litigation," 1999 AICPA National Advanced Litigation Services Conference, October 18, 1999, Atlanta, Georgia.

"Commercial Damages: A Case Study on Lost Profits," 1998 AICPA National Advanced Litigation Services Conference, October 14, 1998, Tempe, Arizona.

"Damages—What You Need to Know as Taught by the Experts," 1998 ABA Section of Litigation Annual Meeting, April 24, 1998, New York, New York.

"Expert Witnessing in a Fraud Case," 1997 AICPA National Conference on Fraud, December 8, 1997, San Antonio, Texas.

"Advanced Issues in Determining Discount and Growth Rates," 1997 AICPA National Advanced Litigation Services Conference, October 16, 1997, Las Vegas, Nevada (with Greg Hallman).

***Underlined party was my client.

"Alter Ego" and "More Effective Testimony," EPA Third Annual Financial Analyst Workshop, May 7–8, 1997, Denver, Colorado.

"More Effective Testimony," 1996 AICPA National Advanced Litigation Services Conference, October 1, 1996, New Orleans, Louisiana.

"Expert Witness," The 1996 AICPA Practitioners' Symposium, June 10, 1996, Las Vegas, Nevada.

"Calculating Damages," 1996 Institute of Business Appraisers Conference on Appraising Closely Held Businesses, January 26, 1996, Orlando, Florida.

"Calculating Damages," 1995 Institute of Business Appraisers Conference on Appraising Closely Held Businesses, January 26, 1995, Las Vegas, Nevada.

"The Revised Federal Rules of Civil Procedure That Apply to Expert Witnesses," 1994 AICPA National Advanced Litigation Services.  Conference, October 20, 1994, Phoenix, Arizona.

"Damages In Employment Litigation," Employment And Labor Law In Oregon, Lorman Education Services, April 29, 1994, Portland, Oregon.

"Damages, Time Value of Money" and panel participant on "Practical Problems of Federal Rule of Civil Procedure No. 26," 1994 Litigation Advanced Forum, California Society of CPAs, April 25, 1994, Monterey, California.

"Patent Infringement/Intellectual Property," 1993 Litigation Services Conference, California Society of CPA's, December 1, 1993, Los Angeles; December 2, 1993, San Francisco, California.

"Expert Witness Depositions," 1993 Oregon Society of CPA's Litigation Support Services Miniseries, November 17, 1993, Portland, Oregon.

"Panel: The Many Roads to Alternative Dispute Resolution" and "Basic Concepts in Litigation Services," Fifth Annual AICPA Conference on "The CPA's Role in Litigation Services," July 22–23, 1993, La Jolla, California.

"Professional Standards" and "Litigation Process/Role of Expert Witness" 1993 Litigation Services Conference, Washington Society of Certified Public Accountants, May 20, 1993, Bellevue, Washington.

"The Deposition of the Expert Witness," Fourth Annual AICPA Conference on "The CPA's Role in Litigation Services," July 17, 1992 Washington, DC; October 23, 1992, Las Vegas, Nevada.

"Litigation Services Standards," 1992 Litigation Services Conference, Washington Society of Certified Public Accountants, May 9, 1992, Silverdale, Washington.

"The Litigation Process Through Discovery," 1991 Litigation Services Conference, California Society of Certified Public Accountants, November 20, 1991, San Francisco; November 21, 1991, Los Angeles, California.

"Professional Standards and Work Papers," Oregon Society of CPAs, Litigation Support Services Conference, September 27, 1991, Portland, Oregon.

"Economic Analysis of Damages: Computing Lost Profits and Reasonable Royalties," IRR's Conference on Securing and Enforcing Intellectual Property Rights for Competitive Advantage, September 26, 1991, San Francisco, California.

***Underlined party was my client.

"How to be a Better Testifying Expert," the Third Annual AICPA Conference on "The CPA's Role in Litigation Services," July 11, 1991, Denver, Colorado; October 10, 1991, Atlanta, Georgia.

"Accounting Standards in Litigation Support—Current and Future," Colorado Society of CPAs 1990 Litigation Support Conference, December 3,1990, Denver, Colorado.

"Mini Trials—New Work for Experts" and "Issues in Forensic Accounting," National Forensic Center's 7th National Conference, December 8, 1990, Palm Springs, California.

"Deposition of the Expert," California Society of CPAs 1990 Litigation Services Conference, November 19, 1990—San Francisco; November 20, 1990, Los Angeles, California.

"Examining Damage Experts," PLI's Accountant's Liability: Trial Strategies Conference, August 10, 1990, San Francisco, California.

"Developing Damages: Mock Trial Demonstration, "AICPA's Conference on the CPA's Role in Litigation Services, July 13, 1990, Dallas, Texas; September 7, 1990, Washington, DC.

"Lost Profits, Business Interruptions" and "The Discovery Process," 1990 Litigation Consulting Conference, California Society of Certified Public Accountants, April 26, 1990, Los Angeles, California.

"Standards in Litigation Services Engagements" and "Expert Witness Strategy Tactics," Arizona Society of CPAs' Conference on the CPA as an Expert, September 25, 1989, Phoenix, Arizona.

"Damage Management," AICPA's Conference on the CPA's Role in Litigation Support Services, May 12, 1989, San Francisco; July 11, 1989, Boston; October 27, 1989, Chicago; December 8, 1989, Palm Beach, Florida.

"Litigation Services—Damage Studies," AICPA's 101st Annual Meeting, October 4, 1988, Los Angeles, California.

"Litigation Update," 1988 Marital Dissolution Conference, California Society of Certified Public Accountants, September 26, 1988, San Francisco; September 27, 1988, Los Angeles, California.

"The Mini-Trial Approach to Dispute Resolution," Los Angeles County Bar Association and the American Arbitration Association Conference on New Techniques in Dispute Resolution, February 4, 1988, Los Angeles, California.

"Damages Issues During Trial," Association of Business Trial Lawyers 14th Annual Seminar, October 17, 1987, Rancho Mirage, California.

"Litigation Services Committee Update," 1987 Marital Dissolution Conference, California Society of Certified Public Accountants, September 22, 1987, Los Angeles, California.

"Using a CPA in Litigation," 1987 Annual Meeting of the Florida Bar, June 11, 1987, Orlando, Florida.

"Litigation Services," 12th Annual AICPA Small Business Management Advisory Services Conference, September 9–10, 1986, Dallas, Texas.

***Underlined party was my client.

## Expert Testimony—Court (*Indicates number in deposition section if deposition testimony was given)

| No. | Lawsuit*** | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 140. | CardiAQ Valve Technologies, Inc. v. Neovasc, Inc. and Neovasc Tiara, Inc., Case No. 1:14-CV-12405-NMG (2016)*(344) | U.S. District Court, District of Massachusetts | Theft of Trade Secrets, Breach of Contract, Fraud, and deceptive trade practices | Knobbe Martens Olson & Bear | Damages Analysis |
| 139. | Adaptix, Inc. v. Alcatel-Lucent USA, Inc., AT&T Mobility LLC, Cellco Partnership d/b/a Verizon Wireless, and Sprint Spectrum Civil Actions No. 6:12-cv-0022, No. 6:13-cv-0049, and No. 6:13-cv-0050 (2015)*338 | U.S. District Court, Eastern District of Texas, Tyler Division | Patent Infringement | Quinn Emanuel | Damages Analysis |
| 138. | FieldTurf USA, Inc. and FieldTurf Tarkett, Inc. v. AstroTurf LLC. Case No. 2: 10-CV-12492-SJM-MJG (2015)*(341) | U.S. District Court, Eastern District of Michigan Southern Division | Patent Infringement Lanham Act | Bejin VanOphem Bieneman PLC  Manion Gaynor & Manning LLP | Damages Analysis |
| 137. | St. Clair Intellectual Property Consultants, Inc. v. Toshiba  Civil Action No. 09-354-KAJ (2015)*303 | U.S. District Court, District of Delaware | Patent Infringement | Niro, Haller & Niro | Damages Analysis |
| 136. | Charles C. Freeny III, Bryan E. Freeny, and James P. Freeny v. Murphy USA, Inc. Case No. 2:13-cv-00791 (RSP) (2015) | U.S. District Court, Eastern District of Texas, Marshall Division | Patent Infringement | Jackson Walker L.L.P. | Damages Analysis |
| 135. | Eagle Harbor Holdings LLC  and Mediustech LLC v. Ford Motor Company Case No. 3:11-cv-05502-BHS (2015)*337 | U.S. District Court, Western District of Washington | Patent Infringement | Susman Godfrey, LLP | Damages Analysis |
| 134. | Intellectual Ventures I LLC v. Symantec Corp. Civil Action No. 10-cv-1065-LPS (2015)*322 | U.S. District Court, District of Delaware | Patent Infringement | Susman Godfrey LLP | Damages Analysis |
| 133. | Masimo Corporation v. Philips Electronics North America Corporation and Philips Medizin Systeme Boblingen GMBH Civil Action No. 09-080 (JJF) (2014)*311 | U.S. District Court, District of Delaware | Patent Infringement | Knobbe Martens Olson & Bear | Damages Analysis |

***Underlined party was my client.

## EXPERT TESTIMONY—COURT (*Indicates number in deposition section if deposition testimony was given)

| No. | Lawsuit*** | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 132. | Anesta AG, Aptalis Pharmatech, Inc. and IVAX International GMBH v. Mylan Pharmaceuticals, Inc. and Mylan, Inc. Case No. 08-889-SLR (2014)*335 | U.S. District Court, District of Delaware | Patent Infringement | Wilson, Sonsini, Goodrich & Rosati | Damages Analysis |
| 131. | U.S. Ethernet Innovations, LLC v. Texas Instruments Incorporated Civil Action No. 6:11-cv-491-LED (2014) | U.S. District Court, Eastern District of Texas, Tyler Division | Patent Infringement | Covington & Burling | Damages Analysis |
| 130. | Innovative Sonic Limited v. Research In Motion Ltd. And Research In Motion Corporation Civil Action No. 3:11-CV-706 (2013)*315 | U.S. District Court, Northern District of Texas | Patent Infringement | Susman Godfrey LLP | Damages Analysis |
| 129. | XpertUniverse, Inc. v. Cisco Systems, Inc. Civil Action No. 09-157-RGA (2013)*316 | U.S. District Court, District of Delaware | Fraud and Patent Infringement | Morgan Lewis & Bockius | Damages Analysis |
| 128. | TV Interactive Data Corporation v. Sony Corporation; Sony Computer Entertainment Inc..; Sony Computer Entertainment America, Inc.; Sony Corporation of America; and Sony Electronics Co., Ltd  Case No. C 10-00475 PJH (2013)*312 | U.S. District Court, Northern District of California | Patent Infringement | Robins Kaplan Miller & Ciresi | Damages Analysis |
| 127. | Apple, Inc. v. Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America, LLC Case No. 11-cv-01846-LHK (2012 and 2013)*296 | U.S. District Court, Northern District of California, San Jose Division | Patent Infringement | Quinn Emanuel | Damages Analysis |
| 126. | Shelbyzyme LLC v. Genzyme Corporation Civil Action No. 09-768 (GMS) (2012)*309 | U.S. District Court, District of Delaware | Patent Infringement | Quinn Emanuel | Damages Analysis |
| 125. | IMRA America, Inc. v. IPG Photonics Corporation Case No. 2:06-CV15139 (2011)*282 | U.S. District Court, Eastern District of Michigan | Patent Infringement | Skadden Arps Slate Meagher & Flom | Damages Analysis |
| 124 | E.I. du Pont de Nemours and Company v. Kolon Industries, Inc. Civil Action No. 3:09cv58 (2011)*285 | U.S. District Court, Eastern District of Virginia | Theft of trade secrets | Paul Hastings | Damages Analysis |

***Underlined party was my client.

## EXPERT TESTIMONY—COURT (*Indicates number in deposition section if deposition testimony was given)

| No. | Lawsuit*** | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 123. | Ahcom, Ltd. V. Hendrick Smedling and Lettie Smedling Case No. 3:07 CV 1139 SC (2011)*252 | U.S. District Court, Northern District of California, San Francisco Division | Alter ego | Parish & Small | Alter ego Analysis |
| 122. | ActiveVideo Networks, Inc. v. Verizon Communications, Inc. et al. Civil Action No. 2:10cv248 (2011)*293 | U.S. District Court, Eastern District of Virginia | Patent Infringement | Morgan Lewis & Bockius | Damages Analysis |
| 121 | Wellogix, Inc. v. BP America, Inc. Civil Action No. 4:09-CV-1511 (2011)*281 | U.S. District Court, Southern District of Texas, Houston Division | Theft of trade secrets, Breach of contract, Tortious Interference with Prospective Business Relations | Laminack, Pirtle & Martines | Damages Analysis |
| 120. | Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contractors, USA, Inc. Case No. H-07-02392 (2009 and 2011)*260 | U.S. District Court, Southern District of Texas | Patent Infringement | Brinks Hofer Gilson & Lione Smyser Kaplan & Veselka | Damages Analysis |
| 119. | Grimaud Farms of California, Inc. v. Whole Foods Market California and Whole Foods Market Services, Inc. Case No. CV030845 (2011)*290 | San Joaquin County Superior Court, California | Breach of contract, Fraud, Tortious Interference with Contract. | Damrell, Nelson, Schrimp, Pallios, Pacher & Silva | Damages Analysis |
| 118. | St. Jude Medical, Inc. and St. Jude Medical Puerto Rico LLC v. Access Closure, Inc. Case No. 4:08-cv-04101-HFB (2010)*287 | U.S. District Court, Western District of Arkansas, Texarkana  Division | Patent Infringement | Quinn Emanuel | Damages Analysis |
| 117. | Sportsmark Trading, Ltd., v. Roger Cleveland Golf Company, Inc. Case No. 07CC12309 (2010)*266 | Orange County Superior Court, California | Breach of Contract | Krane & Smith | Damages Analysis |
| 116. | Function Media, L.L.C. v. Google, Inc. Case No. 2-007-CV-279 (2010)*268 | U.S. District Court, Eastern District of Texas, Marshall Division | Patent Infringement | Quinn Emanuel | Damages Analysis |
| 115. | Advanced Thermal Sciences Corporation v. Applied Materials, Inc. Case No. 8:07-CV-1384 (JVS) (2009)*262 | U.S. District Court, Central District of California, Southern Division | Breach of Contract, Fraud | Orrick Herrington & Sutcliffe | Damages Analysis |

***Underlined party was my client.

**EXPERT TESTIMONY—COURT** (*Indicates number in deposition section if deposition testimony was given)

| No. | Lawsuit*** | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 114. | Versata Software, Inc., et al. v. SAP America, Inc. and SAP, AG  Civil Action No.: 2:07-cv-153-CE (2009 and 2011)*261 | U.S. District Court, Eastern District of Texas, Marshall Division | Patent Infringement | Howrey, LLP<br><br>Fish & Richardson<br><br>Ropes & Grey | Damages Analysis |
| 113. | Medtronic, Inc., et al. v. AGA Medical Corporation Case No. C 07 00567 MMC (2009)*255 | U.S. District Court, Northern District of California, San Francisco Division | Patent Infringement | Alston Bird | Damages Analysis |
| 112. | Kinetic Concepts, Inc., KCI Licensing, Inc., KCI USA, Inc., and Wake Forest University Health Sciences v. Blue Sky Medical Group, Inc., Smith & Nephew, Inc. Case No. SA08-CA-102 RF (2009 and 2010)*257 | U.S. District Court, Western District of Texas, San Antonio Division | Patent Infringement | Knobbe Martens Olson & Bear | Irreparable Harm<br><br>Damages Analysis<br><br>eBay Factors |
| 111. | I4i, LP and i4i, Inc. v. Microsoft Corporation Civil Action No. 6:07-CV-113-LED (2009)*254 | U.S. District Court, Eastern District of Texas, Tyler Division | Patent Infringement | McKool Smith | Damages Analysis |
| 110. | Brea Imperial, Inc. v. Titan International, Inc. Case No. 05CC06828 (2008)*241 | Orange County Superior Court, California | Alter Ego | Law Offices of Michael Bononi | Alter ego analysis |
| 109. | epicRealm Licensing, L.P. v. Various, Inc. Civil Action 5:07-cv-135 (Consolidated) (2008)*246 | U.S. District Court, Eastern District of Texas | Patent Infringement | Baker Botts | Damages Analysis |
| 108. | Carter Bryant v. Mattel, Inc. Case No. CV 07-9049 SGL (RNBx) Consolidated with Case No. 04-9059 and Case No. 05-2727 (2008 and 2011)*240 | U.S. District Court, Central District of California | Copyright Infringement Trade Secret Misappropriation | Quinn Emanuel | Damages Analysis<br><br>Business Valuation |
| 107. | Deep Nines, Inc. v. McAfee, Inc. Civil Action No. 9:06-cv174-RC (2008)*244 | U.S. District Court, Eastern District of Texas | Patent Infringement | Fish & Richardson | Damages Analysis |
| 106. | North American Title Company v. Liberty Title Company Case No. C 06-00187 (2008)*238 | Contra Costa County Court, California | Theft of Trade Secret | Weintraub Genshlea Chediak<br><br>Jackson Lewis<br><br>Seyfarth Shaw | Damages Analysis |
| 105. | Global Sign, LLC, et al. v. Robert Merto, et al. Civil Action No. 05 CC 04088 (2008) | Orange County Superior Court, California | Unfair Competition | Bidna & Keys | Damages Analysis |

***Underlined party was my client.

## EXPERT TESTIMONY—COURT (*Indicates number in deposition section if deposition testimony was given)

| No. | Lawsuit*** | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 104. | Computer Acceleration Corporation v. Microsoft Corporation Case No. 9:06CV-140 (2007)*235 | U.S. District Court Eastern District of Texas Lufkin Division | Patent Infringement | McKool Smith | Damages Analysis |
| 103. | Cybergym Research LLC v. ICON Health & Fitness, Inc., Sears Roebuck & Co., Costco Wholesale Corp., The Sports Authority, Inc., & Dick's Sporting Goods, Inc. Case No. 2:05-cv-527-DF (2007)*230 | U.S. District Court Eastern District of Texas Marshall Division | Patent Infringement | Russo & Hale | Damages Analysis |
| 102. | Electromotive, Inc. v. Mercury Marine Case No. 1:06CV1139 (GBL/TRJ) (2007) | U.S. District Court, Eastern District of Virginia | Patent Infringement | Kaufman & Canoles | Damages Analysis |
| 101 | Broadcom Corporation v. Qualcomm Incorporated Case No. SACV05-467 JVS (RNBx) (2007) *224 | U.S. District Court Central District of California, Southern Division | Patent Infringement | Wilmer Cutler Pickering Hale & Dorr | Damages Analysis & Irreparable Harm |
| 100. | In re 3dfx Interactive, Inc. and William A. Brandt, Jr., Trustee v. nVidia Corporation and nVidia Investment Company Case No. 02-55795 RLE (2007) *213 | U.S. Bankruptcy Court Northern District of California San Jose Division | Fraudulent Transfer | Buchalter Nemer | Business Valuation |
| 99. | MAN Aktiengesellschaft, et al. v. DaimlerChrysler AG, Freightliner LLC, et al. No. 0412-13050 (2006) | Multnomah Circuit Court, Oregon | Fraud | Ball Janik<br>Alston & Bird | Solvency analysis, Ordinary Course of Business, Reasonably Equivalent Value |
| 98. | In the Matter of the George L. Brichetto and Elizabeth M. Brichetto Living Trust Dated October 1, 1987, as Amended. Case No. 328789 (2006) | Stanislaus Superior Court, California | Breach of Fiduciary Duty | Damrell Nelson Schrimp Pallios Pacher & Silva | Trust Accounting and Damages Analysis |
| 97. | Christopher R. Harris v. San Jose Mercury News, Inc. Case No. C-04-05262 (CRB) (2006) *217 | U.S. District Court Northern District of California | Copyright Infringement | DLA Piper Rudnick Gray Cary; Sheppard Mullin | Damages Analysis |
| 96. | L.G. Philips LCD Co. Ltd. V. Tatung Company, Tatung Company of America, Inc., Chunghwa Picture Tubes Ltd., and ViewSonic Corporation.  Civil Action No. 05-292 (JJF) (2006) *218 | U.S. District Court District of Delaware | Patent Infringement | Howrey LLP | Damages Analysis |

***Underlined party was my client.

## EXPERT TESTIMONY—COURT (*Indicates number in deposition section if deposition testimony was given)

| No. | Lawsuit*** | Court | Type | Law Firm/Attorneys | Work Performed |
|-----|-----------|-------|------|-------------------|----------------|
| 95. | PostX Corporation v. Secure Data In Motion, Inc., d/b/a Sigaba Case Nos. C02-04483 SI and C03-0521 SI (2006) *210 | U.S. District Court Northern District of California, San Francisco Division | Unfair Competition | Pillsbury Winthrop Shaw Pittman | Damages Analysis |
| 94. | Stephen M. Waltrip, et al. v. Kevin B. Kimberlin, et al. Case No. 01AS04979 (2005) *211 | Sacramento Superior Court, California | Fraud and Breach of Fiduciary Relationship | Sedgwick Detert Moran & Arnold | Damages Analysis Alter Ego Analysis |
| 93. | Coleman (Parent) Holding v. Morgan Stanley, Inc. Case No. 2003 CA 005045 A1 (2005) *206 | Circuit Court of the Fifteenth Judicial Circuit Palm Beach County, Florida | Breach of Fiduciary Duty | Jenner & Block | Punitive Damages |
| 92. | Tarik Omari, et al. v. Kindred Healthcare Operating, Inc. et al. Case No. BC280010 (2005) | Los Angeles Superior Court, California | Fraud | Law Offices of Victor L. George | Punitive Damages |
| 91. | Coelho, et al. v. Coelho, et al. Case Nos. 591120-1, 595828-5, 588695-7, and 0537454-1 (2003) (2005) (2006) *176 | Fresno Superior Court, California | Breach of Fiduciary Duties | Damrell Nelson Schrimp Pallios Pacher & Silva Lange Richert & Patch Parish & Nelson | Damages Analysis |
| 90. | Billy Blanks, et al. v. Seyfarth Shaw LLP Case No. BC 308355 (2005) *205 | Los Angeles Superior Court, California | Legal Malpractice | Law Offices of James Rosen | Damages Analysis & Punitive Damages |
| 89. | Kalitta Air, LLC, as assignee of American International Airlines, Inc. v. Central Texas Airborne Systems, Inc. Case No. 96-2494CW & 97-0378CW (2005) ) *191 | U.S. District Court Northern District of California | Breach of Contract | Sedgwick, Detert, Moran & Arnold | Damages Analysis |
| 88. | The Coleman Company, Inc. v. Fleetwood Enterprises, Inc. & Fleetwood Folding Trailers, Inc. Civil Action No. 03 CV 2029 (2004) *203 | Eighteenth Judicial Court, Sedgewick County, Kansas | Trademark Infringement & Interference with Contract | Foulston Siefkin LLP | Damages Analysis |
| 87. | St. Clair Intellectual Property Licensing, Inc. v. Fuji Photo Film Co. Ltd, Fuji Photo File USA, Inc., and Fujifilm America, Inc. Case No. 03-241-JJF (2004) *199 | U.S. District Court, District of Delaware | Patent Infringement | Robins Kaplan Miller & Ciresi | Damages Analysis |

***Underlined party was my client.

**EXPERT TESTIMONY—COURT** (*Indicates number in deposition section if deposition testimony was given)

| No. | Lawsuit*** | Court | Type | Law Firm/Attorneys | Work Performed |
|-----|-----------|-------|------|-------------------|----------------|
| 86. | St. Clair Intellectual Property Licensing, Inc. v. Canon Inc. and Canon USA, Inc. Case No. 03-241-JJF (2004) *198 | U.S. District Court, District of Delaware | Patent Infringement | Robins Kaplan Miller & Ciresi | Damages Analysis |
| 85. | Immersion Corporation v. Sony Computer Entertainment America, Inc., Sony Computer Entertainment, Inc. and Microsoft Corporation No. C 02-0710 CW (WDB) (2004) *189 | U.S. District Court Northern District of California Oakland Division | Patent Infringement | Irell & Manella | Damages Analysis |
| 84. | Patrick Martin, Inc. and Patrick Walsh v. Ralph Clumeck & Associates, et al. Case No. 03CC06858 (2004) *196 | Orange County Superior Court, California | Breach of Fiduciary Duty | Nordman Cormany Hair & Compton | Damages Analysis |
| 83. | Protocol Services, Inc. v. Evolve Tele-Services, et al. Case No. 5:03 CV 0174 (2004) | U.S. District Court Western District of Michigan Southern Division | Theft of Trade Secret | Jenner & Block | Damages Analysis |
| 82. | Jerome Dahan and Michael Glasser. v. L'Koral and Peter Koral Case No. BC 286577 (2004) *193 | Los Angeles County Superior Court, California | Fraud and Breach of Fiduciary Duty | Browne & Woods Law Offices of Gary Freedman | Business Valuation |
| 81. | Engineered Products Co. v. Donaldson Company, Inc. Civ. No. 98-2106 MJM (2004) *132 | U.S. District Court, Northern District of Iowa | Patent Infringement | Robins, Kaplan, Miller & Ciresi | Damages Analysis |
| 80. | Mallinckrodt, Inc., et al. v. Masimo Corporation Case No. CV 00-6506 MRP (2004) | U.S. District Court Central District of California | Patent Infringement | Knobbe Martens Olson & Bear | Damages Analysis |
| 79. | Meridian Enterprises Corporation v. Carlson Marketing Group, Inc. Case No. 4:01CV1955CDP (2004) *185 | U.S. District Court Eastern District of Missouri, Eastern Division | Patent Infringement | Woodard, Emhardt, Moriarty & McNett | Damages Analysis |
| 78. | Glaxo Group Ltd. and Glaxo Wellcome, Inc. V. Ranbaxy Pharmaceuticals Inc. Civil Action No. 00-5172 MLC (2003) *179 | U.S. District Court District of New Jersey | Patent Infringement | Knobbe Martens Olson & Bear | Damages Analysis |
| 77. | Lyrick Studios, Inc. v. Big Idea Productions, Inc. Civil Action 3-02 CV-0034 M (2003) *173 | U.S. District Court Northern District of Texas, Dallas Division | Breach of Contract | Baker Botts L.L.P. O'Melveny & Myers | Damages Analysis |

***Underlined party was my client.

## EXPERT TESTIMONY—COURT (*Indicates number in deposition section if deposition testimony was given)

| No. | Lawsuit*** | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 76. | LASVN#2, et. al. v. Van Ness and Sperry, et. al., Case No. BC 206251 (2003) *163 | Los Angeles Superior Court, California | Breach of Fiduciary Duty | Krane & Smith | Damages Analysis & Punitive Damages |
| 75. | Carver et al. v. Audio Products International Corp. Case No. CV00-1477L (2003) *164 | U.S. District Court Western District of Washington | Patent Infringement | Christenson, O'Connor, Johnson & Kindness | Damages Analysis |
| 74. | Lowe's Home Centers, Inc. v. General Electric Company Case No. 4:98-CV 0028 (2002) *135 | U.S. District Court, Northern District of Georgia Rome Division | Environmental Contamination | Williams & Connolly | Damages Analysis |
| 73. | City of Hope National Medical Center v. Genentech, Inc. Case No. BC 215152 (2001) & (2002) *154 | Los Angeles Superior Court, California | Breach of Contract | Irell & Manella | Damages Analysis & Punitive Damages |
| 72. | Perry v. Mellon Financial Corporation Case No. 997170 (2001) *157 | San Francisco Superior Court | Breach of Contract | Howard, Rice, Nemerovski, Canady, Robertson & Folk | Damages Analysis |
| 71. | True North Composites LLC v. Trinity Industries Case No. 99-783 (2001) | U.S. District Court District of Delaware | Breach of Contract | Baker Botts L.L.P. | Damages Analysis |
| 70. | MET-Rx Foundation for Health Enhancement, et al. v. MET-RX USA, INC., et al. Case No. 771551  (2000) *126 | Orange County Superior Court, California | Breach of Contract | Feldhake, August & Roquemore | Damages Analysis |
| 69. | Telecontrol Systems, Inc. v. Westec Security, Inc. Case No. BC 188264 (2000) *125 | Los Angeles Superior Court, California | Theft of Trade Secret | Howarth & Smith | Damages Analysis |
| 68. | Hameetman v. Schumann, et al., Case No. SC 049754 (2000) *124 | Los Angeles Superior Court, California | Breach of Contract | Hennigan, Bennett & Dorman | Damages Analysis |
| 67. | Advanced Cardiovascular Systems, Inc. v. Medtronic, Inc. Case Nos. 95-03577 DLJ & 96-00942(DLJ) (1999) *121 | U.S. District Court Northern District of California, Oakland Division | Patent Infringement | Robins, Kaplan, Miller & Ciresi | Damages Analysis |
| 66. | Trovan, Ltd., et al. v. Pfizer, Inc. Case No. 98-0094 (1999) *120 | U.S. District Court, Central District of California | Lanham Act Trademark Infringement | Levin & Hawes | Damages Analysis |
| 65. | Precor Incorporated v. Life Fitness Civil No. C94-1586C (1999) *117 | U.S. District Court Western District of Washington | Patent Infringement, Unfair Competition | Christensen, O'Connor, Johnson & Kindness | Damages Analysis |

***Underlined party was my client.

## EXPERT TESTIMONY—COURT (*Indicates number in deposition section if deposition testimony was given)

| No. | Lawsuit*** | Court | Type | Law Firm/Attorneys | Work Performed |
|-----|-----------|-------|------|-------------------|----------------|
| 64. | Surgin Surgical Instrumentation, Inc. v. Truck Insurance Exchange Case No. 66 2216 (1999) *114 | Orange County Superior Court, California | Breach of Contract | Stradling Yocca Carlson & Rauth | Damages Analysis |
| 63. | Airgas, Inc. v. Praxair, Inc. Case No. 115 (1999) | Common Pleas, First Judicial District of Pennsylvania | Breach of Contract | Cozen & O'Connor | Damages Analysis |
| 62. | Chesterfield Investments, et al. v. Stone Container Corporation Case No. BC 188858 (1999) *113 | Los Angeles Superior Court, California | Breach of Contract | Orrick, Herrington & Sutcliffe | Damages Analysis |
| 61. | Lexecon, Inc. v. Milberg, Weiss, et al. No. 92C7768 (1999) | U.S. District Court, Northern District of Illinois | Abuse of Process | Jenner & Block | Damages Analysis |
| 60. | Saremi, et al. v. Atara, et al. Case No. 387467 (1999) *111 | San Mateo Superior Court, California | Breach of Contract | Nelson, Greenberg & Cohen | Damages Analysis |
| 59. | 9850 Meadowglen Properties v. A.G. Spanos Enterprises, Inc. Case No. BC 084216 (1998) and (1997) | Los Angeles Superior Court, California | Breach of Contract | Freeman & Brown | Damages analysis |
| 58. | Evanite Fiber Corp. v. Lauschaer Glaswerk GmbH, et al. Civil No. 2: 96-3525-18 (1998) *106 | U.S. District Court, District of South Carolina, Charleston Division | Theft of Trade Secret | Farleigh, Wada & Witt | Damages Analysis |
| 57. | Ayre, et al. V. Attwood Corp., et al. Case No. 96-5087-NP (1998) *103 | Circuit Court, County of Kent, Michigan | Wrongful Death | Kell & Lynch; Chaklos, Jungerheld, Hahn & Washburn | Damages Analysis |
| 56. | AMETRON v. Entin, et al. Case No. BC160521 (1998) *101 | Los Angeles Superior Court, California | Usurpation of Corporate Opportunity | Mahoney, Coppenrath, Jaffe & Pearson | Damages Analysis |
| 55. | Koutney v. Exxon Corporation Case No. CV 748293 (1997) | Santa Clara Superior Court, California | Unfair Competition | McClintock, Weston, Benshoof, Rochefort, Rubalvaca & MacCuish | Damages Analysis |
| 54. | Galaxy Networks, Inc. v. Kenan Systems Corp. Civil Action No. CV-95-5568 DDP (1997) *95 | U.S. District Court, Central District of California | Unjust Enrichment, Quantum Meruit | Irell & Manella | Damages Analysis |
| 53. | Potlatch Corporation v. Beloit Corporation Case No. CV 95-01992 (1997) *92 | 2nd Judicial District State of Idaho | Breach of Contract | Sacks Montgomery | Damages Analysis |

***Underlined party was my client.

## EXPERT TESTIMONY—COURT (*Indicates number in deposition section if deposition testimony was given)

| No. | Lawsuit*** | Court | Type | Law Firm/Attorneys | Work Performed |
|-----|-----------|-------|------|-------------------|----------------|
| 52. | The Samuel Goldwyn Co. v. MCEG Virgin Vision, Ltd. Case No. BC 016305 (1997) *91 | Los Angeles Superior Court, California | Breach of Contract | Irell & Manella | Damages Analysis |
| 51. | Competitive Technology, Inc. v. AST Research, Inc. Case No. 74 82 37 (1996) *79 | Orange County Superior Court, California | Tortious Interference with Contract | Stradling, Yocca, Carlson & Rauth | Damages Analysis |
| 50. | Medical Billing, Inc. v. Medical Management Services No. 1:94-CV-1567 (1996) *77 | U.S. District Court Northern District of Ohio, Eastern Division | Breach of Contract | Donovan, Leisure, Newton & Irvine | Damages Analysis |
| 49. | Cook v. Carousel Mall Case No. SCV 07595 (1996) | San Bernardino Superior Court, California | Breach of Fiduciary Duty | Howarth & Smith | Damages Analysis |
| 48. | Forti v. General Dynamics No. KC 016871/017393 (1996) *73 | Los Angeles Superior Court, California | Breach of Contract | Howarth & Smith | Business Valuation |
| 47. | Wilcox & Devineni v. Wilkes-Barre General Hospital Case No. 5418-C-1990 (1996) | Court of Common Pleas, Lucerne County, Pennsylvania | Breach of Contract | Nash & Company | Damages Analysis |
| 46. | TLB, Inc. v. Platinum Software Civil No. 95WY621 (1996) *72 | U.S. District Court of Colorado | Tortious Interference with Contract | Stradling, Yocca, Carlson & Rauth | Damages Analysis |
| 45. | In re: AST Research Securities Litigation CV-94-1370 SVW (1995) *66 | U.S. District Court, Central District of California | Action Securities Case | Prongay & Mikolajcyk; Greenfield & Rifkin | Damages Analysis |
| 44. | TRW, Inc. v. Talley Industries CIV 94-0350-PHX-PGR (1995) *64 | U.S. District Court, District of Arizona | Breach of Contract | Donovan, Leisure, Newton & Irvin; Cohen & Cotton | Damages Analysis |
| 43. | Supra Corporation v. D.L. Horton Enterprises, Inc. BC 093085 (1995) *61 | Los Angeles Superior Court, California | Breach of Fiduciary Duty | Stradling, Yocca, Carlson & Rauth | Damages Analysis |
| 42. | Portland 76 v. UNOCAL, et al. Case No. 92-1635 (1995) | U.S. District Court District of Oregon | Breach of Contract | Ball, Janik & Novack | Damages Analysis |
| 41. | Mortorff v. Scotti Bros. Entertainment No. BC 022503 (1995) | Los Angeles Superior Court, California | Breach of Contract | Law Offices of James P. Tierney | Damages Analysis |

***Underlined party was my client.

**EXPERT TESTIMONY—COURT** (*Indicates number in deposition section if deposition testimony was given)

| No. | Lawsuit*** | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 40. | Mahne v. Crown Roll Leaf<br>No. BC069435 (1994) *59 | Los Angeles Superior Court, California | Breach of Contract | Quinn, Emanuel, Urquhart & Oliver | Damages Analysis |
| 39. | Castro v. Paine Webber, Inc.<br>No. 1:94CV65 and No. 1:94CV256 (1994) | U.S. District Court, Eastern Division of Texas | Class Action Securities Case | Provost & Umphrey | Fairness of Settlement |
| 38. | Virgin Vision Ltd. v. The Samuel Goldwyn Co.<br>No. BC-013701 (1994) *58 | Los Angeles Superior Court, California | Intellectual Property | Law Offices of James P. Tierney | Damages Analysis |
| 37. | Chaintool Company v. Workman, Nydegger & Jensen<br>Civil No. 900903226CV (1994) *55 | Third Judicial Court, Salt Lake City, Utah | Patent Attorney Malpractice | Wilkins, Oritt & Headman | Damages Analysis |
| 36. | In re: Information Resources, Inc.<br>Civil No. 89C 3712 (1994) *53 | U.S. District Court, Northern District of Illinois | Class Action Securities Case | Freeborn & Peters; Katten, Muchin & Zavis | Budgeting |
| 35. | Lawrence v. Equipment Denis<br>(1993) | Circuit Court, Multnomah County, Oregon | Products Liability | Farleigh, Wada & Witt | Damages Analysis |
| 34. | Georgia Pacific v. Corrugated Partitions, Inc.<br>(1993) | Orange County Superior Court, California | Breach of Contract | Howarth & Smith | Alter Ego Analysis |
| 33. | Grice Industries v. Ingman<br>(1993) | Circuit Court, Lane County, Oregon | Patent Attorney Malpractice | Williams & Troutwine | Damages Analysis |
| 32. | Boly v. Boly<br>(1992) | Circuit Court, Multnomah County, Oregon | Marital Dissolution | Gevurtz, Menashe, Hergert, Larson & Kurshner | Business Valuation |
| 31. | Rekdahl v. Owens Illinois<br>(1992) | Los Angeles Superior Court, California | Products Liability | Howarth & Smith | Punitive Damages |
| 30. | E.J. Bartells Co. v. A.P. Green Industries<br>(1992) *42 | King County Superior Court, Washington | Securities Laws Violations | Thompson & Mitchell | Damages Analysis |
| 29. | Glock v. Owens Illinois<br>(1991) | Philadelphia County Court, Pennsylvania | Products Liability | Howarth & Smith | Punitive Damages |
| 28. | Ixsys v. Stratagene<br>(1991) *38 | San Diego Superior Court, California | Intellectual Property | Pillsbury, Madison & Sutro | Damages Analysis |
| 27. | WSI v. Port of Portland<br>(1991) | Circuit Court, Multnomah County, Oregon | Breach of Contract | Bogle & Gates | Damages Analysis |

***Underlined party was my client.

## Expert Testimony—Court (*Indicates number in deposition section if deposition testimony was given)

| No. | Lawsuit*** | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 26. | Torppe v. Saint Joseph Medical Center (1991) | Los Angeles, Superior Court, California | Medical Malpractice | Gibson, Dunn & Crutcher | Damages Analysis |
| 25. | Keike v. Owens Illinois (1991) | Circuit Court, Hawaii | Asbestos | Greeley, Walker & Kowen | Punitive Damages |
| 24. | Gresham v. Warren Tool (1991) | Circuit Court, Multnomah County, Oregon | Product Liability | Farleigh, Wada & Witt | Damages Analysis |
| 23. | Ingram v. Owens Illinois (1990) *36 | U.S. District Court, Oregon | Asbestos | Morgenstein & Jubelirer | Punitive Damages |
| 22. | First Interstate Bank of Washington v. AFC (1990) *33 | King County Superior Court, Washington | Lender Liability | Davis, Wright & Tremaine | Damages Analysis |
| 21. | Woodbridge Plaza v. Bank of Irvine (FDIC) (1990) *30 | Orange County Superior Court, California | Breach of Contract | Bidna & Keys | Real Estate Valuation |
| 20. | Hammersmith v. Taco Bell Corp. (1990) *27 | U.S. District Court, Oregon | Fraud | Skadden, Arps, Slate, Meagher & Flom | Damages Analysis |
| 19. | Pioneer Hi-Bred v. Holden Foundation Seeds (1989) *26 | U.S. District Court, Iowa | Theft of Trade Secret | Grefe & Sidney | Damages Analysis |
| 18. | In re: Desert High Foods, Inc. (1989) | U.S. Bankruptcy Court, Eastern District of California | Bankruptcy | Gendel, Raskoff, Shapiro & Quittner | Business Valuation |
| 17. | ASD, Ltd. v. Carolina Lanes, Inc. (1989) | Los Angeles Superior Court, California | Unlawful Detainer | Law Offices of Frank Whitehead | Revenue Analysis |
| 16. | Hideaway Productions v. Ampex Corp. (1989) *25 | Los Angeles Superior Court, California | Breach of Implied Warranties, Fraud | Rosenfeld, Meyer & Susman | Damages Analysis |
| 15. | Bernstein v. Delta Airlines (1989) *23 | U.S. District Court, Southern District of Florida | Wrongful Death | Steven Walker; Jenner & Block | Damages Analysis |
| 14. | Lippman v. Levy (1989) *22 | Los Angeles Superior Court, California | Breach of Contract, Fraud | Browne & Woods | Business Valuation |
| 13. | Kay Co. v. HCC Industries (1989) *20 | U.S. District Court, Southern District of Texas | Product Liability | Mayer, Day & Caldwell | Alter Ego Analysis |

***Underlined party was my client.

## EXPERT TESTIMONY—COURT (*Indicates number in deposition section if deposition testimony was given)

| No. | Lawsuit*** | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 12. | Challenge/Cook Brothers v. LCB Holdings (1989) | Federal District Court, Central District of California | Breach of Contract | Loeb & Loeb | Business Valuation |
| 11. | Gursey v. Landon (1988) | Los Angeles Superior Court, California | Accounting Malpractice | Haight, Brown & Bonesteel | Professional Standards |
| 10. | Redacted v. Redacted (1988) *17 | Los Angeles Superior Court | Professional Negligence | Riordan & Mckenzie | Professional Negligence & Damages Analysis |
| 9. | George W. Gaulding, Jr. v. River Downs Investments Co. (1988) | U.S. Bankruptcy Court, Central District of California | Bankruptcy, Breach of Fiduciary Duty | Lobel, Winthrop & Broker | Investigatory Accounting |
| 8. | Egilsson v. Polarknit (1987) | Federal District Court, Central District of California | Antitrust | Shea & Gould | Damages Analysis |
| 7. | Newman v. Stutman, Treister & Glatt (1986) | Los Angeles Superior Court, California | Legal Malpractice | Irell & Manella | Damages Analysis |
| 6. | Stewart v. Stewart 1986 | Orange County Superior Court, California | Fraud to Set Aside Marital Dissolution Property Settlement | Hunt, Colaw & Roe, Inc. | Business Valuation |
| 5. | Prowizor v. City of Los Angeles (1986) | Los Angeles City Administrative Hearing, California | Wrongful Termination | Lowe & Marr | Damages Analysis |
| 4. | Asphalt Specialties, Inc. v. State of California (1986) | Riverside Superior Court, California | Breach of Contract | Legal Staff of California Department of Transportation | Damages Analysis |
| 3. | Cadillac Fairview/California, Inc. v. Atlantic Mutual Insurance Co. 1985 | Federal District Court, Northern District of California | Breach of Insurance Contract | Irell & Manella | Analysis of Reasonableness of Attorney Fees |
| 2. | Decorative Carpets v. Barkhordarian (1983 and 1988) *3 | San Francisco Superior Court, California | Constructive Eviction | Pillsbury, Madison & Sutro | Damages Analysis |
| 1. | Bernstein v. L.A. New Hospital (1983) | Los Angeles Superior Court, California | Breach of Contract | Gold, Herscher, Marks & Pepper | Damages Analysis |

***Underlined party was my client.

**EXPERT TESTIMONY—DEPOSITION** (\*\*If <u>Protective Order</u> in place)

| No. | Lawsuit\*\*\* | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 365. | <u>TecSec, Inc.</u> v. Adobe Systems, Inc. Case No. 1:10-cv-00115-LO-TCB (2018)\*\* | U.S. District Court, Eastern District of Virginia | Patent infringement | Hunton & Williams LLP | Damages Analysis |
| 364. | Cellular Communications Equipment LLC v. <u>ZTE Corporation, ZTE (USA) Inc., ZTE Solutions,Inc.</u>., et al. Civil Action No. 6:16-cv-476 (2018)\*\* | U.S. District Court, Eastern District of Texas, Tyler Division | Patent infringement | Pillsbury Winthrop Shaw Pittman LLP | Damages Analysis |
| 363. | Cellular Communications Equipment LLC v. <u>HTC Corporation, HTC America, Inc.,</u> et al. Civil Action No. 6:16-cv-475 (2018)\*\* | U.S. District Court, Eastern District of Texas, Tyler Division | Patent infringement | Pillsbury Winthrop Shaw Pittman LLP | Damages Analysis |
| 362 | <u>Intellectual Ventures II LLC v. FedEx Corp., Federal Express Corp., FedEx Ground Package Systems, Inc., FedEx Freight, Inc., FedEx Custom Critical Inc., FedEx Office and Print Services, Inc., and GENCO Distribution Systgems, Inc.</u> Civil Action No. 2:16-cv-980 (2018)\*\* | U.S. District Court, Eastern District of Texas, Marshall Division | Patent Infringement | Desmarais, LLP | Damages Analysis |
| 361 | Vesta Corporation v. <u>Amdocs Management Limited and Amdocs, Inc.</u> Civil Action No. 3:14-cv-01142-HZ (2017)\*\* | U.S. District Court, District of Oregon | Theft of trade Secrets, Breach of Contract | Katten Muchin Rosemann LLP<br>Stoll Berne | Damages Analysis |
| 360 | <u>Sound View Innovations, LLC</u> v. Facebook, Inc. Case No. 16-116-RGA (2017)\*\* | U.S. District Court, District of Delaware | Patent Infringement | Desmarais, LLP | Damages Analysis |
| 359. | Straight Path IP Group, Inc. V. <u>Cisco Systems, Inc</u>. Case No. 3:16-cv-03463-WA (2017)\*\* | U.S. District Court, Northern District of California, San Francisco Division | Patent Infringement | Desmarais, LLP | Damages Analysis |
| 358. | <u>Lotes Co., LTD.</u> v. Hon Hai Precision Industry Co., LTD. and Foxconn Electronics, Inc. Case No. 3:11-CV-01036-WHA (2017)\* | U.S. District Court, Northern District of California, San Francisco Division | Breach of Contract, Breach of Covenant of Good Faith and Fair Dealing, Patent Infringement | Sheppard Mullin Richter & Hampton | Damages Analysis |
| 357. | <u>Bladeroom Group Limited and BRIPCO (UK) Limited</u> v. Facebook, Inc., Emerson Electric Co., Emerson Network Power Solutions, Inc., and Liebert Corporation Case No. 5:15-cv-01370-EJD (2017)\*\* | U.S. District Court, Northern District of California, San Jose Division | Theft of Trade Secrets | Farella Braun & Martell | Damages Analysis |

\*\*\*Underlined party was my client.

## EXPERT TESTIMONY—DEPOSITION (**If <u>Protective Order</u> in place)

| No. | Lawsuit*** | Court | Type | Law Firm/Attorneys | Work Performed |
|-----|-----------|-------|------|-------------------|----------------|
| 356. | <u>Waymo LLC</u> v. Uber Technologies, Inc.; Ottomotto LLC; and Otto Trucking LLC Civil Action No. 3:17-CV-00939-WHA (2017)** | U.S. District Court, Northern District of California, San Francisco Division | Theft of Trade Secrets | Quinn Emanuel | Damages Analysis |
| 355. | <u>Jibe Audio, LLC and Steven Lamar</u> v. Pentagram Design, Inc., Hinrichs & Associates, Jimmy Iovine, Andre Young P/K/A Dr. Dre, Beats Electronics, LLC, Ammunition, LLC, and Robert Brunner Case No. BC533089 (2017)** | Los Angeles Superior Court, State of California | Breach of Contract, Breach of Fiduciary Duties, Intentional Interference with Contractual Relations. | Susman Godfrey | Damages Analysis |
| 354. | <u>Intellectual Ventures II LLC</u> v. JPMorgan Chase & Co., JPMorgan Chase Bank National Association, Chase Bank National Association, Chase Paymentech Solutions LLC and Paymentech LLC  Civil Action No. 13 CIV 3777 (AHK) (2017)** | U.S. District Court of New York | Patent Infringement | Feinberg Day Alberti & Thompson | Damages Analysis |
| 353. | <u>Kenwood Investments No. 2, LLC</u> v. Federated Indians of the Graton Rancheria AAA Case No. 01-15-005-6087, JAMS No. 1110019071 (2017) | American Arbitration Association – San Francisco | Breach of Contract | Winston & Strawn | Alter Ego Analysis |
| 352. | <u>Intellectual Ventures I LLC and Intellectual Ventures II LLC</u> v. Symantec Corp. and Veritas Technologies LLC Case No. 13-cv-440 (LPS) (2016)** | U.S. District Court, District of Delaware | Patent Infringement | Susman Godfrey, LLP | Damages Analysis |
| 351. | Tatung Company LTD. v, <u>Shu Tze Hsu, Shour-Por Houng, Chin-Ying Hsu, Howard Houng, ChiMei Trading Co., LTD, Rich Demander, Li Fu Investment Co., and Gregory Hu</u> Case No. SACV13-01743 DOC (ANx) (2016) | U.S. District Court, Central District of California, Southern Diversion (Santa Ana) | Alter Ego | Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C. | Alter Ego Analysis |
| 350. | Fowler Packing Company, Inc. v. <u>Berne H Evans, III, Sun Pacific Shippers L.P., Sun Pacific Marketing Cooperative, Inc., Evans AG GP, Inc.,</u> Paramount Citrus Association, and Maricopa Packers, L.P. Case No. 12DEDG01301 (2016)** | Superior Court of California, County of Fresno Civil Division | Breach of Contract, Promissory Estoppel, Fraud | Gibson Dunn | Damages Analysis |

***Underlined party was my client.

## EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit*** | Court | Type | Law Firm/Attorneys | Work Performed |
|-----|-----------|-------|------|--------------------|----------------|
| 349. | ORIX USA Corporation v. Preston Hollow Capital, LLC  Civil Action No. 5:15-CV-00170 (2016)** | U.S. District Court, Eastern District of Texas, Texarkana Division | Unfair Competition, Lanham Act Claims, trademark and service mark infringment | Jackson Walker | Damages Analysis |
| 348. | Joyce L. Ielmini, et al. v. Angelo M. Ielmini et al. Case No. 677740 (2016) | Superior Court of California, County of Stanislaus | Breach of Fiduciary Duty | Damrell, Nelson, Schrimp, Pallios, Pacher & Silva | Damages Analysis |
| 347. | Masimo Corporation v. Philips Electronics North America Corporation and Philips Medizin Systeme Boblingen GMBH Civil Action No. 09-080 and 11-742-LPS-MPT (JJF)(2016)** | U.S. District Court, District of Delaware | Patent Infringement | Knobbe Martens Olson & Bear | Damages Analysis |
| 346. | Teva Pharmaceuticals USA, Inc. and Mayne Pharma International PTY LTD v. Forest Laboratories, Inc. and Forest Pharmaceuticals, Inc. Civil Action No. 13-2002 (GMS) (2016)** | U.S. District Court, District of Delaware | Patent Infringement | Calfee Halter & Griswold | Damages Analysis |
| 345. | Herbalife Ltd. v. KPMG, LLP (2016)** | Non-Administered Arbitration of the International Institute for Conflict Prevention and Resolution | Breach of contract, Breach, Tortious Interference with Prospective Economic Advantage | Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C. | Damages Analysis |
| 344. | CardiAQ Valve Technologies, Inc. v. Neovasc, Inc. and Neovasc Tiara, Inc., Case No. 1:14-CV-12405-NMG (2015)** | U.S. District Court, District of Massachusetts | Theft of Trade Secrets, Breach of Contract, Fraud, and deceptive trade practices | Knobbe Martens Olson & Bear | Damages Analysis |
| 343. | GO Computer, Inc. and S. Jerrold Kaplan v. Microsoft Corporation, Case No. CGC-05-442684 (2015)** | San Francisco Superior, California | Unfair Competition | Kilpatrick Townsend<br><br>Kellog, Huber, Hansen, Todd, Evans & Figel | Damages Analysis |
| 342. | Masimo Corp. and Masimo International SARL v. Shenzhen Mindray Bio-Medical Electronics Co., Ltd. Civil Action No. SACV12-02206 CJC (JPRx) (2015)** | U.S. District Court, Central District of California Southern Division | Patent Infringement | Knobbe Martens Olson & Bear | Damages Analysis |

***Underlined party was my client.

**EXPERT TESTIMONY—DEPOSITION** (**If <u>Protective Order</u> in place)

| No. | Lawsuit*** | Court | Type | Law Firm/Attorneys | Work Performed |
|-----|-----------|-------|------|--------------------|----------------|
| 341. | FieldTurf USA, Inc. and FieldTurf Tarkett, Inc. v. <u>AstroTurf LLC.</u> Case No. 2: 10-CV-12492-SJM-MJG (2015)** | U.S. District Court, Eastern District of Michigan Southern Division | Patent Infringement Lanham Act | Bejin VanOphem Bieneman PLC | Damages Analysis |
| 340. | <u>Wi-LAN USA, Inc. and Wi-LAN Inc.</u> v. Tele-fonaktiebolaget LM Ericsson and Ericsson Inc. Case No. 1:12-cv-23569-DMM (2015)** | U.S. District Court, Southern District of Florida | Patent Infringement | Susman Godfrey, LLP | Damages Analysis |
| 339. | Emulex Corporation v. <u>Renesas Electronics America Inc.</u> No. 1100077501 (2015)** | JAMS, San Francisco, CA | Breach of Indemnity Agreement re Patent Infringement | Arnold & Porter | Damages Analysis |
| 338. | Adaptix, Inc. v. <u>Alcatel-Lucent USA, Inc., AT&T Mobility LLC, Cellco Partnership d/b/a Verizon Wireless, and Sprint Spectrum</u> Civil Actions No. 6:12-cv-0022, No. 6:13-cv-0049, and No. 6:13-cv-0050 (2014)** | U.S. District Court, Eastern District of Texas, Tyler Division | Patent Infringement | Quinn Emanuel | Damages Analysis |
| 337. | <u>Eagle Harbor Holdings LLC  and Mediustech LLC</u> v. Ford Motor Company Case No. 3:11-cv-05502-BHS (2014)** | U.S. District Court, Western District of Washington | Patent Infringement | Susman Godfrey, LLP | Damages Analysis |
| 336. | <u>Phillips 66 Company</u> v. Atlantic Richfield Company, BP West Coast Products LLC, Tesoro Corporation, Tesoro Refining & Marketing Company LLC Case No. BC 518730 (2014)** | Los Angeles Superior Court, California | Breach of Contract Tortious Interference with Contract | Glynn & Finley, LLP | Damages Analysis |
| 335. | Anesta AG, Aptalis Pharmatech, Inc. and IVAX International GMBH v. <u>Mylan Pharmaceuticals, Inc. and Mylan, Inc.</u> Case No. 08-889-SLR (2014)** | U.S. District Court, District of Delaware | Patent Infringement | Wiley Rein, LLC | Damages Analysis |
| 334. | <u>Intellectual Ventures I LLC and Intellectual Ventures II LLC</u> v. Capital One Financial Corporation, Capital One Bank (USA), National Association and Capital One, National Association Case No. 1:13-cv-740-AJT-TRJ (2014)** | U.S. District Court, Eastern District of Virginia | Patent Infringement | Feinberg Day | Damages Analysis |

***Underlined party was my client.

## EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit*** | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 333. | Florida Atlantic University Research Corp., et al. v. TPV Technology Limited, et al.; Asus Computer International, et al.; and Acer Inc., et al. Case Numbers. 9:12-CV-80701-PAS, 9:12-CV-80697- PAS, and 9:12-CV-80694-PAS  (2014)** | U.S. District Court, Southern District of Florida | Patent Infringement | Hunton & Williams LLP | Damages Analysis |
| 332. | SanDisk Corporation v. Round Rock Research LLC Case No. 3:11-cv-05243-RS (2014)** | U.S District Court, Northern District of California | Patent Infringement | Desmarais, LLP | Damages Analysis |
| 331. | Chiquita Fresh North America, L.L.C. v. Greene Transport Company and John Greene Logistics Company Case No. C-11-06683 DMR (2014) | U.S District Court, Northern District of California | Breach of Contract | Phillips Spallas & Angstadt LLP | Alter Ego |
| 330. | Bryan Michael Stow, et.al. v. Los Angeles Dodgers, LLC et. al. Case No. BC462127 (2014) | Los Angeles Superior Court, California | Negligence | Lewis Brisbois Bisgaard & Smith LLP | Alter Ego |
| 329. | SquareTrade, Inc. v. AmTrust North America, Inc. and AMT Warranty Corp. Ref. No. 74-195-Y-000341-13 (2013) | American Arbitration Association, San Francisco | Breach of Contract | Arnold & Porter LLP | Damages Analysis |
| 328. | Wi-LAN USA, INC. and Wi-LAN Inc. v. Toshiba Corporation; Toshiba America, Inc.; Toshiba America Electronic Components, Inc.; and Toshiba America Information Systems, Inc. Case No. 12-Civ-23744 (2013)** | U.S District Court, Southern District of Florida | Patent Infringement | Kilpatrick Townsend & Stockton LLP | Damages Analysis |
| 327. | Intellectual Ventures I LLC and Intellectual Ventures II LLC v. Altera Corporation and Xilinx, Inc. Civil Action No. 10-1065-LPS (2013)** | U.S. District Court, District of Delaware | Patent Infringement | Desmarais, LLP | Damages Analysis |
| 326. | Applied Medical Resources Corporation v. Tyco Healthcare Group LP d/b/a Covidien Civil Action No. SACV11-01406JVS (ANx) (2013)** | U.S. District Court, Central District of California | Patent Infringement | Knobbe Martens Olson & Bear | Damages Analysis |

***Underlined party was my client.

## EXPERT TESTIMONY—DEPOSITION (**If <u>Protective Order</u> in place)

| No. | Lawsuit*** | Court | Type | Law Firm/Attorneys | Work Performed |
|-----|-----------|-------|------|-------------------|----------------|
| 325. | <u>C-Cation Technologies, LLC</u> v. Comcast Corporation, Charter Communications, Inc., Cequel Communications, LLC d/b/a Suddenlink Communications, and Cable One, Inc. Civil Action No. 2:11-cv-30 (2013)** | U.S. District Court, Eastern District of Texas, Marshall Division | Patent Infringement | Kenyon & Kenyon | Damages Analysis |
| 324. | TracBeam v. <u>AT&T, Inc. and AT&T Mobility L.L.C.</u> Case No. 6:11-cv-96 (2013)** | U.S. District Court, Eastern District of Texas, Tyler Division | Patent Infringement | Baker Botts | Damage Analysis |
| 323. | <u>Guzik Technical Enterprises, Inc.</u> v. Western Digital Corporation, et al. Case No.:11-cv-03786-PSG (2013)** | U.S District Court, Northern District of California | Patent Infringement, Theft of Trade Secrets, and Breach of Contract | Kilpatrick Townsend | Damages Analysis |
| 322. | <u>Intellectual Ventures I LLC</u> v. Symantec Corp. Civil Action No. 10-cv-1065-LPS (2013)** | U.S. District Court, District of Delaware | Patent Infringement | Susman Godfrey LLP | Damages Analysis |
| 321. | <u>Intellectual Ventures I LLC</u> v. Trend Micro Incorporated and Trend Micro, Inc. (USA) Civil Action No. 12-cv-1581-LPS (2013)** | U.S. District Court, District of Delaware | Patent Infringement | Susman Godfrey LLP | Damages Analysis |
| 320. | <u>Carl B. Collins and Farzin Davanloo</u> v. Nissan North America, Inc. and Nissan Motor Co., Ltd. Case No. 2:11-cv-00428-DF (2013)** | U.S. District Court, Eastern District of Texas, Marshall Division | Patent Infringement | Jackson Walker | Damages Analysis |
| 319. | <u>Language Line Services, Inc.</u> v. Language Services Associates, Inc., William Schwartz, and Patrick Curtin Case No. CV 10-02605-JW (2013)** | U.S. District Court, Northern District of California | Theft of trade secrets | Murphy, Rosen, Meylan LLP<br>Holmes Weinberg PC | Value of trade secrets |
| 318. | <u>EasyWeb Innovations, LLC</u> v. Twitter, Inc. Civil Action No. 2:11-cv-4550 (JFB)(WDW) (2012)** | U.S. District Court, Eastern District of New York | Patent Infringement | Desmarais, LLP | Damages Analysis |
| 317. | In re Heller Ehrman LLP and Heller Ehrman LLP, Liquidating Debtor v. <u>Jones Day</u> Case No. 08-32514 DM (2012)** | U.S. Bankruptcy Court, Northern District of California, San Francisco Division | Bankruptcy | Jones Day | Damages Analysis |

***Underlined party was my client.

**EXPERT TESTIMONY—DEPOSITION** (**If <u>Protective Order</u> in place)

| No. | Lawsuit*** | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 316. | XpertUniverse, Inc. v. <u>Cisco Systems, Inc.</u> Civil Action No. 09-157-RGA (2012)** | U.S. District Court, District of Delaware | Theft of Trade Secrets, Fraud, Conversion and Patent Infringement | Morgan Lewis & Bockius | Damages Analysis |
| 315. | <u>Innovative Sonic Limited</u> v. Research In Motion Ltd. And Research In Motion Corporation Civil Action No. 3:11-CV-706 (2012)** | U.S. District Court, Northern District of Texas | Patent Infringement | Cooley LLP | Damages Analysis |
| 314. | <u>Boston Scientific Corp. et al.</u> v. Mirowski Family Ventures, LLC Civil Action 1:11-cv-00736 (2012)** | U.S. District Court, Southern District of Indiana | Satisfaction of Royalty Obligation | Finnegan Henderson Farabow, Garrett & Dunner | Damages Analysis |
| 313. | Mee Industries, Inc. v. <u>Wasserman Comden & Casselman, L.L.P., I Donald Weissman</u>, David & McElyea, P.A., John McElyea and D. Paul McCaskill Case No. 2011-CA-004008-O (2012) | Ninth Judicial District, Orange County, Florida | Legal Malpractice | Hill Ward Henderson | Damages Analysis |
| 312. | <u>TV Interactive Data Corporation</u> v. Sony Corporation; Sony Computer Entertainment Inc.,; Sony Computer Entertainment America, Inc.; Sony Corporation of America; and Sony Electronics Co., Ltd  Case No. C 10-00475 PJH (2012)** | U.S. District Court, Northern District of California | Patent Infringement | Robins Kaplan Miller & Ciresi | Damages Analysis |
| 311. | <u>Masimo Corporation</u> v. Philips Electronics North America Corporation and Philips Medizin Systeme Boblingen GMBH Civil Action No. 09-080 (JJF) (2012)** | U.S. District Court, District of Delaware | Patent Infringement | Knobbe Martens Olson & Bear | Damages Analysis |
| 310. | <u>Gen-Probe, Incorporated</u> v. Becton, Dickinson and Company Case Action No. 09 CV 2319 and 10 CV 0602 BEN (NLS) (2012)** | U.S. District Court, Southern District of California | Patent Infringement | Latham & Watkins | Damages Analysis Commercial Success |
| 309. | <u>Shelbyzyme LLC</u> v. Genzyme Corporation Civil Action No. 09-768 (GMS) (2012)** | U.S. District Court, District of Delaware | Patent Infringement | Quinn Emanuel | Damages Analysis |

***Underlined party was my client.

## EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit*** | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 308. | Apple, Inc. v. Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America, LLC Case No. 12-cv-00630-LHK (2012), (2013), (2015), (2016), and (2018)** | U.S. District Court, Northern District of California, San Jose Division | Patent Infringement | Quinn Emanuel | Irreparable Harm<br>Damages Analysis |
| 307. | Apple Inc. and Next Software, Inc. (f/k/a NeXT Computer v. Motorola, Inc., and Motorola Mobility, Inc. Case No. 1:11-CV-08540 (2012)** | U.S. District Court, Northern District of Illinois | Patent Infringement | Quinn Emanuel | Damages Analysis |
| 306. | iHance, Inc. v. Eloqua Limited and Eloqua Corporation Case no. 2:11 CV 257 (MSD/TEM) (2012)** | U.S. District Court, Eastern District of Virginia | Patent Infringement | Williams & Connolly | Damages Analysis |
| 305. | CooperVision Inc. v. CIBA Vision A.G. Docket No. 50-122-T-00363-11 (2012)** | American Arbitration Association International Centre for Dispute Resolution | Breach of Patent License | Irell & Manella | Damages Analysis |
| 304. | WesternGeco L.L.C. v. ION Geophysical Corporation, Fugro-Geoteam, Inc., Fugro-Geoteam AS, Fugro Norway Marine Services AS, Fugro, Inc., Fugro (USA), Inc., and Fugro Geoservices, Inc. Civil Action No. 4:09-cv-1827 (2012)** | U.S. District Court, Southern District of Texas, Houston Division | Patent Infringement | Royston Raynor | Damages Analysis |
| 303. | St. Clair Intellectual Property Consultants, Inc. v. Microsoft, Intel, Dell, Toshiba, Lenovo, and Acer Civil Action No. 09-353-JJF, 09-704-JJF, and 10-282-LPS (2012)** | U.S. District Court, District of Delaware | Patent Infringement | Rader, Fishman and Grauer PLLC | Damages Analysis |
| 302. | Technology & Intellectual Property Strategies Group PC v. Basil P. Fthenakis and Cambridge CM, Inc. Case No. CV 11-02373 CRB (2012)** | U.S. District Court, Northern District of California, San Francisco Division | Copyright, Trademark, Conversion, Labor Code Violations & Breach of Contract | Law Office of William Milks | Damages Analysis |

***Underlined party was my client.

## EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit*** | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 301. | Dollar Tree Stores, Inc. v. Toyoma Partners, LLC, Peter Pau d/b/a Sand Hill Property Company, Peter Pau, Sand Hill Property Management Company, Susanna Pau, and Capella-Mowry, LLC Case No. CV-10-0325 SI (2011)** | U.S. District Court, Northern District of California | Breach of Contract and Unfair Competition | Fox Rothschild LLP | Alter Ego and Damages Analysis |
| 300. | Rembrandt Vision Technologies, L.P. v. Johnson & Johnson Vision Care, Inc. Civil Action No. 3:11-cv-00819-J-32-JRK (2011)** | U.S. District Court, Middle District of Florida, Jacksonville Division | Patent Infringement | Robins Kaplan Miller & Ciresi | Damages Analysis |
| 299. | Datel Holdings, Ltd. And Datel Design & Development, Inc. v. Microsoft Corporation Case No. CV-09-5535 EDL (2011)** | U.S. District Court, Northern District of California, San Francisco Division | Theft of Trade Secret, Copyright, Trademark | Howard Rice Nemerovski, Canady, Falk & Rabkin | Damages Analysis |
| 298. | Whirlpool Corporation and Maytag Corporation v. Sensata Technologies, Inc. and Texas Instruments, Inc. Case No. 09 L 1022 (2011) | Circuit Court of Cook County, Illinois | Product Liability | Greenberg Traurig | Damages Analysis |
| 297. | Redacted v. Redacted (2011)** | American Arbitration Association- New York | Breach of Patent Transfer Agreement | Schnader Harrison Segal and Lewis LLP | Damages Analysis |
| 296. | Apple, Inc. v. Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America, LLC Case No. 11-cv-01846-LHK (2011 2012, 2013, 2015, and 2016)** | U.S. District Court, Northern District of California, San Jose Division | Patent Infringement | Quinn Emanuel | Irreparable Harm & Damages Analysis |
| 295. | HTC Corporation et al. v. IPCom GmbH & Co., KG 1:08:cv-01897-RMC (2011)** | U.S. District Court, District of Columbia | Patent Infringement | Kilpatrick Townsend & Stockton | Damages Analysis |
| 294. | Microsoft Corporation v. Motorola Mobility, Inc. 1:10-CV-24063 Moreno (2011)** | U.S. District Court, Southern District of Florida | Patent Infringement | Ropes & Gray | Damages Analysis |
| 293. | ActiveVideo Networks, Inc. v. Verizon Communications, Inc. et al. Civil Action No. 2:10cv248 (2011)** | U.S. District Court, Eastern District of Virginia | Patent Infringement | Morgan Lewis & Bockius | Damages Analysis Commercial Success |

***Underlined party was my client.

## EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit*** | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 292. | Starcrest Products of California v. Millennium Corporate Solutions and Lexington Insurance Company Case No. RIC 434493 (2011)** | Riverside County Superior Court, California | Breach of Contract | Law Office of David Gerber | Damages Analysis |
| 291. | Tamrarack Scientific Co., Inc. v. Ultratech, Inc. Case No. RIC450454 (2011)** | Riverside County Superior Court, California | Malicious prosecution | Thompson & Knight; Hale & Associates | Damages Analysis |
| 290. | Grimaud Farms of California, Inc. v. Whole Foods Market California and Whole Foods Market Services, Inc. Case No. CV030845 (2011) | San Joaquin County Superior Court, California | Breach of contract, Fraud, Tortious Interference with Contract. | Damrell, Nelson, Schrimp, Pallios, Pacher & Silva | Damages Analysis |
| 289. | Wellogix, Inc. v. Accenture, LLP Civil Action No. 3:08-CV-119 (2011)** | U.S. District Court, Southern District of Texas | Theft of Trade Secrets Interference with Contract | Laminack, Pirtle & Martines | Damages Analysis |
| 288. | Tecsec, Inc. v. International Business Machines Corp. Case No. 1:10-cv-115-LMB/TCB (2010)** | U.S. District Court, Eastern District of Virginia | Patent Infringement | Hunton & Williams | Damages Analysis |
| 287. | St. Jude Medical, Inc. and St. Jude Medical Puerto Rico LLC v. Access Closure, Inc. Case No. 4:08-cv-04101-HFB (2010)** | U.S. District Court, Western District of Arkansas, Texarkana  Division | Patent Infringement | Quinn Emanuel | Damages Analysis |
| 286. | Lectec Corporation v. Chattem, Inc. and Prince of Peace Enterprises, Inc. Case No. 5:08-cv-00130-DF (2010)** | U.S. District Court, Eastern District of Texas, Texarkana Division | Patent Infringement | Rader, Fishman and Grauer | Damages Analysis |
| 285. | E.I. du Pont de Nemours and Company v. Kolon Industries, Inc. Civil Action No. 3:09cv58 (2010)** | U.S. District Court, Eastern District of Virginia | Theft of trade secrets | Paul Hastings | Damages Analysis |
| 284. | Volterra Semiconductor Corp. v. Primarion, Inc., Infineon Technologies AG, and Infineon Technologies North America Corp. Case No. CV 08-5129 JCS (2010 and 2013)** | U.S. District Court, Northern District of California | Patent Infringement | Farella Braun & Martel | Commercial Success and Price Erosion |
| 283. | Advanced Micro Devices, Inc. v. Samsung Electronics Co., et al. Civil Action No. CV-08-0986-SI (2010)** | U.S. District Court, Northern District of California, San Francisco Division | Patent Infringement | Robins Kaplan Miller & Ciresi | Damages Analysis |

***Underlined party was my client.

## EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit*** | Court | Type | Law Firm/Attorneys | Work Performed |
|-----|-----------|-------|------|--------------------|----------------|
| 282. | IMRA America, Inc. v. IPG Photonics Corporation Civil Action No. 2:06-15139 (ADT)(MKM) (2010 and 2011)** | U.S. District Court, Eastern District of Michigan | Patent Infringement | Skadden Arps Slate Meagher & Flom | Damages Analysis Commercial Success |
| 281. | Wellogix, Inc. v. BP America, Inc. Civil Action No. 4:09-CV-1511 (2010)** | U.S. District Court, Southern District of Texas, Houston Division | Theft of trade secrets, Breach of contract, Tortious Interference with Prospective Business Relations | Laminack, Pirtle & Martines | Damages Analysis |
| 280. | Thomas Weisel Partners LLC & Thomas Weisel International Private Limited v. BNP Paribas, BNP Paribas Securities (Asia) Limited, and Praveen Chakravarty Case No. 3:07-cv-06198 MHP  (2010)** | U.S. District Court, Northern District of California, San Francisco Division | Theft of Trade Secrets, Intentional Interference with Contract, Breach of Fiduciary Duty | Howard Rice Nemerovski, Canady, Falk & Rabkin | Damages Analysis |
| 279. | St. Clair Intellectual Property Consultants, Inc. v. Palm, Inc., Kyocera Communications, Inc., and Kyocera Wireless Corporation Civil Action No. 06-404-JJF-LPS (2010)** | U.S. District Court, District of Delaware | Patent Infringement | Robins Kaplan Miller & Ciresi | Damages Analysis |
| 278. | Power Integrations, Inc. v. Fairchild Semiconductor International, Inc., Fairchild Semiconductor Corporation, and Systems General Corporation Civil Action No. 08-09-JFF-LPS (2010)** | U.S. District Court, District of Delaware | Patent Infringement | Orrick Herrington & Sutcliffe | Damages Analysis |
| 277. | St. Clair Intellectual Property Consultants, Inc. v. Research In Motion, LTD., Research In Motion Corp., and General Imaging Co. Civil Action No. 08-371-JJF-LPS (2010)** | U.S. District Court, District of Delaware | Patent Infringement | Robins Kaplan Miller & Ciresi | Damages Analysis |
| 276. | Rosetta Stone Ltd. V. Google, Inc. Civil Action No. 1:09CV736 GBL/JFA (2010)** | U.S. District Court, Eastern District of Virginia | Trademark Infringement | Quinn Emanuel | Damages Analysis |
| 275. | St. Clair Intellectual Property Consultants, Inc. v Fujifilm Holdings Corporation, Fujifilm Corporation, Fuji Photo Film Co., Ltd., Fuji Photo Film U.S.A., Inc., Fujifilm U.S.A., Inc., and Fujifilm America Inc. No. 08-373-JJF-LPS (2010)** | U.S. District Court, District of Delaware | Patent Infringement | Robins Kaplan Miller & Ciresi | Damages Analysis |

***Underlined party was my client.

## EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit*** | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 274. | St. Clair Intellectual Property Consultants, Inc. v. Matsushita Electric Industrial Co., Ltd. (now known as Panasonic Corporation), Matsushita Corporation of America (now known as Panasonic Corporation of North America), Victor Company of Japan, Ltd. And JVC Company of America No. 04-1436-JJF-LPS (2010)** | U.S. District Court, District of Delaware | Patent Infringement | Robins Kaplan Miller & Ciresi | Damages Analysis |
| 273. | St. Clair Intellectual Property Consultants, Inc. v. Hewlett-Packard Company Civil Action No. 04-1436-JJF-LPS (2010)** | U.S. District Court, District of Delaware | Patent Infringement | Robins Kaplan Miller & Ciresi | Damages Analysis |
| 272. | St. Clair Intellectual Property Consultants, Inc. v. Nokia Corporation and Nokia, Inc. Civil Action No. 04-1436-JJF-LPS (2010)** | U.S. District Court, District of Delaware | Patent Infringement | Robins Kaplan Miller & Ciresi | Damages Analysis |
| 271. | St. Clair Intellectual Property Consultants, Inc. v. HTC Corporation, H.T.C. (B.V.I.) Corp., and HTC America, Inc. Civil Action No. 06-404-JJF-LPS (2010)** | U.S. District Court, District of Delaware | Patent Infringement | Robins Kaplan Miller & Ciresi | Damages Analysis |
| 270. | Marvell Semiconductor, Inc., Marvell Asia PTE., LTD., and Marvel International, LTD v. Commonwealth Scientific and Industrial Research Organisation Civil Action No. 6:07-CV-204 (LED) (2010)** | U.S. District Court, Eastern District of Texas | Patent Infringement | Townsend and Townsend and Crew | Damages Analysis |
| 269. | Codonics, Inc. v. DatCard Systems, Inc. Case No. 1:08CV1885 (2010)** | U.S. District Court, Northern District of Ohio | False advertising, False Patent Marking | Law offices of Michael W. Kinney | Damages Analysis |
| 268. | Function Media, L.L.C. v. Google, Inc. Case No. 2-007-CV-279 (2009)** | U.S. District Court, Eastern District of Texas, Marshall Division | Patent Infringement | Quinn Emanuel | Damages Analysis |
| 267. | Motorola, Inc. v. VTech Communications, Inc. & VTech Telecommunications, Ltd. Case No. 5:07-CV-00171-DF-CMC (2009)** | U.S. District Court, Eastern District of Texas, Texarkana Division | Patent Infringement | Ropes & Gray | Damages Analysis |

***Underlined party was my client.

## Expert Testimony—Deposition (**If Protective Order in place)

| No. | Lawsuit*** | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 266. | Sportsmark Trading, Ltd., v. Roger Cleveland Golf Company, Inc. Case No. 07CC12309 (2009)** | Orange County Superior Court, California | Breach of Contract | Krane & Smith | Damages Analysis |
| 265. | MLC Intellectual Property, LLC v. BTG International, Inc. Case No. 108CV109292 (2009)** | Santa Clara Superior Court, California | Breach of Contract | Korda Johnson & Wall | Damages Analysis |
| 264. | Aircraft Technical Publishers v. Avantext, Inc. Case No. C 07-4154 SBA (2009)** | U.S. District Court, Northern District of California, Oakland Division | Patent Infringement | Russo & Hale | Damages Analysis |
| 263. | ICON Health & Fitness, Inc. v. True Fitness Technology, Inc. Case No. 5:08-CV-00026 (2009)** | U.S. District Court, Eastern District of Texas, Texarkana Division | Patent Infringement | Workman Nydegger | Damages Analysis |
| 262. | Advanced Thermal Sciences Corporation v. Applied Materials, Inc. Case No. 8:07-CV-1384 (JVS) (2009)** | U.S. District Court, Central District of California, Southern Division | Breach of Contract, Fraud | Orrick Herrington & Sutcliffe | Damages Analysis |
| 261. | Versata Software, Inc., et al. v. SAP America, Inc. and SAP, AG Civil Action No.: 2:07-cv-153-CE (2009 and 2011)** | U.S. District Court, Eastern District of Texas, Marshall Division | Patent Infringement | Howrey, LLP | Damages Analysis |
| 260. | Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contractors, USA, Inc. Case No. H-07-02392 (2009 and 2011)** | U.S. District Court, Southern District of Texas | Patent Infringement | Brinks Hofer Gilson & Lione Smyser Kaplan & Veselka | Damages Analysis |
| 259. | The Official Committee of Unsecured Creditors v. Asarco, LLC Case No. 05-21207 (2009)** | United States Bankruptcy Court, Southern District of Texas | Alter Ego | Baker Botts | Alter Ego Analysis |
| 258. | St. Vincent Medical Center and Daughters of Charity Health System v. Hector C. Ramos, M.D., Hector C. Ramos, M.D., Inc., Richard R. Lopez, Jr., M.D., and Richard R. Lopez, Jr. M.D. Inc. Case No. 1220037027 (2009) | JAMS | Fraud, Negligence, Breach of Fiduciary Duty | Jones Day | Damages Analysis |

***Underlined party was my client.

**EXPERT TESTIMONY—DEPOSITION** (**If <u>Protective Order</u> in place)

| No. | Lawsuit*** | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 257. | Kinetic Concepts, Inc., KCI Licensing, Inc., KCI USA, Inc., and Wake Forest University Health Sciences v. <u>Blue Sky Medical Group, Inc., Smith & Nephew, Inc.</u> Case No. SA08-CA-102 RF (2009 and 2010)** | U.S. District Court, Western District of Texas, San Antonio Division | Patent Infringement | Knobbe Martens Olson & Bear | Irreparable Harm |
| 256. | <u>Accolade Systems LLC</u> v. Citrix Systems, Inc. Civil Action No. 6-07CV-048 (2009)** | U.S. District Court, Eastern District of Texas, Tyler Division | Patent Infringement | The Roth Firm | Damages Analysis |
| 255. | Medtronic, Inc., et al. v. <u>AGA Medical Corporation</u> Case No. C 07 00567 MMC (2009)** | U.S. District Court, Northern District of California, San Francisco Division | Patent Infringement | Alston Bird | Damages Analysis |
| 254. | <u>I4i, LP and i4i, Inc.</u> v. Microsoft Corporation Civil Action No. 6:07-CV-113-LED (2009)** | U.S. District Court, Eastern District of Texas, Tyler Division | Patent Infringement | McKool Smith | Damages Analysis |
| 253. | Finmeccanica S.p.A. and Ansaldo Ricerche S.p.A. v. <u>General Motors</u> Case No. 07-08222 SJO (PJWx) and No. 07-07537 SJO (PJWx) (2009)** | U.S. District Court, Central District of California, Western Division | Trade Secret | Kirkland & Ellis | Damages Analysis |
| 252. | <u>Ahcom, Ltd.</u> V. Hendrick Smedling and Lettie Smedling Case No. 3:07 CV 1139 SC (2008) | U.S. District Court, Northern District of California, San Francisco Division | Alter ego | Parish & Small | Alter ego Analysis |
| 251. | <u>Grocery Outlet, Inc.</u> v. American Stores Company, LLC, New Albertson's, Inc., Albertson's LLC, and Save Mart Supermarkets. Civil Action No. C06-2173 JSW (2008)** | U.S. District Court, Northern District of California, San Francisco Division | Trademark Infringement | Craigie, McCarthy & Clow<br>Pirkey Barber LLP | Damages Analysis |
| 250. | <u>Convolve, Inc. and Massachusetts Institute of Technology</u> v. Compaq Computer Corp. and Seagate Technology LLC Case No. 00 Civ. 5141 GBD (2008)** | U.S. District Court, Southern District of New York | Patent Infringement | Cadwalader, Wickersham and Taft | Damages Analysis |
| 249. | Intel Corporation and Dell, Inc. v. <u>Commonwealth Scientific and Industrial Research Organisation</u> Civil Action No. 6:06CV550 (2008)** | U.S. District Court, Eastern District of Texas | Patent Infringement | Townsend and Townsend and Crew | Damages Analysis |

***Underlined party was my client.

## EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit*** | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 248. | Ainsworth Engineered (USA) LLC et al v. Advanced Manufacturing Corporation et al Case No. 1:07 CV 00909 CAB (2008)** | U.S. District Court, Northern District of Ohio | Product Liability | Dorsey & Whitney | Damages Analysis |
| 247. | Vanguard Products Group v. Merchandising Technologies, Inc. Case No. 07-1405-BR (2008)** | U.S. District Court, District of Oregon | Patent Infringement | Stoll Berne | Damages Analysis |
| 246. | epicRealm Licensing, L.P. v. Various, Inc. and Herbalife International, Inc. Civil Action 5:07-cv-135 (Consolidated) (2008)** | U.S. District Court, Eastern District of Texas | Patent Infringement | Baker Botts | Damages Analysis |
| 245. | Oracle Corporation v. epicRealm Licensing, L.P. Civil Action No. 06-cv-414 SLR (2008)** | U.S. District Court, District of Delaware | Patent Infringement | Jenner & Block | Damages Analysis |
| 244. | Deep Nines, Inc. v. McAfee, Inc. Civil Action No. 9:06-cv174-RC (2008)** | U.S. District Court, Eastern District of Texas | Patent Infringement | Fish & Richardson | Damages Analysis |
| 243. | Brent Williams, As Plan Trustee for Touch America Holdings, Inc. v. Robert P. Gannon, et al. Cause No. DV-2-201 (2008)** | Montana Second Judicial District Court, Silver Bow County | Breach of Fiduciary Duty | Winston & Strawn | Damages Analysis |
| 242. | Abbott Laboratories, Abbott Laboratories, Inc., and Abbott Pharmaceuticals PR Ltd. V. Sandoz, Inc. Civil Action No. 05 C 5373 (2008)** | U.S. District Court, Northern District of Illinois | Patent Infringement | Munger Tolles & Olson | Damages Analysis |
| 241. | Brea Imperial, Inc. v. Titan International, Inc. Case No. 05CC06828 (2008) | Orange County Superior Court, California | Alter Ego | Law Offices of Michael Bononi | Alter ego analysis |
| 240. | Carter Bryant v. Mattel, Inc. Case No. CV 07-9049 SGL (RNBx) Consolidated with Case No. 04-9059 and Case No. 05-2727 (2008, 2010, and 2011)** | U.S. District Court, Central District of California | Copyright Infringement Trade Secret Misappropriation, RICO | Quinn Emanuel | Damages Analysis |
| 239. | Comcast Cable Communication Corporation, LLC v. Finisar Corporation Case No. C-06-04206-WHA (2008)** | U.S. District Court, Northern District of California, San Francisco Division | Patent Infringement | Morgan & Finnegan | Damages Analysis |

***Underlined party was my client.

## EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit*** | Court | Type | Law Firm/Attorneys | Work Performed |
|-----|-----------|-------|------|-------------------|----------------|
| 238. | North American Title Company v. Liberty Title Company Case No. C 06-00187 (2008)** | Contra Costa County Court, California | Theft of Trade Secret | Weintraub Genshlea Chediak  Jackson Lewis  Seyfarth Shaw | Damages Analysis |
| 237. | Eastman Kodak Company v. St. Clair Intellectual Property Licensing, Inc., et al. Case No. 1-05-CV-039164 (2008)** | Santa Clara County Court, California | Slander of Title | Robins Kaplan Miller & Ciresi | Damages Analysis |
| 236. | Diana Gabriel, et al. v. Verizon Communications Inc., et al. Case No. 04 CC 00591 (2007) | Orange County Superior Court, California | Breach of Contract | Paul Hastings Janofsky & Walker | Damages Analysis |
| 235. | Computer Acceleration Corporation v. Microsoft Corporation Case No. 9:06CV-140 (2007)** | U.S. District Court Eastern District of Texas Lufkin Division | Patent Infringement | McKool Smith | Damages Analysis |
| 234. | Hewlett-Packard Company v. Factory Mutual Insurance Company Case No. 04-CV-02791 (2007)** | U.S. District Court Southern District of New York | Business Interruption | Robins Kaplan Miller & Ciresi | Damages Analysis |
| 233. | Veritas Operating Corporation v. Microsoft Corporation Case No. 2:06-cv-00703-JCC (2007)** | U.S. District Court Western District of Washington at Seattle | Patent Infringement | Latham & Watkins | Damages Analysis |
| 232. | Polycom, Inc. and Polycom Israel, Ltd. v. Codian Ltd. And Codian, Inc. Case No. 2-05CV-520 DF (2007)** | U.S. District Court Eastern District of Texas Marshall Division | Patent Infringement | Irell & Manella | Damages Analysis |
| 231. | ISP.NET LLC d/b/a IQuest Internet v. Qwest Communications International, Inc. Case No. IP01-0480 C B/S (2007)** | U.S. District Court Southern District of Indiana Indianapolis Division | Trademark Infringement | Reed Smith Sachnoff & Weaver | Damages Analysis |
| 230. | Cybergym Research LLC v. ICON Health & Fitness, Inc., Sears Roebuck & Co., Costco Wholesale Corp., The Sports Authority, Inc., & Dick's Sporting Goods, Inc. Case No. 2:05-cv-527-DF (2007)** | U.S. District Court Eastern District of Texas Marshall Division | Patent Infringement | Russo & Hale | Damages Analysis |
| 229. | Timeline, Inc. v. Proclarity Corporation and Microsoft Corporation Case No. CV05-1013JLR (2007)** | U.S. District Court Western District of Washington at Seattle | Patent Infringement | Susman Godfrey L.L.P. | Damages Analysis |

***Underlined party was my client.

## EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit*** | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 228. | David Gill, Post Confirmation Trustee for the Estate of Lyon & Lyon v. Orrick, Herrington & Sutcliffe, LLP, et al. Case No. LA-03-10365-VZ (2007)** | U.S. Bankruptcy Court Central District of California Los Angeles Division | Breach of Fiduciary Duty | Howard Rice Nemerovski, Canady, Falk & Rabkin | Damages Analysis |
| 227. | Cardiac Pacemakers, Inc., Guidant Sales Corporation, Mirowski Family Ventures, LLC, and Anna Mirowski v. St. Jude Medical, Inc. and Pacesetter, Inc. Civil No. 1:96-CV-1718-DFH/TAB (2007)** | U.S. District Court, Southern District of Indiana, Indianapolis Division | Patent Infringement | Finnigan Henderson Farabow Barrett & Dunner LLP | Damages Analysis |
| 226. | Creative Concepts Software, Inc. and ITEK Services, Inc. v. MobileTech Solutions, Inc. Case No. SA CV 05-00670 DOC (MLGx) (2007)** | U.S. District Court Central District of California, Southern Division | Breach of contract | The Feldhake Law Firm | Damages Analysis |
| 225. | Semiconductor Energy Laboratory Co., Ltd. v. Chi MEI Optoelectronics Corp., International Display Technology Co., Ltd., International Display Technology USA, Inc., Westinghouse Digital Electronics, LLC and CTX Technology Corp. C04-4675 RS (2007)** | U.S. District Court Northern District of California | Patent Infringement | Jenner & Block | Damages Analysis |
| 224. | Broadcom Corporation v. Qualcomm Incorporated Case No. SACV05-467 JVS (RNBx (2007)** | U.S. District Court Central District of California, Southern Division | Patent Infringement | Wilmer Cutler Pickering Hale & Dorr | Damages Analysis |
| 223. | Semiconductor Energy Laboratory Co., Ltd. v. Toppoly Optoelectronics Corp.; Samsung Techwin Co., Ltd.; Samsung Optoelectronics America, Inc.; Matsunichi Hi-Tech Ltd.; and Matsunichi Hi-Tech (USA), Inc. Case No. CV 04-4783 TJH (2006)** | U.S. District Court Central District of California | Patent Infringement | Jenner & Block | Damages Analysis |
| 222. | Qualcomm Incorporated v. Broadcom Corporation Case No. 05 CV 1662 B (BLM) (2006)** | U.S. District Court Southern District of California | Patent Infringement | Wilmer Cutler Pickering Hale & Dorr | Damages Analysis |

***Underlined party was my client.

## EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit*** | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 221. | Qualcomm Incorporated v. Broadcom Corporation Case No. 05 CV 1958 (2006)** | U.S. District Court Southern District of California | Patent Infringement | Wilmer Cutler Pickering Hale & Dorr | Damages Analysis |
| 220. | The Nautilus Group, Inc. v. ICON Health & Fitness, Inc., Case No. 02-1420 RSM (2006)** | U.S. District Court of Western District of Washington | Trademark Infringement | Jeffer, Mangels, Butler & Marmaro | Damages Analysis |
| 219. | Moss, et al. v. Veneco et al. Case No. 297083 (2006) | Los Angeles Superior Court, California | Mass Tort | Gallagher & Gallagher; Steptoe & Johnson | Alter Ego |
| 218. | L.G. Philips LCD Co. Ltd. V. Tatung Company, Tatung Company of America, Inc., Chunghwa Picture Tubes Ltd., and ViewSonic Corporation. Civil Action No. 05-292 (JJF) (2006)** | U.S. District Court District of Delaware | Patent Infringement | Howrey LLP | Damages Analysis |
| 217. | Christopher R. Harris v. San Jose Mercury News, Inc. Case No. C-04-05262 (CRB) (2006) | U.S. District Court Northern District of California | Copyright Infringement | DLA Piper Rudnick Gray Cary | Damages Analysis |
| 216. | Dey, L.P. v. IVAX Pharmaceuticals, Inc. and Eon Labs, Inc. Case Nos. SACV 04-00079 CJC (FMOx) and SACV 04-00243 CJC (FMOx) (2006)** | U.S. District Court Central District of California Southern District | Patent Infringement | Hennigan Bennett & Dorman | Commercial Success |
| 215. | McKesson Information Solutions LLC v. The Trizetto Group, Inc. Civil Action No. 04-1258 (2005)** | U.S. District Court Northern District of Delaware | Patent Infringement | Skadden Arps Slate Meagher & Flom | Damages Analysis |
| 214. | Advanced Neuromodulation Systems, Inc. v. Advanced Bionics Corporation Civil Action No. 4:04cv131 (Brown) (2005)** | U.S. District Court Eastern District of Texas Sherman Division | Patent Infringement | Baker Botts L.L.P. | Damages Analysis |
| 213 | Trustee in Bankruptcy for 3dfx v. NVIDIA Corp. Case No. 02-55795 JRG (2005) ** | U.S. Bankruptcy Court Northern District of California San Jose Division | Fraudulent Transfer | Buchalter Nemer Fields & Younger | Business Valuation |
| 212 | John R. Jamison v. Olin Corporation-Winchester Division; U.S. Repeating Arms Co., Inc.,; Browning; Browning Arms Co.; and G.I. Joe's  Case No. 3-03-01036-KI (2005)** | U.S. District Court District of Oregon | Patent Infringement | Stoll Stoll Berne Lokting & Shlachter | Damages Analysis |

***Underlined party was my client.

## EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit*** | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 211. | Stephen M. Waltrip, et al. v. Kevin B. Kimberlin, et al. Case No. 01AS04979 (2005) | Sacramento Superior Court, California | Fraud and Breach of Fiduciary Relationship | Sedgwick Detert Moran & Arnold | Damages Analysis Alter Ego Analysis |
| 210. | PostX Corporation v. Secure Data In Motion, Inc., d/b/a Sigaba Case Nos. C02-04483 SI and C03-0521 SI (2005)** | U.S. District Court Northern District of California, San Francisco Division | Unfair Competition | Pillsbury Winthrop Shaw Pittman | Damages Analysis |
| 209. | Network Appliance, Inc. v. BlueArc Corporation Case No. C 03-05665 MHP (2005)** | U.S. District Court Northern District of California, San Francisco Division | Patent Infringement | Howrey Simon Arnold & White | Damages Analysis |
| 208. | Teri J. McDermott, CMI, et al. v. Advanstar Communications, Inc. Case No. 1:98 CV 515 (2005) | U.S. District Court Northern District of Ohio, Eastern Division | Copyright Infringement | Greenberg Traurig | Damages Analysis |
| 207. | Storage Technology Corporation v. Quantum Corporation Civil Action No. 03-M-0672 PAC (2005)** | U.S. District Court District of Colorado | Patent Infringement | Howrey Simon Arnold & White | Damages Analysis |
| 206. | Coleman (Parent) Holding v. Morgan Stanley Co., Inc. Case No. 2003 CA 005045 A1 (2005) | Circuit Court of the Fifteenth Judicial Circuit Palm Beach County, Florida | Breach of Fiduciary Duty | Jenner & Block | Business Valuation Punitive Damages Analysis |
| 205. | Billy Blanks, et al. v. Seyfarth Shaw LLP Case No. BC 308355 (2005) | Los Angeles Superior Court, California | Legal Malpractice | Law Offices of James Rosen | Damages Analysis |
| 204. | Intergraph Hardware Technologies Company v. Hewlett Packard  Civil Action No. 2-02CV-312 TJW (2004)** | U.S. District Court Eastern District of Texas Marshall Division | Patent Infringement | Robins Kaplan Miller & Ciresi | Damages Analysis |
| 203. | The Coleman Company, Inc. v. Fleetwood Enterprises, Inc. & Fleetwood Folding Trailers, Inc. Civil Action No. 03 CV 2029 (2004)** | Eighteenth Judicial Court, Sedgwick County, Kansas | Trademark Infringement & Interference with Contract | Foulston Siefkin LLP | Damages Analysis & Alter Ego Analysis |
| 202. | LiveWorld, Inc. v. SocialNet, Inc., MatchNet PLC, et al. Case No. 1-01-CV799864 (2004)** | Santa Clara County Superior Court, California | Fraudulent Transfer | Bergeson, LLP | Alter Ego Analysis |

***Underlined party was my client.

## EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit*** | Court | Type | Law Firm/Attorneys | Work Performed |
|-----|-----------|-------|------|-------------------|----------------|
| 201. | Comdisco, Inc. v. SocialNet, Inc., MatchNet, Inc., et al. Case No. CV 800 611 (2004)** | Santa Clara County Superior Court, California | Fraudulent Transfer | Winston & Strawn | Alter Ego Analysis |
| 200. | Everything For Love, Inc. v. Tender Loving Things, Inc., D/B/A The Happy Company Case No. CIV-02-2605-P:HX-EHC (2004)** | U.S. District Court District of Arizona | Patent Infringement | Law Offices of A. Peter Rausch | Damages Analysis |
| 199. | St. Clair Intellectual Property Licensing, Inc. v. Fuji Photo Film Co. Ltd, Fuji Photo File USA, Inc., and Fujifilm America, Inc. Case No. 03-241-JJF (2004) ** | U.S. District Court District of Arizona | Patent Infringement | Robins Kaplan Miller & Ciresi | Damages Analysis |
| 198. | St. Clair Intellectual Property Licensing, Inc. v. Canon Inc. and Canon USA, Inc. Case No. 03-241-JJF (2004) ** | U.S. District Court District of Arizona | Patent Infringement | Robins Kaplan Miller & Ciresi | Damages Analysis |
| 197. | Kathy Papale v. Pacific Bell Directory Company, Pacific Telesis, SBC Communications, et al. Case No. 2002055171 (2004) | Alameda County Superior Court, California | Sex and Age Discrimination | Pillsbury Winthrop | Damages Analysis |
| 196. | Patrick Martin, Inc. and Patrick Walsh v. Ralph Clumeck & Associates, et al. Case No. 03CC06858 (2004) | Orange County Superior Court, California | Breach of Fiduciary Duty | Nordman Cormany Hair & Compton | Damages Analysis |
| 195. | Marjorie Bright and Edward Bright v. The Bright Family Foundation et al. Case No. 274513 (2004)** | Stanislaus County Superior Court, California | Breach of Fiduciary Duty | Damrell Nelson Schrimp Pallios Pacher & Silva | Damages Analysis |
| 194. | Misha Consulting Group, Inc. d/b/a eBusiness Design v. Source Medical Solutions, Inc. Case No. CO2 04908 JW (HRL) (2004) | U.S. District Court Northern District of California San Jose Division | Breach of Contract | Howard, Rice, Nemerovski, Canady, Falk & Rabkin | Damages Analysis |
| 193. | Jerome Dahan and Michael Glasser. v. L'Koral and Peter Koral Case No. BC 286577 (2004) | Los Angeles County Superior Court, California | Fraud and Breach of Fiduciary Duty | Browne & Woods Law Offices of Gary Freedman | Business Valuation |
| 192. | Neoris de México, S.A. de C.V., v. Ariba, Inc. Case No. C 02 1670 JSW (2004)** | U.S. District Court Northern District of California San Francisco Division | Breach of Contract | Howard, Rice, Nemerovski, Canady, Falk & Rabkin | Damages Analysis |

***Underlined party was my client.

## EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit*** | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 191. | Kalitta Air, LLC, as assignee of American International Airlines, Inc. v. Central Texas Airborne Systems, Inc. Case No. 96-2494CW & 97-0378CW (2004) | U.S. District Court Northern District of California | Breach of Contract | Sedgwick, Detert, Moran & Arnold | Damages Analysis |
| 190. | TV Interactive Corp. v. Microsoft Corp. Case No. 02 C 02385 (SBA) (2004)** | U.S. District Court Northern District of California Oakland Division | Patent Infringement | Robins Kaplan Miller & Ciresi | Damages Analysis |
| 189. | Immersion Corporation v. Sony Computer Entertainment America, Inc., Sony Computer Entertainment, Inc. and Microsoft Corporation No. C 02-0710 CW (WDB) (2004) ** | U.S. District Court Northern District of California Oakland Division | Patent Infringement | Irell & Manella | Damages Analysis |
| 188. | Kelly-Moore Paint Company v. Union Carbide Corporation No. 19785-BH02 (2004) ** | District Court of Brazoria County Texas 23rd Judicial District | Products Liability | Weil Gotshal & Manges | Business Valuation |
| 187. | Kaiser Aerospace Electronics v. Teledyne Industries, et al. Case No. 95-05288 CA 15 (2003) and (2005)** | 11th Circuit Court Miami-Dade County Florida | Breach of Contract | Weil Gotshal & Manges | Damages Analysis |
| 186. | The Profit Recovery Group, Inc. v. Neil Loder & Associates, et al. Case No CV 01-6200 AN (2003)** | U.S. District Court Central District of California, Western Division | Trademark & Theft of Trade Secret | Knobbe Martens Olson & Bear | Damages Analysis |
| 185. | Meridian Enterprises Corporation v. Carlson Marketing Group, Inc. Case No. 4:01CV1955CDP (2003)** | U.S. District Court Eastern District of Missouri, Eastern Division | Patent Infringement | Woodard, Emhardt, Moriarty & McNett | Damages Analysis |
| 184. | Hauselmann v. Hauselmann Case No. 307662 (2003) | Stanislaus County Superior Court, California | Breach of Contract | Damrell Nelson Schrimp Pallios Pacher & Silva | Business Valuation |
| 183. | Bell & Associates, Inc. v. Fidelity National Information Solutions, Inc. & Vista Information Solutions, Inc. Case No. 02CC02336 (2003) | Orange County Superior Court, California | Breach of Contract | Stradling, Yocca, Carlson & Rauth | Damages Analysis |
| 182. | Winn Incorporated & Ben Huang v. Eaton Corporation.  Case No: CV03-1568-SJO (2003)** | U.S. District Court Central District of California Western Division | Patent Infringement | Knobbe Martens Olson & Bear Ropers Majeski Kohn & Bentley | Damages Analysis |

***Underlined party was my client.

## EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit*** | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 181. | Semiconductor Energy Laboratory Co., Ltd. V. Acer Inc., Acer America Corp., and AU Optronics Corp.  Case No. C 02-02800 WHA (2003)** | U.S. District Court Northern District of California San Francisco Division | Patent Infringement | Jenner & Block | Damages Analysis |
| 180. | Cambrian Consultants, Inc. et al. v. Stuart Lubitz & Hogan & Hartson LLP Case No. BC 271707 (2003) | Los Angeles Superior Court, California | Patent Attorney Malpractice | Alschuler Grossman Stein & Kahan Quinn Emanuel Urquhart Oliver & Hedges Gibson Dunn & Crutcher | Damages Analysis |
| 179. | Glaxo Group Ltd. and Glaxo Wellcome, Inc. V. Ranbaxy Pharmaceuticals Inc. Civil Action No. 00-5172 MLC (2003) ** | U.S. District Court District of New Jersey | Patent Infringement | Knobbe Martens Olson & Bear | Damages Analysis |
| 178. | Deltakor Investments, Inc. v. Carl Karcher, et al. Case No. 01-CC13626 (2003) | Orange County Superior Court, California | Breach of Contract | Stradling, Yocca, Carlson & Rauth | Damages Analysis |
| 177. | Fonovisa, Inc. v. MP3.com, Inc. Case No. 02 CV 8614 JSR (2003)**; Fonomusic, Inc. v. MP3.com, Inc. Case No. 02 CV 8617 JSR (2003)**; HMS Distributors, Inc. et al. v. MP3.com, Inc. Case No. 02 CV 8616 JSR (2003)**; Musical Productions, Inc. et al. v. MP3.com, Inc. Case No. 02 CV 8618 JSR (2003)** | U.S. District Court Southern District of New York | Copyright Infringement | Quinn Emanuel Urquhart Oliver & Hedges | Damages Analysis |
| 176. | Coelho, et al. v. Coelho, et al. Case Nos. 591120-1, 595828-5, 588695-7, and 0537454-1 (2003) (2005) | Fresno Superior Court, California | Breach of Fiduciary Duties | Damrell Nelson Schrimp Pallios Pacher & Silva Lange Richert & Patch Parish & Nelson | Damages Analysis |
| 175. | BCE Emergis, Inc. v. Ariba, Inc. Civil Action No. C01-21221 PVT (2003) ** | U.S. District Court Northern District of California, San Jose Division | Breach of Contract | Howard Rice Nemerovski Canady Falk & Rabkin | Damages Analysis |
| 174. | Bob Dylan, Billie Joel, James Taylor, et al. v. MP3.com, Inc. Case No. 02 CV 8006 (JSR) (2003) ** | U.S. District Court Southern District of New York | Copyright Infringement | Quinn Emanuel Urquhart Oliver & Hedges | Damages Analysis |

***Underlined party was my client.

## EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit*** | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 173. | Lyrick Studios, Inc. v. Big Idea Productions, Inc. Civil Action 3-02 CV-0034 M (2002)** | U.S. District Court Northern District of Texas, Dallas Division | Breach of Contract | Baker & Botts O'Melveny & Myers | Damages Analysis |
| 172. | Robert Carver and Diana Carver v. Velodyne Acoustics, Inc. Civil Action No. C00-1194L (2002)** | U.S. District Court Western District of Washington | Patent Infringement | Christenson, O'Connor, Johnson & Kindness | Damages Analysis |
| 171. | Bayshore Ford Truck Sales, Inc. et al. v. Ford Motor Company Civil Action No. 99 CV 741 (JCL) 2002 | U.S. District Court District of New Jersey | Breach of Contract | Kronick, Moskovitz, Tiedemann & Girard | Damages Analysis |
| 170. | Feltheimer v. Sony Corporation of America, et al. Case No. BC-244836 (2002) | Los Angeles Superior Court, California | Breach of Contract | Irell & Manella | Damages Analysis |
| 169. | Booneville Convalescent Center, Inc. v. Cloverleaf Healthcare Services, Inc., et al. Cause No. 32D01-0204-CC-38 (2002) | Superior Court of Hendricks, County, Indiana | Breach of Contract | Leeuw & Doyle | Alter Ego and Damages Analysis |
| 168. | Superior National Insurance Group v. Foundation Health Corporation, et al. Case No. 02 CV 5155 (2002) (2003) | U.S. District Court Central District of California, Western Division | Fraud | Skadden, Arps, Slate Meagher & Flom | Business Valuation and Damages Analysis |
| 167. | United States of America ex rel. William Gilliam v. General Dynamics Corporation Case No. 2:01-3023-18 (2002) | U.S. District Court District of South Carolina, Charleston Division | Qui Tam | Jenner & Block | Damages Analysis |
| 166. | Novartis Consumer Health, Inc. v. Elan Transdermal Technologies, Inc. Case No. 01-1120-CIV-MOORE (2002)** | U.S. District Court Southern District of Florida, Miami Division | Patent Infringement | Irell & Manella | Damages Analysis |
| 165. | 2learn2.com v. San Diego State University, College of Extended Studies, et. Al., Case No. 80 Y 181 00138 01 VMD (2002)** | American Arbitration Association | Breach of Contract | Stradling, Yocca, Carlson & Rauth | Damages Analysis |
| 164. | Carver et al. v. Audio Products International Corp. Case No. CV00-1477L (2002)** | U.S. District Court Western District of Washington | Patent Infringement | Christenson, O'Connor, Johnson & Kindness | Damages Analysis |
| 163. | LASVN#2, et. al. v. Van Ness and Sperry, et. al., Case No. BC 206251 (2002 and 2003) | Los Angeles Superior Court, California | Breach of Fiduciary Duty | Krane & Smith | Damages Analysis |

***Underlined party was my client.

## EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit*** | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 162. | Cyberspace Headquarters, LLC v. MacMillan USA, Inc. Case No. 00 CV 9764 CBM (JWJx) (2001)** | U.S. District Court Central District of California | Lanham Act | Mahoney Coppenrath Jaffe & Pearson | Damages Analysis |
| 161. | Tri Valley Growers v. Oracle Corporation (2001) | San Francisco Superior Court | Breach of Contract | Dorsey & Whitney | Damages Analysis |
| 160. | PowerAgent, Inc. v. Electronic Data Systems Corporation No. 71 Y 117 00262 00 (2001) | American Arbitration Association | Breach of Fiduciary Duty | Baker & Botts Townsend and Townsend and Crew | Damages Analysis Due Diligence |
| 159. | Idea Man v. Silver & Freedman, Case No. BC235669 (2001) | Los Angeles Superior Court, California | Legal Malpractice | Krane & Smith | Damages Analysis |
| 158. | Intergraph Corporation v. Intel Corporation, CIV 97-N-3023-NE (2001)** | U.S. District Court Northern District of Alabama | Patent Infringement | Townsend and Townsend and Crew | Damages Analysis |
| 157. | Perry v. Mellon Financial Corporation Case No. 997170 (2001) | San Francisco Superior Court | Breach of Contract | Howard, Rice, Nemerovski, Canady, Robertson & Folk | Damages Analysis |
| 156. | Berclain America Latina, S.A., et al. v. Baan Company, et al. Case No. 403080 (2001)** | San Mateo Superior Court, California | Intentional Interference with Contract | Townsend and Townsend and Crew | Damages Analysis |
| 155. | Modesto City Schools, Stockton Unified School District. V. Riso Kagaku Corporation CIV S-99-2214 FCD/GGH (2001)** | U.S. District Court Eastern District of California | Antitrust | Kronick, Moskovitz, Tiedemann & Girard | Damages Analysis |
| 154. | City of Hope National Medical Center v. Genentech, Inc. Case No. BC 215152 (2001) (2002)** | Los Angeles Superior Court, California | Breach of Contract | Irell & Manella | Damages Analysis |
| 153. | Zomba v. MP3.com  Case Nos. 00 CIV 6831 and 6833 (2001)** | U.S. District Court Southern District of New York | Copyright Infringement | Orrick Herrington & Sutcliffe | Damages Analysis |
| 152. | Marconi Communications, Inc. v. Vidar-SMS Co. Civil No. CV-1293-L (2001)** | U.D. District Court Northern District of Texas | Theft of Trade Secret Breach of Indemnity Agreement | Munger Tolles & Olson | Damages Analysis |
| 151. | In re: BankAmerica Corp. Securities Litigation MDL No. 1264 (2001)** | U.S. District Court Eastern District of Missouri | Class Action Securities Litigation | Green Schaaf & Jacobson | Damages Analysis |

***Underlined party was my client.

## EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit*** | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 150. | Clayton Industries v. SPX Corporation Case No. 72-18166200-SMY (2001) | American Arbitration Association | Breach of Contract | Jenner & Block | Damages Analysis |
| 149. | Electro Scientific Industries, Inc. v. Dynamic Details, Inc. and GSI Lumonics, Inc. Case No. SACV00-272 AH (2001) | U.S. District Court Central District of California Southern Division | Patent Infringement | Knobbe Martens Olson & Bear | Damages Analysis |
| 148. | Farallon Capital Partners, L.P. v. Gleacher & Co. Inc. Case No. BC 215260 (2001) | Los Angeles Superior Court, California | Misrepresentation | Hennigan Bennet & Dorman | Alter Ego Analysis |
| 147. | Flying J Inc. et al. v. Comdata Network, Inc. and Trendar Corporation  Civil No. 1:96CV0066K (2001)** | U.S. District Court District of Utah Northern Division | Antitrust | Bendinger Crockett Peterson & Casey Stokes Bartholomew Evans & Petree | Damages Analysis |
| 146. | Process Specialties, Inc. v. Sematech, Inc. Case No.: CIV-S-00-414 (2001 and 2002)** | U.S. District Court Eastern District of California | Antitrust | Herum, Crabtree, Brown, Dwyer, Zolezzi & Terpstra | Damages Analysis |
| 145. | Re/Max of California & Hawaii v. Robert Lesh, et al. No. BC186234 (2001) | Los Angeles Superior Court, California | Breach of Contract | Lewis, D'Amato, Brisbois & Bisgaard Murtaugh Miller Meyer & Nelson | Damages Analysis |
| 144. | True Fitness Technology, Inc. v. Precor Incorporated Case No. 4:99 CV1306-DJS (2001)** | U.S. District Court, Eastern District of Missouri | Patent Infringement | Christenson, O'Connor, Johnson & Kindness | Damages Analysis |
| 143. | TeeVee Toons, Inc., et al v. MP3.com, Inc. Case No. 00 CIV. 3951 (JSR) (2000)** | U.S. District Court, Southern District of New York | Copyright Infringement | Orrick, Herrington & Sutcliffe | Damages Analysis |
| 142. | Marketel v. priceline.com, Inc. Case No. C-99-0161 CAL (2000)** | U.S. District Court, Northern District of California | Theft of Trade Secret | Skadden, Arps, Slate, Meagher & Flom | Damages Analysis |
| 141. | Venture Industries Corporation, et al. v. Masco Tech, et al. No. 99-07219-CK (2000) | Circuit Court For The County of Kent, Michigan | Breach of Contract | Jenner & Block | Damages Analysis |
| 140. | Perry v. Miller Wagner & Co.  Case No. CV 98-11591 (2000) | Superior Court, State of Arizona, County of Maricopa | Professional Malpractice | Mower, Koeller, Nebeker, Carlson & Haluck | Standard of Care and Damages Analysis |
| 139. | Lussier Subaru, et al. v. Subaru of New England, Inc., et al   Case No. C-99-109-B (2000) ** | U.S. District Court, District of New Hampshire | Class Action | Wiggin & Nourie Kronick, Moskovitz, Tiedemann & Girard | Damages Analysis |

***Underlined party was my client.

**EXPERT TESTIMONY—DEPOSITION** (**If Protective Order in place)

| No. | Lawsuit*** | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 138. | Optical Solutions, Inc. v. Michael S. Hawes and Associates  Case No. 99AS05264 (2000) | Sacramento Superior Court, California | Professional Malpractice | Law Offices of Richard H. Hart | Damages Analysis |
| 137. | St Luke's Hospital v. California Pacific Medical Center No. 300518 (2000)** | San Francisco Superior Court, California | Unfair Competition Antitrust | Townsend and Townsend and Crew | Damages Analysis |
| 136. | Pactiv Corporation v. S.C. Johnson, Inc. Case No. 98C-2679 (2000)** | U.S. District Court, Northern District of Illinois | Patent Infringement | Jenner & Block | Damages Analysis |
| 135. | Lowe's Home Centers, Inc. v. General Electric Company Case No. 4:98-CV 0028 (2000) & (2001) ** | U.S. District Court, Northern District of Georgia Rome Division | Environmental Contamination | Williams &Connolly | Damages Analysis |
| 134. | MicroGuild, Inc. v. Netscape Communications Corporation No. CV774054 (2000) ** | Santa Clara Superior Court, California | Fraud | Pillsbury, Madison & Sutro | Damages Analysis |
| 133. | Rush Hour Music, L.L.C. v. Magix Entertainment Corp. Case No. 2:99cv1003 (2000) ** | U.S. District Court, Eastern District of Virginia Norfolk Division | Patent Infringement | Fellers, Snider, Blankenship, Bailey & Tippens | Damages Analysis |
| 132. | Engineered Products Co. v. Donaldson Company, Inc. Civ. No. 98-2106 MJM (2000) ** | U.S. District Court, Northern District of Iowa | Patent Infringement | Robins, Kaplan, Miller & Ciresi | Damages Analysis |
| 131. | Guzik Technical Enterprises v. KMY Instruments, Inc. Case No. CV762875 (2000) ** | Santa Clara Superior Court, California | Theft of Trade Secret | Gray, Cary, Ware & Friedenrich | Damages Analysis |
| 130. | Merchandise Mart Owners, LLC v. Metropolitan Life Insurance, Co. Case No. 98 CH 3566 (2000) ** | Circuit Court of Cook County, Illinois | Breach of Contract | Jenner & Block | Damages Analysis |
| 129. | Winkler Forming, Inc., PMC, Inc. v. Lewis Anten Case No. BC 194 364 (2000) | Los Angeles Superior Court, California | Patent Legal Malpractice | Lewis, D'Amato, Brisbois & Bisgaard | Damages Analysis |
| 128. | Ardent Software, Inc. v. Pacific Unidata, Inc. (2000) | CPR Arbitration | Breach of Contract | Christensen, O'Connor, Johnson & Kindness | Damages Analysis |
| 127. | Topanga and Victory Partners, L.P., et al. v. Jones, et al. Case No. LC 038853 (2000) | Los Angeles Superior Court, California | Breach of Contract | Hamburg, Hanover, Edward & Martin | Alter Ego Analysis |

***Underlined party was my client.

## EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit*** | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 126. | MET-Rx Foundation for Health Enhancement, et al. v. MET-RX USA, INC., et al. Case No. 771551  (2000) | Orange County Superior Court, California | Breach of Contract | Feldhake, August & Roquemore | Damages Analysis |
| 125. | Telecontrol Systems, Inc. v. Westec Security, Inc. Case No. BC 188264 (2000) | Los Angeles Superior Court, California | Theft of Trade Secret | Howarth & Smith | Damages Analysis |
| 124. | Hameetman v. Schumann, et al., Case No. SC 049754 (2000) | Los Angeles Superior Court, California | Breach of Contract | Hennigan, Bennett & Dorman | Damages Analysis |
| 123. | Placerita Oil Company, Inc. v. Berry Oil Trading & Transportation Co., et al. Case No. PC 017079 Z (1999) ** | Los Angeles Superior Court, California | Breach of Contract | Norman, Cormany, Hair & Compton | Damages Analysis |
| 122. | GATX/Air log Company, and GATX Capital v. Evergreen, Ellsinore, et al. Civil Action No. C 96-2494 WHO (1999) (2000) ** | U.S. District Court, Northern District of California | Breach of Contract | Murphy, Sheehan, Julian & Rogers | Alter Ego Analysis |
| 121. | Advanced Cardiovascular Systems, Inc. v. Medtronic, Inc. Case Nos. 95-03577 DLJ & 96-00942(DLJ) (1999) | U.S. District Court Northern District of California, Oakland Division | Patent Infringement | Robins, Kaplan, Miller & Ciresi | Damages Analysis |
| 120. | Trovan, Ltd, et al. v. Pfizer, Inc., Case No. 98-0094 (1999) | U.S. District Court, Central District of California | Lanham Act Trademark Infringement | Levin & Hawes | Damages Analysis |
| 119. | Norfolk Southern Railroad v. Flexivan & Dole Case No. 99 Civ. 055 WHP HBP (1999) | U.S. District Court, Southern District of New York | Breach of Contract | O'Melveny & Myers | Damages Analysis |
| 118. | Bitner, et al., v. Bayshore, et al.  Case No. 771246 (1999) | Orange County Superior Court, California | Fraud, Breach of Fiduciary Duty | Law Offices of Jay Seltzer | Damages Analysis |
| 117. | Precor Incorporated v. Life Fitness Civil No. C94-1586C (1999) | U.S. District Court Western District of Washington | Patent Infringement, Unfair Competition | Christensen, O'Connor, Johnson, Kindness | Damages Analysis |
| 116. | Salant v. Spensley, Horn, Jubas & Lubitz Case No. SC033055 (1999) | Los Angeles Superior Court, California | Patent Legal Malpractice | Lewis, D'Amato, Brisbois & Bisgaard | Damages Analysis |
| 115. | Susman v. GTE Information Services, Inc. Case No. 97-06677 (1999) ** | 44th Judicial District, Dallas County, Texas | Breach of Contract | Baker & Botts | Business Valuation |

***Underlined party was my client.

## EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit*** | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 114. | Surgin Surgical Instrumentation, Inc. v. Truck Insurance Exchange Case No. 66 2216 (1999) | Orange County Superior Court, California | Breach of Contract | Stradling Yocca Carlson & Rauth | Damages Analysis |
| 113. | Chesterfield Investments, et al. v. Stone Container Corporation Case No. BC 188858 (1999) | Los Angeles Superior Court, California | Breach of Contract | Orrick, Herrington & Sutcliffe | Damages Analysis |
| 112. | Imatec, Ltd, et al. v. Apple Computer, Inc. Civil Action No. 98 CV 1058(JGK) (1999) ** | U.S. District Court, Northern District of California | Patent Infringement | Fenwick & West | Damages Analysis |
| 111. | Saremi, et al. v. Atara, et al. Case No. 387467 (1999) | San Mateo Superior Court, California | Breach of Contract | Nelson, Greenberg & Cohen | Damages Analysis |
| 110. | ProCom Marketing v. Prestolite Wire Corp. Case No. C-96-20978 JF PVT (1998) ** | U.S District Court, Northern District of California | Theft of Trade Secret | Morrison & Forester | Damages Analysis |
| 109. | Irvine Ranch Water District v. Merrill Lynch & Co. Case No. 96-8932 (1998) | U.S. District Court, Central District of California | Intentional Misrepresentation | Irell & Manella | Damages Analysis |
| 108. | Zemco Manufacturing, Inc. v. Navistar Int'l Transportation Corp. Case No. 1:97CV0260 (1998) | U.S. District Court, Northern District of Indiana | Breach of Contract | Leeuw, Popper, Bee man & Doyle; Swift & Finlay son | Damages Analysis |
| 107. | Orlaford Limited, et al. v. BBC International, et al. Civil Action No. 97-C-0540-S (1998) | U.S. District Court Western District of Wisconsin | Patent Infringement | Foley & Lardner | Damages Analysis |
| 106. | Evanite Fiber Corp. v. Lauschaer Glaswerk GmbH, et al. Civil No. 2: 96-3525-18 (1998) | U.S. District Court, District of South Carolina, Charleston Division | Theft of Trade Secret | Farleigh, Wada & Witt | Damages Analysis |
| 105. | Livadas v. Graham & James Case No. BC 145386 (1998) | Los Angeles Superior Court, California | Legal Malpractice | Howard, Rice, Nemerovski, Canady, Robertson & Folk | Damages Analysis |
| 104. | Summa Four, Inc. v. Claircom Communications Group, Inc. d.b.a. AT&T Wireless Services Case No. 95-E-293 and 95-C-973 (1998) ** | Superior Court Northern District of Hillsborough County, New Hampshire | Breach of Contract | Hale & Dorr | Damages Analysis |

***Underlined party was my client.

## Expert Testimony—Deposition (**If Protective Order in place)

| No. | Lawsuit*** | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 103. | Ayre, et al. v. Attwood Corp., et al. Case No. 96-5087-NP (1998) | Circuit Court, County of Kent, Michigan | Wrongful Death | Kell & Lynch; Chaklos, Jungerheld, Hahn & Washburn | Damages Analysis |
| 102. | AQC Holdings, L.P. v. Dynamic Circuits, Inc. CV760815 (1998) ** | Santa Clara Superior Court, California | Breach of Contract | Freeborn & Peters | Damages Analysis |
| 101. | AMETRON v. Entin, et al. Case No. BC160521 (1998) | Los Angeles Superior Court, California | Usurpation of Corporate Opportunity | Mahoney, Coppenrath, Jaffe & Pearson | Damages Analysis |
| 100. | Mastercard Int'l, et al. v. Meridian Enterprises Corp. Case No. CA-94-4105 (DRD) 1997 ** | U.S. District Court, District of New Jersey | Patent Infringement | Woodard, Emhardt, Moriarty & McNett | Damages Analysis |
| 99. | Pitney Bowes, Inc. v. Hewlett Packard Company Case No. 395CV01764 (1997) ** | U.S. District Court, District of Connecticut | Patent Infringement | Pennie & Edmonds | Damages Analysis |
| 98. | McCaw v. McCaw Case No. 95-3-07235-0 SEA (1997) ** | King County Superior Court, Washington | Marital Dissolution | Perkins, Coie; Danielson, Harrigan & Tollefson; Kinzel, Allan, Skone & Searing; Law Offices of Gordon Wilcox | Investigatory Accounting |
| 97. | Foodmaker, Inc. v. The Vons Companies, Inc. Case No. BC085705 (1997) ** | Los Angeles Superior Court, California | Defamation | Thorsnes, Bartolotta, McGuire & Padilla | Damages Analysis |
| 96. | JRS Products v. Network Office Systems Case No. 95 AS 04411 (1997) | Sacramento County Superior Court, California | Libel | Law Offices of Richard Hart | Damages Analysis |
| 95. | Galaxy Networks, Inc. v. Kenan Systems Corp. Civil Action No. CV-95-5568 DDP (1997) | U.S. District Court, Central District of California | Unjust Enrichment, Quantum Meruit | Irell & Manella | Damages Analysis |
| 94. | Rubin v. Southwest Leasing Corp. Case No. SC0322254 (1997) | Los Angeles Superior Court, California | Breach of Fiduciary Duty | Browne & Woods; Baker, Silberberg & Keenen | Damages Analysis |
| 93. | Tung Yuan Construction Co. v. Chao Case No. GC 012436 (1996) | Los Angeles Superior Court (Baseball Arbitration) | Breach of Contract | Bird, Marella, Boxer, Wolpert & Matz | Investigatory Accounting |
| 92. | Potlatch Corporation v. Beloit Corporation Case No. CV 95-01992 (1997) | 2nd Judicial District State of Idaho | Breach of Contract | Sacks Montgomery | Damages Analysis |

***Underlined party was my client.

## EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit*** | Court | Type | Law Firm/Attorneys | Work Performed |
|-----|-----------|-------|------|-------------------|----------------|
| 91. | The Samuel Goldwyn Co. v. MCEG Virgin Vision, Ltd. Case No. BC 016305 (1997) | Los Angeles Superior Court, California | Breach of Contract | Irell & Manella | Damages Analysis |
| 90. | Ostex International, Inc. v. Boehringer Mannheim No. 79T184 00192 95 (1996) | American Arbitration Association | Breach of Contract | Mundt, MacGregor, Happel, Falconer, Zulauf & Hall | Damages Analysis |
| 89. | Cook Inc. v. Palmaz Case No. IP 94-1459C (TIG) (1996) | U.S. District Court, District of Indiana | Breach of Contract | Akin, Gump, Strauss, Hauer & Feld | Damages Analysis |
| 88. | Cinnamon, et al. v. Reaz Shera, et al. No. 95AS01471 (1996) | Sacramento County Superior Court, California | Breach of Contract | Law Offices of Richard Hart | Damages Analysis |
| 87. | United Rock Products Corp. v. City of Irwindale (1996) | Arbitration before the Honorable Robert Wenke | Inverse Condemnation | Jeffer, Mangels, Butler & Marmaro | Damages Analysis |
| 86. | Ferreira v. Virco Manufacturing Corp. No. L003894 (1996) | Solano County Superior Court, California | Product Defect | Howarth & Smith | Damages Analysis |
| 85. | In re: America Honda Motor Co., Dealerships Relations Litigation MDL Case No. 1069 (1996) ** | U.S. District Court, District of Maryland | RICO | Kronick, Moskovitz, Tiedemann & Gerard | Fairness of Settlement |
| 84. | Brooktree Corporation v. S3 Incorporated Civil Action No. 95-2388R (ATB) (1996) ** | U.S. District Court, Southern District of California | Patent Infringement | Howrey & Simon; Pillsbury, Madison & Sutro | Damages Analysis |
| 83. | Redacted v. Redacted (1996) | American Arbitration Association | Breach of Contract | Kirkland & Ellis | Damages Analysis |
| 82. | In re: Radica Games Limited CV-S-94-00653-DAE (LRL) (1996) | U.S. District Court, District of Nevada | Class Action Securities Case | Sullivan & Cromwell | Damages Analysis |
| 81. | Martin v. Sprint Case No. (IV-S-93-1731) (1996) | U.S. District Court, Eastern District of California | Breach of Contract | Law Offices of Lisa Wright | Damages Analysis |
| 80. | Thermodyne v. McDonald's Corp. Case No. 1:95 CV 0232 (1996) | U.S. District Court, Northern District of Illinois | Theft of Trade Secret | Swift & Finlayson; Leeuw & Doyle | Damages Analysis |
| 79. | Competitive Technology, Inc. v. AST Research, Inc. Case No. 74 82 37 (1996) | Orange County Superior Court, California | Tortious Interference with Contract | Stradling, Yocca, Carlson & Rauth | Damages Analysis |

***Underlined party was my client.

## EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit*** | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 78. | Ah Young Industrial Co. v. Brunswick Corp. Case No. 2340 CA (1996) | U.S. District Court, Northern District of California | Breach of Contract | Thelen, Marrin, Johnson & Bridges | Damages Analysis |
| 77. | Medical Billing, Inc. v. Medical Management Services No. 1:94-CV-1567 (1996) | U.S. District Court Northern District of Ohio, Eastern Division | Breach of Contract | Donovan, Leisure, Newton & Irvine | Damages Analysis |
| 76. | TRW, Inc. v. Talley Industries, Inc. Case No. 89-1920 (1996) | U.S. District Court, District of Arizona | Breach of Contract | Donovan, Leisure, Newton & Irvine; Cohen & Cotton | Damages Analysis |
| 75. | Wadsworth Golf Construction Co. v. Castle Oak Investment Corp. Case No. 18250 (1996) | Amador County Superior Court, California | Breach of Contract | Mark Wleklinski, Ann Rankin | Alter Ego Analysis |
| 74. | Conte v. Kelly Case No. LC 018879 (1996) | Los Angeles Superior Court, California | Legal Malpractice | Lewis, D'Amato, Brisbois & Bisgaard | Damages Analysis |
| 73. | Forti v. General Dynamics No. KC 016871/017393 (1996) | Los Angeles Superior Court, California | Breach of Contract | Howarth & Smith | Business Valuation |
| 72. | TLB, Inc. v. Platinum Software Civil No. 95WY621 (1996) | U.S. District Court of Colorado | Tortious Interference with Contract | Stradling, Yocca, Carlson & Rauth | Damages Analysis |
| 71. | Strand Home Video v. Affiliated Regional Communications SC028 190 (1995) | Los Angeles Superior Court, California | Breach of Contract | Browne & Woods | Damages Analysis |
| 70. | Schlessinger v. Safeco Insurance Co. of America Case No. SC027965 (1995) | Los Angeles Superior Court, California | Bad Faith | Schlessinger & Wheeler | Damages Analysis |
| 69. | J.H. Design v. The Walt Disney Company No. BC090 485 (1995) ** | Los Angeles Superior Court, California | Breach of Contract | Bird, Marella, Boxer, Wolpert & Matz | Damages Analysis |
| 68. | Hewlett-Packard Company v. GenRad, Inc. No. 94-10675 RCL (1995) ** | U.S. District Court, District of Massachusetts | Patent Infringement | Pennie & Edmonds | Damages Analysis |
| 67. | Licensing Funding Partners v. Biblioteca Apostolica Vaticana, et al. BC 059176 (1995) | Los Angeles Superior Court, California | Breach of Contract | Howarth & Smith, Blecher & Collins | Damages Analysis |
| 66. | In re: AST Research Securities Litigation CV-94-1370 SVW (1995) | U.S. District Court, Central District of California | Class Action Securities Case | Prongay & Mikolajcyk; Greenfield & Rifkin | Damages Analysis |

***Underlined party was my client.

## EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit*** | Court | Type | Law Firm/Attorneys | Work Performed |
|-----|-----------|-------|------|--------------------|----------------|
| 65. | AJIR, et al. v. Exxon Corp. No. C-93 20830 RMW PVT (1995) | U.S. District Court Northern District of California | PMPA | McClintock, Weston, Benshoof, Rochefort, Rubalcava & Mac-Cuish | Damages Analysis |
| 64. | TRW, Inc. v. Talley Industries CIV 94-0350-PHX-PGR (1995) | U.S. District Court, District of Arizona | Breach of Contract | Donovan, Leisure, Newton & Irvin; Cohen & Cotton | Damages Analysis |
| 63. | Fordiani v. Siino, et al. No. C93-05885 (1995) | Contra Costa Superior Court, California | Misrepresentation | King, Shapiro, Mittelman & Buchman | Damages Analysis |
| 62. | Gonsalves v. Kaiser Sand & Gravel and SVAR Industries No. C92-3561 MHP (1995) | U.S. District Court Northern District of California | Antitrust | Thelen, Marrin, Johnson & Bridges | Damages Analysis |
| 61. | Supra Corporation v. D.L. Horton Enter-prises, Inc. BC 093085 (1995) | Los Angeles Superior Court, California | Breach of Fiduciary Duty | Stradling, Yocca, Carlson & Rauth | Damages Analysis |
| 60. | Adams v. Calif. State Automobile Assoc. No. 916163 (1994) | San Francisco Superior Court, California | Various Business Torts | Thelen, Marrin, Johnson & Bridges | Cost Allocation and Rea-sonableness of Commis-sions |
| 59. | Mahne v. Crown Roll Leaf No. BC069435 (1994) *58 | Los Angeles Superior Court, California | Breach of Contract | Quinn, Emanuel, Urquhart & Oliver | Damages Analysis |
| 58. | Virgin Vision Ltd. v. The Samuel Goldwyn Co. No. BC-013701 (1994) | Los Angeles Superior Court, California | Intellectual Property | Law Offices of James P. Tierney | Damages Analysis |
| 57. | Ethicon Endo-Surgery v. Richard-Allen Medical Industries No. C2940501 (1994) ** | U.S. District Court Southern District of Ohio | Patent Infringement | Sullivan & Cromwell | Damages Analysis |
| 56. | Knickerbocker v. Scudder Reality Advisors Inc. Case No. 200169 (1994) | Riverside Superior Court, California | Breach of Contract | Giles & Burkhalter | Damages Analysis |
| 55. | Chaintool Company v. Workman, Nydegger & Jensen Civil No. 900903226CV (1994) | Third Judicial Court, Salt Lake City, Utah | Patent Attorney Malpractice | Wilkins, Oritt & Headman | Damages Analysis |

***Underlined party was my client.

## EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit*** | Court | Type | Law Firm/Attorneys | Work Performed |
|-----|-----------|-------|------|-------------------|----------------|
| 54. | Southland Sod Farms v. Stover Seed Company, et al. Civil No. 92-4894-JMI (1994) ** | U.S. District Court, Central District of California | Lanham Act | Nordman, Cormany, Hair & Compton | Damages Analysis |
| 53. | In re: Information Resources, Inc. Civil No. 89C 3712 (1994) | U.S. District Court, Northern District of Illinois | Class Action Securities Case | Freeborn & Peters; Katten, Muchin & Zavis | Budgeting |
| 52. | Guy v. United Healthcare Corp. Case No. C2-92-397 (1993) | U.S. District Court, Southern District of Ohio | Breach of Contract | Robert J. Feldhake | Damages Analysis |
| 51. | The Boulders on the River v. First Interstate Bank of California Civil No. 90-19MA (1993) | U.S. District Court, Oregon | Breach of Contract | Lane Powell Spears Lubersky | Damages Analysis |
| 50. | American Savings Bank v. MGM-Pathe Communications Corp. (1993) | Los Angeles Superior Court, California | Breach of Guarantee | Pircher, Nichols & Meeks | Alter Ego Analysis |
| 49. | Liebert Corp. v. North American Phillips Corp. (1993) | Orange County Superior Court, California | Breach of Warranty | Banchero & Lasater | Damages Analysis |
| 48. | Precor v. Weider Civil No. C91-1743Z (1993) | U.S. District Court, Western District of Washington | Patent Infringement | Christensen, O'Connor, Johnson & Kindness | Damages Analysis |
| 47. | Astec v. North American Phillips Corp. (1993) | Los Angeles Superior Court, California | Breach of Warranty | Banchero & Lasater | Damages Analysis |
| 46. | Gill v. American Savings Bank (1992) | U.S. Bankruptcy Court, Central District of California | Bankruptcy | Milbank, Tweed, Hadley & McCloy | Bankruptcy Analysis |
| 45. | Haro v. The Hahn Company (1992) | Los Angeles Superior Court, California | Breach of Fiduciary Duty | Howarth & Smith | Punitive Damages |
| 44. | Tube Forgings of America v. Weldbend (1992) | U.S. District Court, Oregon | Lanham Act | Mayer, Brown & Platt | Damages Analysis |
| 43. | State of California v. Bio-Rad (1992) | Alameda Superior Court, California | Eminent Domain | James Whittaker | Damages Analysis |
| 42. | E.J. Bartells Co. v. A.P. Green Industries (1992) | King County Superior Court, Washington | Securities Laws Violations | Thompson & Mitchell | Damages Analysis |

***Underlined party was my client.

## EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit*** | Court | Type | Law Firm/Attorneys | Work Performed |
|-----|-----------|-------|------|--------------------|----------------|
| 41. | Stafford v. Miller, Wagner & Co. (1991) | State Court, Phoenix, Arizona | Accounting Malpractice | Greengard & Finley | Professional Standards |
| 40. | Firnschild v. Wyandotte Hospital (1991) | State Court, Detroit, Michigan | Breach of Contract | Kitch, Saurbier, Drutchas, Wagner & Kenney | Damages Analysis |
| 39. | Bacchi v. Fireman's Fund Insurance Co. (1991) | JAMS, Los Angeles, California | Breach of Contract | Kayajanian, Furay, Baker & Hill | Damages Analysis |
| 38. | Ixsys v. Stratagene (1991) | San Diego Superior Court, California | Intellectual Property | Pillsbury, Madison & Sutro | Damages Analysis |
| 37. | Falcon Cable Media v. Booth American Co. (1990) | U.S. District Court, Central District of California | Tortious Interference with Contract | Thelen, Marrin, Johnson & Bridges | Damages Analysis |
| 36. | Ingram v. Owens Illinois (1990) | U.S. District Court, Oregon | Asbestos | Morgenstein & Jubelirer | Punitive Damages |
| 35. | Sucperity Corp. of California v. Shih (1990) | U.S. District Court, Central District of California | Breach of Contract | Fred & Lewin | Investigatory Accounting |
| 34. | Moreland v. Planet Insurance Company (1990) | Santa Barbara Superior Court, California | Breach of Contract | Rosenfeld, Meyer & Susman | Business Valuation |
| 33. | First Interstate Bank of Washington v. AFC (1990) | King County Superior Court, Washington | Lender Liability | Davis, Wright & Tremaine | Damages Analysis |
| 32. | El Torito v. La Mirada Redevelopment Agency (1990) | Orange County Superior Court, California | Condemnation | Bidna & Keys | Business Valuation |
| 31. | Moss v. Shepp (1990) | Los Angeles Superior Court, California | Legal Malpractice | Musick, Peeler & Garrett | Damages Analysis |
| 30. | Woodbridge Plaza v. Bank of Irvine (FDIC) (1990) | Orange County Superior Court, California | Breach of Contract | Bidna & Keys | Real Estate Valuation |
| 29. | Lines v. Bank of America (1990) | U.S. District Court, Northern District of California | Antitrust | Thelen, Marrin, Johnson & Bridges | Damages Analysis |
| 28. | Major Projects, Inc. v. Hismeh (1990) | Riverside Superior Court, California | Breach of Contract | Bidna & Keys | Damages Analysis |
| 27. | Hammersmith v. Taco Bell Corp. (1990) | U.S. District Court, Oregon | Fraud | Skadden, Arps, Slate, Meagher & Flom | Damages Analysis |

***Underlined party was my client.

## EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit*** | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 26. | Pioneer Hi-Bred v. Holden Foundation Seeds (1989) | U.S. District Court, Iowa | Theft of Trade Secret | Grefe & Sidney | Damages Analysis |
| 25. | Hideaway Productions v. Ampex Corp. (1989) | Los Angeles Superior Court, California | Breach of Implied Warranties, Fraud | Rosenfeld, Meyer & Susman | Damages Analysis |
| 24. | Lim v. Lehman (1989) | Sacramento Superior Court, California | Breach of Contract | Wolf & Leo | Damages Analysis |
| 23. | Bernstein v. Delta Airlines (1989) | U.S. District Court, Southern District of Florida | Wrongful Death | Steven Walker; Jenner & Block | Damages Analysis |
| 22. | Lippman v. Levy (1989) | Los Angeles Superior Court, California | Breach of Contract, Fraud | Browne & Woods | Business Valuation |
| 21. | In re: Technical Equities Federal Securities Litigation (1989) | U.S. District Court, Northern District of California | Class Action Securities Case | Buchalter, Nemer, Fields & Younger | Damages Analysis |
| 20. | Kay Co. v. HCC Industries (1989) | U.S. District Court, Southern District of Texas | Product Liability | Mayer, Day & Caldwell | Alter Ego Analysis |
| 19. | Pacific Dataware Inc. v. Novell (1989) | U.S. District Court, Utah | Antitrust | Kirton, McConkie & Poleman | Damages Analysis |
| 18. | Cole v. Benvenuti (1989) | Sacramento Superior Court, California | Breach of Contract | Lovitt & Hannan | Damages Analysis |
| 17. | Redacted v. Redacted (1988) | Los Angeles Superior Court | Professional Negligence | Riordan & Mckenzie | Professional Negligence & Damages Analysis |
| 16. | Sunwest Bank v. Alec Sharp (1988) | U.S. District Court, Central District of California | Breach of Contract | Lewis, D'Amato, Brisbois & Bisgaard | Damages Analysis |
| 15. | Standard Wire & Cable v. Ameritrust (1988) | U.S. District Court, Central District of California | Lender Liability | Milbank, Tweed, Hadley & McCloy | Damages Analysis |
| 14. | Small v. Rogers (1988) | Los Angeles Superior Court, California | Breach of Contract and Fiduciary Duty | Loeb & Loeb | Business Valuation |
| 13. | Cleanmaster v. Fireman's Fund Insurance (1988) | Los Angeles Superior Court, California | Business Interruption | Crouch & Fern | Damages Analysis |

***Underlined party was my client.

## EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit*** | Court | Type | Law Firm/Attorneys | Work Performed |
|-----|------------|-------|------|--------------------|----------------|
| 12. | Benvenuti v. Evans (1988) | Sacramento Superior Court, California | Fraud, Breach of Contract | Kronick, Moskovitz, Tiedemann & Girard | Real Estate Valuation |
| 11. | In re: Technical Equities (1988) | Santa Clara Superior Court, California | Class Action Securities Case | Buchalter, Nemer, Fields & Younger | Damages Analysis |
| 10. | Avila v. Goeden (1988) | U.S. District Court, Central District of California | Fraud, Breach of Contract | Rogers & Wells | Damages Analysis |
| 9. | Skeen v. Wynn's International (1987) | Los Angeles Superior Court, California | Fraud, Breach of Contract | Gibson, Dunn & Crutcher | Business Valuation |
| 8. | Dumke v. Buffalo Chips, Inc. (1987) | San Francisco Superior Court, California | Breach of Contract | Kronick, Moskovitz, Tiedemann & Girard | Damages Analysis |
| 7. | General Dynamics v. AT&T (1986) | U.S. District Court, Northern District of Illinois | Antitrust | Jenner & Block | Damages Analysis |
| 6. | Zelmans v. Tarzana Medical Partners (1985) | Los Angeles Superior Court, California | Breach of Contract | Fischer, Krane, & Jacobson | Damages Analysis |
| 5. | Ambassador Foods, Inc. v. State of California (1985) | Los Angeles Superior Court, California | Breach of Contract | Legal Staff of California Dept. of Transportation | Damages Analysis |
| 4. | Grizzard v. Western Kraft (1985) | Los Angeles Superior Court, California | Breach of Implied Warranties | Stern & Miller | Damages Analysis |
| 3. | Decorative Carpets v. Barkhordarian (1983 and 1988) | San Francisco Superior Court, California | Constructive Eviction | Pillsbury, Madison & Sutro | Damages Analysis |
| 2. | Morse Products v. AT&T (1983) | U.S. District Court, Central District of California | Antitrust | Blecher, Collins & Weinstein | Damages Analysis |
| 1. | Atherton Industries v. Sweda International (1982) | San Francisco Superior Court, California | Breach of Implied Warranties of Fitness and Merchantability | Cutler & Cutler | Damages Analysis |

***Underlined party was my client.

## EXPERT TESTIMONY—ALTERNATIVE DISPUTE RESOLUTION FORUMS
(*Indicates Number in Deposition Section if deposition testimony is given

| No. | Lawsuit*** | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 37. | Herbalife Ltd. v. KPMG, LLP (2016)*(345) | Non-Administered Arbitration of the International Institute for Conflict Prevention and Resolution | Breach of contract, Breach, Tortious Interference with Prospective Economic Advantage | Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C. | Damages Analysis |
| 36. | CopyTele, Inc. v. AU Optronics Corporation. Case No. 50 117 T 00883 13 (2014) | International Centre for Dispute Resolution, International Arbitration Tribunal | Breach of Contract, Fraud | Lieff Cabraser Heimann & Bernstein | Damages Analysis |
| 35. | CooperVision Inc. v. CIBA Vision A.G. Docket No. 50-122-T-00363-11 (2012)*305 | American Arbitration Association International Centre for Dispute Resolution | Breach of Patent License | Irell & Manella | Damages Analysis |
| 34. | Redacted v. Redacted (2011)*297 | American Arbitration Association – New York | Breach of Patent Transfer Agreement | Schnader Harrison Segal and Lewis LLP | Damages Analysis |
| 33. | Key Brand Entertainment, Inc. v. Dancap Productions, Inc. Ref. No. 1220038984 (2011) *281 | JAMS | Breach of Contract | Jeffer Mangels Butler & Marmaro | Damages Analysis |
| 32. | Wellogix, Inc. v. BP American, Inc. CA No. 4:09-CV-1511 (KPE) (2010)** | U.S. District Court, Southern District of Texas, Houston Division | Breach of Contract, Theft of Trade Secrets | Laminack, Pirtle & Martines Matthews, Lawson & Bowick | Damages Analysis |
| 31. | Gold Canyon Mining and Construction, LLC v. American Asphalt and Grading Company (2010)** | The Honorable Eli Chernow | Breach of Warranty | Howarth & Smith | Business Valuation |
| 30. | St. Vincent Medical Center and Daughters of Charity Health System, Inc. v. Victor C. Ramos, M.D., Inc. and Richard R. Lopez, Jr. M.D., Inc. JAMS Matter No. 1220037027 (2009)** | JAMS | Breach of Contract, Breach of Fiduciary Duty, Fraud | Jones Day | Damages Analysis |
| 29. | Redacted v. Redacted Case No. 74 180 Y 00729 06 DEAR (2007)** | American Arbitration Association | Breach of Contract | Howard Rice Nemerovski, Canady, Falk & Rabkin | Fairness of Partner Compensation |
| 28. | SilentAir Corporation v. Maytag Corporation, et al. Case No. 77133 0022205NADE (2006) | American Arbitration Association | Breach of Contract | Holland & Knight LLP | Damages Analysis |

***Underlined party was my client.

## EXPERT TESTIMONY—ALTERNATIVE DISPUTE RESOLUTION FORUMS

(*Indicates Number in Deposition Section if deposition testimony is given

| No. | Lawsuit*** | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 27. | George Yardley Company, Inc. v. Johnson Controls, Inc. Case No. 72 11001086 02 (2005) | American Arbitration Association | Antitrust | Stradling, Yocca, Carlson & Rauth | Damages Analysis |
| 26. | Anthony M. Trolio v. RemedyTemp, Inc. Case No. 72-114-305-02 MACR (2004) | American Arbitration Association | Breach of Contract | Lewis, Brisbois, Bisgaard & Smith | Damages Analysis |
| 25. | 911Notify.com v. Verizon Delaware, Inc. Case No: 71Y1810072202 (2003) | American Arbitration Association | Breach of Contract | Munger, Tolles & Olson | Damages Analysis |
| 24. | SPX Corporation v. Franklin Electric Corporation Case No. 51 Y 198 00469 01 (2002) | American Arbitration Association | Breach of Contract | Jenner & Block | Business Valuation |
| 23. | 2learn2.com v. San Diego State University, College of Extended Studies, et. Al., Case No. 80 Y 181 00138 01 VMD (2002)* 165 | American Arbitration Association | Breach of Contract | Stradling, Yocca, Carlson & Rauth | Damages Analysis |
| 22. | PowerAgent, Inc. v. Electronic Data Systems Corporation No. 71 Y 117 00262 00 (2002)*160 | American Arbitration Association | Breach of Fiduciary Duty | Baker & Botts Townsend and Townsend and Crew | Damages Analysis Due Diligence |
| 21. | Potlatch Corporation v. Beloit Corporation Case No. 99-2177 (PJW) (2002) | JAMS, San Francisco, California | Breach of Contract | Sacks Montgomery | Damages Analysis |
| 20. | Clayton Industries v. SPX Corporation Case No. 72-18166200-SMY (2001) *150 | American Arbitration Association | Breach of Contract | Jenner & Block | Damages Analysis |
| 19. | Fourthchannel, Inc. v. Pivotal Corporation No. 50 T 133 00200 (2001) | American arbitration Association | Breach of Contract | Dorsey & Whitney LLP Bordon Ladner Gervais | Damages Analysis |
| 18. | Glass & Associates v. Factory Mutual Insurance Company Civil No. 99-6105-HO (2000) | U.S. District Court, District of Oregon | Breach of Contract | Ball Janik | Damages Analysis |
| 17. | Ardent Software, Inc. v. Pacific Unidata, Inc. (2000)*127 | CPR Arbitration | Breach of Contract | Christensen, O'Connor, Johnson & Kindness | Damages Analysis |
| 16. | RAM Consulting, Inc. v. Adams Golf No. 74-Y181-0602-98 (1999) | American Arbitration Association | Breach of Contract | Howard, Rice, Nemerovski, Canady, Falk & Rabkin | Damages Analysis |

***Underlined party was my client.

## EXPERT TESTIMONY—ALTERNATIVE DISPUTE RESOLUTION FORUMS

(*Indicates Number in Deposition Section if deposition testimony is given

| No. | Lawsuit*** | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 15. | Synnex Information Technologies v. Tandy Corp., et al. C97-3757 WHO (1999) | U.S. District Court, Northern District of California, Referral | Breach of Contract | Nelson, Greenberg & Cohen | Damages Analysis |
| 14. | The Ischemia Research & Educational Foundation v. UCB, S.A. No. 74 T181 0440 97 (1998) | American Arbitration Association | Breach of Contract | Howard, Rice, Nemerovski, Canady, Falk & Rabkin | Damages Analysis |
| 13. | Green Hills Software, Inc. v. Integrated Systems, Inc. No. 72 117 01213 97 (1998) | American Arbitration Association | Breach of Contract | Munger, Tolles & Olson | Damages Analysis |
| 12. | Prestige Card, Inc. v. Bank One, et al. (1998) | American Arbitration Association | Breach of Contract | Lane Powell Spears Lubersky | Damages Analysis |
| 11. | Tung Yuan Construction Co. v. Chao Case No. GC 012436 (1996) *93 | Los Angeles Superior Court (Baseball Arbitration) | Breach of Contract | Bird, Marella, Boxer, Wolpert & Matz | Investigatory Accounting |
| 10. | Polo Ralph Lauren L.P. v. The Magnin Company, Inc. (1997) | American Arbitration Association | Breach of Contract | Browne & Woods | Damages Analysis |
| 9. | Redacted v. Redacted (1996) | American Arbitration Association | Breach of Contract | Kirkland & Ellis | Damages Analysis |
| 8. | Ostex International, Inc. v. Boehringer Mannheim No. 79T184 00192 95 (1996) *88 | American Arbitration Association | Breach of Contract | Mundt, MacGregor, Happel, Falconer, Zulauf & Hall | Damages Analysis |
| 7. | Kenady v. Cooper, White & Cooper No. 940973151 (1995) | JAMS, San Francisco, California | Breach of Contract | Quinn, Kully and Morrow | Damages Analysis |
| 6. | Dahle v. Integrated Resource Equity Corp. (1991) | NASD Arbitration, Portland, Oregon | Securities Violations | Garvey, Schubert & Barer | Damages Analysis |
| 5. | Bacchi v. Fireman's Fund Insurance Co. (1991) *39 | JAMS, Los Angeles, California | Breach of Contract | Kayajanian, Furay, Baker & Hill | Damages Analysis |
| 4. | Kernohan v. Prudential Bache (1989) | American Arbitration Association | Breach of Fiduciary duty | Orrick, Herrington & Sutcliffe | Damages Analysis |
| 3. | Scherick v. Taft Entertainment Co. (1989) | American Arbitration Association | Breach of Contract | Rosenfeld, Meyer & Susman | Damages Analysis |

***Underlined party was my client.

EXPERT TESTIMONY—ALTERNATIVE DISPUTE RESOLUTION FORUMS

(*Indicates Number in Deposition Section if deposition testimony is given

| No. | Lawsuit*** | Court | Type | Law Firm/Attorneys | Work Performed |
|-----|-----------|-------|------|--------------------|----------------|
| 2. | Nuvision Eyecare v. Southern California Glazers (1987) | American Arbitration Association | Breach of Contract | Gibson, Dunn & Crutcher | Damages Analysis |
| 1. | Pittsburgh/Des Moines Corp. v. Garden Grove Community Church (1984) | American Arbitration Association | Breach of Construction Contract | Irell & Manella | Damages Analysis |

***Underlined party was my client.

## EXPERT TESTIMONY—WRITTEN TESTIMONY ONLY

| No. | Lawsuit*** | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 8. | In re Textile Rental Services Litigation Case No CV-05-19 (2006) | Circuit Court of Barbour County (Clayton Division), Alabama | Class Action Fraud and Breach of Contract | 14 different law firms | Fairness of Settlement |
| 7. | Castle & Cooke California, Inc. v. Waste Management of California, Inc. No. CV760322 (1997) | JAMS/ENDISPUTE | Breach of Contract | Crosby, Heafey, Roach & May | Business Valuation |
| 6. | IMACC Corporation v. Dorothy Myers Warburton, et al. Case No. C 93 114 CW (1996) | U.S. District Court Northern District of California | Environmental Clean up | Morrison & Foerster Lane Powell Spears Lubersky Larson & Burnham | Alter Ego Analysis |
| 5. | Williams v. Kaiser Sand & Gravel & SYAR Case No. C92-3561 (1995) | U.S. District Court Northern District of California | Antitrust | Thelen, Marrin, Johnson & Bridges | Damages Analysis |
| 4. | State Farm, et al. v. Garmendi Case No. 918689 (1995) | Los Angeles Superior Court, California | Declaratory Relief | Heller, Ehrman, White & McAuliffe | Reasonableness of Fees |
| 3. | In re: Phar-Mor Inc. Securities Litigation Case No. 93-631 (1995) | U.S. District Court, Western District of Pennsylvania | Securities Litigation | Zelle & Larson | Damages Analysis |
| 2. | Reggie White, et al. v. N.F.L. Civil No. 4-92-906 (1993) | U.S. District Court, District of Minnesota, 4th Division | Antitrust | Howarth & Smith | Damages Analysis |
| 1. | McCarthy v. Pollet (1983) | State Court, Hawaii | Fraud | Goodsill, Anderson, Quinn & Stifel | Investigatory Accounting |

***Underlined party was my client.

# **Tab 5**

## Monster Energy Company v. Integrated Supply Network, LLC

## List of Documents Considered

| | Document Description | Date | Bates Range |
|---|---|---|---|
| 1 | A Touch of Class Jewelry Co. v. J.C. Penney Co., CIVIL ACTION NO. 98-2949 SECTION "A"(3), 2000 U.S. Dist. LEXIS 12898 (E.D. La. Aug. 27, 2000) | 8/27/2000 | |
| 2 | A&L Labs., Inc. v. Bou-Matic, LLC, No. 02-4862(PAM/RLE), 2004 U.S. Dist. LEXIS 15062 (D. Minn. Aug. 2, 2004) | 8/2/2004 | |
| 3 | ███████████████████████████████████ ███████████████ | 5/3/2010 | MEC017887 - MEC017894 |
| 4 | Applicant's Supplemental Answers and Objections to Opposer's First Set of Interrogatories (Nos. 1-36) | 3/6/2017 | |
| 5 | Applied Med. Res. Corp. v. United States Surgical Corp., 435 F.3d 1356 (Fed. Cir. 2006) | 1/24/2006 | |
| 6 | Ariba, Inc. v. Emptoris, Inc., 567 F. Supp. 2d 914 (E.D. Tex. 2008) | 7/29/2008 | |
| 7 | Brunswick Corp. v. United States, 36 Fed. Cl. 204 (Fed. Cl. 1996) | 7/30/1996 | |
| 8 | Cadillac Prods. v. TriEnda Corp., 2000 U.S. Dist. LEXIS 13049 ( E.D. Mich. Aug. 2, 2000) | 8/2/2000 | |
| 9 | Complaint for Trademark Infringement, Trade Dress Infringement, False Designation of Origin, and Unfair Competition | 3/22/2017 | |
| 10 | Complaint for Trademark Infringement, Trade Dress Infringement, False Designation of Origin, and Unfair Competition, Exhibit A | | |
| 11 | Complaint for Trademark Infringement, Trade Dress Infringement, False Designation of Origin, and Unfair Competition, Exhibit B | | |
| 12 | Coryn Grp. II, LLC v. O.C. Seacrets, Inc., No. : WDQ-08-2764, 2010 U.S. Dist. LEXIS 30719 (D. Md. Mar. 30, 2010) | 3/30/2010 | |
| 13 | Defendant Integrated Supply Network, LLC's Responses and Objections to Monster Energy Company's First Set of E-Mail Requests | 11/13/2017 | |
| 14 | Defendant's Answer, Affirmative Defenses, and Counterclaims to Plaintiff's Complaint | 4/13/2017 | |
| 15 | Deposition of Darlene Lott | 11/17/2017 | |
| 16 | Deposition of Darlene Lott, Exh. #101: Notice of Subpoena to Testify at a Deposition to Darlene Lott | 10/26/2017 | |
| 17 | Deposition of Darlene Lott, Exh. #102: Notice of Subpoena for Production of Documents to S.E. Tools aka Shaws Enterprises, Inc. | 10/26/2017 | |
| 18 | Deposition of Darlene Lott, Exh. #103: Packet 6 | | SE00001432 - SE00001436 |
| 19 | Deposition of Darlene Lott, Exh. #104: Monster Products Order Form | | ISN011117 - ISN011117 |
| 20 | Deposition of Darlene Lott, Exh. #105: Monster Products Order Form | | MEC048673 - MEC048673 |
| 21 | Deposition of Darlene Lott, Exh. #106: Photograph of Monster Products | | SE00000013 - SE00000013 |

EX2-329

| Document Description | Date | Bates Range |
|---|---|---|
| 22  Deposition of Darlene Lott, Exh. #107: Bag of Monster Pistachios | | |
| 23  Deposition of Darlene Lott, Exh. #108: Bag of Monster Almonds | | |
| 24  Deposition of Darlene Lott, Exh. #109: Bag of Monster Cashews | | |
| 25  Deposition of Darlene Lott, Exh. #110: Bag of Monster Roasted Cinnamon Almonds | | SE00000004 - SE00000004 |
| 26  Deposition of Darlene Lott, Exh. #111: Bag of Monster Sweet BBQ Beef Jerky | | |
| 27  Deposition of Darlene Lott, Exh. #112: Bag of Monster Hickory Smoked Beef Jerky | | |
| 28  Deposition of Darlene Lott, Exh. #113: Monster Logo Standards | | SE00000289 - SE00000289 |
| 29  Deposition of Darlene Lott, Exh. #114: Photograph of Monster Socks | | SE00000002 - SE00000002 |
| 30  Deposition of Darlene Lott, Exh. #115: Monster SE Sales Reorder Card | | |
| 31  Deposition of Darlene Lott, Exh. #116: Monster – Welcome to SE Sales! | | SE00000305 - SE00000305 |
| 32  Deposition of Darlene Lott, Exh. #117: Monster – SE Sales FAQ | | SE00000131 - SE00000132 |
| 33  Deposition of Darlene Lott, Exh. #118: SE Sales, LLC Letter to ISN Sales Representative | | SE00000067 - SE00000067 |
| 34  Deposition of Darlene Lott, Exh. #119: Monster Snack Coupons | | SE00000128 - SE00000128 |
| 35  Deposition of Darlene Lott, Exh. #120: Email from Darlene Lott to Sarah Shelstrom, Re: Features & Benefits | 7/18/2014 | SE00000280 - SE00000280 |
| 36  Deposition of Darlene Lott, Exh. #121: Monster Snacks List | | SE00000281 - SE00000282 |
| 37  Deposition of Darlene Lott, Exh. #122: SE Sales – Sales by Customer Summary, January 1, 2011 through April 3, 2017 | | SE00000371 - SE00000373 |
| 38  Deposition of Darlene Lott, Exh. #123: SE Sales – Sales by Customer Summary | | SE00001398 - SE00001427 |
| 39  Deposition of Darlene Lott, Exh. #124: List of Products and Descriptions | | SE00000141 - SE00000141 |
| 40  Deposition of Darlene Lott, Exh. #125: List of Products and Descriptions | | SE00000368 - SE00000369 |
| 41  Deposition of Darlene Lott, Exh. #126: Email from Edward Redstreake to Darlene Lott, Re: Monster Socks Web Banners | 2/4/2015 | SE00000238 - SE00000239 |
| 42  Deposition of Darlene Lott, Exh. #127: Tech's Edge Plus Catalog, Jan-Feb-Mar 2015 | | ISN001477 - ISN001608 |
| 43  Deposition of Darlene Lott, Exh. #128: Monster Snacks Ad | | ISN0031671 - ISN0031671 |
| 44  Deposition of Darlene Lott, Exh. #129: Monster Snacks Ad | | SE00000272 - SE00000272 |
| 45  Deposition of Darlene Lott, Exh. #130: Email from Sarah Shelstrom to Darlene Lott, Re: Holiday - Change to Tech's Edge Plus December Monster Snacks Ad | 10/2/2014 | SE00000247 - SE00000247 |
| 46  Deposition of Darlene Lott, Exh. #131: ISN Tool Expo West | | ISN0023999 - ISN0024006 |
| 47  Deposition of Darlene Lott, Exh. #132: Email from Scott Pilkenton to Darlene Lott, Re: Monster Snacks | 4/3/2017 | SE00000364 - SE00000365 |
| 48  Deposition of Darlene Lott, Exh. #133: SE Sales Invoice to Henry Hedden | 9/5/2017 | SE00000660 - SE00000661 |

EX2-330

| Document Description | Date | Bates Range |
|---|---|---|
| 49  Deposition of Darlene Lott, Exh. #134: Email from Darlene Lott to Scott Pilkenton, Re: Invoice from SE Tools | 5/3/2017 | SE00000366 - SE00000366 |
| 50  Deposition of Darlene Lott, Exh. #135: Monster Snacks Ad | | SE00000273 - SE00000273 |
| 51  Deposition of Darlene Lott, Exh. #136: Email from Jared Lott to Sarah Shelstrom, Re: Monster Snacks Ad with Improvements | 1/20/2017 | SE00000224 - SE00000225 |
| 52  Deposition of Darlene Lott, Exh. #137: Responses to Requests | | SE00000190 - SE00000191 |
| 53  Deposition of Marianne Radley | 11/2/2017 | |
| 54  Deposition of Marianne Radley, Exh. #01: Images from Monster Instagram Page | | ISN010966 - ISN010975 |
| 55  Deposition of Marianne Radley, Exh. #02: Monster Products: Monster Music Pages | | ISN011105 - ISN011108 |
| 56  Deposition of Marianne Radley, Exh. #03: Monster Energy Company Job Application for National Account Manager | | ISN0032312 - ISN0032314 |
| 57  Deposition of Marianne Radley, Exh. #04: Monster Jam Photos | | ISN000259 - ISN000260 |
| 58  Deposition of Marianne Radley, Exh. #05: Monster Jam Photos | | ISN000267 - ISN000268 |
| 59  Deposition of Marianne Radley, Exh. #06: Monster Jam T-Shirts | | ISN010928 - ISN010933 |
| 60  Deposition of Marianne Radley, Exh. #07: Photograph of Odwalla Monster Juices | | ISN011282 - ISN011282 |
| 61  Deposition of Marianne Radley, Exh. #08: NASCAR Racing Club.com: Dover Monster Mile Image | | ISN000031 - ISN000031 |
| 62  Deposition of Marianne Radley, Exh. #09: Facebook.com: Monster Racing & Motorsports Club Home Page | | ISN0032345 - ISN0032361 |
| 63  Deposition of Marianne Radley, Exh. #10: Photograph of Monster Energy Drinks | | ISN011262 - ISN011262 |
| 64  Deposition of Marianne Radley, Exh. #11: Photograph of Monster Energy Drinks | | ISN011261 - ISN011261 |
| 65  Deposition of Marianne Radley, Exh. #12: Photograph of Mtn. Dew Black Label Drinks | | ISN011274 - ISN011275 |
| 66  Deposition of Marianne Radley, Exh. #13: Photograph of Mtn. Dew Energy Drinks | | ISN011268 - ISN011268 |
| 67  Deposition of Marianne Radley, Exh. #14: Photograph of Nestle Pure Life Bottles | | ISN011279 - ISN011280 |
| 68  Deposition of Marianne Radley, Exh. #15: Photograph of Jackie O's Drinks | | ISN011278 - ISN011278 |
| 69  Deposition of Marianne Radley, Exh. #16: Beach Body.com Ads | | |
| 70  Deposition of Marianne Radley, Exh. #17: Monster Energy Girls Instagram Pages | | |
| 71  Deposition of Marianne Radley, Exh. #18: Webster's New World Dictionary Pages: Monster Definitions | | ISN000120 - ISN000125 |
| 72  Deposition of Marianne Radley, Exh. #19: Screen Capture: Monster Energy Zero Ultra | | |

EX2-331

| Document Description | Date | Bates Range |
|---|---|---|
| 73  Deposition of Marianne Radley, Exh. #20: Screen Capture: Monster Energy Shake | | |
| 74  Deposition of Marianne Radley, Exh. #21: Screen Capture: Java Monster - Coffee + Energy | | |
| 75  Deposition of Marianne Radley, Exh. #22: Screen Capture: Monster Hydro | | |
| 76  Deposition of Marianne Radley, Exh. #23: Screen Capture: Monster Energy Extra Strength | | |
| 77  Deposition of Marianne Radley, Exh. #24: Screen Capture: Punch Monster - Punch Energy | | |
| 78  Deposition of Marianne Radley, Exh. #25: Screen Capture: Juice Monster - Energy + Juice | | |
| 79  Deposition of Marianne Radley, Exh. #26: Screen Capture: Monster Rehab - Tea + Lemonade + Energy | | |
| 80  Deposition of Marianne Radley, Exh. #27: Monster Energy Logo | | |
| 81  Deposition of Marianne Radley, Exh. #28: Screen Capture: Monster Energy | | |
| 82  Deposition of Michael S. Pilkenton | 3/9/2017 | |
| 83  Deposition of Michael S. Pilkenton | 3/8/2017 | |
| 84  Deposition of Michael S. Pilkenton, Exh. #01: Opposer's Amended Notice of Deposition of Integrated Supply Network, LLC Pursuant to Fed. R. Civ. P. 30(b)(6) | 2/24/2017 | |
| 85  Deposition of Michael S. Pilkenton, Exh. #02: Amended Consolidated Notion of Opposition | 1/21/2016 | |
| 86  Deposition of Michael S. Pilkenton, Exh. #03: Applicant's Supplemental Answers and Objections to Opposer's First Set of Interrogatories (Nos. 1-36) | 3/6/2017 | |
| 87  Deposition of Michael S. Pilkenton, Exh. #04: Monster: The Brand Book | | ISN010484 - ISN010512 |
| 88  Deposition of Michael S. Pilkenton, Exh. #05: Month Values, 2010-2017 | | ISN010451 - ISN010483 |
| 89  Deposition of Michael S. Pilkenton, Exh. #06: Various Ads | | ISN002969 - ISN003132 |
| 90  Deposition of Michael S. Pilkenton, Exh. #07: Tech's Edge Plus Confidential Price List, March 1 - April 30, 2017 | | ISN010513 - ISN010552 |
| 91  Deposition of Michael S. Pilkenton, Exh. #08: Monster Automotive Tools & Equipment, 2013 | | ISN010224 - ISN010263 |
| 92  Deposition of Michael S. Pilkenton, Exh. #09: Tech's Edge Plus New Product Supplement, December 2014 | | ISN002289 - ISN002304 |
| 93  Deposition of Michael S. Pilkenton, Exh. #10: ISNWEB Site: Product Search Results | | ISN000126 - ISN000129 |
| 94  Deposition of Michael S. Pilkenton, Exh. #11: Twitter: Monster Tools | | MEC021210 - MEC021230 |
| 95  Deposition of Michael S. Pilkenton, Exh. #12: Facebook.com: Monster | | MEC021183 - MEC021195 |

EX2-332

| Document Description | Date | Bates Range |
|---|---|---|
| 96 Deposition of Michael S. Pilkenton, Exh. #13: Facebook.com: Monster Tools - Timeline | | MEC023951 - MEC023954 |
| 97 Deposition of Michael S. Pilkenton, Exh. #14: Facebook.com: Monster - Timeline | | MEC021196 - MEC021200 |
| 98 Deposition of Michael S. Pilkenton, Exh. #15: Tech's Edge Plus Pricing Good, May 1-31, 2013 | | ISN001405 - ISN001428 |
| 99 Deposition of Michael S. Pilkenton, Exh. #16: Tech's Edge Plus Pricing Good, July 1-31, 2013 | | ISN001357 - ISN001380 |
| 100 Deposition of Michael S. Pilkenton, Exh. #17: Professional Distributor - The Mobile Distribution Network Connection, February 2017 | | ISN010114 - ISN010140 |
| 101 Deposition of Michael S. Pilkenton, Exh. #18: Vehicle Service Pros: Time for a truck upgrade? | 10/3/2012 | MEC023985 - MEC023988 |
| 102 Deposition of Michael S. Pilkenton, Exh. #19: Vehicle Service Pros: Show me your truck: Tim Lyons, Mac Tools | | MEC023976 - MEC023977 |
| 103 Deposition of Michael S. Pilkenton, Exh. #20: Letter from Jeffrey S. Standley to Nicholas T. Pinchuk, Re: ISN's "MONSTER" Trademarks | 10/27/2016 | ISN010412 - ISN010416 |
| 104 Deposition of Michael S. Pilkenton, Exh. #21: LinkedIn: ISN Tool Dealer Expo Surpasses Expectations | 7/17/2015 | MEC021384 - MEC021387 |
| 105 Deposition of Michael S. Pilkenton, Exh. #22: Vehicle Service Pros: 2015 Tool Dealer Expo Photo Gallery | 6/29/2015 | MEC021263 - MEC021291 |
| 106 Deposition of Michael S. Pilkenton, Exh. #23: Tool Dealer Expo: 2016 Image Gallery | | MEC021351 - MEC021383 |
| 107 Deposition of Michael S. Pilkenton, Exh. #24: Vehicle Service Pros: Photo Gallery: ISN Tool Dealer Expo 2016 | 6/29/2016 | MEC021236 - MEC021262 |
| 108 Deposition of Michael S. Pilkenton, Exh. #25: Email from WEBWS to Print Media, Re: Awesome MONSTER Products from Integrated Supply Network | 1/13/2017 | ISN010448 - ISN010450 |
| 109 Deposition of Michael S. Pilkenton, Exh. #26: ISNWEB Site: Product Search Results | | ISN000186 - ISN000188 |
| 110 Deposition of Robert M. Covington, Exh. #29: U.S. PTO Reg. No. 4,951,671 - Monster Mobile Service Mark | | |
| 111 Deposition of Robert M. Covington, Exh. #30: M-claw Logo | | |
| 112 Deposition of Robert M. Covington, Exh. #31: U.S. PTO Principal Register No. 3,134,841 - Monster Energy | 8/29/2006 | |
| 113 Deposition of Robert M. Covington, Exh. #32: Photograph Regarding Monster Energy Supercross | | |
| 114 Deposition of Robert M. Covington, Exh. #33: Photograph Regarding Monster Energy Supercross | | |
| 115 Deposition of Robert M. Covington, Exh. #34: Photograph Regarding AMA | | |
| 116 Deposition of Robert M. Covington, Exh. #35: Photograph Regarding Monster Energy Supercross | | |

EX2-333

| Document Description | Date | Bates Range |
|---|---|---|
| 117 Deposition of Robert M. Covington, Exh. #36: Photograph Regarding the 41 Car in NASCAR | | |
| 118 Deposition of Robert M. Covington, Exh. #37: Photograph Regarding the 18 Car in NASCAR | | |
| 119 Deposition of Robert M. Covington, Exh. #38: Photograph Regarding the 4 Car in NASCAR | | |
| 120 Deposition of Robert M. Covington, Exh. #39: Photograph Regarding a Rendering of the 4 Car in NASCAR | | |
| 121 Deposition of Robert M. Covington, Exh. #40: Photograph Regarding a Rendering of the 24 Car in NASCAR | | |
| 122 Deposition of Robert M. Covington, Exh. #41: Photograph Regarding a Rendering of the 18 Car in NASCAR | | |
| 123 Deposition of Robert M. Covington, Exh. #42: Photograph Regarding the 18 Car in NASCAR | | |
| 124 Deposition of Robert M. Covington, Exh. #43: Photograph Regarding the 10 Car in NASCAR | | |
| 125 Deposition of Robert M. Covington, Exh. #44: Photograph Regarding a Rendering of the 11 Car in NASCAR | | |
| 126 Deposition of Robert M. Covington, Exh. #45: Photograph Regarding the Nationwide-Sponsored Car in NASCAR | | |
| 127 Deposition of Robert M. Covington, Exh. #46: Photograph Regarding the 47 Car in NASCAR | | |
| 128 Deposition of Robert M. Covington, Exh. #47: Photograph Regarding the 42 Car in NASCAR | | |
| 129 Deposition of Robert M. Covington, Exh. #48: Collection of Documents Regarding Monster Jam | | ISN011296 - ISN011300 |
| 130 Deposition of Robert M. Covington, Exh. #49: Photograph Regarding Dover International Speedway | | |
| 131 Deposition of Rodney Sacks | 2/5/2018 | |
| 132 Deposition of Rodney Sacks, 30(B)(6) | 2/5/2018 | |
| 133 Deposition of Rodney Sacks, 30(B)(6), Exh. #86: Spreadsheet: Trademark Licensing Royalties | | |
| 134 Deposition of Sam Pontrelli | 11/7/2017 | |
| 135 Deposition of Steven T. Kowalke | 1/10/2018 | |
| 136 Deposition of Steven T. Kowalke, Exh. #138: Subpoena to Testify at a Deposition in a Civil Action to Steven Kowalke | 12/5/2017 | |
| 137 Deposition of Steven T. Kowalke, Exh. #139: Email from Don Barry to Valerie Adrean, Re: Category Management Announcement | 6/30/2015 | ISNE00038158 - ISNE00038158 |
| 138 Deposition of Steven T. Kowalke, Exh. #140: Email from Don Barry to Steve Kowalke et al., Re: Board Write Up | 12/5/2016 | ISNE00058183 - ISNE00058214 |

**LitiNomics**

| | Document Description | Date | Bates Range |
|---|---|---|---|
| 139 | Deposition of Steven T. Kowalke, Exh. #141: Email from GearWrench Street Team Support to Steve Kowalke, RE: Street Beat Newsletter, Issue 14 | 7/19/2017 | ISNE00066094 - ISNE00066100 |
| 140 | Deposition of Steven T. Kowalke, Exh. #142: Monster: The Brand Book | | ISN010484 - ISN010512 |
| 141 | Deposition of Steven T. Kowalke, Exh. #143: Email from Tim Martin to Don Barry et al., Re: Revised Monster Plan – Marketing Cost Broken down | 4/21/2016 | ISNE00076958 - ISNE00076986 |
| 142 | Deposition of Steven T. Kowalke, Exh. #144: Email from Tom Pauken to Scott Pilkenton, Re: Monster Premiums | 3/28/2016 | ISNE00054842 - ISNE00054845 |
| 143 | Deposition of Steven T. Kowalke, Exh. #145: Monster Presentation 101, Jan 2016 | | ISNE00054846 - ISNE00054855 |
| 144 | Deposition of Steven T. Kowalke, Exh. #146: Email from Tim Martin to Bob Geisinger et al., Re: Unifying cat/subcat | 9/2/2016 | ISNE00056111 - ISNE00056111 |
| 145 | Deposition of Steven T. Kowalke, Exh. #147: Photograph of Monster Gloves | | MEC025314 - MEC025314 |
| 146 | Deposition of Steven T. Kowalke, Exh. #148: Email from Randy Steen to Randy Steen, Re: Meeting with Steve and Rich 1/26 | 1/27/2017 | ISNE00059926 - ISNE00059926 |
| 147 | Deposition of Steven T. Kowalke, Exh. #149: Photograph of Monster Tumbler | | MEC025312 - MEC025312 |
| 148 | Deposition of Steven T. Kowalke, Exh. #150: Email from Steve Kowalke to David Pentecost and Linda Knapp, Re: Packaging, Owner's Manuals, etc. for Monster Products | 6/21/2017 | ISNE00063609 - ISNE00063610 |
| 149 | Deposition of Steven T. Kowalke, Exh. #151: Email from Steve Kowalke to Linda Knapp and David Pentecost, Re: Logos for New Tool Boxes | 6/15/2017 | ISNE00064199 - ISNE00064202 |
| 150 | Deposition of Steven T. Kowalke, Exh. #152: Email from Steve Kowalke to Kelly Gambrell, Re: Snapshots/Pricing – Monster Mobile | 7/11/2017 | ISNE00051041 - ISNE00051048 |
| 151 | Deposition of Steven T. Kowalke, Exh. #153: Email from Randy Steen to Steve Kowalke, Re: Monster Clearance Lights - 18Jul17.xlsx | 7/18/2017 | ISNE00070256 - ISNE00070257 |
| 152 | Deposition of Steven T. Kowalke, Exh. #154: Monster Tools - Facebook Posts | | MEC028219 - MEC028222 |
| 153 | Deposition of Steven T. Kowalke, Exh. #155: Excess Tools.com: Search Results for Monster | | MEC028287 - MEC028311 |
| 154 | Deposition of Steven T. Kowalke, Exh. #156: Excess Tools.com: Search Results for Monster | | MEC028280 - MEC028286 |
| 155 | Deposition of Steven T. Kowalke, Exh. #157: Photograph of Monster Screwdriver | | MEC028261 - MEC028261 |
| 156 | Deposition of Steven T. Kowalke, Exh. #158: Photograph of Monster Screwdriver | | MEC049711 - MEC049711 |
| 157 | Deposition of Steven T. Kowalke, Exh. #159: Photograph of Monster Sweatshirt | | MEC049710 - MEC049710 |
| 158 | Deposition of Steven T. Kowalke, Exh. #160: Photograph of Monster Flashlight | | MEC049709 - MEC049709 |

| | Document Description | Date | Bates Range |
|---|---|---|---|
| 159 | Deposition of Steven T. Kowalke, Exh. #161: Photograph of Monster Growler | | MEC049708 - MEC049708 |
| 160 | Deposition of Steven T. Kowalke, Exh. #162: Integrated Supply Network, LLC Supplier Agreement with Living Essentials LLC | 9/17/2016 | ISN0035304 - ISN0035306 |
| 161 | Deposition of Steven T. Kowalke, Exh. #163: Meeting Request from Scott Pilkenton to Steve Kowalke, Re: Monster Trademark Discussion | 2/22/2017 | ISNE00032674 - ISNE00032674 |
| 162 | Deposition of Steven T. Kowalke, Exh. #164: Meeting Request from Don Barry to Don Barry et al., Re: Huddle on Monster Lawsuit Strategy | 3/29/2017 | ISNE00026794 - ISNE00026794 |
| 163 | Deposition of Steven T. Kowalke, Exh. #165: Email from Don Barry to Steve Kowalke, Re: 2 Things | 7/18/2017 | ISNE00063901 - ISNE00063901 |
| 164 | Excel Spreadsheet: Intangible Amortization Schedule | 12/31/2017 | ISN0072591 |
| 165 | Excel Spreadsheet: Integrated Supply Network Financials | | ISN0036737 |
| 166 | Excel Spreadsheet: Integrated Supply Network Summary of Financial Results --- December 2009 | | ISN0036736 |
| 167 | Excel Spreadsheet: Monster Brand Sales | | MEC0061553 |
| 168 | Excel Spreadsheet: Monster Recap by Year, 2011-May 2017 | | ISN0068590 |
| 169 | Excel Spreadsheet: Sales Cost of Sales Profits | | ISN0038150 |
| 170 | Excel Spreadsheet: Sales Cost of Sales Profits | | ISN0038152 |
| 171 | Excel Spreadsheet: Salespeople for Top Ten | | ISN0038151 |
| 172 | Excel Spreadsheets: Integrated Supply Network Consolidated Income Statements, 2014-2017 | | ISN0068591 - ISN0068638 |
| 173 | Excel Spreadsheets: Integrated Supply Network Detailed Balance Sheets, 2014 - 2017 | | ISN0068937 - ISN0068984 |
| 174 | Excel Spreadsheets: Integrated Supply Network Detailed Income Statement, July 2016 | | ISN0068669 - ISN0068677 |
| 175 | Excel Spreadsheets: Integrated Supply Network Detailed Income Statements, 2014-June 2016 | | ISN0068639 - ISN0068668 |
| 176 | Expert Report of Russell W. Mangum III, Ph.D. | 2/23/2018 | |
| 177 | Expert Report Submitted by Dr. Bruce Isaacson Measuring the Likelihood of Confusion from ISN and Monster Energy Company | 2/21/2018 | |
| 178 | Forbes: The Intrinsic Value Of Monster Beverage (https://www.forbes.com/sites/prestonpysh/2017/11/10/intrinsic-value-monster-energy-drink/#6ca789016f09) | 11/10/2017 | |
| 179 | Fromson v. Western Litho Plate & Supply Co., 853 F.2d 1568 (Fed. Cir. 1988) | 8/4/1988 | |
| 180 | Georgia-Pacific Corp. v. United States Plywood Corp., 318 F. Supp. 1116 (S.D.N.Y. 1970) | 5/28/1970 | |
| 181 | Hanson v. Alpine Valley Ski Area, Inc., 718 F.2d 1075 (Fed. Cir. 1983) | 10/6/1983 | |
| 182 | Honeywell Int'l, Inc. v. Hamilton Sundstrand Corp., 378 F. Supp. 2d 459 (D. Del. 2005) | 7/5/2005 | |

EX2-336

| Document Description | Date | Bates Range |
|---|---|---|
| 183  Integrated Supply Network 2011 Budget Spreadsheet | | ISN0023002 - ISN0023077 |
| 184  Integrated Supply Network 2012 Actuals Spreadsheet | | ISN0023078 - ISN0023125 |
| 185  Integrated Supply Network 2013 Actuals Spreadsheet | | ISN0023126 - ISN0023161 |
| 186  Integrated Supply Network 2014 Actuals Spreadsheet | | ISN0023251 - ISN0023290 |
| 187  Integrated Supply Network 2014 Actuals Spreadsheet | | ISN0023162 - ISN0023250 |
| 188  Integrated Supply Network 2015 Actuals Spreadsheet | | ISN0023291 - ISN0023410 |
| 189  Integrated Supply Network 2016 Actuals Spreadsheet | | ISN0023829 - ISN0023878 |
| 190  Integrated Supply Network Detailed Income Statement, August 2016 - December 2017 | | ISN0068678 - ISN0068840 |
| 191  Integrated Supply Network ███████████████ | | ISN0036168 - ISN0036177 |
| 192  Integrated Supply Network ████████████████ | | ISN0036178 - ISN0036204 |
| 193  Integrated Supply Network ██████████████ | | ISN0036144 - ISN0036167 |
| 194  Integrated Supply Network Expense Payments | | ISN0036295 - ISN0036297 |
| 195  Integrated Supply Network Expense Payments for Rent, April and May 2013 | | ISN0036205 - ISN0036210 |
| 196  Integrated Supply Network Expense Payments for Rent, August 2013 | | ISN0036224 - ISN0036227 |
| 197  Integrated Supply Network Expense Payments for Rent, December 2013 | | ISN0036215 - ISN0036218 |
| 198  Integrated Supply Network Expense Payments for Rent, February 2013 | | ISN0036222 - ISN0036223 |
| 199  Integrated Supply Network Expense Payments for Rent, June and July 2013 | | ISN0036228 - ISN0036232 |
| 200  Integrated Supply Network Expense Payments for Rent, June and September 2013 | | ISN0036211 - ISN0036214 |
| 201  Integrated Supply Network Expense Payments for Rent, March 2013 | | ISN0036219 - ISN0036221 |
| 202  Integrated Supply Network Expense Payments for Rent, March and April 2013 | | ISN0036233 - ISN0036237 |
| 203  Integrated Supply Network Expense Payments for Rent, November and December 2013 | | ISN0036241 - ISN0036244 |

EX2-337

| Document Description | Date | Bates Range |
|---|---|---|
| 204  Integrated Supply Network Expense Payments for Rent, September and November 2013 | | ISN0036245 - ISN0036248 |
| 205  Integrated Supply Network Expense Payments for Rent, September and October 2013 | | ISN0036249 - ISN0036252 |
| 206  Integrated Supply Network ██████████████ ████████████ | | ISN0036541 - ISN0036542 |
| 207  Integrated Supply Network | | ISN0039218 - ISN0039288 |
| 208  Integrated Supply Network | | ISN0038216 - ISN0038314 |
| 209  Integrated Supply Network | | ISN0038315 - ISN0038402 |
| 210  Integrated Supply Network | | ISN0035823 - ISN0035915 |
| 211  Integrated Supply Network | | ISN0011889 - ISN0011918 |
| 212  Integrated Supply Network | | ISN0038403 - ISN0038480 |
| 213  Integrated Supply Network | | ISN0012094 - ISN0012132 |
| 214  Integrated Supply Network | | ISN0039142 - ISN0039217 |
| 215  Integrated Supply Network | | ISN0011919 - ISN0011950 |
| 216  Integrated Supply Network | | ISN0011754 - ISN0011778 |
| 217  Integrated Supply Network | | ISN0011729 - ISN0011753 |
| 218  Integrated Supply Network | | ISN0011712 - ISN0011728 |
| 219  Integrated Supply Network | | ISN0036318 - ISN0036401 |
| 220  Integrated Supply Network | | ISN0036402 - ISN0036446 |
| 221  Integrated Supply Network | | ISN0011689 - ISN0011711 |
| 222  Integrated Supply Network | | ISN0039093 - ISN0039141 |
| 223  Integrated Supply Network | | ISN0038481 - ISN0038562 |
| 224  Integrated Supply Network | | ISN0011991 - ISN0011996 |

EX2-338

| Document Description | Date | Bates Range |
|---|---|---|
| 225  Integrated Supply Network | | ISN0011779 - ISN0011803 |
| 226  Integrated Supply Network | | ISN0035916 - ISN0035938 |
| 227  Integrated Supply Network | | ISN0011951 - ISN0011990 |
| 228  Integrated Supply Network | | ISN0039289 - ISN0039332 |
| 229  Integrated Supply Network | | ISN0012133 - ISN0012146 |
| 230  Integrated Supply Network | | ISN0036447 - ISN0036459 |
| 231  Integrated Supply Network | | ISN0039333 - ISN0039348 |
| 232  Integrated Supply Network | | ISN0036543 - ISN0036571 |
| 233  Integrated Supply Network | | ISN0038681 - ISN0038720 |
| 234  Integrated Supply Network | | ISN0039648 - ISN0039684 |
| 235  Integrated Supply Network | | ISN0036572 - ISN0036615 |
| 236  Integrated Supply Network | | ISN0036718 - ISN0036723 |
| 237  Integrated Supply Network | | ISN0036724 - ISN0036729 |
| 238  Integrated Supply Network | | ISN0036710 - ISN0036713 |
| 239  Integrated Supply Network | | ISN0036707 - ISN0036709 |
| 240  Integrated Supply Network | | ISN0036730 - ISN0036735 |
| 241  Integrated Supply Network | | ISN0036685 - ISN0036691 |
| 242  Integrated Supply Network | | ISN0039759 - ISN0039766 |
| 243  Integrated Supply Network | | ISN0036460 - ISN0036491 |
| 244  Integrated Supply Network | | ISN0035939 - ISN0035965 |
| 245  Integrated Supply Network | | ISN0011855 - ISN0011856 |

EX2-339

| Document Description | Date | Bates Range |
|---|---|---|
| 246  Integrated Supply Network |  | ISN0012026 - ISN0012029 |
| 247  Integrated Supply Network |  | ISN0035966 - ISN0035968 |
| 248  Integrated Supply Network |  | ISN0038721 - ISN0038757 |
| 249  Integrated Supply Network |  | ISN0036616 - ISN0036643 |
| 250  Integrated Supply Network |  | ISN0035969 - ISN0035978 |
| 251  Integrated Supply Network |  | ISN0012147 - ISN0012149 |
| 252  Integrated Supply Network |  | ISN0011857 - ISN0011858 |
| 253  Integrated Supply Network |  | ISN0036492 - ISN0036500 |
| 254  Integrated Supply Network |  | ISN0039685 - ISN0039715 |
| 255  Integrated Supply Network |  | ISN0036644 - ISN0036677 |
| 256  Integrated Supply Network |  | ISN0038877 - ISN0038976 |
| 257  Integrated Supply Network |  | ISN0012294 - ISN0012303 |
| 258  Integrated Supply Network |  | ISN0012237 - ISN0012268 |
| 259  Integrated Supply Network |  | ISN0012269 - ISN0012272 |
| 260  Integrated Supply Network |  | ISN0012273 - ISN0012288 |
| 261  Integrated Supply Network |  | ISN0012289 - ISN0012290 |
| 262  Integrated Supply Network |  | ISN0012291 - ISN0012293 |
| 263  Integrated Supply Network |  | ISN0039750 - ISN0039758 |
| 264  Integrated Supply Network |  | ISN0039767 - ISN0039775 |
| 265  Integrated Supply Network |  | ISN0036698 - ISN0036706 |
| 266  Integrated Supply Network |  | ISN0038758 - ISN0038798 |

EX2-340

| Document Description | Date | Bates Range |
|---|---|---|
| 267  Integrated Supply Network ████████████████ | | ISN0039716 - ISN0039749 |
| 268  Integrated Supply Networ ████████ | | ISN0039349 - ISN0039454 |
| 269  Integrated Supply Networ ████████ | | ISN0038563 - ISN0038680 |
| 270  Integrated Supply Networ ████████ | | ISN0039455 - ISN0039555 |
| 271  Integrated Supply Networ ████████ | | ISN0011836 - ISN0011854 |
| 272  Integrated Supply Networ ████████. | | ISN0011804 - ISN0011835 |
| 273  Integrated Supply Networ ████████. | | ISN0011997 - ISN0012025 |
| 274  Integrated Supply Networ ████████ | | ISN0012150 - ISN0012177 |
| 275  Integrated Supply Networ ████████ | | ISN0035979 - ISN0035942 |
| 276  Integrated Supply Networ ██████████ | | ISN0039878 - ISN0039882 |
| 277  Integrated Supply Networ ██████████ | | ISN0038874 - ISN0038876 |
| 278  Integrated Supply Networ | | ISN0012030 - ISN0012031 |
| 279  Integrated Supply Networ ████ | | ISN0036501 - ISN0036503 |
| 280  Integrated Supply Networ ██████████ | | ISN0035792 - ISN0035722 |
| 281  Integrated Supply Networ | | ISN0036678 - ISN0036684 |
| 282  Integrated Supply Networ | | ISN0036504 - ISN0036517 |
| 283  Integrated Supply Networ | | ISN0036043 - ISN0036045 |
| 284  Integrated Supply Networ | | ISN0036046 - ISN0036049 |
| 285  Integrated Supply Networ ████ | | ISN0036050 - ISN0036054 |
| 286  Integrated Supply Networ | | ISN0036055 - ISN0036056 |
| 287  Integrated Supply Networ | | ISN0012185 - ISN0012187 |

EX2-341

| Document Description | Date | Bates Range |
|---|---|---|
| 288  Integrated Supply Network | | ISN0012178 - ISN0012180 |
| 289  Integrated Supply Network | | ISN0012032 - ISN0012033 |
| 290  Integrated Supply Network | | ISN0012181 - ISN0012184 |
| 291  Integrated Supply Network | | ISN0039556 - ISN0039596 |
| 292  Integrated Supply Network | | ISN0036238 - ISN0036240 |
| 293  Integrated Supply Network | | ISN0036692 - ISN0036697 |
| 294  Integrated Supply Network | | ISN0036714 - ISN0036717 |
| 295  Integrated Supply Network | | ISN0036057 - ISN0036126 |
| 296  Integrated Supply Network | | ISN0039597 - ISN0039647 |
| 297  Integrated Supply Network | | ISN0039883 - ISN0039888 |
| 298  Integrated Supply Network | | ISN0012188 - ISN0012221 |
| 299  Integrated Supply Network | | ISN0012034 - ISN0012064 |
| 300  Integrated Supply Network | | ISN0011859 - ISN0011860 |
| 301  Integrated Supply Network | | ISN0032447 - ISN0032480 |
| 302  Integrated Supply Network | | ISN0012343 - ISN0012345 |
| 303  Integrated Supply Network | | ISN0036298 - ISN0036301 |
| 304  Integrated Supply Network | | ISN0040185 - ISN0040187 |
| 305  Integrated Supply Network | | ISN0040180 - ISN0040184 |
| 306  Integrated Supply Network | | ISN0040174 - ISN0040179 |
| 307  Integrated Supply Network | | ISN0040188 - ISN0040195 |
| 308  Integrated Supply Network | | ISN0040169 - ISN0040173 |

EX2-342

| Document Description | Date | Bates Range |
|---|---|---|
| 309  Integrated Supply Network | | ISN0036315 - ISN0036317 |
| 310  Integrated Supply Network | | ISN0036313 - ISN0036314 |
| 311  Integrated Supply Network | | ISN0036310 - ISN0036312 |
| 312  Integrated Supply Network | | ISN0036308 - ISN0036309 |
| 313  Integrated Supply Network | | ISN0036302 - ISN0036307 |
| 314  Integrated Supply Network | | ISN0038977 - ISN0038980 |
| 315  Integrated Supply Network | | ISN0012346 - ISN0012354 |
| 316  Integrated Supply Network | | ISN0040161 - ISN0040168 |
| 317  Integrated Supply Network | | ISN0012355 - ISN0012366 |
| 318  Integrated Supply Network | | ISN0040142 - ISN0040146 |
| 319  Integrated Supply Network | | ISN0012389 - ISN0012398 |
| 320  Integrated Supply Network | | ISN0012399 - ISN0012415 |
| 321  Integrated Supply Network | | ISN0039889 - ISN0040058 |
| 322  Integrated Supply Network | | ISN0040059 - ISN0040141 |
| 323  Integrated Supply Network | | ISN0040158 - ISN0040160 |
| 324  Integrated Supply Network | | ISN0040156 - ISN0040157 |
| 325  Integrated Supply Network | | ISN0040150 - ISN0040155 |
| 326  Integrated Supply Network | | ISN0040147 - ISN0040149 |
| 327  Integrated Supply Network | | ISN0012367 - ISN0012388 |
| 328  Integrated Supply Network | | ISN0012304 - ISN0012342 |
| 329  Integrated Supply Network | | ISN0036518 - ISN0036540 |

EX2-343

| Document Description | Date | Bates Range |
|---|---|---|
| 330  Integrated Supply Network ███████ | | ISN0036127 - ISN0036143 |
| 331  Integrated Supply Network ███████ | | ISN0012222 - ISN0012236 |
| 332  Integrated Supply Network ███████ | | ISN0011861 - ISN0011888 |
| 333  Integrated Supply Network ███████ | | ISN0012065 - ISN0012093 |
| 334  Integrated Supply Network ████████████ | | ISN0039776 - ISN0039802 |
| 335  Integrated Supply Network ████████████ | | ISN0036253 - ISN0036283 |
| 336  Integrated Supply Network | | ISN0038981 - ISN0039092 |
| 337  Integrated Supply Network | | ISN0039803 - ISN0039877 |
| 338  Integrated Supply Network | | ISN0038799 - ISN0038873 |
| 339  Integrated Supply Network Financials, 2009 | | ISN0040306 - ISN0040431 |
| 340  Integrated Supply Network Financials, 2010 | | ISN0040196 - ISN0040305 |
| 341  Integrated Supply Network Financials, April 2011 | | ISN0012425 - ISN0012532 |
| 342  Integrated Supply Network Financials, April 2012 | | ISN0013530 - ISN0013634 |
| 343  Integrated Supply Network Financials, April 2013 | | ISN0014958 - ISN0015063 |
| 344  Integrated Supply Network Financials, April 2014 | | ISN0016425 - ISN0016545 |
| 345  Integrated Supply Network Financials, April 2015 | | ISN0018005 - ISN0018117 |
| 346  Integrated Supply Network Financials, April 2016 | | ISN0019555 - ISN0019662 |
| 347  Integrated Supply Network Financials, April 2017 | | ISN0021468 - ISN0021598 |
| 348  Integrated Supply Network Financials, August 2011 | | ISN0012533 - ISN0012631 |
| 349  Integrated Supply Network Financials, August 2012 | | ISN0013635 - ISN0013744 |
| 350  Integrated Supply Network Financials, August 2013 | | ISN0015064 - ISN0015174 |

EX2-344

| Document Description | Date | Bates Range |
|---|---|---|
| 351  Integrated Supply Network Financials, August 2014 | | ISN0016546 - ISN0016666 |
| 352  Integrated Supply Network Financials, August 2015 | | ISN0018118 - ISN0018232 |
| 353  Integrated Supply Network Financials, August 2016 | | ISN0019663 - ISN0019777 |
| 354  Integrated Supply Network Financials, December 2011 | | ISN0012632 - ISN0012643 |
| 355  Integrated Supply Network Financials, December 2012 | | ISN0013745 - ISN0013855 |
| 356  Integrated Supply Network Financials, December 2013 | | ISN0015175 - ISN0015306 |
| 357  Integrated Supply Network Financials, December 2014 | | ISN0016667 - ISN0016791 |
| 358  Integrated Supply Network Financials, December 2015 | | ISN0018233 - ISN0018352 |
| 359  Integrated Supply Network Financials, December 2016 | | ISN0019778 - ISN0019892 |
| 360  Integrated Supply Network Financials, February 2011 | | ISN0012644 - ISN0012748 |
| 361  Integrated Supply Network Financials, February 2012 | | ISN0013856 - ISN0013950 |
| 362  Integrated Supply Network Financials, February 2013 | | ISN0015307 - ISN0015403 |
| 363  Integrated Supply Network Financials, February 2014 | | ISN0016792 - ISN0016896 |
| 364  Integrated Supply Network Financials, February 2015 | | ISN0018353 - ISN0018461 |
| 365  Integrated Supply Network Financials, February 2016 | | ISN0019893 - ISN0019997 |
| 366  Integrated Supply Network Financials, February 2017 | | ISN0021599 - ISN0021707 |
| 367  Integrated Supply Network Financials, January 2011 | | ISN0012749 - ISN0012844 |
| 368  Integrated Supply Network Financials, January 2012 | | ISN0013951 - ISN0014042 |
| 369  Integrated Supply Network Financials, January 2013 | | ISN0015404 - ISN0015497 |
| 370  Integrated Supply Network Financials, January 2014 | | ISN0016897 - ISN0016990 |
| 371  Integrated Supply Network Financials, January 2015 | | ISN0018462 - ISN0018562 |

EX2-345

| Document Description | Date | Bates Range |
|---|---|---|
| 372  Integrated Supply Network Financials, January 2016 | | ISN0019998 - ISN0020100 |
| 373  Integrated Supply Network Financials, January 2017 | | ISN0021708 - ISN0021816 |
| 374  Integrated Supply Network Financials, July 2011 | | ISN0012845 - ISN0012860 |
| 375  Integrated Supply Network Financials, July 2012 | | ISN0014043 - ISN0014151 |
| 376  Integrated Supply Network Financials, July 2013 | | ISN0015498 - ISN0015608 |
| 377  Integrated Supply Network Financials, July 2014 | | ISN0016991 - ISN0017111 |
| 378  Integrated Supply Network Financials, July 2015 | | ISN0018563 - ISN0018676 |
| 379  Integrated Supply Network Financials, July 2016 | | ISN0020101 - ISN0002211 |
| 380  Integrated Supply Network Financials, June 2011 | | ISN0012861 - ISN0012869 |
| 381  Integrated Supply Network Financials, June 2012 | | ISN0014152 - ISN0014259 |
| 382  Integrated Supply Network Financials, June 2013 | | ISN0015609 - ISN0015718 |
| 383  Integrated Supply Network Financials, June 2014 | | ISN0017112 - ISN0017232 |
| 384  Integrated Supply Network Financials, June 2015 | | ISN0018677 - ISN0018788 |
| 385  Integrated Supply Network Financials, June 2016 | | ISN0020311 - ISN0020421 |
| 386  Integrated Supply Network Financials, June 2016 | | ISN0020212 - ISN0020310 |
| 387  Integrated Supply Network Financials, March 2011 | | ISN0012970 - ISN0013076 |
| 388  Integrated Supply Network Financials, March 2012 | | ISN0014160 - ISN0014361 |
| 389  Integrated Supply Network Financials, March 2013 | | ISN0015719 - ISN0015821 |
| 390  Integrated Supply Network Financials, March 2014 | | ISN0017233 - ISN0017352 |
| 391  Integrated Supply Network Financials, March 2015 | | ISN0018789 - ISN0018900 |
| 392  Integrated Supply Network Financials, March 2016 | | ISN0020422 - ISN0020529 |

EX2-346

| Document Description | Date | Bates Range |
|---|---|---|
| 393  Integrated Supply Network Financials, March 2017 | | ISN0021817 - ISN0021925 |
| 394  Integrated Supply Network Financials, May 2011 | | ISN0013077 - ISN0013185 |
| 395  Integrated Supply Network Financials, May 2012 | | ISN0014362 - ISN0014467 |
| 396  Integrated Supply Network Financials, May 2013 | | ISN0015822 - ISN0015927 |
| 397  Integrated Supply Network Financials, May 2014 | | ISN0017353 - ISN0017473 |
| 398  Integrated Supply Network Financials, May 2015 | | ISN0018901 - ISN0019013 |
| 399  Integrated Supply Network Financials, May 2016 | | ISN0020530 - ISN0020638 |
| 400  Integrated Supply Network Financials, May 2017 | | ISN0021926 - ISN0022049 |
| 401  Integrated Supply Network Financials, November 2011 | | ISN0013186 - ISN0013299 |
| 402  Integrated Supply Network Financials, November 2012 | | ISN0014468 - ISN0014578 |
| 403  Integrated Supply Network Financials, November 2013 | | ISN0015928 - ISN0016042 |
| 404  Integrated Supply Network Financials, November 2014 | | ISN0017474 - ISN0017598 |
| 405  Integrated Supply Network Financials, November 2015 | | ISN0019014 - ISN0019132 |
| 406  Integrated Supply Network Financials, November 2016 | | ISN0020639 - ISN0020759 |
| 407  Integrated Supply Network Financials, October 2011 | | ISN0013300 - ISN0013414 |
| 408  Integrated Supply Network Financials, October 2012 | | ISN0014579 - ISN0014688 |
| 409  Integrated Supply Network Financials, October 2013 | | ISN0016043 - ISN0016157 |
| 410  Integrated Supply Network Financials, October 2014 | | ISN0017599 - ISN0017721 |
| 411  Integrated Supply Network Financials, October 2015 | | ISN0019133 - ISN0019251 |
| 412  Integrated Supply Network Financials, October 2016 | | ISN0020760 - ISN0020879 |
| 413  Integrated Supply Network Financials, September 2011 | | ISN0013415 - ISN0013529 |

EX2-347

| Document Description | Date | Bates Range |
|---|---|---|
| 414  Integrated Supply Network Financials, September 2012 | | ISN0014689 - ISN0014798 |
| 415  Integrated Supply Network Financials, September 2013 | | ISN0016158 - ISN0016269 |
| 416  Integrated Supply Network Financials, September 2014 | | ISN0017722 - ISN0017840 |
| 417  Integrated Supply Network Financials, September 2015 | | ISN0019252 - ISN0019368 |
| 418  Integrated Supply Network Financials, September 2016 | | ISN0020880 - ISN0020994 |
| 419  Integrated Supply Network Promotion Allowances Spreadsheet | | ISN0038136 |
| 420  Integrated Supply Network Promotion Allowances Spreadsheet | | ISN0023497 - ISN0023828 |
| 421  Integrated Supply Network Sales by Customer | | ISN0068471 - ISN0068567 |
| 422  Integrated Supply Network Sales Division Income Statement, 2014 - 2017 | | ISN0068841 - ISN0068936 |
| 423  Integrated Supply Network TDE West Show Recap as of June 30, 2015 | | ISN0023411 - ISN0023496 |
| 424  Integrated Supply Network, LLC's Responses to First Set of Interrogatories | 10/25/2017 | |
| 425  Integrated Supply Network, LLC's Responses to First Set of Requests for Production of Documents | 10/25/2017 | |
| 426  Integrated Supply Network, LLC's Responses to Second Set of Requests for Production of Documents | 11/13/2017 | |
| 427  Integrated Supply Payroll List | 1/16/2013 | ISN0022919 - ISN0022938 |
| 428  Integrated Supply Wage & Tax Register, 03/31/17 | 4/1/2017 | ISN0022751 - ISN0022918 |
| 429  Integrated Supply Wage & Tax Register, 12/31/12 | 1/16/2013 | ISN0022939 - ISN0023001 |
| 430  Integrated Supply Wage & Tax Register, 12/31/13 | 1/15/2014 | ISN0022291 - ISN0022372 |
| 431  Integrated Supply Wage & Tax Register, 12/31/14 | 1/19/2015 | ISN0022654 - ISN0022750 |
| 432  Integrated Supply Wage & Tax Register, 12/31/15 | 1/8/2016 | ISN0022373 - ISN0022494 |
| 433  Integrated Supply Wage & Tax Register, 12/31/16 | 1/7/2017 | ISN0022495 - ISN0022653 |
| 434  Interbrand Best Global Brands 2017 | | |

EX2-348

| Document Description | Date | Bates Range |
|---|---|---|
| 435 Interbrand: Rankings - 2000 - Best Global Brands - Best Brands (http://interbrand.com/best-brands/best-global-brands/2000/ranking/#?listFormat=sq&sortBy=rank&sortAscending=true) | 2/28/2018 | |
| 436 Interbrand: Rankings - 2010 - Best Global Brands - Best Brands (http://interbrand.com/best-brands/best-global-brands/2010/ranking/#?listFormat=sq&sortBy=rank&sortAscending=true) | 2/28/2018 | |
| 437 Interbrand: Rankings - 2011 - Best Global Brands - Best Brands (http://interbrand.com/best-brands/best-global-brands/2011/ranking/#?listFormat=sq&sortBy=rank&sortAscending=true) | 2/28/2018 | |
| 438 Interbrand: Rankings - 2012 - Best Global Brands - Best Brands (http://interbrand.com/best-brands/best-global-brands/2012/ranking/#?listFormat=sq&sortBy=rank&sortAscending=true) | 2/28/2018 | |
| 439 Interbrand: Rankings - 2013 - Best Global Brands - Best Brands (http://interbrand.com/best-brands/best-global-brands/2013/ranking/#?listFormat=sq&sortBy=rank&sortAscending=true) | 2/28/2018 | |
| 440 Interbrand: Rankings - 2014 - Best Global Brands - Best Brands (http://interbrand.com/best-brands/best-global-brands/2014/ranking/#?listFormat=sq&sortBy=rank&sortAscending=true) | 2/28/2018 | |
| 441 Interbrand: Rankings - 2015 - Best Global Brands - Best Brands (http://interbrand.com/best-brands/best-global-brands/2015/ranking/#?listFormat=sq&sortBy=rank&sortAscending=true) | 2/28/2018 | |
| 442 Interbrand: Rankings - 2016 - Best Global Brands - Best Brands (http://interbrand.com/best-brands/best-global-brands/2016/ranking/#?listFormat=sq&sortBy=rank&sortAscending=true) | 2/28/2018 | |
| 443 Interbrand: Rankings - 2017 - Best Global Brands - Best Brands (http://interbrand.com/best-brands/best-global-brands/2017/ranking/#?listFormat=sq&sortBy=rank&sortAscending=true) | 2/28/2018 | |
| 444 ISN Holding Corp & Sub 2014 Tax Returns | | ISN0040432 - ISN0040709 |
| 445 ISN Holding Corp & Sub Tax Returns, 2012 | | ISN0036738 - ISN0037227 |
| 446 ISN Holding Corp & Sub Tax Returns, 2013 | | ISN0037496 - ISN0038135 |
| 447 ISN Holding Corp & Sub Tax Returns, 2014 | | ISN0037228 - ISN0037338 |
| 448 ISN Holding Corp & Sub Tax Returns, 2014 | | ISN0037339 - ISN0037495 |
| 449 ISN Monthly Package, December 2012 | | ISN0014799 - ISN0014957 |
| 450 ISN Monthly Package, December 2013 | | ISN0016270 - ISN0016424 |
| 451 ISN Monthly Package, December 2014 | | ISN0017841 - ISN0018004 |

EX2-349

| Document Description | Date | Bates Range |
|---|---|---|
| 452  ISN Monthly Package, December 2015 | | ISN0019369 - ISN0019554 |
| 453  ISN Monthly Package, December 2015 | | ISN0020995 - ISN0021467 |
| 454  ISN Revenue Per Year | | ISN0072269 - ISN0072269 |
| 455  ████████████████ | | ISN0035543 - ISN0035545 |
| 456  ████████████████ | | ISN0035520 - ISN0035542 |
| 457  ISN Spreadsheet - Inventory | | ISN0012418 |
| 458  ISN Spreadsheet - Inventory | | ISN0012424 |
| 459  ISN Spreadsheet - Inventory by Warehouse, 2014 | | ISN0012421 |
| 460  ISN Spreadsheet - Inventory by Warehouse, 2015 | | ISN0012419 |
| 461  ISN Spreadsheet - Inventory by Warehouse, 2016 | | ISN0012420 |
| 462  ISN Spreadsheet - Inventory by Warehouse, 2017 | | ISN0012422 |
| 463  ISN Spreadsheet - Inventory by Warehouse, 2017 | | ISN0012423 |
| 464  ISN Spreadsheets - Total Monster Sales, 2011-2017 | | ISN0022050 - ISN0022290 |
| 465  ISN Spreadsheets - Total Sales, 2010-2017 | | ISN010451 - ISN010483 |
| 466  John M. Skenyon, "Proving Patent Damages to a Jury," Fish & Richardson P.C. | | |
| 467  Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp., 383 F.3d 1337 (Fed. Cir. 2004) | 9/13/2004 | |
| 468  ████████████████ | 5/29/2008 | MEC031529 - MEC031539 |
| 469  ████████████████ | 7/9/2009 | MEC031540 - MEC031549 |
| 470  ████████████████ | 9/28/2007 | MEC031550 - MEC031557 |
| 471  ████████████████ | 6/2/2011 | MEC031558 - MEC031566 |
| 472  ████████████████ | 4/1/2008 | MEC031641 - MEC031651 |
| 473  ████████████████ | 6/30/2007 | MEC031632 - MEC031640 |
| 474  ████████████████ | | MEC026598 - MEC026612 |
| 475  ████████████████ | | MEC026641 - MEC026706 |

EX2-350

| Document Description | Date | Bates Range |
|---|---|---|
| 476 ███████████████████ | | MEC026741 - MEC026752 |
| 477 ███████████████████ | | MEC026753 - MEC026929 |
| 478 ███████████████████ | | MEC026930 - MEC026936 |
| 479 ███████████████████ | | MEC026937 - MEC026944 |
| 480 ███████████████████ | | MEC026734 - MEC026740 |
| 481 ███████████████████ | | MEC026707 - MEC026729 |
| 482 ███████████████████ | | MEC026945 - MEC026953 |
| 483 ███████████████████ ███████████ | 6/18/2009 | MEC026730 - MEC026733 |
| 484 Lucent Techs., Inc. v. Gateway, Inc., 580 F.3d 1301 (Fed. Cir. 2009) | 9/11/2009 | |
| 485 Monster Brand - US / Canada / Mexico Sales | | MEC0060417 - MEC0060417 |
| 486 Monster Energy Company's Corrected Supplemental Response to Second Set of Interrogatories (11) | 2/20/2018 | |
| 487 Monster Energy Company's Responses First Set of E-Mail Requests | 11/24/2017 | |
| 488 Monster Energy Company's Responses to First Set of Interrogatories (1-10) | 9/18/2017 | |
| 489 Monster Energy Company's Responses to First Set of Requests for Production (1-69) | 9/18/2017 | |
| 490 Monster Energy Company's Responses to Second Set of Interrogatories (11-15) | 11/24/2017 | |
| 491 Monster Energy Company's Responses to Second Set of Requests for Production (70-122) | 11/24/2017 | |
| 492 ███████████████████ ██████████ | 9/22/2008 | MEC039001 - MEC039012 |
| 493 Nintendo of Am., Inc. v. Dragon Pac. Int'l, 40 F.3d 1007 (9th Cir. 1994) | 11/16/1994 | |
| 494 P & G Co. v. Paragon Trade Brands, Inc., 989 F. Supp. 547 (D. Del. 1997) | 12/30/1997 | |
| 495 Paice LLC v. Toyota Motor Corp., 504 F.3d 1293 (Fed. Cir. 2007) | 10/18/2007 | |
| 496 Panduit Corp. v. Stahlin Bros. Fibre Works, Inc., 575 F.2d 1152 (6th Cir. Mich. 1978) | 4/25/1978 | |
| 497 Proceedings: Hearing Re Scheduling Conference | 6/20/2017 | |
| 498 R. Charles Henn, Jr., Sabina A. Vayner, and Katharine M. Sullivan, "Monetary Recovery in Trademark Litigation," IP Litigator, November/December 2010 | | |

| | Document Description | Date | Bates Range |
|---|---|---|---|
| 499 | Report of James T. Berger Re Analysis of the "Monster" Trademark | 2/23/2018 | |
| 500 | ResQNet.com, Inc. v. Lansa, Inc,, 594 F.3d 860 (Fed. Cir. 2010) | 2/5/2010 | |
| 501 | Robert M. Covington | 11/9/2017 | |
| 502 | Sands, Taylor & Wood Co. v. Quaker Oats Co., 84 C 8075, 1993 U.S. Dist. LEXIS 7893 (N.D. Ill. June 7, 1993) | 6/8/1993 | |
| 503 | Sands, Taylor & Wood v. Quaker Oats Co., 34 F.3d 1340 (7th Cir. 1994) | 9/13/1994 | |
| 504 | Sands, Taylor & Wood v. Quaker Oats Co., 44 F.3d 579 (7th Cir. 1995) | 1/9/1995 | |
| 505 | Sinclair Refining Co. v. Jenkins Petroleum Process Co., 289 U.S. 689 (U.S. 1933) | 5/29/1933 | |
| 506 | St. Clair Intellectual Prop. Consultants, Inc. v. Canon, Inc., 2004 U.S. Dist. LEXIS 19475 (D. Del. Sept. 28, 2004) | 9/28/2004 | |
| 507 | Stone Creek, Inc. v. Omnia Italian Design, Inc., 875 F.3d 426 | 8/30/2017 | |
| 508 | Studiengesellschaft Kohle v. Dart Industries, Inc., 862 F.2d 1564 (Fed. Cir. 1988) | 12/14/1988 | |
| 509 | Sun Studs v. ATA Equip. Leasing, 872 F.2d 978 (Fed. Cir. 1989) | 3/31/1989 | |
| 510 | Sunex International Invoices and Check Payments | | ISN0036284 - ISN0036294 |
| 511 | █████████████████████████ | 3/11/2010 | MEC031479 - MEC031506 |
| 512 | █████████████████████████ | 7/13/2011 | MEC038885 - MEC038906 |
| 513 | █████████████████████████ | 7/13/2011 | MEC031507 - MEC031528 |
| 514 | █████████████████████████ | 1/1/2011 | MEC025955 - MEC025981 |
| 515 | █████████████████████████ | 8/1/2010 | MEC025982 - MEC025995 |
| 516 | █████████████████████████ | 11/1/2010 | MEC026072 - MEC026079 |
| 517 | █████████████████████████ | 5/29/2009 | MEC031575 - MEC031595 |
| 518 | █████████████████████████ | 8/17/2010 | MEC031596 - MEC031614 |
| 519 | █████████████████████████ | 1/6/2010 | MEC026021 - MEC026047 |
| 520 | █████████████████████████ | 1/1/2011 | MEC031615 - MEC031631 |
| 521 | █████████████████████████ | 11/4/2010 | MEC039525 - MEC039540 |
| 522 | █████████████████████████ | 4/12/2010 | MEC026048 - MEC026071 |

EX2-352

| Document Description | Date | Bates Range |
|---|---|---|
| 523 ████████████████ ███████ | 6/17/2009 | MEC026613 - MEC026640 |
| 524 ████████████████ ██ | 7/9/2009 | MEC026080 - MEC026107 |
| 525 ████████████████ █████ | 6/18/2010 | MEC026108 - MEC026150 |
| 526 ████████████████ ████ | 1/16/2006 | MEC017966 - MEC017973 |
| 527 ████████████████ ████ | 8/4/2009 | MEC017974 - MEC018008 |
| 528 ████████████████ ███. | 10/15/2010 | MEC031652 - MEC031670 |
| 529 ███████████████ ███ | | MEC031683 - MEC031706 |
| 530 ███████████████ █████ | 1/1/2011 | MEC031671 - MEC031682 |
| 531 ███████████████ ███ | 6/1/2010 | MEC026151 - MEC026166 |
| 532 █████████████████ ██████ | 1/1/2010 | MEC031567 - MEC031574 |
| 533 ████████████████ █████ | 4/1/2013 | MEC038907 - MEC038933 |
| 534 ████████████████ ██████ | 6/12/2013 | MEC039366 - MEC039395 |
| 535 ███████████████ █████ | 5/6/2016 | MEC039396 - MEC039422 |
| 536 ████████████████ ██████. | 1/1/2013 | MEC038934 - MEC038966 |
| 537 ███████████████ █████ | 1/1/2014 | MEC039423 - MEC039449 |
| 538 ████████████████ ██████ | 1/12/2012 | MEC025996 - MEC026020 |
| 539 ███████████████ █████ | 3/27/2013 | MEC039450 - MEC039524 |
| 540 ████████████████ ██████ | 6/15/2012 | MEC039660 - MEC039683 |
| 541 ███████████████ ████████ | | MEC039636 - MEC039659 |
| 542 ███████████████ ████████ | | MEC039609 - MEC039635 |
| 543 ████████████████ ██████ | 11/4/2015 | MEC039541 - MEC039574 |

EX2-353

| Document Description | Date | Bates Range |
|---|---|---|
| 544 ██████████████████ ██████████ | 1/1/2012 | MEC039575 - MEC039608 |
| 545 ██████████████████ █████████ | 3/1/2012 | MEC031707 - MEC031730 |
| 546 U.S. Patent & Trademark Office: U.S. Trademark Law - Federal Statutes | 11/25/2013 | |
| 547 U.S. Trademark Registration 4,951,671 | 5/3/2016 | ISN0032362 - ISN0032366 |
| 548 Unisplay, S.A. v. American Elec. Sign Co., 69 F.3d 512 (Fed. Cir. 1995) | 10/25/1995 | |
| 549 Wright v. United States, 53 Fed. Cl. 466 (Fed. Cl. 2002) | 8/28/2002 | |