Steven J. Nataupsky (SBN 155913)
steven.nataupsky@knobbe.com
Lynda J. Zadra-Symes (SBN 156511)
lynda.zadrasymes@knobbe.com
Marko R. Zoretic (SBN 233,952)
marko.zoretic@knobbe.com
Jason A. Champion (CA SBN 259207)
jason.champion@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff
MONSTER ENERGY COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONSTER ENERGY COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>INTEGRATED SUPPLY NETWORK, LLC, a Florida limited liability company,<br><br>Defendant. | Case No. 5:17-CV-00548-CBM-RAO<br><br>**OPENING BRIEF IN SUPPORT OF MONSTER ENERGY COMPANY'S *DAUBERT* MOTION TO EXCLUDE TESTIMONY OF MICHAEL WAGNER**<br><br>HEARING:<br>May 29, 2018<br>10:00 a.m.<br>Courtroom 8B<br><br>Hon. Consuelo B. Marshall |

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

# TABLE OF CONTENTS

**Page No.**

I.   INTRODUCTION .................................................................................... 1

II.  BACKGROUND ..................................................................................... 1

III. LEGAL STANDARD ............................................................................. 2

IV. ARGUMENT .......................................................................................... 2

    A.   Wagner improperly uses ▇▇▇▇▇▇▇▇ to reduce ISN's profits ................................................................................... 2

    B.   Wagner improperly deducts ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ .......................... 4

V.  CONCLUSION ....................................................................................... 5

# TABLE OF AUTHORITIES

**Page No(s).**

*Bldg. Indus. Ass'n of Washington v. Washington State Bldg. Code Council*,
   683 F.3d 1144 (9th Cir. 2012) .......................................................................... 2

*Choice Hotels Intern., Inc. v. Bhakta*,
   2013 WL 1403526 (S.D. Tex. Apr. 15, 2013) ................................................. 5

*Crosby Steam-Gauge & Valve Co. v. Consolidated Safety-Valve Co.*,
   141 U.S. 441 (1891) ................................................................................. 2, 3, 4

*Cyclone USA, Inc. v. LL & C Dealer Servs.*,
   LLC, 2010 WL 2104935 (C.D. Cal. May 24, 2010) .................................. 4, 5

*Daubert v. Merrell Dow Pharms., Inc.*,
   509 U.S. 579 (1993) ......................................................................................... 2

*Duplate Corp. v. Triplex Safety Glass Co. of N. Am.*,
   298 U.S. 448 (1936) ..................................................................................... 3, 4

*Maier Brewing Co. v. Fleischmann Distilling Corp.*,
   359 F.2d 156 (9th Cir.1966) ............................................................................ 4

*Maier Brewing Co. v. Fleischmann Distilling Corp.*,
   390 F.2d 117 (9th Cir. 1968) ........................................................................... 1

*Wolfe v. Nat'l Lead Co.*,
   272 F.2d 867 (9th Cir.1959), *cert. denied*, 362 U.S. 950, 80
   S.Ct. 860, 4 L.Ed.2d 868 (1960) ................................................................. 4, 5

## OTHER AUTHORITIES

Fed. R. Evid. 702 ....................................................................................... 1, 2

## I. INTRODUCTION

Monster Energy Company seeks to disgorge the profits that ISN made by selling ISN's infringing Monster and Monster Mobile tools, lighting, clothing, beverage ware, and other products. ISN's damages expert, Michael Wagner, intends to testify that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

But an infringer may not ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Moreover, an infringer cannot ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Wagner's ▮▮▮▮▮▮▮▮▮▮▮▮▮ violates both rules. Therefore, Wagner's testimony on this issue is irrelevant and unreliable. Thus, his testimony fails to satisfy Rule 702, and the Court should preclude Wagner and ISN from offering, discussing, or otherwise relying on the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

## II. BACKGROUND

To prove ISN's profits, Monster need establish only ISN's revenues. ISN then bears the burden to prove the amount of costs to deduct from its revenues to determine its profits. *Maier Brewing Co. v. Fleischmann Distilling Corp.*, 390 F.2d 117, 124 (9th Cir. 1968) ("the defendant has the burden of proof as to any deductions from his gross sales.").

Monster's damages expert, Dr. Russ Mangum, calculated ISN's revenues through 2017.[1] Dkt. No. 88-10, p. 9, Ex. 6. ISN retained Wagner to calculate the costs to deduct from that revenue. Wagner opines that ISN incurred many different costs, and that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[1] Although he need not do so, Dr. Mangum also deducted costs that ISN incurred to acquire those products. Dkt. No. 88-10, p. 9, Ex. 3.

*1*  ▓▓▓▓▓▓▓▓▓▓▓▓ Declaration of Jason A. Champion ("Champion Decl."),
*2*  Ex. 1, p. 14-19.  Those costs include ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
*3*  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *Id*. ¶49.  Wagner
*4*  included this cost because ISN's CEO, Bruce Weber, told Wagner that ▓▓▓▓
*5*  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
*6*  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.[2][3]  *Id*.

## III. LEGAL STANDARD

*8*  Expert testimony is admissible pursuant to Rule 702 only if it is both
*9*  relevant and reliable.  *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 589
*10* (1993).  The party offering expert opinion testimony bears the burden to prove
*11* that the testimony satisfies the requirements for admissibility.  *Bldg. Indus.*
*12* *Ass'n of Washington v. Washington State Bldg. Code Council*, 683 F.3d 1144,
*13* 1154 (9th Cir. 2012).

## IV. ARGUMENT

*15* **A.  Wagner improperly uses ▓▓▓▓▓▓▓▓▓▓▓▓▓ to reduce ISN's profits**

*16* Courts have long and consistently held that an ▓▓▓▓▓▓▓▓▓▓▓▓▓▓
*17* ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
*18* ▓▓▓▓▓▓▓▓  This includes, as Wagner attempts here, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓
*19* ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

*20* In *Crosby Steam-Gauge & Valve Co. v. Consolidated Safety-Valve Co.*,
*21* 141 U.S. 441, 454 (1891), the plaintiff sought to disgorge profits that a patent
*22* infringer made by selling valves.  The infringer sought to deduct the costs for

---

[2] Weber did not tell Wagner what it intends to do with ▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓ and Wagner could not confirm that ISN ▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓ Champion Decl., Ex. 2 at 25:9-27:3, 99:19-101:5.

[3] If the Court denies this motion, Monster would file a separate motion *in limine* to exclude ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ because ISN never disclosed it in discovery.  At the least, Monster would seek to reopen Weber's deposition.

(1) valves that it made and destroyed before selling and (2) valves given to customers free of charge to replace a valve that it had already sold. *Id*. at 454-55.

The Supreme Court held that the infringer could not deduct these costs against the profits that the infringer made by selling other valves. The Court reasoned that:

> the only subject of inquiry is the profit made by the defendant on the articles which it sold at a profit, and for which it received payment, and that losses incurred by the defendant through its wrongful invasion of the patent are not chargeable to the plaintiff, nor can their amount be deducted from the compensation which the plaintiff is entitled to receive.

*Id*. at 457.

The Supreme Court continued this rule in *Duplate Corp. v. Triplex Safety Glass Co. of N. Am.*, 298 U.S. 448, 458 (1936). In *Duplate*, the plaintiff sought to disgorge profits that the patent infringer made on shatterproof glass. Relying on *Crosby*, the Supreme Court rejected the infringer's attempt to deduct the costs for products that customers returned as defective. *Id*. at 455-56 ("The infringers being relieved of any charge by reason of such transactions are not entitled to a credit.").

The Court supported this reasoning throughout its opinion. The Court explained that "a sale resulting in a loss may not be offset by an infringer against another and independent sale resulting in a gain for the purpose of extinguishing or reducing a liability for profits." *Id*. at 452. The Court also explained:

> There may be an acceptance of transactions resulting in a gain with a rejection of transactions resulting in a loss. Upon a statement of an account, a patentee is not looked upon as a 'quasi-partner of the

-3-

infringers,' under a duty to contribute to the cost of the infringing business as a whole. He is the victim of a tort, free at his own election to adopt what will help and discard what will harm.

*Id*. at 458 (citations omitted).

The Ninth Circuit confirmed that the Supreme Court's holdings in *Crosby* and *Duplate* apply to trademark cases. *Wolfe v. Nat'l Lead Co.*, 272 F.2d 867, 869-870 (9th Cir.1959), *cert. denied*, 362 U.S. 950, 80 S.Ct. 860, 4 L.Ed.2d 868 (1960) *overruled in part on other grounds* by *Maier Brewing Co. v. Fleischmann Distilling Corp.*, 359 F.2d 156 (9th Cir.1966); *see also Cyclone USA, Inc. v. LL & C Dealer Servs.*, LLC, 2010 WL 2104935, at *2 (C.D. Cal. May 24, 2010) (*Wolfe* "remains controlling Ninth Circuit law on the specific issue of whether an infringing party is entitled to use its losses to offset its profits obtained from trademark infringement.").

Wagner's ███████████████████████ violates this more-than-century-old precedent. ███████████████████████ ███████████████████████. Indeed, Monster has not sought damages for ███████████ As the victim of ISN's tort, Monster may reject ███████████████████████ ███████████████████ *See Wolfe,* 272 F.2d at 870 (quoting *Duplate,* 298 U.S. at 458). Therefore, Wagner's testimony on this issue is neither relevant nor reliable, and the Court should exclude it.

**B.** **Wagner improperly deducts ███████████████**
**███████████████████**

Wagner's intended testimony violates a second well-established precedent: a defendant may not deduct ███████████████ ███████████ *Wolfe,* 272 F.2d at 869-870; *see also Cyclone*, 2010 WL 2104935, at *2 (infringers may not "offset unprofitable years against profitable ones in accounting for net profits received during a period of trademark

-4-

1  infringement"); *Choice Hotels Intern., Inc. v. Bhakta*, 2013 WL 1403526, at *6-
2  7 (S.D. Tex. Apr. 15, 2013) (rejecting defendant's argument that monthly losses
3  may be used to offset profits and instead calculating profits based on only
4  profitable months).  Wagner admits that he has done exactly what *Wolfe* and
5  *Cyclone* prohibit—he ██████████████████████████████
6  ██████████████████████ Champion Decl., Ex. 2 at 29:15-18.  Wagner's
7  testimony on this purported deduction is neither relevant nor reliable for this
8  additional reason, and the Court should exclude it.

## V. CONCLUSION

For the foregoing reasons, Wagner and ISN should be precluded from offering, discussing, or otherwise relying on ██████████████████████ ██████████████████

Respectfully submitted,
KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: May 1, 2018       By: /s/ *Jason A. Champion*
                             Steven J. Nataupsky
                             Lynda J. Zadra-Symes
                             Marko R. Zoretic
                             Jason A. Champion

                             Attorneys for Plaintiff,
                             MONSTER ENERGY COMPANY

28151334