Steven J. Nataupsky (SBN 155913)
steven.nataupsky@knobbe.com
Lynda J. Zadra-Symes (SBN 156511)
lynda.zadrasymes@knobbe.com
Marko R. Zoretic (SBN 233,952)
marko.zoretic@knobbe.com
Jason A. Champion (CA SBN 259207)
jason.champion@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Brian C. Horne (SBN 205621)
brian.horne@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Facsimile: (310) 601-1263

Attorneys for Plaintiff
MONSTER ENERGY COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONSTER ENERGY COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>INTEGRATED SUPPLY NETWORK, LLC, a Florida limited liability company,<br><br>Defendant. | Case No. 5:17-CV-00548-CBM-RAO<br><br>**OPENING BRIEF IN SUPPORT OF MONSTER ENERGY COMPANY'S MOTION *IN LIMINE* NO. 1 TO PRECLUDE INTEGRATED SUPPLY NETWORK, LLC FROM OFFERING TESTIMONY FROM DON BARRY AS AN EXPERT**<br><br>HEARING:<br>August 21, 2018<br>2:30 p.m.<br>Courtroom 8B<br><br>Hon. Consuelo B. Marshall |

Plaintiff Monster Energy Company ("Monster") moves to exclude Don Barry, a former employee of Defendant Integrated Supply Network ("ISN"), from testifying as an expert witness. Despite Monster's timely objections, ISN has not disclosed the subject matter on which Mr. Barry is expected to testify, nor the facts and opinions to which Mr. Barry is expected to testify. Accordingly, ISN has completely failed to provide the information required by Fed. R. Civ. P. 26(a)(2)(C), and this Court should exclude any expert testimony by Mr. Barry.

## I. FACTUAL BACKGROUND

On February 12, 2018, ISN served its Second Amended Initial Disclosures, listing its then-employee Don Barry as a fact witness. Declaration of Marko R. Zoretic ("Zoretic Decl."), Ex. 1 at 4. Four days later, Monster took the deposition of Mr. Barry as a fact witness.[1] Just one week after the deposition, on February 23, 2018, ISN served what it described as its Supplemental Disclosures. *Id.*, Ex. 2. Those Supplemental Disclosures continued to list Mr. Barry as a fact witness. *Id.* at 4. However, they also listed him for the first time as an "Occurrence Witness[] Who May Provide Expert Testimony." *Id.* at 17.

February 23, 2018 was also the deadline for the disclosure of expert witnesses and service of expert reports. Dkt. No. 50. However, ISN's Supplemental Disclosures were not accompanied by a written report from Mr. Barry, as required of most experts under Fed. R. Civ. P. 26(a)(2)(B). Nor did the Supplemental Disclosures include the information required of all other experts under Fed. R. Civ. P. 26(a)(2)(C), such as "the subject matter on which the witness is expected to present evidence," or "a summary of the facts and

---

[1] Monster had previously learned of the name of Mr. Barry through other discovery.

-1-

opinions on which the witness is expected to testify." *Id.* Instead, the disclosure of Mr. Barry reads in its entirety as follows:

> Don Barry may be called by ISN at trial to present evidence under Rules 702, 703, 704, and 705, of the Federal Rules of Evidence. Mr. Barry is an employee of ISN and may be contacted through Defendant's counsel. Mr. Barry has specialized knowledge regarding relevant topics such as branding and marketing.

Zoretic Decl., Ex. 2 at 17–18.

ISN also offered its explanation for not providing a written report of Mr. Barry:

> Mr. Barry is not required under Rule 26 to provide a written report since he was not retained or specially employed to provide expert testimony in this case and does not have employment duties that regularly include giving testimony.

*Id.* at 18. ISN did not explain why it had not provided "the subject matter on which the witness is expected to present evidence," or "a summary of the facts and opinions on which the witness is expected to testify," as required by Rule 26(a)(2)(C).

Thereafter, Monster sent ISN a letter demanding that it provide the missing information required by Rule 26(a)(2)(C). Zoretic Decl., Ex. 3. Monster explained that it needed the information before the April 13, 2018 close of expert discovery so that Monster could decide whether to take an expert deposition of Mr. Barry. *Id.* ISN responded by email on April 3, 2018, declining to provide the requested information. *Id.*, Ex. 4. Instead, ISN stated that Mr. Barry's expert testimony "would be consistent with his deposition testimony" in his fact deposition. *Id.* ISN also offered to identify the "portions of his deposition transcript where his expertise was described and his opinion topics were mentioned." *Id.* Monster then responded by explaining that

-2-

citations to a deposition transcript are no substitute for the disclosures required under Rule 26(a)(2)(C). *Id.*, Ex. 5. Monster also explained that it would be moving to exclude all expert testimony from Mr. Barry at trial. *Id.* Monster now brings that motion.

## II. MR. BARRY SHOULD BE BARRED FROM GIVING ANY EXPERT TESTIMONY

### A. ISN Has Violated Rule 26(a)(2)(C)

Rule 26(a) identifies two types of expert witnesses and provides separate disclosure requirements for each type. First, "if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve the giving of expert testimony," then the witness must provide "a written report." Fed. R. Civ. P. 26(a)(2)(B). Second, for all other expert witnesses, the proffering party must disclose:

> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
>
> (ii) a summary of the facts and opinions to which the witness is expected to testify.

Fed. R. Civ. P. 26(a)(2)(C). ISN contends that Mr. Barry is not required to provide a report under Rule 26(a)(2)(B). For purposes of this motion, Monster will accept this as true. Thus, the requirements of Rule 26(a)(2)(C) govern.

ISN's disclosure of Mr. Barry does not even come close to meeting these requirements. In fact, it provides **none** of the information required by Rule 26(a)(2)(C). ISN's disclosure includes only one substantive sentence: "Mr. Barry has specialized knowledge regarding relevant topics such as branding and marketing." Zoretic Decl., Ex. 2 at 18. At best, this discloses some information about the general areas in which Mr. Barry's might be competent to render expert opinions. But it provides no meaningful information about the subject matter on which Mr. Barry actually will testify. Moreover, it most certainly

-3-

does not provide "a summary of the facts and opinions to which the witness is expected to testify," as required by Rule 26(a)(2)(C).

The case law confirms the self-evident—ISN's one-sentence disclosure is insufficient. For example, in *Jones v. Colorado Casualty Ins. Co.*, No. CV-12-01968-PHX-JAT, 2015 WL 6123125 (D. Ariz. Oct. 19, 2015), the plaintiff planned to offer the testimony of his treating physician as an expert under Rule 26(a)(2)(C). The plaintiff's disclosure in *Jones* was much more thorough than ISN's disclosure here. The plaintiff identified in some detail the general subject matter or issues as to which his physician would testify. *Id*. at *2 (quoting the disclosure). But "the disclosure fails to include **what his actual opinions are** regarding the issues." *Id.* at *3 (emphasis in original). Similarly, "Plaintiff failed to disclose the **factual basis** for these opinions." *Id*. (emphasis in original). Accordingly, the court precluded the physician from testifying as an expert. *Id.* at *5. *Accord Cooke v. Town of Colorado City*, No. CV 10-08105-PCT-JAT, 2013 WL 551508 at *4-*5 (D. Ariz. Feb. 13, 2013).

Similarly, in *Langermann v. Property & Cas. Ins. Co. of Hartford*, No. 2:14-CV-00982-RCJ, 2015 WL 4724512 (D. Nev. Aug. 10, 2015), the plaintiff planned to offer the expert testimony of various treating physicians. *Id.* at *4. For each treating physician, the plaintiff disclosed that "said witness will testify to his/her knowledge regarding the medical treatment provided to [the decedent] resulting from the subject accident." *Id.* As in *Jones*, the court concluded that this "disclosure contains no information about the facts and opinions on which each provider is expected to testify as required by Rule 26(a)(2)(C)(ii)." *Id*. "The disclosure contains only the most generic, unhelpful description of the subject matter on which each provider is expected to present evidence … as required by Rule 26(a)(2)(C)(i)." *Id*. In short, the disclosure was "woefully inadequate," and the court excluded the proffered expert testimony. *Id.* at *5. *Accord Kraja v. Bellagio, LLC*, 2:15-CV-01983-APG-

-4-

NJK, 2016 WL 1611590 at *2 (D. Nev. April 22, 2016) (excluding "boilerplate disclosures [that] are wholly devoid of a summary facts and opinions as to which each witness is expected to testify").

Likewise, in *Obesity Research Institute v. Fiber Research Int'l*, No. 15-CV-0595-BAS-MDD, 2015 WL 9008778 (S.D. Cal. Dec. 15, 2015), the plaintiff provided an expert disclosure far more detailed than that of ISN. *See id.* at *1 (quoting disclosure). The court found it "remarkabl[e]" that plaintiff "contends that its disclosures are sufficient." *Id.* at *2. As in the present case, "there is nothing in the disclosures that even purports to summarize facts and opinions to which the witnesses are expected to testify as required by Rule 26(a)(2)(C)(ii)." *Id*. The court then concluded:

> [Plaintiff's] failure to even attempt to follow the requirements of Rule 26(a)(2)(C) is made more offensive by its continuing arguments that the disclosures are sufficient. This stubborn insistence on a frivolous argument is an example of the worst kind of gamesmanship, wasting attorney time and effort, causing the unnecessary expenditure of client funds and unreasonably burdens the Court.

*Id*. at *3. Precisely the same is true here.

### B. ISN's Non-Compliance Is Neither Harmless Nor Substantially Justified

"When a party fails to make the disclosures required by Rule 26(a), the party is not allowed to use the witness to supply evidence at trial unless it establishes that the failure was substantially justified or is harmless." *Goodman v. Staples The Office Superstore*, 644 F.3d 817, 826 (9th Cir. 2011) (citing Fed. R. Civ. P. 37(c)(1)). This "exclusion sanction is a self-executing, automatic sanction designed to provide a strong inducement for disclosure." *Obesity Research*, 2015 WL 9008778 at *1. "If a party violated Rule 26(a), it is that

party's burden to show that the violation is substantially justified or harmless." *Jones*, 2015 WL 6123125 at *2 (citing *Yeti by Molly v. Decker Outdoor Corp.*, 259 F.3d 1101, 1107) (9th Cir. 2001)).

ISN's violation was not substantially justified. In correspondence with Monster, ISN identified no justification for its failure to disclose. *See* Zoretic Decl., Ex. 4. Moreover, after ISN served its inadequate disclosure, Monster asked ISN to provide a supplemental disclosure, and cautioned that failure to do so would lead to this very motion *in limine*. *Id.*, Ex. 5. There can be no substantial justification for ISN's refusal to supplement its disclosure after being warned. *See Sanchez v. California*, No. 1:12-CV-01835-SAB, 2015 WL 2185186 at *9 (E.D. Cal. May 8, 2015) (failure to comply with Rule 26(a)(2)(C) was not substantially justified because the party did not correct the deficiencies in the disclosure after receiving notice).

Nor is ISN's inadequate disclosure harmless. ISN has implied that its failure was harmless because Monster should be able to glean from Mr. Barry's fact deposition all of the information required by Rule 26(a)(2)(C). Zoretic Decl., Ex. 4. But the courts have repeatedly rejected this argument. For example, as the Court explained in *Jones*:

> [T]he Court cannot conclude that Plaintiff's failure to properly follow the requirements of Rule 26(a)(2)(C) was harmless because Plaintiff believes that [Defendant] could have correctly guessed at the substance of [the expert's] testimony from his prior deposition testimony.

*Jones*, 2015 WL 6123125 at *4. The court further observed that "[t]he principal problem with Plaintiff's argument is that the purpose and intent of Rule 26(a)(2)(C) would be reduced to mere rhetoric if the Court were to hold harmless Plaintiff's disclosure." *Id*.

Similarly, the court in *Ibey v. Trinity Universal Ins. Co.*, No. CV 12-31-

M-DWM, 2013 WL 4433796 at *3 (D. Mont. Aug. 16, 2013), explained:

> Rule 26(a)(2)(C) doesn't allow parties to sidestep their obligations under Rule 26(a)(2)(C) by making broad, generic reference to previously disclosed discovery documents. Rule 26(a)(2)(C) doesn't allow the disclosing party to force other parties to play the "Guess the Testimony" game by sending them on a fishing expedition."

The court continued: "An opposing party should be able (and be entitled) to read an expert disclosure, determine what, if any, adverse opinions are being proffered and make an informed decision as to whether it is necessary to take a deposition and whether a responding expert is needed." *Id*.

Finally, it bears emphasis that ISN's violation here was not a mere technical violation. ISN has completely failed to disclose any meaningful information about Mr. Barry's proposed expert testimony. Monster has no idea what he will say at trial as an expert; Monster has had no opportunity to prepare to cross-examine Mr. Barry as an expert; and Monster has had no opportunity to retain a rebuttal expert. Accordingly, Mr. Barry should be precluded from testifying as an expert.

### III. CONCLUSION

ISN failed to disclose the subject matter of Don Barry's proposed expert testimony, the opinions he will offer, or the factual bases for those opinions, as required by Fed. R. Civ. P. 26(a)(2)(C). This abject failure was not substantially justified and was not harmless. Accordingly, ISN should be precluded from offering testimony from Don Barry as an expert.

| | | |
|---|---|---|
| | | Respectfully submitted,<br>KNOBBE, MARTENS, OLSON & BEAR, LLP |
| | Dated: July 24, 2018 | By: /s/ *Lynda J. Zadra-Symes*<br>    Steven J. Nataupsky<br>    Lynda J. Zadra-Symes<br>    Brian C. Horne<br>    Marko R. Zoretic<br>    Jason A. Champion |
| | | Attorneys for Plaintiff,<br>MONSTER ENERGY COMPANY |

28668160