Steven J. Nataupsky (SBN 155913)
steven.nataupsky@knobbe.com
Lynda J. Zadra-Symes (SBN 156511)
lynda.zadrasymes@knobbe.com
Marko R. Zoretic (SBN 233,952)
marko.zoretic@knobbe.com
Jason A. Champion (CA SBN 259207)
jason.champion@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Brian C. Horne (SBN 205621)
brian.horne@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Facsimile: (310) 601-1263

Attorneys for Plaintiff
MONSTER ENERGY COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONSTER ENERGY COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>INTEGRATED SUPPLY NETWORK, LLC, a Florida limited liability company,<br><br>Defendant. | Case No. 5:17-CV-00548-CBM-RAO<br><br>**OPENING BRIEF IN SUPPORT OF MONSTER ENERGY COMPANY'S MOTION *IN LIMINE* NO. 3 TO PRECLUDE DEFENDANT FROM OFFERING EVIDENCE OF ALLEGED THIRD-PARTY USES OF TRADEMARKS AND TRADE DRESS**<br><br>HEARING:<br>August 21, 2018<br>2:30 p.m.<br>Courtroom 8B<br><br>Hon. Consuelo B. Marshall |

## I. **INTRODUCTION**

The Exhibit List of Defendant Integrated Supply Network ("ISN") is laden with documents that purport to show that third parties have used the terms "Monster" and "Beast," or the color green, in promoting their products.  These documents include website printouts, product photos, receipts for the purchase of products, trademark registrations, and a summary chart intended to show third-party uses.

For example, Exhibits 2057 and 2061 are photographs of children's books entitled "Go Away, Big Green Monster!" and "M is for Monster."  Exhibit 2092 is a printout of a website for the purchase of tickets to sit above the Green Monster wall at Fenway Park in Boston.  Exhibit 2117 is a movie poster for the original Frankenstein film, bearing the tag line "the man who made a monster." Exhibit 2119 is a website for DVDs of the original Godzilla film, bearing the tag line "King of the Monsters!"  And Exhibit 2032 is a video clip of the old television series "The Munsters."   ISN apparently believes that these exhibits and others like them show that Monster's trademarks and trade dress are weak, making consumer confusion less likely.

Moreover, these exhibits appear to be a central theme of ISN's planned trial presentation.  Of the 309 exhibits on ISN's Exhibit List, 88 of them relate to the alleged use by third parties of the term "Monster," the term "Beast," or the color green.[1]   Thus, more than one quarter of ISN's exhibits are being offered to support its claim of third-party usage.

These exhibits, however, are irrelevant and inadmissible.  To be admissible at trial, ISN's evidence must show the **extent** of third-party use so

---

[1] These 88 exhibits are Exhibit Nos. 8, 10, 12, 13, 15, 48-57, 59, 64, 66, 2007-20, 2032, 2043-46, 2048-82, 2084, 2085, 2092, 2096, 2097, 2105-09, 2117-19, 2212, 2221, and 2228.  These exhibits are attached to the Declaration of Marko R. Zoretic.

that the jury can determine whether the third-party trademarks have actually weakened Monster's trademarks.  The case law establishes that mere website printouts and ISN's related documents fail to satisfy this standard.  Accordingly, Monster now moves to exclude ISN's third-party exhibits under Rules 402 and 403 of the Federal Rules of Evidence.[2]  This issue should be decided before trial so that both parties can plan their opening statements and trial presentations knowing whether ISN's trial theme of third-party usage will be permitted at trial.

## II.  ISN'S PURPORTED EVIDENCE OF THIRD-PARTY USE LACKS ANY PROBATIVE VALUE AND SHOULD BE EXCLUDED

When a proper foundation is laid, evidence of third-party use of similar marks on similar goods may be relevant to show that a mark is relatively weak and is entitled to only a narrow scope of protection.  *Palm Bay Imports v. Veuve Clicquot Ponsardin Maison Fondee En 1772*, 396 F.3d 1369, 1373 (Fed. Cir. 2005).  However, "[t]he probative value of third-party trademarks depends entirely upon their usage."  *Id.* (citing *Scarves by Vera, Inc. v. Todo Imports, Ltd.*, 544 F.2d 1167, 1173 (2d Cir. 1976)).  Accordingly, "where the record includes no evidence of the **extent of third party uses** the probative value of this evidence is minimal."  *Id.* (emphasis in original) (quoting *Han Beauty, Inc. v. Alberto-Culver Co.*, 236 F.3d 1333, 1338 (Fed. Cir. 2001)).  Thus, as Chief Judge Phillips held in granting a motion *in limine* excluding 14 alleged third-party uses, "Defendants must submit more than the homepage of a company's website and lay a foundation for it to show each Mark is actually used in

---

[2] When ISN sought to introduce many of these same exhibits on summary judgment through an expert declaration, this Court excluded them as hearsay under Fed. R. Evid. 801.  Dkt. No. 202 at 4:26-5:2.  Depending upon how ISN seeks to introduce its third-party exhibits at trial, and for what purpose, these exhibits may also be inadmissible at trial as hearsay.

1  commerce." *Buzzballz, L.L.C. v. Buzzbox Beverages, Inc.*, No. ED14-CV-

2  01725-VAP-DTBX, 2016 WL 7496769 at *3 (C.D. Cal. April 12, 2016)).

3      Similarly, in *United Country Real Estate, LLC v. United Realty Group*,

4  No. 16-CV-60154, 2017 WL 1293618 at *5 (S.D. Fla. Feb. 27, 2017), the court

5  excluded expert testimony regarding third-party usage of 66 similar trademarks.

6  That testimony rested upon "a picture of a storefront advertising the trademark

7  at issue to the public, [and] a printout of a publicly accessible webpage bearing

8  the mark." *Id*.  What was missing, the court held, was "any information or data

9  regarding the **extent** to which the 66 third-party marks have been used." *Id*.

10  (emphasis in original).  Such evidence might include "the length of time the

11  brand had been in use; any advertising performed by the brand; any sales

12  completed by the brand; the quality of the brand's products or services; the

13  extent of consumer exposure to the brand; or the particular services offered by

14  the brand." *Id*.  Thus, again, evidence of the extent of use of third-party

15  trademarks was indispensable to the admissibility of evidence of alleged third-

16  party uses.

17      Here, none of ISN's third-party exhibits are probative of the extent of

18  third-party use of any trademarks.  For example, Exhibits 8, 48, 59, 64, 66,

19  2048-55, 2062-64, 2066-74, 2081-82, 2084-85, 2092, 2106-09, 2118-19, and

20  2212 are all images of webpages with nothing more—the precise type of

21  materials excluded in *Buzzballz*, 2016 WL 7496769 at *3, and *United Country*

22  *Real Estate*, 2017 WL 1293618 at *5.  Similarly, Exhibits 10, 12-13, 15, 49-57,

23  2043-46, 2056-61, 2076-80, 2096-97, 2117, and 2221 are all undated photos or

24  posters depicting a third-party product.  As with the webpages, these photos and

25  posters provide no information about "the length of time the brand had been in

26  use; any advertising performed by the brand; any sales completed by the brand;

27  the quality of the brand's products or services; [or] the extent of consumer

28  exposure to the brand." *United Country Real Estate*, 2017 WL 1293618 at *5.

-3-

1   Accordingly, just like the webpages, they are inadmissible and should be
2   excluded under Fed. R. Evid. 402.

3       Exhibits 2075 and 2105 are receipts for ISN's counsel's purchases of
4   some of the products included in the photo exhibits.  These receipts establish
5   only a single sale of each product.  They provide no information about
6   consumer exposure to the trademark or any other information regarding the
7   extent of trademark usage.  Accordingly, like the photos and websites, they too
8   are inadmissible.

9       Exhibits 2007-20 and 2065 are copies of trademark registrations and a
10  search report for third-party registrations.  It has long been the law that these
11  documents are irrelevant and inadmissible to show the extent of third party use
12  because these documents provide "no evidence that these trademarks were
13  actually used by third parties, that they were well promoted or that they were
14  recognized by consumers."  *Scarves by Vera*, 544 F.2d at 1173.  "[T]he
15  existence of these registrations is not evidence of what happens in the market
16  place or that consumers are familiar with their use."  *Id.*

17      Exhibit 2032, the clip of the "Munsters" television show, is so utterly
18  irrelevant that showing it at trial would be a complete waste of the jury's time.
19  The same is true of Exhibit 2117, a movie poster for the original Frankenstein
20  film, and Exhibit 2119, a website for DVDs of the original Godzilla film.

21      Finally, Exhibit 2228 is a litigation-prepared chart that purports to
22  summarize the various third-party uses allegedly established by the other
23  exhibits, and some that are not even included in any exhibit.  This summary
24  chart is inadmissible for the same reasons that the other exhibits are
25  inadmissible.  In addition, ISN cannot lay a foundation for this summary chart
26  because it purports to summarize material that is not included in any exhibit,
27  such as images of the Wicked Witch from the Wizard of Oz, the Creature from
28  the Black Lagoon, the Incredible Hulk, and the Grinch Who Stole Christmas.

Ex. 2228.

## III.  <u>ISN'S EXHIBITS SHOWING THIRD-PARTY USAGE OF GREEN SHOULD BE EXCLUDED AS IRRELEVANT, UNDULY PREJUDICIAL, CONFUSING, AND MISLEADING</u>

As mentioned above, many of ISN's third-party exhibits are intended to show that third parties have used the color green in connection with their products.  These include Exhibits 10, 12-13, 15, 50-57, 2063-64, 2096-97, and 2106-09.  ISN is offering these exhibits to show that it is entitled, like the rest of the world, to use the color green in connection with its products.  However, Monster has never argued otherwise.  Monster's complaint is that ISN is using green and black **in combination with the word "Monster."**  Thus, ISN's exhibits are irrelevant to any disputed issue in this case.  They tend only to prove something about which the parties are in complete agreement.

Accordingly, ISN's "green" exhibits should be excluded as not relevant within the meaning of Fed. R. Evid. 401.  Under Rule 401, evidence is not relevant unless "it has any tendency to make a fact more or less probable" **and** "the fact is of consequence in determining the action."  Fed. R. Evid. 401.  ISN's right to use the color green in the abstract simply has no consequence in determining any issue in the action.  This right relates solely to a claim never brought by Monster and not to be asserted by Monster at trial.  Thus, ISN's exhibits should be excluded under Fed. R. Evid. 402.

In addition, presenting evidence on a non-issue would waste the jury's time, cause juror confusion, and prejudice Monster.  If ISN is permitted to devote significant time to proving that it is free to use the color green, the jurors almost inevitably will assume that this is a central issue in the case.  This, in turn, will prejudice Monster, because the jurors will believe that Monster is making an untenable claim.  Accordingly, ISN's "green" exhibits should also be excluded under Fed. R. Evid. 403.

## IV.  <u>CONCLUSION</u>

ISN's third-party exhibits lack any probative value in establishing that Monster's trademarks or trade dress have been weakened in the marketplace. Accordingly, these exhibits should be excluded under Rules 402 of the Federal Rules of Evidence.   In addition, ISN's "green" exhibits are irrelevant for a second, independent reason – they pertain solely to a claim not brought by Monster in this case.  For this reason as well, ISN's "green" exhibits should be excluded.

Respectfully submitted,
KNOBBE, MARTENS, OLSON & BEAR, LLP


Dated:  July 24, 2018         By:  /s/ *Lynda J. Zadra-Symes*
                                          Steven J. Nataupsky
                                          Lynda J. Zadra-Symes
                                          Brian C. Horne
                                          Marko R. Zoretic
                                          Jason A. Champion

Attorneys for Plaintiff,
MONSTER ENERGY COMPANY

28671083