Joseph R. Re (SBN 134,479)
joe.re@knobbe.com
Steven J. Nataupsky (SBN 155913)
steven.nataupsky@knobbe.com
Lynda J. Zadra-Symes (SBN 156511)
lynda.zadrasymes@knobbe.com
Marko R. Zoretic (SBN 233,952)
marko.zoretic@knobbe.com
Jason A. Champion (CA SBN 259207)
jason.champion@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Brian C. Horne (SBN 205621)
brian.horne@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Facsimile: (310) 601-1263

Attorneys for Plaintiff
MONSTER ENERGY COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONSTER ENERGY COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>INTEGRATED SUPPLY NETWORK, LLC, a Florida limited liability company,<br><br>Defendant. | Case No. 5:17-CV-00548-CBM-RAO<br><br>**MONSTER ENERGY COMPANY'S OPENING BRIEF IN SUPPORT OF MOTION TO DISMISS INTEGRATED SUPPLY NETWORK, LLC'S AFFIRMATIVE DEFENSES OF STATUTE OF LIMITATIONS AND LACHES**<br><br>HEARING:<br>October 2, 2018<br>10:00 a.m.<br>Courtroom 8B<br><br>Hon. Consuelo B. Marshall |

# TABLE OF CONTENTS

Page No.

I. PROCEDURAL BACKGROUND ..........................................................................1

II. MONSTER'S CLAIMS ARE NOT BARRED BY ANY STATUTE OF LIMITATIONS ...............................................................................1

III. MONSTER'S CLAIMS ARE NOT BARRED BY LACHES .................3

    A. Monster Did Not Delay in Filing Its Claims ...................................4

    B. ISN Suffered No Prejudice .................................................................7

IV. CONCLUSION .......................................................................................7

# TABLE OF AUTHORITIES

**Page No(s).**

*Aryeh v. Canon Bus. Solutions, Inc.*,
   55 Cal. 4th 1185 (2013)..................................................................................3

*Cuong Nhut Chung v. L & R Fine Fashions, Inc.*,
   No. SACV1100712-CJC-ANX, 2012 WL 12887559
   (C.D. Cal. Feb. 1, 2012) ................................................................................2

*Farouk Sys., Inc. v. Chi Nail Franchises, LLC*,
   No. CV 13-7533 FMO (SHX), 2015 WL 11347663
   (C.D. Cal. Sept. 8, 2015) ...............................................................................2

*Gaudreau v. American Promotional Events, Inc.*,
   511 F.Supp.2d 152 (D.D.C. 2007) ...............................................................6

*Internet Specialties W., Inc. v. Milon-DiGiorgio Enterprises, Inc.*,
   559 F.3d 985 (9th Cir. 2009).........................................................................3

*Jarrow Formulas, Inc. v. Nutrition Now, Inc.*,
   304 F.3d 829 (9th Cir. 2002).........................................................................2

*Nat'l Lead Co. v. Wolfe*,
   223 F.2d 195 (9th Cir. 1955).........................................................................4

*Pinkette Clothing, Inc. v. Cosmetic Warriors Ltd.*,
   894 F.3d 1015 (9th Cir. 2018)...............................................................2, 4, 5

*Suh v. Yang*,
   987 F. Supp. 783 (N.D. Cal. 1997)...............................................................3

Plaintiff Monster Energy Company ("Plaintiff" or "Monster") hereby submits this motion to dismiss on the merits Integrated Supply Network, LLC's ("ISN") affirmative defenses of statute of limitations and laches.

## I. PROCEDURAL BACKGROUND

Monster submits this motion based on the discussion at the August 21, 2018 pretrial conference in which the Court indicated that it was interested in resolving ISN's statute of limitations and laches defenses on the merits before trial. (Ex. 1 at 27–35.)[1] At the pretrial conference, in response to questions from the Court, ISN referred to a timeline of events underlying these two defenses. (*Id*. at 35–36). The next day, Monster requested ISN to identify the exhibits that would support that timeline so that the parties could jointly submit the defenses to the court for resolution well before the trial. (Ex. 2 at 20–21.) ISN responded that it "intend[s]to request that the Court submit the question to the jury for an advisory opinion. Accordingly, we won't disclose the exhibit numbers." (*Id*. at 19.) ISN reiterated that position in a meet and confer on September 3, 2018. Thus, the parties agree there is no right to trial by jury on either of these defenses.[2]

## II. MONSTER'S CLAIMS ARE NOT BARRED BY ANY STATUTE OF LIMITATIONS

ISN asserts that Monster's claims are barred by the statute of limitations. Dkt. No. at 322 at 23, 24–25, 27–28 (Pretrial Conference Order); Dkt. No. 268 at 30, 31, 34–35 (ISN's Memorandum of Contentions of Fact and Law). But this is not an affirmative defense against claims arising under the Lanham Act.

---

[1] All exhibits referred to herein are attached to the Declaration of Marko R. Zoretic filed concurrently herewith.

[2] At the pretrial conference, ISN admitted "we also believe Your Honor can hear those issues even apart from the jury…." (Ex. 1 at 30:1-6.)

-1-

This year, the Ninth Circuit held that the Lanham Act "has no statute of limitations." *Pinkette Clothing, Inc. v. Cosmetic Warriors Ltd.,* 894 F.3d 1015, 1018 (9th Cir. 2018) (holding that a concern over laches overriding a statute of limitations did not apply because "the Lanham Act has no statute of limitations . . . .") Thus, the statute of limitations defense is not an affirmative defense against claims arising under the Lanham Act.

ISN relies on *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 837 (9th Cir. 2002), to assert that "when a federal statute lacks a specific statute of limitations, it is generally presumed that Congress intended to 'borrow' the limitations period from the most closely analogous action under state law." Dkt. No. 322 at 24; Dkt. No. 268 at 31. ISN's reliance is misplaced. *Jarrow* acknowledged that some cases have stated that the Lanham Act "borrows a state limitations period as a statute of limitations defense." *Jarrow*, 304 F.3d at 836. But it also noted that those cases had "failed to consider whether Congress intended that laches, as opposed to the statute of limitations, be the sole timeliness defense available to § 43(a) claims." *Id*. The court explained that "[g]iven the equitable character of § 43(a) actions, Congress might have intended that laches be the sole timeliness bar to suit." *Id*. The court did not resolve whether a statute of limitations defense may be applied to a claim under the Lanham Act. But, as discussed above, the Ninth Circuit in *Pinkette* has indicated that no statute of limitations applies.

The statute of limitations is also not a valid affirmative defense against either of Monster's Lanham act or Unfair Competition claims because the evidence shows that ISN's infringement is a continuing wrong. *See Farouk Sys., Inc. v. Chi Nail Franchises, LLC*, No. CV 13-7533 FMO (SHX), 2015 WL 11347663, at *4 (C.D. Cal. Sept. 8, 2015) ("As violations of the Lanham Act may be 'continuing wrongs,' the statute of limitations does not bar the pending claims"); *Cuong Nhut Chung v. L & R Fine Fashions, Inc.*, No. SACV1100712-

CJC-ANX, 2012 WL 12887559, at *6 (C.D. Cal. Feb. 1, 2012) (holding that where the unfair competition claim involves a continuing wrong the claim is not barred by the statute of limitations); *Suh v. Yang*, 987 F. Supp. 783, 796 (N.D. Cal. 1997) (noting that "each allegedly infringing display of Defendant's service name on products, advertisements, etc., could create a separate cause of action for unfair competition and trademark infringement" and therefore the unfair competition claim was not barred by the statute of limitations). Evidence of ISN's continuing wrong includes, for example, ISN's "Monster Mobile" catalogs from 2013 through 2018. (Exs. 8P, 176, 177, 214, 269, 270, 1837.) Thus, the statute of limitations is not a valid defense against any of Monster's claims.

And even if the statute of limitations could be borrowed from state law and were a defense, the limitations period would run from the time when "the plaintiff discovers, or has reason to discover, the cause of action." *Aryeh v. Canon Bus. Solutions, Inc.*, 55 Cal. 4th 1185, 1192 (2013). That is, the "claim should accrue only when a reasonable person would have discovered the factual basis for a claim." *Id.* at 1195. As discussed below in connection with the defense of laches, Monster's claim could not have accrued before December 17, 2013, when ISN's federal trademark application published. (Ex. 1763 at 1.) Monster filed the present action on March 22, 2017, well within any conceivable statute of limitations.

### III. MONSTER'S CLAIMS ARE NOT BARRED BY LACHES

ISN asserts that Monster's claims are barred by laches. Dkt. No. at 322 at 24, 25–26, 28; Dkt. No. 268 at 30, 32, 35–36. To establish a laches defense, ISN must prove that: (1) Monster unreasonably delayed in bringing suit; and (2) ISN was prejudiced by the delay. *See Internet Specialties W., Inc. v. Milon-DiGiorgio Enterprises, Inc.*, 559 F.3d 985, 990 (9th Cir. 2009).

/ / /

A strong presumption exists that laches does not bar a claim under the Lanham Act when relief is sought within the statute of limitations period from the most closely analogous state law. *Pinkette Clothing, Inc.*, 894 F.3d at 1025. The analogous statute of limitations period for Lanham Act claims is the four-year statutory period for California State Trademark Infringement. *Id.* In addition, laches runs from the time the plaintiff "knew or should have known about its potential cause of action." *Id.*³

A. <u>**Monster Did Not Delay in Filing Its Claims**</u>

The undisputed evidence shows that Monster's claims are not barred by the doctrine of laches. Monster first learned of ISN's MONSTER MOBILE mark on or about December 17, 2013, when ISN's federal trademark application published for opposition. (Ex. 1763 at 1.) Monster extended the time to oppose ISN's application, and sent a letter to counsel for ISN on February 11, 2014. (Ex. 280, 1763 at 5.) On February 18, 2014 counsel for ISN responded to Monster indicating that ***ISN's products did not bear the MONSTER MOBILE mark***, and that a restriction against ISN's use of black and green should not be a problem. (Ex. 281.) Thus, Monster was led to believe that ISN did not use the MONSTER MOBILE mark on physical products, or use any black and green trade dress in February, 2014. Indeed, ISN later that year abandoned its initial trademark application to the MONSTER MOBILE mark. (Ex. 1763 at 1.) Monster did not become aware of ISN's use of the mark on products until around October 2014, after Monster investigated. (Ex. 282.)

Therefore, at the earliest, the analogous statute of limitations period would end four years after ISN's mark first published for opposition, i.e. December 17, 2017. Monster filed the present action on March 22, 2017. Dkt.

---

³ Laches is not an available defense when infringement is willful. *Nat'l Lead Co. v. Wolfe*, 223 F.2d 195, 202 (9th Cir. 1955). Monster is not relying on ISN's willfulness on this motion.

No. 1. Because Monster filed the lawsuit within the four-year period, Monster is entitled to a strong presumption that laches does not bar its claims. *See Pinkette Clothing, Inc.*, 894 F.3d at 1025.

Moreover, ISN's infringement has been non-static and involves multiple marks and products. For example, as shown in the chart below, ISN did not begin use of its FEED THE BEAST mark until November 2014. (Exs. 128 and 1297.) In 2016, ISN began using a new stylized MONSTER mark (Ex. 142); in 2017, ISN began selling new water bottles under its MONSTER mark (Ex. 270 at ISN0024449); and in 2018, ISN launched mini refrigerators under its MONSTER mark (Ex. 1838). Monster clearly did not delay in bringing suit as it relates to ISN's infringement based upon these actions.

| | |
|---|---|
| **November 2014** | ISN adopts "FEED THE BEAST" mark for use in advertisements of ISN's MONSTER Snack products. Exs. 128 and 1297. |
| **Jan. 2016** | ISN adopts new "Brand Book" with MONSTER mark that minimizes "mobile" and increases size of "MONSTER." Ex. 142. |
| **Summer 2017** | ISN adopts MONSTER mark without "mobile" for use on stainless steel water bottles. Exhibit 270 at ISN0024449. |

| | |
|---|---|
| | (image of two water bottles with MONSTER skull design) |
| **June 2018** | ISN launches mini refrigerators with MONSTER mark. Exhibit 1838. (image of mini refrigerators with MONSTER skull design) |

Further, far from sleeping on its rights, Monster had also been very actively engaged in adversarial proceedings in the TTAB against ISN from June through October 2014 and from July, 2015 to March 2017, when Monster filed its complaint. (*See*, e.g., Ex. 284 at 1.)[4] Monster's activity against ISN before the TTAB tolls any delay for laches purposes. *Gaudreau v. American Promotional Events, Inc.*, 511 F.Supp.2d 152, 159 (D.D.C. 2007) (collecting cases); *see also* 6 J. Thomas McCarthy, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 31:16 (5th ed.) ("The filing of an opposition proceeding against an alleged infringer's pending registration will generally constitute a sufficient reason for waiting to file an infringement suit in federal

---

[4] During the pendency of the TTAB opposition proceedings, the parties were also involved in settlement discussions. (*See*, e.g., 284.)

-6-

court. That is, the opposer can wait for the outcome of the opposition proceeding before deciding whether to file an infringement suit in federal court.").

**B. ISN Suffered No Prejudice**

ISN was not prejudiced by any delay on the part of Monster. Once ISN's trademark application published for opposition in December 2013, ISN was alerted that Monster may oppose by Monster's request for an extension of time to oppose. (Ex. 1763 at 5.) In February, 2014, Monster sent ISN a cease-and-desist letter further alerting it as to Monster's objections. (Ex. 280.) In October 2014, Monster sent a second cease-and-desist letter to ISN. (Ex. 282.) In February 2016, Monster sent ISN a third cease-and-desist letter. (Ex. 283.) However, ISN continued to infringe, and in fact, moved closer to Monster's marks and goods and services. Therefore, ISN, with full knowledge of its wrongdoing, cannot claim prejudice. Rather, it took the calculated gamble to proceed with its infringement.

## IV. CONCLUSION

For the above reasons, the Court should dismiss ISN's affirmative defenses of statute of limitations and laches.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: September 4, 2018  By: */s/ Marko R. Zoretic*
Joseph R. Re
Steven J. Nataupsky
Lynda J. Zadra-Symes
Brian C. Horne
Marko R. Zoretic
Jason A. Champion

Attorneys for Plaintiff,
MONSTER ENERGY COMPANY