Joseph R. Re (SBN 134,479)
joe.re@knobbe.com
Steven J. Nataupsky (SBN 155913)
steven.nataupsky@knobbe.com
Lynda J. Zadra-Symes (SBN 156511)
lynda.zadrasymes@knobbe.com
Marko R. Zoretic (SBN 233,952)
marko.zoretic@knobbe.com
Jason A. Champion (CA SBN 259207)
jason.champion@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Brian C. Horne (SBN 205621)
brian.horne@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Facsimile:  (310) 601-1263

Attorneys for Plaintiff
MONSTER ENERGY COMPANY
*Counsel for Defendant listed on next page*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONSTER ENERGY COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>INTEGRATED SUPPLY NETWORK, LLC, a Florida limited liability company,<br><br>Defendant. | Case No. 5:17-CV-00548-CBM-RAO<br><br>**JOINT [PROPOSED] AGREED-UPON SET OF JURY INSTRUCTIONS**<br><br>Hon. Consuelo B. Marshall |

1  DOUGLAS C. SMITH (SBN 160013)
   dsmith@smitlaw.com
2  SMITH LAW OFFICES, LLP
3  4204 Riverwalk Parkway, Suite 250
   Riverside, California 92505
4  Telephone: (951) 509-1355
5  Facsimile: (951) 509-1356

6  JEFFREY S. STANDLEY (OH # 0047248)
7  jstandley@standleyllp.com
   MELISSA A. ROGERS MCCURDY (OH #0084102)
8  mmccurdy@standleyllp.com
9  F. MICHAEL SPEED, JR. (OH #0067541)
   mspeed@standleyllp.com
10 Standley Law Group LLP
11 6300 Riverside Drive
   Dublin, Ohio 43017
12 Telephone: (614) 792-5555
13 Fax: (614) 792-5536

14 CHRISTOPHER W. MADEL (MN #230297)
15 cmadel@madellaw.com
   JENNIFER M. ROBBINS (MN #387745)
16 jrobbins@madellaw.com
17 CASSANDRA B. MERRICK (MN #396372)
   cmerrick@madellaw.com
18 MADEL PA
19 800 Hennepin Avenue
   800 Pence Building
20 Minneapolis, MN  55413
21 Telephone: (612) 605-0630
   Facsimile: (612) 326-9990
22
23 Attorneys for Defendant
   INTEGRATED SUPPLY NETWORK, LLC
24

25

26

27

28

1  Pursuant to the Court's Order Granting Stipulation to Continue Trial Date

2  (Dkt. No. 355), Plaintiff Monster Energy Company ("Monster") and Defendant

3  Integrated Supply Network, LLC ("ISN") hereby submit the attached agreed upon

4  joint [proposed] jury instructions.

5

6                                         Respectfully submitted,
                                          KNOBBE, MARTENS, OLSON & BEAR, LLP
7

8

9  Dated:  October 9, 2018        By:  */s/ Joseph R. Re*
10                                       Joseph R. Re
                                         Steven J. Nataupsky
11                                       Lynda J. Zadra-Symes
                                         Brian C. Horne
12                                       Marko R. Zoretic
                                         Jason A. Champion
13

14
                                         Attorneys for Plaintiff,
15                                       MONSTER ENERGY COMPANY

16

17                                       MADEL PA

18

19  Dated:  October 9, 2018        By:  /s/ *Cassandra B. Merrick (with permission)*
                                         Christopher W. Madel
20                                       Jennifer M. Robbins
                                         Cassandra B. Merrick
21

22                                       STANDLEY LAW
23                                       Jeffrey S. Standley
                                         Melissa A. Rogers McCurdy
24                                       F. Michael Speed, Jr.

25

26                                       Attorneys for Defendant,
                                         INTEGRATED SUPPLY NETWORK, LLC
27

28

                                          -1-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# INDEX OF JURY INSTRUCTIONS

| No. | Title | Source | Page |
|---|---|---|---|
| 2 | Definition–Trademark | Ninth Circuit Manual of Model Civil Jury Instructions – No. 15.2 | 1 |
| 3 | Definition–Trade Dress | Ninth Circuit Manual of Model Civil Jury Instructions – No. 15.3 | 3 |
| 4 | Trademark Liability–Theories and Policies | Ninth Circuit Manual of Model Civil Jury Instructions – No. 15.5 | 5 |
| 9 | Infringement—Elements—Validity—Unregistered Marks | Ninth Circuit Manual of Model Civil Jury Instructions – No. 15.9 | 7 |
| 20 | Reasonable Royalty | AIPLA Model Patent Jury Instructions, 11.2 (revised to apply to trademark context) | 10 |
| 21 | Reasonable Royalty Definition | AIPLA Model Patent Jury Instructions, 11.12 (revised to apply to trademark context); *Apple Inc. et al v. Motorola Inc., et al.*, 757 F.3d 1286 (Fed. Cir. 2014); *LaserDynamics,* | 12 |

| | | | |
|---|---|---|---|
| | | *Inc. v. Quanta Computer, Inc. et al*, 694 F.3d 51, 75 (Fed. Cir. 2012); *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1311 (Fed. Cir. 2011); *Fujifilm Corp. v. Benun*, 605 F.3d 1366, 1372 (Fed. Cir. 2010); *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1324-25 (Fed. Cir. 2009); *Mahurkar v. C.R. Bard, Inc.*, 79 F.3d 1572, 1579 (Fed. Cir. 1996); *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1109-10 (Fed. Cir. 1996); *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1554 (Fed. Cir. 1995) (*en banc*); *Wang Labs., Inc. v. Toshiba Corp.*, 993 F.2d 858, 870 (Fed. Cir. 1993) | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INSTRUCTIONS AFTER EVIDENCE BUT BEFORE CLOSING ARGUMENT**

**JURY INSTRUCTION NO. 2**

**(DEFINITION—TRADEMARK)**

A trademark is any word, name, symbol, device, or any combination thereof, used by a person to identify and distinguish that person's goods or services from those of others and to indicate the source of the goods or services.

A person who uses the trademark of another may be liable for damages.

1    AUTHORITY: Ninth Circuit Manual of Model Civil Jury Instructions – No. 15.2

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JURY INSTRUCTION NO. 3
### (DEFINITION–TRADE DRESS)

Trade dress is the non-functional physical detail and design of a product or its packaging which indicates or identifies the source of the products or services and distinguishes them from the products or services of others.

Trade dress is the product's total image and overall appearance, and may include features such as size, shape, color, color combinations, texture, or graphics.  In other words, trade dress is the form in which a person presents a product or service to the market, its manner of display.

A person who uses the trade dress of another may be liable for damages.

1    AUTHORITY: Ninth Circuit Manual of Model Civil Jury Instructions – No. 15.3

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 4**

**(TRADEMARK LIABILITY—THEORIES AND POLICIES)**

The trademark laws balance three often-conflicting goals: (1) protecting the public from being misled about the nature and source of goods and services, so that the consumer is not confused or misled in the market; (2) protecting the rights of a business to identify itself to the public and its reputation in offering goods and services to the public; and (3) protecting the public interest in fair competition in the market.

The balance of these policy objectives vary from case to case, because they may often conflict. Accordingly, each case must be decided by examining its specific facts and circumstances, which you are to judge.

In these instructions, I will identify types of facts you are to consider in deciding if ISN is liable to Monster Energy for violating the trademark law. These facts are relevant to whether the defendant is liable for infringing plaintiff's registered or unregistered trademark rights or plaintiff's trade dress, by using a trademark or trade dress in a manner likely to cause confusion among consumers.

1    AUTHORITY: Ninth Circuit Manual of Model Civil Jury Instructions – No. 15.5.

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 9**

**(INFRINGEMENT—ELEMENTS—VALIDITY—UNREGISTERED**

**MARKS)**

Monster Energy contends that it has trademark rights in the word "Monster" and in the Trade Dress asserted by Monster Energy that I described earlier, neither of which is federally registered.  Unregistered trademarks and trade dress can be valid and provide the owner with the exclusive right to use that trademark or trade dress.  Instructions 6 and 7 require Monster Energy to prove by a preponderance of the evidence that the word "Monster" is a valid trademark and that the Trade Dress asserted by Monster Energy is a valid trade dress.  A valid trademark or trade dress is a word, name, symbol, device, or any combination of these items that is either:

    1. inherently distinctive; or

    2. descriptive, but has acquired a secondary meaning.

Only a valid trademark or trade dress can be infringed.  Only if you determine Monster Energy proved by a preponderance of the evidence that the word "Monster" is a valid trademark should you consider whether Monster Energy owns it or whether ISN's actions infringed it.  Similarly, only if you determine that Monster Energy proved by a preponderance of the evidence that the Trade Dress asserted by Monster Energy is a valid trade dress should you consider whether Monster Energy owns it or whether ISN's actions infringed it.

Only if you determine that the word "Monster" or the Trade Dress asserted by Monster Energy is not inherently distinctive should you consider whether they

1   are descriptive but became distinctive through the development of secondary

2   meaning, as I will direct in Instruction 12.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    AUTHORITY: Ninth Circuit Manual of Model Civil Jury Instructions – No. 15.9.

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JURY INSTRUCTION NO. 20
## (REASONABLE ROYALTY)

A reasonable royalty is the amount that someone wanting to use the trademark would have agreed to pay to the trademark owner and the trademark owner would have accepted.

-10-

1    AUTHORITY: AIPLA Model Patent Jury Instructions, 11.2 (revised to apply to

2    trademark context).

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURY INSTRUCTION NO. 21**

**(REASONABLE ROYALTY DEFINITION)**

A reasonable royalty is the royalty that would have resulted from a hypothetical license negotiation between Monster Energy and ISN.  Of course, we know that they did not agree to a license and royalty payment. But, in order to decide on the amount of reasonable royalty damages, you should assume that the parties did negotiate a license just before the infringement began. This is why it is called a "hypothetical" license negotiation. You should assume that both parties to the hypothetical negotiation understood that the trademark was valid and infringed and both were willing to enter into a license. You should also presume that the parties had full knowledge of the facts and circumstances surrounding the infringement at the time of the hypothetical negotiation.

-12-

AUTHORITY: AIPLA Model Patent Jury Instructions, 11.12 (revised to apply to trademark context); *Apple Inc. et al v. Motorola Inc., et al.,* 757 F.3d 1286 (Fed. Cir. 2014); *LaserDynamics, Inc. v. Quanta Computer, Inc. et al*, 694 F.3d 51, 75 (Fed. Cir. 2012); *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1311 (Fed. Cir. 2011); *Fujifilm Corp. v. Benun*, 605 F.3d 1366, 1372 (Fed. Cir. 2010); *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1324-25 (Fed. Cir. 2009); *Mahurkar v. C.R. Bard, Inc.*, 79 F.3d 1572, 1579 (Fed. Cir. 1996); *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1109-10 (Fed. Cir. 1996); *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1554 (Fed. Cir. 1995) (*en banc*); *Wang Labs., Inc. v. Toshiba Corp.*, 993 F.2d 858, 870 (Fed. Cir. 1993).

29192212

-13-