DOUGLAS C. SMITH (SBN 160013)
dsmith@smitlaw.com
SMITH LAW OFFICES, LLP
4204 Riverwalk Parkway, Suite 250
Riverside, California 92505
Telephone: (951) 509-1355
Facsimile: (951) 509-1356

CHRISTOPHER W. MADEL (MN #230297)
cmadel@madellaw.com
JENNIFER M. ROBBINS (MN #387745)
jrobbins@madellaw.com
CASSANDRA B. MERRICK (MN #396372)
cmerrick@madellaw.com
MADEL PA
800 Hennepin Avenue
800 Pence Building
Minneapolis, MN  55413
Telephone: (612) 605-0630
Facsimile: (612) 326-9990
*Continued on next page*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONSTER ENERGY COMPANY, a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> INTEGRATED SUPPLY NETWORK, LLC, a Florida limited liability company, <br><br> Defendant. | Case No. 5:17-CV-00548-CBM-RAO <br><br> **DEFENDANT'S BRIEF REGARDING PLAINTIFF'S REQUIRED INJURY** <br><br> Hon. Consuelo B. Marshall |

JEFFREY S. STANDLEY (OH # 0047248)
jstandley@standleyllp.com
MELISSA A. ROGERS MCCURDY (OH #0084102)
mmccurdy@standleyllp.com
F. MICHAEL SPEED, JR. (OH #0067541)
mspeed@standleyllp.com
Standley Law Group LLP
6300 Riverside Drive
Dublin, Ohio 43017
Telephone: (614) 792-5555
Fax: (614) 792-5536

Attorneys for Defendant
INTEGRATED SUPPLY NETWORK, LLC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **INTRODUCTION**

The plaintiff in any trademark infringement action must prove (1) that it suffered injury; and (2) that the defendant caused that injury. Despite this black-letter law, Plaintiff Monster Energy Company ("MEC") has resisted putting those basic questions before the jury, claiming these are issues of "standing."

MEC misunderstands the law. The Ninth Circuit has clearly held that a plaintiff bears the burden of proving fact of injury and causation at trial. Because both questions are elements that MEC must prove in its case against Integrated Supply Network, LLC ("ISN"), ISN respectfully requests that a jury instruction and two questions on the jury verdict form reflect its burden.

## **ARGUMENT**

"Trademark remedies are guided by tort law principles . . . As a general rule, damages which result from a tort must be established with reasonable certainty." *Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1407 (9th Cir. 1993) (citations omitted), *abrogated on other grounds, SunEarth, Inc. v. Sun Earth Solar Power Co., Ltd.*, 839 F.3d 1179 (9th Cir. 2016). "The Ninth Circuit has made clear that, in order to recover monetary damages for trademark infringement, a plaintiff 'must prove both the fact and the amount of damage.'" *PQ Labs, Inc. v. Yang Qi*, No. 12–0450 CW, 2014 WL 4954161, at *11 (N.D. Cal. Sept. 30, 2014) (quoting *Lindy Pen Co.*, 982 F.2d 1400, 1407 (9th Cir. 1993)). As part of this law, a showing of causation is essential; damages in trademark infringement cases "will not be awarded in the absence of credible evidence demonstrating injury to plaintiff resulting from defendant's sales." *Digby Adler Grp. LLC v. Image Rent a Car, Inc.*, 79 F. Supp. 3d 1095, 1109 (N.D. Cal. 2015)) (quoting *Invicta Plastics (USA) Ltd. v. Mego Corp.*, 523 F.Supp. 619, 624 (S.D.N.Y.1981)). Indeed, "[d]amage awards for lost sales *and profits* may not be based upon the *assumption* that a trademark infringement resulted in commercial injury." *Id*. (emphases added.) Regardless of the method

by which plaintiff alleges it is entitled to damages, MEC must prove by a preponderance of the evidence that (1) ISN injured it; and (2) that ISN caused its alleged injury.

In the venerable treatise TRADEMARKS AND UNFAIR COMPETITION, in the section entitled "Recovery of plaintiff's actual damages—General proof and measure of damages," Professor McCarthy stated this black-letter law in his most recent edition:

> Plaintiff's damages should be measured by the tort standard under which the infringer-tortfeasor is liable for all injuries caused to plaintiff by the wrongful act, whether or not actually anticipated or contemplated by the defendant when it performed the acts of infringement.

> Recovery of damages for trademark infringement is subject to the usual standards of damages:  plaintiff must prove both causation and amount. Courts often draw a sharp distinction between the rigor required in proving the *fact* of damage as compared with proving the *amount* of damage.

5 McCarthy on TRADEMARKS AND UNFAIR COMPETITION § 30:72 (5th ed. 2018) (italicized emphasis in original; underlined emphasis added); *see also Skydive Arizona, Inc. v. Quattrocchi*, 673 F.3d 1105, 1112 (9th Cir. 2012) ("The trier of fact must distinguish between the proof of the fact of damages and the amount of damages because a mark holder is held to a lower standard in proving the exact amount of actual damages."); *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 620–21 (9th Cir. 1993) ("When seeking damages [in a trademark-infringement case], '[a] plaintiff must prove both the fact and the amount of damage.'" (quoting *Lindy Pen Co.*, 982 F.2d at 1407)); *Marketquest Group, Inc. v. BIC Corp.*, 316 F. Supp.3d 1234, 1298 (C.D. Cal. 2018) (holding, under federal trademark law, "A plaintiff must prove both the fact and the amount of damage."; citing 2 McCarthy, TRADEMARKS AND UNFAIR COMPETITION § 30:27 (5th ed. 2018)); *Wyatt Tech. Corp. v. Malvern Instruments, Inc.*, Case No. CV

07-8298 ABC (MANx), 2010 WL 11505684, at *3 (C.D. Cal. Jan. 25, 2010) ("Specifically to obtain damages for trademark violations, '[a] plaintiff must prove both the fact and the amount of damage.'" (quoting *Lindy Pen Co.*, 982 F.2d at 1407)); *Edge Games, LLC v. Houghton Mifflin Harcourt Publ'g Co.*, No. EDCV 13 02123 VAP, 2015 WL 3498607, at *6 (C.D. Cal. June 2, 2015) (granting summary judgment where plaintiff came forward with no evidence of damages); *Hernandez v. Sandoval*, No. 2:12-CV-04560-CAS, 2014 WL 3704497, at *3 (C.D. Cal. July 23, 2014) ("A plaintiff must prove both the fact and the amount of damage.") (internal citations omitted); *Illusions Int'l Inc. v. Walgreen Co.*, No. SACV07494JVSRNBX, 2008 WL 11342979, at *2 (C.D. Cal. July 11, 2008) ("Proof of actual damages therefore requires at least some showing that the availability of the infringing product somehow injured the plaintiff's interests."); *Color Me Mine Enterprises Inc. v. S. States Mktg. Inc.*, No. CV1200860RGKJCX, 2013 WL 12119715, at *9 (C.D. Cal. Apr. 25, 2013) (concluding that "Plaintiff's evidence and allegations [as to damages] are simply speculative" where plaintiff and defendant did not sell similar products, and the plaintiff did not establish with reasonable certainty that it lost out on licensing fee revenue because plaintiff did "not provide sufficient evidence that both sides were willing to accept a licensing agreement," making its request for licensing fees "speculative.")

In *Lindy Pen Co.*, 982 F.2d at 1407, the Ninth Circuit began by stating that "[a] plaintiff must prove both the fact and the amount of damage." (citing 2 McCarthy, TRADEMARKS AND UNFAIR COMPETITION § 30:27, at 511 (2d ed. 1984)). "'Plaintiff's damages should be measured by the tort standard under which the infringer-tortfeasor is liable for all injuries *caused to plaintiff by the wrongful act....*'" *Id.* at 1407 (quoting 2 TRADEMARKS AND UNFAIR COMPETITION § 30:27, at 509 (2d ed. 1984) (ellipsis in original; emphasis added)). The court stated that that the plaintiff "was in the best position to

-3-

identify its own sales, but declined to provide the court with any evidence of its loss caused by [Defendant's] wrong doing. . . . [And the plaintiff] never furnished the court any reasonable estimate of its own sales." *Id.* at 1408. The plaintiff's evidence would have forced the court to "select an arbitrary percentage of total sales to represent the more narrow submarket of telephone sales" that were infringing, which the Ninth Circuit Court of Appeals said would have been "error." *Id*. The Ninth Circuit thus affirmed the district court's holding that the plaintiff "failed to sustain its burden of proving reasonably forecast profits," concluding that the plaintiff "failed to come forward with any evidence of sales of the [defendant's product] in the infringing market." *Id.* at 1408.

Applying *Lindy,* the court in *Digby Adler Grp. LLC v. Image Rent a Car, Inc.* rejected a trademark-infringement damages claim for failure to prove any actual injury. 79 F. Supp. 3d 1095 (N.D. Cal. 2015). There, the plaintiff van-rental company sued another van-rental company and two individuals for trademark infringement. *Id.* at 1098. The plaintiff alleged the infringement occurred through the registration of a website and bids on Internet search-engine terms. *Id.* at 1101. The district court found that "[o]f those 14 [infringing uses], only three generated any clicks at all. Each of those three keywords generated exactly one click . . . In other words, Defendants' [infringement] from November 2008 to April 2009 resulted in a total of three visits to Defendants' website." *Id*. The court began its analysis by quoting the Ninth Circuit's *Lindy* decision, and then stated that a plaintiff must demonstrate an injury to proceed on a claim for trademark infringement:

> "Trademark remedies are guided by tort law principles.... As a general rule, damages which result from a tort must be established with reasonable certainty." *Lindy Pen Co. v. Bic Pen Corp*., 982 F.2d 1400, 1407 (9th Cir.1993) (internal citations and quotations omitted). Damages "will not be awarded in the absence of credible evidence

demonstrating injury to plaintiff resulting from defendant's sales. Damage awards for lost sales and profits may not be based upon the assumption that a trademark infringement resulted in commercial injury." *Invicta Plastics (USA) Ltd. v. Mego Corp.*, 523 F.Supp. 619, 624 (S.D.N.Y.1981) (cited in *Lindy*, 982 F.2d at 1408). *Thus Digby must show some evidence of injury as a result of Defendants' conduct before it can recover Defendants' ill-gotten profits.*

*Id.* at 1109–10 (emphasis added). The plaintiff moved for summary judgment with respect to disgorgement of the defendant's profits. *Id.* at 1110. After noting that it was not "clear that [the plaintiff] suffered any actual loss at all from Defendants' trademark or copyright infringement," *id.* at 1110, the court denied the plaintiff's motion. *Id.* at 1109–10.

In *Computer Access Tech. Corp. v. Catalyst Enterprises, Inc.*, a manufacturer of computer protocol analyzers sued its competitor for trademark, trade dress, and copyright infringement. 273 F. Supp.2d 1063, 1065 (N.D. Cal. 2003). The jury returned a verdict for the plaintiff, and the district court ordered a new trial because the evidence did not support either the fact or amount of damages. *Id.* at 1074. Like MEC here, the plaintiff argued that the court should affirm the damages award based on a likelihood of confusion and willfulness. *Id.* After stating that "[t]he Court rejects [the plaintiff's] argument," the court stated that the plaintiff "must prove the fact of damages due to the trademark infringement. It failed to do so." *Id.* at 1075–76. It then held that "a new trial is warranted because [the plaintiff] did not sufficiently prove the fact of trademark damages." *Id.* at 1076.

In *Aktiebolaget Electrolux v. Armatron Int'l, Inc.*, the First Circuit squarely rejected *precisely* the same argument MEC advances today. There, the court stated:

We come now to the district court's conclusion that appellant was not entitled to monetary damages. The relevant statute is 15 U.S.C. § 1117. It provides, in relevant part, that when a trademark violation

-5-

occurs, the victim shall be entitled, "subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action." *Appellant essentially contends that this section automatically requires damages when a trademark violation occurs.* Thus, because the district court found that a violation occurred and issued an injunction to prevent it from recurring, appellant contends that it is entitled also to money.

We cannot accept this argument. We have found "a clear distinction between the showing required to establish a right to injunctive relief and that required to establish a right to damages." *Camel Hair and Cashmere Inst. v. Associated Dry Goods Corp.*, 799 F.2d 6, 12 (1st Cir. 1986). The district court summarized the additional showing required for monetary damages in four rules. These are: 1) a plaintiff seeking damages must prove actual harm, such as the diversion of sales to the defendant; 2) a plaintiff seeking an accounting of defendant's profits must show that the products directly compete, such that defendant's profits would have gone to plaintiff if there was no violation; 3) the general rule of direct competition is loosened if the defendant acted fraudulently or palmed off inferior goods, such that actual harm is presumed; and 4) where defendant's inequitable conduct warrants bypassing the usual rule of actual harm, damages may be assessed on an unjust enrichment or deterrence theory.

We find the district court's four part formula to be a concise distillation of our case law on § 1117.

999 F.2d 1, 5 (1st Cir. 1992) (emphasis added).

Several other federal cases have held that a plaintiff must prove some injury in order to obtain damages for trademark infringement.[1]  And while the

---

[1]    *See, e.g., Fishman Transducers, Inc. v. Paul*, 684 F.3d 187, 189 (1st Cir. 2012) (affirming, in panel that included later appointed Associate Justice Souter, the district court's denial of trademark-infringement damages; "The district judge rejected the testimony of Fishman's expert, Thomas Britven, finding that Britven furnished neither a figure or range for damages suffered by Fishman nor supplied the jury with data from which it could make an intelligent estimate of Fishman's damages, if any, *caused by the infringement*.") (emphasis added); *Zelinski v. Columbia 300, Inc.*, 335 F.3d 633, 639 (7th Cir. 2003) ("To recover damages, Zelinski must show that the violation caused actual confusion among

Ninth Circuit requires a plaintiff to prove willful trademark infringement before disgorgement of profits can be awarded, *Stone Creek, Inc. v. Omnia Italian Design, Inc.*, 875 F.3d 426, 439–40 (9th Cir. 2017), this does not detract from the requirements of showing an injury plus causation before such a remedy becomes available. *See Computer Access Tech. Corp.*, 273 F. Supp.2d at 1076 ("Thus, CATC must prove the fact of damages due to trademark infringement."); *Digby Adler Grp.*, 79 F. Supp. 3d at 1109 (holding damages in trademark infringement cases "will not be awarded in the absence of credible evidence demonstrating injury to plaintiff *resulting from defendant's sales*.") (emphasis added)).

Here, MEC has neither alleged nor identified any injury, including any lost sale of one beverage, that it has allegedly suffered as a result of ISN's

─────────────────────────

his customers and, as a result, he suffered actual injury.") (citation omitted); *A&H Sportswear, Inc. v. Victoria's Secret Stores, Inc.,* 166 F.3d 197, 209 (3d Cir. 1999) (trademark infringement lawsuit against Victoria's Secret; "The cases awarding damages after a finding of likelihood of confusion have measured damages based on proof of lost sales. . . In fact, therefore, damages in those cases were measured based on actual confusion even though liability may have been sustained under a lesser burden. In light of the District Court's reiteration in the opinion on damages that 'Plaintiffs failed to offer any evidence of lost profits or other pecuniary harm proximately caused by Defendants' use of THE MIRACLE BRA on swimwear,' and its earlier finding that sales of the MIRACLESUIT have steadily increased since the introduction of the MIRACLE BRA swimwear, we see no basis to award damages or impose a royalty on past or future sales.") (citations omitted); *Rainbow Play Systems, Inc. v. GroundScape Technologies, LLC*, 364 F.Supp.2d 1026, 1032–33 (D. Minn. 2005) ("To recover money damages under the Lanham Act, a plaintiff 'must prove both actual damages and a causal link between defendant's violation and those damages.'") (internal quotations omitted); *see also Juicy Couture, Inc. v. L'Oreal USA, Inc*., No. 04 CIV 7203 (DLC), 2006 WL 1359955, at *2 (S.D.N.Y. May 18, 2006) ("Couture has not lost profits, lost sales or suffered any damage to its reputation through Lancôme's marketing of Juicy Wear. There is nothing for corrective advertising to correct.").

alleged infringement. (Dkt. No. 140-3, at 23.) Rather, it asserts it is entitled to a "reasonable royalty" as a measure of its actual damages. (Dkt. No. 202 at 17.) Further, it argues that it is entitled to disgorgement of ISN's profits because it alleges ISN's infringement is willful. (Dkt. No. 322 at 30.)

Given the limited application of a reasonable royalty as a measure of damages in trademark cases (*see, e.g., A&H Sportswear Inc. v. Victoria's Secret Stores, Inc.*, 166 F.3d 197, 208–09 (3d Cir. 1999) (*en banc*)), it is all the more important that MEC meet the requisite elements of injury and causation.[2] Indeed, the Ninth Circuit Model Jury Instructions provide no instruction as to how to apply a reasonable royalty in the trademark- or trade-dress infringement context. The parties have agreed to adapt the American Intellectual Property Law Association's model instructions for the issue of reasonable royalty because of the Court's summary-judgment order. Thus, without an instruction and question for the jury as to injury and causation, any jury award will have no basis in law.

In its argument during the October 3, 2018 Pretrial Hearing, MEC attempted to frame ISN's concern as one of standing. This argument is misplaced for at least two reasons. *First*, while MEC does lack standing, *see Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 125 (2014) ("The plaintiff must have suffered or be imminently threatened with a concrete and particularized 'injury in fact' that is fairly traceable to the challenged action of the defendant and likely to be redressed by a favorable judicial decision."), ISN's instant concern instead relates to the requirements that MEC prove (1) it has suffered an injury and; (2) that ISN caused the injury.

_____

[2] ISN maintains its position that a reasonable royalty is an inappropriate measure of damages in a trademark and trade dress infringement case, and it is not waiving any argument pertaining to the same. *See, e.g.,* Dkt. No. 140-3 at 22–25.

*See supra.* These are quintessential jury questions. *See, e.g., Luttrell v. Novartis Pharm. Corp.*, 555 Fed. Appx. 710, 711 (9th Cir. 2014) (noting "a jury normally decides a question of causation[.]").  *And second*, MEC seems to claim that ISN should have raised a standing issue earlier.  It is hornbook law that the "lack of federal jurisdiction cannot be waived or be overcome by an agreement of the parties." *Wellness Int'l Network, Ltd. v. Sharif*, —— U.S. ——, 135 S.Ct. 1932, 1956, 191 L.Ed.2d 911 (2015) (quoting *Mitchell v. Maurer*, 293 U.S. 237, 244, 55 S.Ct. 162, 79 L.Ed. 338 (1934)). Federal courts' "…duty to consider unargued obstacles to subject matter jurisdiction does not affect our discretion to decline to consider waived arguments that might have supported such jurisdiction," *United States. ex rel. Ramseyer v. Century Healthcare Corp.*, 90 F.3d 1514, 1518 n. 2 (10th Cir.1996). Consequently, even if the fact of injury/causation was entirely a "standing" argument (which it plainly is not), this Court would still be duty-bound to consider it.

"Although the trial court has broad discretion in fashioning jury instructions, a party is entitled to have the jury instructed on its theory of the case so long as that theory is supported by the law and facts." *Capitol Indem. Corp. v. Canon*, Nos. 93-35065, 93-35111, 1994 WL 279257, at *2 (9th Cir. 1994) (citation omitted); *see also Joy v. Bell Helicopter Textron, Inc.*, 999 F.2d 549, 556 (9th Cir. 1993) ("It is well established that '[a] defendant is entitled to an instruction on a defense theory if it has a basis in the law and in the record.'") (quoting *Hasbrouck v. Texaco, Inc.*, 842 F.2d 1034, 1044 (9th Cir.1987), *aff'd*, 496 U.S. 543 (1990)). "A defendant is entitled to jury instructions that present the crux of his defense." *Harris v. Hamlet*, 79 Fed. Appx 252, 253 (9th Cir. 2003). This Court must provide the jury with the essential elements that the plaintiff needs to prove at trial. *Browning v. United States*, 567 F.3d 1038, 1041 (9th Cir. 2009); *Cassino v. Reichhold Chemicals, Inc.*, 817 F.2d 1338, 1345 (9th Cir. 1987).

Accordingly, ISN respectfully requests that the Court issue the following jury instruction: **"For all of its claims, MEC must prove by a preponderance of the evidence that it has suffered an injury in this case, and that ISN caused that injury."** *See supra.* Similarly, ISN requests that the Court include the following two questions and instructions on the jury verdict form:

1.    **Did Monster Energy Company ("MEC") prove by a preponderance of the evidence that it was injured in this case?**

*(If you answered "Yes" to this question, then move to Question 2. If you answered "No," then please sign at the end of verdict form and inform the Court you have reached a verdict.)*

**Yes _____   No _____**

2.    **Did MEC prove by a preponderance of the evidence that its injuries in this case were caused by Integrated Supply Network, LLC ("ISN")?**

**Yes _____   No _____**

*(If you answered "Yes" to this question, then move to Question 3. If you answered "No," then please sign at the end of verdict form and inform the Court you have reached a verdict.)*

Although the instruction is not included in the Ninth Circuit's Model Jury Instructions, the above encapsulates clear Ninth Circuit law. *See, e.g.*, *PQ Labs, Inc.*, 2014 WL 4954161, at *11 ("The Ninth Circuit has made clear that, in order to recover monetary damages for trademark infringement, a plaintiff 'must prove both the fact and the amount of damage.'") (quoting *Lindy*, 982 F.2d 1400, 1407 (9th Cir.1993)). Moreover, there is no model instruction relating to the application of a reasonable royalty in a trademark case. Accordingly, to ensure the jury properly evaluates MEC's claims, the jury should be advised of and making a finding as to MEC's burden to prove both injury and causation.

-10-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Respectfully submitted,
MADEL PA


Dated:  October 9, 2018        By:  /s/ _____
                                    Christopher W. Madel
                                    Jennifer M. Robbins
                                    Cassandra B. Merrick

                               Attorneys for Defendant,
                               INTEGRATED SUPPLY NETWORK, LLC