Joseph R. Re (SBN 134,479)
joe.re@knobbe.com
Steven J. Nataupsky (SBN 155913)
steven.nataupsky@knobbe.com
Lynda J. Zadra-Symes (SBN 156511)
lynda.zadrasymes@knobbe.com
Marko R. Zoretic (SBN 233,952)
marko.zoretic@knobbe.com
Jason A. Champion (CA SBN 259207)
jason.champion@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Brian C. Horne (SBN 205621)
brian.horne@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Facsimile: (310) 601-1263

Attorneys for Plaintiff
MONSTER ENERGY COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONSTER ENERGY COMPANY, a Delaware corporation, | Case No. 5:17-CV-00548-CBM-RAO |
| Plaintiff, | **MONSTER ENERGY COMPANY'S PROPOSED REVISED JURY INSTRUCTION NO. 8 DISPUTED BY ISN PER COURT ORDER OF OCT. 18, 2018 (DOC. 392)** |
| v. | |
| INTEGRATED SUPPLY NETWORK, LLC, a Florida limited liability company, | |
| Defendant. | Hon. Consuelo B. Marshall |

Pursuant to the Court's October 18, 2018 Order (Dkt. No. 392), Plaintiff Monster Energy Company ("Monster") hereby submits and proposes that the Court use the attached revised Jury Instruction No. 8, which Defendant Integrated Supply Network, LLC disputes.

The attached jury instruction is a revised version of Monster's Jury Instruction No. 8, filed by Monster on October 10, 2018 (Dkt. No. 384 at 11–13).  Monster's originally proposed Jury Instruction No. 8 identified Monster's incontestable trademark registrations by exhibit number. Dkt. No. 384 at 12.  In response to the Court's Order (Dkt. No. 392), Monster has revised the instruction to further identify Monster's incontestable trademark registrations by registration number and registration date.  *See* chart at 2–3.  The portion of this proposed instruction listing the incontestable trademarks is based closely upon the Model Instruction appearing in Comment C to Ninth Circuit Model Jury Instruction No. 15.8.

Monster disputes ISN's proposed jury instruction regarding Monster's incontestable trademark registrations because it deviates from the Ninth Circuit Model Jury Instruction.  In addition, ISN's proposed instruction states that ISN will be challenging the validity of Monster's registrations under the doctrines of laches and abandonment.  However, this Court has already ruled that the jury will not decide laches (Dkt. No. 347-1 (Aug. 21, 2018 Transcript) at 34:20–21 and 27:24–25), which is not an invalidity defense in any event.  And ISN has never, until now, raised an abandonment challenge to any of Monster's registered trademarks.  That defense has always been limited to Monster's common law Monster™ trademark.  Furthermore, ISN's proposed instruction improperly states that ISN has presented evidence supporting its laches and abandonment defenses.  It would be premature and inappropriate to predict at this stage what evidence ISN will present.

1   In addition, ISN's proposed instruction lists Monster's trademarks in an
2   impractical way.  In particular, ISN would have this Court read to the jury the
3   goods and services associated with each of Monster's twenty asserted
4   registrations.  This would be unduly cumbersome for the Court and unduly time
5   consuming for everyone.  Further, the Ninth Circuit Model Jury Instruction does
6   not call for the recitation of the goods and services of each registered trademark.
7   ISN would also have the Court read to the jury the name of each trademark.  But
8   many of the trademarks include a symbol which cannot be read to the jury.
9   Monster's proposed instruction is preferable because it simply identifies each
10  trademark by exhibit number and registration number.

11  Finally, Monster notes that its own Proposed Jury Instruction No. 8
12  includes an ellipsis and bracketed text as a placeholder for a description of
13  ISN's invalidity challenge to Monster's contestable registrations.  This
14  placeholder is included because Monster, even at this late stage, still does not
15  know what invalidity defense ISN is asserting.  In its Memorandum of
16  Contentions, ISN identified only a single registered trademark whose validity it
17  will be challenging – Monster Energy®.  Dkt. No. 268 at 33:13-24.  *See also*
18  Dkt. No. 322 at 27:4-12 (Pretrial Conference Order).  And ISN identified the
19  only ground for invalidity of this mark as the alleged descriptiveness of the
20  mark. Dkt. No. 268 at 33:13-24.  The only contestable registration for Monster
21  Energy® is U.S. Trademark Reg. No. 4,721,433.  This registration is for
22  "promoting goods and services in the sports, motorsports, electronic sports, and
23  music industries … [and] promoting sports and music events and competitions
24  for others."  Dkt. No. 1, Ex. A1.  However, ISN has never asserted that the
25  Monster Energy trademark is somehow descriptive of those services.  Such a
26  contention would be facially absurd.  For this reason, Monster has had no choice
27  but to include in its proposed instruction a placeholder for a description of ISN's
28  validity challenge.

1

2          Respectfully submitted,

3          KNOBBE, MARTENS, OLSON & BEAR, LLP

4

5     Dated:  October 24, 2018       By:  /s/ Joseph R. Re

6               Steven J. Nataupsky

7               Lynda J. Zadra-Symes
               Brian C. Horne

8               Marko R. Zoretic
               Jason A. Champion

9

10              Attorneys for Plaintiff,
               MONSTER ENERGY COMPANY

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## <u>INDEX OF JURY INSTRUCTIONS</u>

2

3

4

5

| No. | Title | Source | Page |
|-----|-------|--------|------|
| 8 | Infringement—Elements—Presumed Validity and Ownership—Registered Trademark | Ninth Circuit Manual of Model Civil Jury Instructions – No. 15.8 | 1 |

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 8**

**(INFRINGEMENT—ELEMENTS—PRESUMED VALIDITY AND**

**OWNERSHIP—REGISTERED TRADEMARK)**

I gave you instruction number 6 that requires Monster Energy to prove by a preponderance of the evidence that its trademarks are valid and protectable and that Monster Energy owns the trademarks. A valid trademark is a word, name, symbol, device, or any combination of these, that indicates the source of goods or services and distinguishes those goods or services from the goods or services of others. A trademark becomes protectable after it is used in commerce.

One way for Monster Energy to prove trademark validity is to show that the trademark is registered. An owner of a trademark may obtain a certificate of registration issued by the United States Patent and Trademark Office and may submit that certificate as evidence of the validity and protectability of the trademark and of the certificate holder's ownership of the trademark covered by that certificate.

Exhibits 1000A through 1013A, 1023A, 1034A through 1037A, and 1043A are certificates of registration from the United States Patent and Trademark Office.  They were submitted by Monster Energy as proof of the validity of the trademarks and that Monster Energy owns the trademarks.

The facts recited in these certificates are that Monster Energy owns valid trademark rights in each of the trademarks listed in the registrations. ISN alleges that one certificate, namely Exhibit 1000A for "MONSTER ENERGY," cannot be considered proof of validity of the trademark because the trademark is

-1-

descriptive of . . . [ISN has never argued that the trademark describes the services set forth in this certificate as explained in Monster's Trial Brief on pages 8-9].

Unless ISN proves by a preponderance of the evidence that the MONSTER ENERGY trademark describes the goods in the certificate of registration, you must consider that trademark to be conclusively proved as valid and owned by Monster Energy. However, if ISN shows that the MONSTER ENERGY trademark describes [the goods in the certificate of registration by a preponderance of the evidence (*see above*)], then the facts stated in Exhibit 1000A as to Monster's ownership and validity of the MONSTER ENERGY trademark are no longer conclusively presumed to be correct. You should then consider whether all of the evidence admitted in this case, in addition to this certificate of registration, shows by a preponderance of the evidence that the trademark is valid and owned by Monster Energy, as I explain in Instruction 6.

In this case, there is no dispute that the following Exhibits are registrations that are "incontestable" under the trademark laws:

| Exhibit No. | Registration No. | Registration Date |
|---|---|---|
| 1001A | 3,044,315 | Jan. 17, 2006 |
| 1002A | 3,057,061 | Feb. 7, 2006 |
| 1003A | 3,908,601 | Jan. 18, 2011 |
| 1004A | 3,914,828 | Feb. 1, 2011 |
| 1006A | 3,908,600 | Jan. 18, 2011 |
| 1009A | 3,740,050 | Jan. 19, 2010 |
| 1010A | 3,044,314 | Jan. 17, 2006 |

| 1011A | 3,134,842 | Aug. 29, 2006 |
| 1012A | 4,036,680 | Oct. 11, 2011 |
| 1013A | 4,036,681 | Oct. 11, 2011 |
| 1034A | 3,134,841 | Aug. 29, 2006 |
| 1037A | 2,769,364 | Sep. 30, 2003 |

This means that Monster Energy's registrations of these trademarks are conclusive evidence of Monster Energy's ownership of these trademarks and that the trademarks are valid and protectable. I instruct you that for purposes of Instruction 6, you must find that Monster Energy owns these trademarks and that these trademarks are valid and protectable.

1    AUTHORITY: Ninth Circuit Manual of Model Civil Jury Instructions – No.

2    15.8.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   29281972