DOUGLAS C. SMITH (SBN 160013)
dsmith@smitlaw.com
SMITH LAW OFFICES, LLP
4204 Riverwalk Parkway, Suite 250
Riverside, California 92505
Telephone: (951) 509-1355
Facsimile: (951) 509-1356

CHRISTOPHER W. MADEL (MN #230297)
cmadel@madellaw.com
JENNIFER M. ROBBINS (MN #387745)
jrobbins@madellaw.com
CASSANDRA B. MERRICK (MN #396372)
cmerrick@madellaw.com
MADEL PA
800 Hennepin Avenue
800 Pence Building
Minneapolis, MN  55403
Telephone: (612) 605-0630
Facsimile: (612) 326-9990
*Continued on next page*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONSTER ENERGY COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>INTEGRATED SUPPLY NETWORK, LLC, a Florida limited liability company,<br><br>Defendant. | Case No. 5:17-CV-00548-CBM-RAO<br><br>**DEFENDANT'S PROPOSED POST-TRIAL BRIEFING SCHEDULE**<br><br>Hon. Consuelo B. Marshall |

JEFFREY S. STANDLEY (OH # 0047248)
jstandley@standleyllp.com
MELISSA A. ROGERS MCCURDY (OH #0084102)
mmccurdy@standleyllp.com
F. MICHAEL SPEED, JR. (OH #0067541)
mspeed@standleyllp.com
Standley Law Group LLP
6300 Riverside Drive
Dublin, Ohio 43017
Telephone: (614) 792-5555
Fax: (614) 792-5536
Attorneys for Defendant
INTEGRATED SUPPLY NETWORK, LLC

Unfortunately, the parties were unable to agree as to a post-trial briefing schedule in this matter during the meet-and-confer process. Therefore, Defendant Integrated Supply Network, LLC ("ISN") respectfully requests that the Court enter the following briefing schedule to ensure all motions are fully and thoroughly briefed:

1. **December 14, 2018:** Simultaneous briefing on laches and Rule 50 motions due, and Plaintiff's briefing in support of motion for injunctive relief due.
2. **January 11, 2019:** ISN's response to MEC's motion for injunctive relief due.
3. **February 2019:** At the Court's convenience, a hearing on all motions if the Court so desires. (Because of the jury's verdict and the well-settled law relating to it, *see infra*, ISN does not believe a hearing is necessary.)

ISN understands that Plaintiff Monster Energy Company ("MEC") wishes to seek an expedited briefing schedule, specifically with respect to an apparent motion for injunctive relief. MEC has presented no argument for exigency as to this issue. MEC filed this case 20 months ago. Since the initiation of this litigation, MEC has never moved for injunctive relief. The fact that MEC has never sought an injunction is demonstrable evidence that an expedited hearing

-1-

not warranted. Indeed, MEC's delay demonstrates that no injunction is warranted at all. "A 'long delay before seeking a preliminary injunction implies a lack of urgency and irreparable harm.'" *Champion-Cain v. MacDonald*, No. 14-cv-2540-GPC-BLM, 2015 WL 4393303, at *10 (C.D. Cal. July 15, 2015) (quoting *Oakland Tribune, Inc. v. Chronicle Pub. Co.*, 762 F.2d 1374, 1377 (9th Cir. 1985)). Courts have routinely found that a delay such as this is dispositive against an injunction. *See Hanginout, Inc. v. Google, Inc.*, 54 F. Supp. 3d 1109, 1132-33 (S.D. Cal. 2014) (finding that plaintiff's delay of seven months before initiating infringement action and even longer before filing for a preliminary injunction was inexcusable).

Further, ISN's forthcoming Rule 50 motion will moot MEC's request for injunctive relief. That is, ISN will move under Rule 50 for dismissal of all of MEC's claims. This motion will be predicated upon, *inter alia*, Article III standing. As this Court is well aware, Article III requires that a plaintiff demonstrate standing for each claim and or each form of relief sought. *Davis v. FEC*, 554 U.S. 724, 734 (2008). Here, after being provided a jury instruction to consider, *inter alia*, alleged damage to MEC's goodwill and reputation, (*see* Dkt. 440 at 41), the jury found that MEC suffered precisely zero actual damages. This jury finding not only renders the jury's punitive-damages award invalid under *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 580-81 (1996) and its progeny, but because MEC suffered no actual damages, there cannot be an injury in fact that is traceable to any alleged conduct by ISN, thus depriving MEC of Article III standing. *See Town of Chester, N.Y. v. Laroe Estates, Inc.*, __U.S.__, 137 S. Ct. 1645, 1650 (2017) ("To establish Article III standing, the plaintiff seeking compensatory relief must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'" (quoting *Spokeo, Inc. v. Robins*, 578 U.S. __s, 136 S. Ct. 1540, 1547 (2016))).

|   |   |
|---|---|
| 1 | In *Herb Reed Enters., LLC v. Fla. Entm't Mgmt, Inc.*, 736 F.3d 1239, 1251 (9th Cir. 2013), the Ninth Circuit held, in the trademark-infringement context, that any party "seeking injunctive relief must proffer evidence sufficient to establish a likelihood of irreparable harm." Applying *Herb Reed*, courts in the Ninth Circuit (including this Court) have routinely held that trademark infringement alone does not constitute the "likelihood of irreparable harm" required under *Herb Reed*. *See, e.g., Active Sports Lifestyle USA, LLC v. Old Navy, LLC*, No. SACV 12-572 JVS, 2014 WL 1246497, at \*2 (C.D. Cal. Mar. 21, 2014); *see also Puma SE v. Forever 21, Inc.*, 2017 WL 4771003, at \*2 (C.D. Cal. June 2, 2017) ("[T]he Ninth Circuit has held that it is no longer appropriate to apply a presumption of irreparable harm in trademark and copyright cases . . . . As a result, a plaintiff must now present actual evidence of irreparable injury."). Moreover, recent Ninth Circuit and Central District of California cases hold that a plaintiff's failure to show any damages also deprives that plaintiff of the "irreparable harm" necessary to support injunctive relief. *See, e.g., Active Sports Lifestyle USA, LLC v. Old Navy, LLC*, No. SACV 12-572 JVS, 2014 WL 1246497, at \*\*2-3 (C.D. Cal. Mar. 21, 2014) ("Similarly in this case, though the jury may have found Old Navy liable for [trademark] infringement, its decision to award no damages at all indicates that the infringement is not what was driving sales of Old Navy's products, nor damaging Active's sales or the goodwill associated with Active's mark. Because no monetary damage resulted from the pre-trial infringement and no other harm beyond speculation has been demonstrated, the Court finds that no actual irreparable harm flowing from infringing activity subsequent to the trial has been shown."). This Court itself questioned whether a jury instruction regarding alleged damage to MEC's reputation or goodwill was needed here because of the absence of any evidence relating to the same. (Trial Transcript, Vol. 15, Nov. 14, 2018, at 1918:8–16 ("The first one, the injury to Monster Energy's reputation. As so again, my |

question is: Is there evidence to support that? And No. 2: Is the injury to Monster Energy's goodwill, including injury to the plaintiff's general business reputation? And so same question, evidence to support.").)

Furthermore, counsel for ISN is unavailable on Dec. 11, 2018; previously-scheduled hearings in Minneapolis and San Diego will prevent the undersigned counsel from appearing in Los Angeles on that date.

Accordingly, and because (1) there is no exigency requiring expedited briefing; and (2) ISN's post-trial motions will likely moot MEC's injunction-related motions, ISN respectfully requests that this Court adopt ISN's proposed briefing schedule identified *supra*.

Respectfully submitted,
MADEL PA

Dated: November 19, 2018   By: /s/
Christopher W. Madel
Jennifer M. Robbins
Cassandra B. Merrick

Attorneys for Defendant,
INTEGRATED SUPPLY NETWORK, LLC