Joseph R. Re (SBN 134,479)
joe.re@knobbe.com
Lynda J. Zadra-Symes (SBN 156511)
lynda.zadrasymes@knobbe.com
Marko R. Zoretic (SBN 233,952)
marko.zoretic@knobbe.com
Jason A. Champion (CA SBN 259207)
jason.champion@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Brian C. Horne (SBN 205621)
brian.horne@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450
Facsimile: (310) 601-1263

Attorneys for Plaintiff
MONSTER ENERGY COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONSTER ENERGY COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>INTEGRATED SUPPLY NETWORK, LLC, a Florida limited liability company,<br><br>Defendant. | Case No. 5:17-CV-00548-CBM-RAO<br><br>***EX PARTE* APPLICATION FOR ORDER SETTING EXPEDITED BRIEFING SCHEDULE ON MONSTER ENERGY COMPANY'S MOTION FOR A PERMANENT INJUNCTION**<br><br>Hon. Consuelo B. Marshall |

## I. *EX PARTE* APPLICATION

Pursuant to Local Rule 7-19, Plaintiff Monster Energy Company ("Monster") hereby submits this *ex parte* Application for an order setting an expedited briefing schedule for Monster's Motion for a Permanent Injunction. This Application is based on the Memorandum of Points and Authorities set forth below and the concurrently filed Declaration of Marko R. Zoretic and the exhibits attached thereto ("Zoretic Decl."). A Proposed Order also has been submitted for the Court's consideration.

In accordance with Local Rule 7-19.1, Plaintiff's counsel, Lynda Zadra-Symes, notified Defendant's counsel, Christopher Madel, Cassandra Merrick, and Jennifer Robbins, of this Application. That notice was provided on November 18 and 19, 2018 by Lynda Zadra-Symes. ISN filed a Proposed Post-Trial Briefing Schedule on November 19, 2018 (Dkt. No. 448) indicating its opposition to Monster's proposed expedited briefing schedule for injunctive relief.

## II. MEMORANDUM OF POINTS AND AUTHORITIES

### A. Introduction

Monster understands that *ex parte* applications are to be filed only under rare, exigent circumstances. However, Monster has no choice but to seek immediate relief from the Court because ISN has indicated that it intends to continue to sell its infringing ISN Monster and Monster Mobile products despite the November 16, 2018 jury verdict finding that <u>ISN infringed Monster's federally registered trademarks and its trade dress, and that it acted with malice, oppression, or fraud</u>. ISN's continued sales of its infringing ISN Monster and Monster Mobile products would further irreparably harm Monster, and Monster's request for a permanent injunction should be decided on an expedited briefing schedule to minimize such harm. Monster therefore requests that the Court set an expedited briefing schedule on Monster's Motion for a Permanent

Injunction and set a hearing for December 11, 2018, if necessary, a date the Court stated that it was available.

### B. Factual Background

On November 16, 2018, the Jury reached a verdict finding that ISN infringed Monster's federally registered trademarks that include the word "Monster", infringed Monster's trade dress, and that ISN acted with malice, oppression, or fraud. Dkt. No. 446. That same day, the Court informed the parties that before February 2019, it is available for hearings only on December 11, 2018 and January 8, 2019. Ex. 1.

On November 18, 2018, in view of the jury's verdict, Monster requested that ISN confirm that it "(1) has ceased selling and offering for sale all ISN Monster and Monster Mobile products; (2) has informed its distributors to immediately cease selling all ISN Monster and Monster Mobile products; and (3) will no longer import into the US any ISN Monster and Monster Mobile products." Ex. 2 at 11. Monster stated that if it did not receive prompt confirmation, it would seek immediate relief from the Court. *Id*. ISN's terse response completely ignored Monster's request for confirmation:

> Classic. You failed to prove any injury whatsoever and you're still making demands. Let's just talk about the real 50 schedule.

*Id.* at 10.

Monster responded that "We interpret your response as an indication that ISN intends to continue to sell its infringing ISN Monster and Monster Mobile products. We therefore, intend to seek expedited injunctive relief from the Court." *Id*. at 9. ISN responded on November 19, 2018, but did not refute that it intends to continue to sell its infringing ISN Monster and Monster Mobile products. *Id*. at 8-9. Clearly, ISN has no intention to cease sales of its infringing Monster and Monster Mobile products even in the face of the jury verdict.

### C. The Court Should Set an Expedited Briefing Schedule on Monster's Motion for a Permanent Injunction

Under a normal briefing schedule, the Court would not hear Monster's motion for a permanent injunction until January 8, 2019. During that intervening time, however, ISN would continue to sell its infringing ISN Monster and Monster Mobile products in blatant disregard of the jury verdict—despite the jury's verdict that ISN acted with malice, oppression, or fraud—causing continuing irreparable injury to Monster. In order to minimize such continuing irreparable injury, Monster proposed the following expedited briefing schedule, which ISN refused:

| | |
|---|---|
| Monster's Opening Brief: | November 26, 2018 |
| ISN's Opposition Brief: | December 3, 2018 |
| Monster's Reply Brief: | December 5, 2018 |
| Hearing: | December 11, 2018 |

Ex. 2 at 7.

ISN would not be prejudiced by the expedited briefing schedule. ISN's opposition would be due 7 days after Monster's opening brief, which is the regular response time for such a motion. ISN would also not be prejudiced by a December 11, 2018 hearing date. Although ISN has indicated that three of its attorneys would not be available for hearing that day, ISN has many other attorneys of record. The convenience of some of ISN's counsel should not outweigh the irreparable harm to Monster resulting from ISN's disregard of the jury verdict, especially given the Court's limited availability. Moreover, a hearing may not even be necessary, as the Court could determine that the motion is suitable for decision without oral argument.

### III. CONCLUSION

For the above reasons, Monster respectfully requests that this Application be granted and that the briefing schedule for Monster's motion for a Permanent

Injunction proceed as set forth in the accompanying Proposed Order with a December 11, 2018 hearing date.

Respectfully submitted,
KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: November 19, 2018

By: */s/ Marko R. Zoretic*
Joseph R. Re
Lynda J. Zadra-Symes
Brian C. Horne
Marko R. Zoretic
Jason A. Champion

Attorneys for Plaintiff,
MONSTER ENERGY COMPANY

29457206