| | |
|---|---|
| **From:** | Lynda.Zadra-Symes |
| **To:** | cmerrick@madellaw.com; cmadel@madellaw.com; jrobbins@madellaw.com |
| **Cc:** | Marko.Zoretic; Brian.Horne; Joe.Re; madelPAFile@madellaw.com; Lit HANBEVL.3407L |
| **Subject:** | Re: Briefing schedule |
| **Date:** | Monday, November 19, 2018 4:31:48 PM |

Counsel,

We reiterate our disagreement with your interpretation of the jury verdict.

The jury unequivocally found infringement of Monster's registered trademarks and trade dress. Monster is entitled to request expedited briefing on injunctive relief because ISN has repeatedly failed to respond to Monster's request for confirmation that ISN immediately cease selling and importing the infringing products. Monster has no choice but to request the expedited briefing schedule in order to prevent further willful infringement by ISN and its dealers. Without such relief, Monster will be put in the position of having to file additional lawsuits. Thus, your reliance on preliminary injunction cases is inapposite.

As you know, Judge Marshall indicated that a hearing may not be needed, but offered the December 11 date in the event a hearing was required. ISN has numerous counsel of record (including all the Standley lawyers) some of whom are likely to be available in the event none of the Madel firm lawyers are.

Your assertion of lack of standing again indicates a misunderstanding of the law. There is no additional injury standing requirement for trademark and trade dress infringement or unfair competition. As the Court recognized in its Order at Docket No. 397, "[i]t is not necessary for plaintiff [in a trademark or unfair competition case] to prove any past or present actual damages ..." citing 9th Cir. Model Civ. Jury Instr. Nos. 15.6, 15.7; *see also* Comments to 9th Cir. Model Civ. Jury Instr. Nos. 15.6 & 15.7. The jury found harm by finding infringement. *See* J.T. McCarthy, *McCarthy on Trademarks & Unfair Competition* § 30:2 (5th ed. 2017) ("injury presumed to flow from a likelihood of confusion over source, sponsorship, affiliation or connection."). Furthermore, the jury explicitly found harm when it followed the jury instructions by finding harm, and malice, oppression or fraud, in awarding punitive damages. *See* Dkt. 440 at 45:4-6.

ISN's argument that monetary damages are required for injunctive relief also lacks merit. Firstly, you overstate the holding in *Active Sports Lifestyle USA, LLC v. Old Navy, LLC*, No. SACV 12-572 JVS, 2014 WL 12464973 (C.D. Cal. Mar. 21, 2014). The Central District in *Active Sports* specifically rejected the argument you attempt to make, noting that "the caselaw is clear that some injuries cannot be measured by damages, and that a failure of proof of damages does not doom a request for equitable relief." *Id.* at *2. Furthermore, "evidence of loss of control over business reputation and damage to goodwill c[an] constitute irreparable harm." *Herb Reed Enterprises, LLC v. Fla. Entm't Mgmt., Inc.*, 736 F.3d 1239, 1250 (9th Cir. 2013). Monster has presented substantial, unrebutted evidence demonstrating the irreparable harm caused by ISN's infringement of Monster's trademarks and trade dress, as well as ISN's malicious, oppressive and fraudulent acts, that all support the injunction.

We propose the following schedule for the December 11 hearing date suggested by the court,

**Exhibit 2**
-6-

> November 26 – Monster motion for permanent injunction
> December 3 – ISN opposition
> December 5 – Monster reply

Accordingly, we intend to seek *ex parte* relief as indicated in our email dated November 18.  Based on your filing this afternoon of ISN's proposed schedule, we understand that ISN disagrees with our briefing schedule and December 11 hearing date for Monster's motion for permanent injunction and will oppose.

We also propose December 5 for the exchange of laches briefs

For the Rule 50 motions, we are agreeable to the January 8 hearing date suggested by the court, with the corresponding briefing schedule for that hearing date.
In view of the Christmas holiday, we propose the following dates:
> December 4 – Rule 50 motions
> December 11 – Oppositions
> December 18 - Replies

We will propose these dates in our Proposed Post-Trial Briefing Schedule that we will file today.

Best regards,


**Lynda Zadra-Symes**
Partner
Lynda.ZadraSymes@knobbe.com
(949) 760-0404 **Main**
**Knobbe Martens**
2040 Main St., 14th Fl.
Irvine, CA 92614
www.knobbe.com/lynda-zadra-symes

---

**From:** Cassandra B Merrick <cmerrick@madellaw.com>
**Sent:** Monday, November 19, 2018 11:28 AM
**To:** Lynda.Zadra-Symes <Lynda.ZadraSymes@knobbe.com>; Christopher W Madel <cmadel@madellaw.com>
**Cc:** Brian.Horne <Brian.Horne@knobbe.com>; Joe.Re <Joe.Re@knobbe.com>; Marko.Zoretic <Marko.Zoretic@knobbe.com>; Jennifer M Robbins <jrobbins@madellaw.com>; MADEL PA File <MadelPAFile@madellaw.com>; Lit HANBEVL.3407L <LitHANBEVL.3407L@knobbe.com>
**Subject:** Re: Briefing schedule

Counsel,

You have never, to this point, moved for temporary or preliminary injunctive relief. There is no urgency here.

Further, due to the jury's verdict, we will move under Rule 50 for dismissal of all of your

**Exhibit 2**
**-7-**

claims. Article III requires that a plaintiff demonstrate standing for *each* claim and or *each* form of relief sought. *Davis v. FEC*, 554 U.S. 724, 734 (2008). The jury found that you had suffered precisely zero actual damages (which also renders the punitive award invalid under *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 580-81 (1996)). Because you suffered no actual damages, there cannot be an injury in fact that is traceable to any alleged conduct by the defendant, thus depriving you of Article III standing. *See Town of Chester, N.Y. v. Laroe Estates, Inc.*, ___U.S.___, 137 S. Ct. 1645, 1650 (2017) ("To establish Article III standing, the plaintiff seeking compensatory relief must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'" (quoting *Spokeo, Inc. v. Robins*, 578 U.S. ___s, 136 S. Ct. 1540, 1547 (2016))).

There is a growing string of recent Ninth Circuit and Central District cases holding that a plaintiff's failure to show any damages also deprives it of the "irreparable harm" necessary to support injunctive relief. *See Active Sports Lifestyle USA, LLC v. Old Navy, LLC*, No. SACV 12-572 JVS, 2014 WL 1246497, at *2-3 (C.D. Cal. Mar. 21, 2014) ("Similarly in this case, though the jury may have found Old Navy liable for infringement, its decision to award no damages at all indicates that the infringement is not what was driving sales of Old Navy's products, nor damaging Active's sales or the goodwill associated with Active's mark. Because no monetary damage resulted from the pre-trial infringement and no other harm beyond speculation has been demonstrated, the Court finds that no actual irreparable harm flowing from infringing activity subsequent to the trial has been shown.").

Under the Ninth Circuit's standard from *Herb Reed*, any party "seeking injunctive relief must proffer evidence sufficient to establish a likelihood of irreparable harm." *Herb Reed Enters., LLC v. Fla. Entm't Mgmt, Inc.*, 736 F.3d 1239, 1251 (9th Cir. 2013). Courts in the Ninth Circuit and in the Central District have routinely held that infringement alone does not constitute the "likelihood of irreparable harm" required under *Herb Reed. See Active Sports Lifestyle*, 2014 WL 1246497 at *2; *see also Puma SE v. Forever 21, Inc.*, 2017 WL 4771003, at *2 (C.D. Cal. June 2, 2017) ("[T]he Ninth Circuit has held that it is no longer appropriate to apply a presumption of irreparable harm in trademark and copyright cases . . . . As a result, a plaintiff must now present actual evidence of irreparable injury.").

Simply put, given the jury's findings, you lack standing to bring any claim and cannot show irreparable harm.

Moreover, you are simply too late to try for a preliminary injunction. You filed this case 20 months ago and have never moved for injunctive relief. First, the fact that you have been so delayed in seeking an injunction is demonstrable evidence that an expedited hearing not warranted. Second, and more importantly, your delay demonstrates that no injunction is warranted at all. "A 'long delay before seeking a preliminary injunction implies a lack of urgency and irreparable harm.'" *Champion-Cain v. MacDonald*, No. 14-cv-2540-GPC-BLM, 2015 WL 4393303, at *10 (C.D. Cal. July 15, 2015) (quoting *Oakland Tribune, Inc. v. Chronicle Pub. Co.*, 762 F.2d 1374, 1377 (9th Cir. 1985)). Courts have routinely found that a delay such as yours is dispositive against an injunction.*See Hanginout, Inc. v. Google, Inc.*, 54 F. Supp. 3d 1109, 1132-33 (S.D. Cal. 2014) (finding that plaintiff's delay of seven months before initiating infringement action and even longer before filing for a preliminary injunction was inexcusable). Because this would moot your motion for injunctive relief, this issue should be decided first and we will therefore propose to the Court a hearing in January with a commensurate briefing scheduling.

You have made no argument for the exigency of this issue and your client's previous behavior in this litigation just underscores that fact. Additionally, we have previously

**Exhibit 2**
**-8-**

scheduled hearings in Minneapolis and San Diego that make our team unavailable for a Dec. 11 hearing in Los Angeles. While we realize you appear to have a dozen (or more) attorneys on this case who can make less than a month's notice for a hearing work with an expedited briefing schedule, we have three.

If you will not agree with the above in terms of a less-expedited schedule, we will need to submit separate proposed schedules to the Court today.

Best,

Cassie Merrick
Direct: 612-605-0632

---

**From:** "Lynda.Zadra-Symes" <Lynda.ZadraSymes@knobbe.com>
**Date:** Sunday, November 18, 2018 at 8:13 PM
**To:** Christopher W Madel <cmadel@madellaw.com>
**Cc:** Cassie Merrick <cmerrick@madellaw.com>, "Brian.Horne" <Brian.Horne@knobbe.com>, "Joe.Re" <Joe.Re@knobbe.com>, "Marko.Zoretic" <Marko.Zoretic@knobbe.com>, Jennifer M Robbins <jrobbins@madellaw.com>, MADEL PA File <MadelPAFile@madellaw.com>, "Lit HANBEVL.3407L" <LitHANBEVL.3407L@knobbe.com>
**Subject:** Re: Briefing schedule

Counsel,

We interpret your response as an indication that ISN intends to continue to sell its infringing ISN Monster and Monster Mobile products. We therefore, intend to seek expedited injunctive relief from the Court.

Monster is entitled to injunctive relief under both the Lanham act and California state law. Moreover, as shown by ISN's refusal to stop selling its infringing products, an injunction is essential in this case.

You are confusing monetary damages with harm. The confusion caused by ISN's infringement of Monster's trademarks and trade dress constitutes harm to Monster. Furthermore, whether Monster is entitled to monetary damages is immaterial to the issue of whether Monster is entitled to injunctive relief.

Monetary damages are not required for injunctive relief and would be inadequate in this case. In view of ISN's ongoing and continuous infringement monetary damages cannot compensate Monster for the harm caused by ISN's infringing actions.

Furthermore, injunctions are the normal remedy in trademark cases and unfair competition cases. It would be inequitable to permit a defendant, such as ISN, who acted with malice and fraud, to continue its ongoing conduct after a finding of infringement.

Exhibit 2
-9-

Despite repeated notice of Monster's rights, ISN has continued to infringe Monster's trademarks and trade dress.  In fact, with each warning ISN has increased its infringement, and moved closer to Monster's trademarks and trade dress.  This is further demonstrated by ISN's refusal to stop selling the infringing ISN Monster and Monster Mobile products even after the jury has found that they in fact infringe Monster's trademarks and trade dress.

An injunction is also necessary to avoid consumer confusion in the marketplace, which the Jury found is likely in this case, and to prevent further blatant unfair competition by ISN.  Monster is therefore also entitled to injunctive relief based on the public interest.

The Court invited the parties to brief the issue of an injunction.  ISN's refusal to discuss the issue is another instance of ISN's bad faith and warrants expedited briefing.

If ISN continues to sell its infringing ISN Monster and Monster Mobile products after Friday's verdict, ISN will be committing new acts of willful infringement.  In such a situation, Monster will be forced to bring subsequent lawsuits against ISN and its dealers for the new willful acts.

In addition, please provide your response to Monster's proposed briefing schedule (which is based on the December 11 hearing date offered by the Court) for Rule 50 motions as soon as possible.  Please also confirm whether ISN is continuing to maintain its laches defense in view of ISN's own trial testimony.

Best regards,

Lynda Zadra-Symes
Knobbe Martens
(949) 760-0404

On Nov 18, 2018, at 11:03 AM, Christopher W Madel <cmadel@madellaw.com> wrote:

> Classic.  You failed to prove any injury whatsoever and you're still making demands. Let's just talk about the real 50 schedule.

> Sent from my Verizon, Samsung Galaxy smartphone
> www.madellaw.com

> -------- Original message --------
> From: "Lynda.Zadra-Symes" <Lynda.ZadraSymes@knobbe.com>
> Date: 11/18/18 12:43 PM (GMT-06:00)
> To: Cassandra B Merrick <cmerrick@madellaw.com>
> Cc: "Brian.Horne" <Brian.Horne@knobbe.com>, "Joe.Re" <Joe.Re@knobbe.com>, "Marko.Zoretic" <Marko.Zoretic@knobbe.com>, Christopher W Madel <cmadel@madellaw.com>, Jennifer M Robbins <jrobbins@madellaw.com>, MADEL PA

**Exhibit 2**
-10-

File <MadelPAFile@madellaw.com>, "Lit HANBEVL.3407L"
<LitHANBEVL.3407L@knobbe.com>
Subject: Re: Briefing schedule

Cassie,

In view of the jury verdict, and the fact that any sales by ISN of Monster and Monster Mobile products after Friday's verdict constitutes a new act of willful infringement done with malice, oppression and fraud, please confirm by 5 PM Eastern on Monday that ISN: (1) has ceased selling and offering for sale all ISN Monster and Monster Mobile products; (2) has informed its distributors to immediately cease selling all ISN Monster and Monster Mobile products; and (3) will no longer import into the US any ISN Monster and Monster Mobile products.  Bear in mind that any ongoing sales by ISN's dealers exposes them to liability for infringement with knowledge that the sales are infringing.  If we do not receive prompt confirmation of the foregoing, we will seek immediate relief from the Court.

Further, ISN's laches defense lacked merit from the outset.  This was demonstrated at trial, at least by Mr. Pilkenton's admission that Mr. Kautz's February 18, 2014 letter stating the ISN's products did not bear the MONSTER MOBILE mark was a flat out false statement.  Mr. Pilkenton's admission confirmed what has always been undisputed.  Specifically, Monster was misled to believe that ISN did not use the MONSTER MOBILE mark on physical products, or use any green and black trade dress in February, 2014, which is well within the 4-year period.  This is only one example demonstrating that ISN's laches defense lacked merit from the outset.  Other examples include Monster's activity against ISN before the TTAB and settlement discussions, which both toll any delay for laches purposes.  Accordingly, ISN's assertion of arguments without any good-faith basis in making them, and its maintenance of its baseless defense continues to unreasonably multiply the litigation burdens in this case.  Does ISN still continue to maintain a laches defense?

Regarding Rule 50 briefs, in view of the Court stating that it was available for a hearing on December 11, we propose the following expedited briefing schedule so that the hearing can be heard on that day: Rule 50 briefs due Nov. 28, opposition briefs due December 4.  And, as you know, Monster's motion for attorney's fees is due 14 days after the entry of judgment.

Please confirm that you agree to the expedited briefing schedule.

Best regards,


Lynda Zadra-Symes

Exhibit 2
-11-

Knobbe Martens

(949) 760-0404

On Nov 16, 2018, at 6:28 PM, Cassandra B Merrick <cmerrick@madellaw.com> wrote:

> Counsel,
>
> In terms of a briefing schedule, we'd propose all simultaneous briefs (laches and Rule 50, as we understand it) be due December 14. We'd also propose the injunction brief you referenced be due on that date, with our response due Jan. 11.
>
> Let us know what you think.
>
> Best,
>
> Cassie Merrick
> MADEL PA
> 612.605.0632
> madellaw.com

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

Exhibit 2

-12-